THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
JUL - 5 2006
J.T. NOBLIN, CLERK
By _____ Deputy

UNITED STATES OF AMERICA, ex rel.
CORI RIGSBY, et al.

   Plaintiff,

    v.

STATE FARM INS. CO., et al.

   Defendants.

Civil Action No. 1:06cv433WJG

FILED UNDER SEAL

### MEMORANDUM IN SUPPORT OF THE UNITED STATES' UNOPPOSED EX PARTE APPLICATION FOR A SIX-MONTH EXTENSION OF TIME TO CONSIDER ELECTION TO INTERVENE

The United States of America submits this memorandum in support of its unopposed ex parte application for an order under the False Claims Act, as amended, 31 U.S.C. §3730(b)(3), for an extension of time until January 3, 2007, in which to notify this Court of its decision whether to intervene in the above-captioned False Claims Act qui tam action. The intervention deadline is currently July 3, 2006, based on service of process having been completed as to the United States Attorney General as of May 3, 2006. This is the first extension request that the United States has made in this case. The United States further requests that the Complaint and other related filings remain under seal during this time. The relators have notified the United States, through counsel, that they concur in this request.

I. Statement of Facts

Relators filed this action in April 2006, under the qui tam provisions of the False Claims Act ("FCA"), 31 U.S.C. § 3730. Relator alleged that the Defendants, who consist of insurance companies authorized by the Federal Emergency Management Agency to write federal flood insurance policies as well as claims-processing and engineering consultants to those insurance companies, defrauded the Government by deliberately mis-classifying damages from Hurricane Katrina. According to Relators, the Defendants falsely classified wind-related storm damages as water-related storm damages, so that the financial responsibility for those damages would be

shifted away from private homeowners' policies and onto federal flood insurance policies instead.

The Government has begun a diligent investigation of this case since then. Interviews with the Relators are in the process of being scheduled. Counsel for the United States has been reviewing documents provided by the Relators and working to determine what other relevant materials should be sought, as well as what other witnesses may need to be interviewed.

II.     Points and Authorities

The qui tam provisions of the False Claims Act provide in pertinent part that:

> (2) A copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government pursuant to Rule 4(d)(4) of the Federal Rules of Civil Procedure. The complaint shall be filed in camera, shall remain under seal for <u>at least</u> 60 days, and shall not be served on the defendant until the court so orders. The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information.
>
> (3) <u>The Government may, for good cause shown, move the court for extensions of the time during which the complaint remains under seal under paragraph (2)</u>.

31 U.S.C. §§ 3730(b)(2) and (3) (emphasis added).

The Senate Judiciary Committee explained that:

> Subsection (b)(3) of Section 3730 establishes that the Government may petition the Court for extensions of both the 60-day evaluatory period and the time during which the complaint remains under seal. Extensions will be granted ... on a showing of 'good cause'.

S. Rep. No. 99-345, 99th Cong., 2d Sess. 25, <u>reprinted in</u> 1986 U.S.C.C.A.N. 5266, 5289. As indicated in the Senate Committee on the Judiciary's Report, "good cause" is shown when due to the complexity of the allegations, the Government has been prevented from adequately reviewing the complaint and making a determination on intervention. <u>Id</u>. at 5290.

The United States respectfully submits that it has good cause for an extension in this case. Relator's allegations are wide-ranging, and the Government needs more time to evaluate those

-3-

contentions fully. The Government likely will need to collect and evaluate additional detailed evidence regarding the homes and insurance policies in question. Also, the Government likely will have to identify and interview additional witnesses.

The United States has also moved this Court for an order keeping the complaint and material evidence under seal during the requested extension. The Judiciary Committee's report identifies the sound reasons for keeping qui tam complaints under seal while the Government pursues its requisite investigation, evaluates the evidence and determines whether or not to intervene:

> Keeping the qui tam complaint under seal for the initial 60-day time period is intended to allow the Government an adequate opportunity to fully evaluate the private enforcement suit and determine both if that suit involves matters the Government is already investigating and whether it is in the Government's interest to intervene and take over the civil action. . . .
>
> \* \* \*
>
> . . . The initial 60-day sealing of the allegations has the same effect as if the qui tam relator had brought his information to the Government and notified the Government of his intent to sue. The Government would need an opportunity to study and evaluate the information in either situation. . .

1986 U.S.C.C.A.N. 5266, 5289.

The same reasoning supports the continuing need to keep the complaint in this action under seal pending the Government's completion of the additional investigation and analysis necessary in this case.

## CONCLUSION

For all of the above reasons, the United States respectfully requests that its motion for a six-month extension of time, to and including January 3, 2007, during which the Complaint and other documents filed in this matter remain under seal, and during which the United States may evaluate its decision whether to intervene in the action, be granted. The relators concur in this request.

Respectfully submitted,

Dunn O. Lampton
United States Attorney
Southern District of Mississippi

Dated: July 3, 2006

*Felicia Adams*
FELICIA ADAMS
Assistant United States Attorney
188 East Capitol Street, Suite 500
Jackson, MS 39201
Telephone: (601) 965-4480
Fax: (601) 965-4409

*Jay D. Majors*
MICHAEL F. HERTZ
PATRICIA R. DAVIS
JAY D. MAJORS
Attorneys, Department of Justice
Civil Division
Post Office Box 261
Ben Franklin Station
Washington, DC 20044
Tel: (202) 307-0264
Fax: (202) 514-0280

-5-

## CERTIFICATE OF SERVICE AND NO SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing United States' Ex Parte Unopposed Application for a Six-month Extension of Time to Consider Election to Intervene has been sent via electronic service, to the party noted below, on June 30, 2006. The Memorandum in support of that application and proposed Order have not been served upon the party noted below, because that pleading refers to details of the Government's investigation of this case.

Counsel for Relators

Sidney A. Backstrom, Esq.
Scruggs Law Firm

*Jay D. Majors*
MICHAEL F. HERTZ
PATRICIA R. DAVIS
JAY D. MAJORS
Attorneys, Department of Justice
Civil Division
Post Office Box 261
Ben Franklin Station
Washington, DC 20044
Tel: (202) 307-0264
Fax: (202) 514-0280