THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA, ex rel.
Cori Rigsby, et al.,

    Plaintiff,

v.

STATE FARM INS. CO., et al.

    Defendants.

Civil No. 1:06cv433WJG-JMR

**FILED UNDER SEAL
AND IN CAMERA**

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAY 29 2007
J.T. NOBLIN, CLERK
BY_____ DEPUTY

### RELATORS' EMERGENCY MOTION TO LIFT THE SEAL AND REVOCATION OF CONSENT TO A STAY OF CIVIL PROCEEDINGS

COME NOW RELATORS, by and through their counsel, revoke their consent to a stay, and move this court for an order directing the government to make an intervention decision and barring such decision, lifting the seal so that relators can take the case forward, and in support thereof show as follows:

1. On May 22, 2007, Relators consented in a separate filing to the imposition of a stay in this case in order to allow the federal government to continue to pursue a criminal case against State Farm.

2. At the time the consent was sought by the Department of Justice, the Department had not provided complete information about the status of the case or the existence of other cases, and Relators consented on the basis of imperfect information. Had the relators known what they know now, they would have actively opposed the stay.

3. On May 22, 2007, Relators were contacted by attorney Alan Kanner of New Orleans, Louisiana, who informed them that he had a case filed against many of the same defendants as those in this action. See Exhibit "A" attached hereto.

4. On May 22, 2007, Relators, who had been previously unaware of the later-filed qui tam action by Kanner, sought confirmation of the matter from the Department of Justice.

5. The Department of Justice, which has known of the later-filed qui tam action since August 2, 2007, had not lifted the seal on that case to permit discussion with the relators in this case, having taken the position that the Kanner case was in Louisiana, and the Rigsby case was in Mississippi.

6. Apparently the Department of Justice sought to extend the seal in the Louisiana case, and similarly sought a stay to permit criminal investigation in that matter. Those efforts were rebuffed by Judge Beer who effectively told the Department of Justice that they had to "fish or cut bait" with respect to an intervention decision in that matter.

7. On or about May 22, the Louisiana court lifted the seal permitting the Louisiana relator's attorneys to prosecute a qui tam action (indeed, a later-filed qui tam action likely affected by the jurisdictional bar in 31 USC § 3730) independent of the government.

8. On May 22, 2007, Rigsby relators' counsel approached DOJ and explained that the actions in Louisiana stood to prejudice them because the Louisiana relators would be free to investigate, conduct discovery, and prosecute their action, with no restriction as to geography or types of claims, even though many of those claims would be barred by the Rigsby relator's prior-filed qui tam action.

9. The DOJ response was to suggest that we approach the DOJ in writing about a partial lifting of the seal which would permit the Rigsby Relators to discuss the action with the

Louisiana relators. DOJ indicated they would oppose lifting the stay or the seal in this case.

10. While Relator's counsel is well aware of the ongoing criminal probe, the relators having cooperated with the DOJ and state authorities in that probe, and while the relators do not wish to impair the government's ability to investigate and prosecute wrongs committed against the citizens of Mississippi, the simple fact is that the Rigsby relators are and will be severely prejudiced by the Louisiana suit going forward outside the seal.

11. Also, unknown to this Court, the Rigsby relators have been sued in Alabama under a hodgepodge of legal theories relating to their employment with E. A. Renfroe, an entity that is a current defendant in this case, and for which the relators have filed a retaliation claim in the instant action. The Renfroes brought the Alabama suit in Alabama, and not in Mississippi, precisely for the purpose of impairing and impeding the relators' ability to prosecute this qui tam.

12. While the seal has remained patent and this action has been investigated, the Rigsbys have been the subject of civil and criminal contempt motions and citations and have been required to appear and show cause, retain separate counsel in Alabama, have paid significant legal fees, and have not been able to mount their best and clearest defense to the charges: active cooperation and prosecution of a False Claims Act case.

13. The Rigsbys are now caught in a three-way legal pincer movement. On the one hand, the department of justice wishes them to remain silent as they investigate. The Renfroe defendants want their blood in Alabama, and their first-filed qui tam action has been hijacked by a later-filed case in Louisiana against many of the same defendants.

14. All the legal actions related to the wrongdoing alleged in the Rigsby complaint, including the Louisiana qui tam and the retaliatory litigation by Renfroe in Alabama, should be consolidated with this first-filed action in order to promote judicial economy. Yet, with this case under seal, this wholly appropriate motion to consolidate can never go forward because the Rigsbys cannot even discuss their case with Louisiana counsel.

15. If this Court lifts the seal on this case and permits the relators to move the case forward on their own, the need for a stay by the Department of Justice is diminished. The civil side of the Department of Justice can monitor the discovery by the relators, but such discovery being public and acquired from the defendants themselves should not impact the ongoing criminal probe. Currently the civil side of the Department of Justice cannot conduct investigations because the criminal side takes precedence. This removes the disability and permits the civil action to go forward.

16. Lifting the stay is within this court's power. 31 USC § 3730 permits extension of the seal, but the Court has the inherent power, as the Court did in Louisiana, to tell the Department of Justice that its time to either "dance with the one what brung you" or go home. Relators ask for a fair chance to litigate their claims in federal court – and no more than that.

WHEREFORE, for good cause shown Relators withdraw their consent to a stay and respectfully ask this Court to compel a decision on intervention by the Department of Justice, and if such decision should be negative, to lift the seal and permit the Relators to prosecute this action independently.

|  |  |
|---|---|
|  | Respectfully submitted, |
| *[signature]* | |
| THE SCRUGGS LAW FIRM | BARTIMUS, FRICKLETON, ROBERTSON & GORNY, P.C. |
| | |
| Richard F. Scruggs | Edward D. Robertson, Jr., MO Bar #27183 |
| Sid Backstrom | Anthony L. Dewitt, MO Bar #41612 |
| Zachary Scruggs | Mary Doerhoff Winter, MO Bar #38328 |
| 120A Courthouse Square | Co-Counsel for Relators |
| P.O. Box 1136 | 715 Swifts Highway |
| Oxford, MS. 38655 | Jefferson City, MO 65109 |
| 662-281-1212 | 573-659-4454 |
| | Fax: 573-659-4460 |

ATTORNEYS FOR RELATORS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing memorandum has been sent via first-class mail, postage prepaid, to the parties noted below, on May 27, 2007.

DUNN O. LAMPTON
United States Attorney for Mississippi
FELICIA ADAMS
Assistant U.S. Attorney
188 East Capitol Street, Suite 500
Jackson, MS 39201

JOYCE R. BRANDA
PATRICIA R. DAVIS
JAY D. MAJORS
Commercial Litigation Branch, Civil Division
United States Department of Justice
601 D Street, N.W.
Washington, D.C. 20004

_____
Relator's Counsel