THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

MAY 29 2007

J.T. NOBLIN, CLERK
BY_____ DEPUTY

UNITED STATES OF AMERICA, ex rel. )
Cori Rigsby, et al., )
 )
    Plaintiff, )  Civil No. 1:06cv433WJG-JMR
 )
    v. )
 )  **FILED UNDER SEAL**
STATE FARM INS. CO., et al. )  **AND IN CAMERA**
 )
    Defendants. )

RELATORS' MEMORANDUM IN SUPPORT OF THEIR EMERGENCY MOTION TO LIFT
THE SEAL AND REVOCATION OF CONSENT TO A STAY
OF CIVIL PROCEEDINGS

I.    **INTRODUCTION**

Relators filed this lawsuit under the False Claims Act in April 2006, alleging that State Farm Insurance Company and Allstate Insurance Company, among others, defrauded the federal government by overbilling the National Flood Administrator for losses associated with Hurricane Katrina. The crux of the case is that these insurers paid policy limits on flood coverage without actually inspecting the damage to their insured's property, so that they could refuse to pay wind coverage later. Flood damages under the National Flood Insurance Program are a direct charge on the federal treasury. See *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 386-87 (5th Cir. 2005).

The relators are insiders and true whistleblowers who worked for E. A. Renfroe and Company ("Renfroe"). Renfroe supplied adjuster services to State Farm Mutual Insurance Company. The Relators filed their action on the basis of their direct and independent knowledge

of actions by State Farm and its co-conspirator engineering companies to push off on the National Flood Administrator claims for wind damage that should have been paid by the Insurers. They filed their actions under seal and have at all times complied with the seal provisions.

The scheme pleaded by the Rigsbys was Katrina-wide. Although the relators in this case worked in Mississippi, relators pleaded on information and belief that the scheme also affected Louisiana. In Louisiana, different relators, Branch Consultants (See Exhibit "A") identified an ongoing pattern of pushing off wind claims onto Flood insurance, and filed a later qui tam on August 2, 2006. At no time prior to May 22, 2007, did the Department of Justice disclose to the Relators' counsel that the later-filed qui tam action was pending, was moving toward non-intervention status, or was going to be allowed to come out from under seal.

At about the time the Louisiana case was filed, Renfroe filed a retaliatory action against the Rigsbys in Alabama for allegedly disclosing Renfore's trade secrets by giving the government and media outlets evidence of insurers' fraudulent flood insurance scheme. The Alabama action is currently in Judge William Acker's court. There are undecided issues with respect to an injunction and a potential civil and criminal contempt citation. Thus far, Relators ihave been unable to mount a defense under the False Claims Act or the provisions forbidding retaliation for filing a False Claims Act case because this case has been under seal and the Department of Justice expressed the view that the retaliation claim should be raised only in the context of the sealed case[1].

On or about April 30, 2007, the Department of Justice sent a copy of its stay request and asked relators to consent to a stay. Relators, unaware of the Louisiana case and the Branch

---

[1] On May 22, 2007, Relators filed their first amended petition and brought a retaliation claim against Renfroe under seal in this action. They have never raised it in the Alabama action because of the seal provisions in this case.

Relator's efforts in that case to unseal it, believed it was in their best interests to continue to cooperate with the government. After insisting on a provision that would enable them to challenge the stay every four months, Relators agreed in a separately filed pleading on May 22, 2007. Later that same day Relators learned for the first time of the existence of the later filed action, learned that Judge Beers in Louisiana had let the matter go forward out from under the seal, and that the Relators in that action were prosecuting the action full bore. The Rigsbys took immediate steps to protect their interests in this litigation.

Relators spoke with DOJ and the DOJ position was that the criminal probe in Mississippi required the Rigsby case to remain under seal and required the imposition of a stay.

## II. ARGUMENT AND AUTHORITY

Under 31 USC § 3730, a False Claims Act complaint can be kept under seal for sixty days to permit the government time to decide whether to intervene. The purpose of the sealing requirement is to allow the United States an opportunity to evaluate the lawsuit and determine whether it is related to an ongoing criminal investigation such that is would be appropriate for the government to intervene. *See United States ex rel. Lujan v. Hughes Aircraft Co.*, 67 F.3d 242, 245 (9th Cir.1995).

If the Government declines to intervene in the action, the person bringing it has the right to conduct the action going forward. *See* § 3730(c)(3). Such person may try or settle the action, and is entitled to "an amount which the court decides is reasonable for collecting the civil penalty and damages." § 3730(d).

It is fairly common for the 60-day seal period to be extended, and indeed, in this case, the

stay period has been extended twice. Were this the only case on file, and were the Relators not at a strategic disadvantage with respect to later-filed litigation, the Relators likely would agree to extending the stay yet again to give the Government even more time to make an intervention decision. But here, there is real prejudice to the Relators if this case remains under seal or is stayed.

First, they will be unable to properly defend themselves against the retaliatory action filed in Alabama. Second, the relators in the later-filed Branch action could push their case forward and reach a settlement with the defendants there that bars this earlier-filed action (which is a jurisdictional bar to much of the Louisiana case).

In *United States ex rel McCoy v. California Medical Review, Inc.*, 715 F.Supp. 967, 968, n. 1 (N.D.Cal.1989) the court noted that "[T]he court should carefully scrutinize any additional Government requests for extensions by evaluating the Government's progress with its criminal inquiry. The Government should not, in any way, be allowed to unnecessarily delay lifting of the seal from the civil complaint or processing of the qui tam litigation." See also, S.Rep. No. 99-345, 99th Cong., 2d Sess. 24, reprinted in 1986 U.S.Code Cong. & Admin. News 5266, 5290 [hereinafter Leg. Hist.]. *McCoy*, at 969, noted that "[k]eeping the qui tam complaint under seal for the initial 60-day time period is intended to allow the Government an adequate opportunity to fully evaluate the private enforcement suit .... Leg. Hist. at 5289." The legislative history of section (b)(3) also indicates that "once the Government has elected whether to intervene under paragraph (2), unsealing of the complaint is virtually automatic." 715 F.Supp. at 969.

The complaint states an injury to the United States. Unnecessary delay causes injury to the Relator. *U.S. ex rel. Fender v. Tenet Healthcare*, 105 F.Supp.2d 1228 (N.D. Ala. 2000).

The court, in *U.S. by Dept. of Defense v. CACI Intern., Inc.*, 885 F.Supp. 80, 81 (S.D.N.Y.1995), specifically noted that 31 U.S.C. § 3730(c)(3) "makes no mention of the government's right to keep in camera information under seal indefinitely."

Clearly it is not in the interests of judicial economy, nor is it fair to the defendants to be litigating in three separate states and three separate courts. It certainly is not fair to the Rigsbys as the first whistleblower to be made to wait along the sidelines and watch helplessly as they are defamed in Alabama and beaten to the defendants in Louisiana. It is not fair to the Louisiana defendants to pour money and resources in to a False Claims Case that is jurisdictionally barred in large measure by this case[4].

The only equitable solution is to allow the relators in this case to force the government to make its intervention decision at this point and if the government refuses to do so, to permit the relators to take the litigation forward. Any other process effectively places the Relators here in an indefinite legal purgatory.

### III. CONCLUSION

Relators have brought an action and acted in good faith to assist the government with its intervention decision by providing information, materials, evidence and testimony that provides an adequate basis for the government to decide whether to intervene or not. The evidence

---

[4] Section 3730(b)(5)'s plain language unambiguously establishes a first-to-file bar, preventing successive plaintiffs from bringing related actions based on the same underlying facts. . . . Moreover, an exception free, first-to-file bar conforms with the dual purposes of the 1986 amendments [to the FCA]: to promote incentives for whistle blowing insiders and prevent opportunistic successive plaintiffs. *U.S. ex rel. Lujan v. Hughes Aircraft Co.*, 243 F.3d 1181, 1187 (9th Cir. 2001).

supplied in terms of documents and statements by Relators should provide more than adequate information to inform both an intervention decision as well as a prosecution decision.

The government has failed to keep a later-filed and jurisdictionally barred action from moving forward in a sister state, thereby placing the Rigsbys between the "rock" of the judicial seal in this case and the "hard place" of ongoing litigation in Louisiana and Alabama. The only equitable remedy for the Rigsbys is to force the government's intervention decision, and, barring an election to intervene, permit them to carry the case forward against the defendants.

|  | Respectfully submitted, |
|---|---|
| /s/ | |
| THE SCRUGGS LAW FIRM | BARTIMUS, FRICKLETON, ROBERTSON & GORNY, P.C. |
| Richard F. Scruggs<br>Sid Backstrom<br>Zachary Scruggs<br>120A Courthouse Square<br>P.O. Box 1136<br>Oxford, MS. 38655<br>662-281-1212 | Edward D. Robertson, Jr., MO Bar #27183<br>Anthony L. Dewitt, MO Bar #41612<br>Mary Doerhoff Winter, MO Bar #38328<br>Co-Counsel for Relators<br>715 Swifts Highway<br>Jefferson City, MO 65109<br>573-659-4454<br>Fax: 573-659-4460 |

ATTORNEYS FOR RELATORS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing memorandum has been sent via first-class mail, postage prepaid, to the parties noted below, on May 29, 2007.

DUNN O. LAMPTON
United States Attorney for Mississippi
FELICIA ADAMS
Assistant U.S. Attorney
188 East Capitol Street, Suite 500
Jackson, MS 39201

JOYCE R. BRANDA
PATRICIA R. DAVIS
JAY D. MAJORS
Commercial Litigation Branch, Civil Division
United States Department of Justice
601 D Street, N.W.
Washington, D.C. 20004

_____
Relator's Counsel