THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA, <u>ex rel</u>.     )
Cori Rigsby, et al.,                          )
                                              )
      Plaintiff,                            )   Civil No. 1:06cv433WJG-JMR
                                              )
      v.                                    )
                                              )   **FILED UNDER SEAL**
STATE FARM INS. CO., et al.                   )
                                              )
      Defendants.                           )
                                              )

<u>UNITED STATES' BRIEF IN OPPOSITION
TO RELATORS' MOTION TO LIFT THE SEAL</u>

The United States hereby opposes Relators' Motion to Lift the Seal on this case. The Government requests that the Court leave the seal in place so that the Government can move forward with a civil investigation of the Relators' allegations in this case. The Government is concurrently seeking a partial lift of the seal to disclose the existence of this case to the Court and the parties in a case filed in another district that is cited by Relators in their motion.

In the alternative, if the Court is inclined to lift the seal, the Government strongly requests that the Court stay civil discovery in this case, in order to avoid possible harm to an ongoing federal criminal investigation.

I.   <u>Background</u>

In April 2006, the Relators filed the instant case in this Court. Because of a concurrent federal criminal investigation that apparently touches upon some of the same issues raised in this *qui tam* suit, the Government civil counsel assigned to this matter (the "Government Civil Attorneys") largely deferred a civil investigation, so as to avoid any possibility of causing harm to the criminal

investigation.[1] That deference was formalized into a stay of this case in May 2007. This case remains under seal.

In August 2006, a different relator filed, under seal, a *qui tam* suit called *United States ex rel. Branch Consultants LLC v. Allstate Ins. Co.*, Civ. No. 2:06-4091 (E.D. La.) ("La. Qui Tam"), in the United States District Court for the Eastern District of Louisiana, raising issues that arguably overlap with those of the instant case. In May 2007, the United States filed a pleading in the La. Qui Tam stating that it was unable at that time to make an adequately informed intervention decision, and so it was not intervening. That Court entered an Order unsealing that case and permitting the relator to proceed with the litigation. The Relator has served the various defendants with process, and responsive pleadings and/or dispositive motions will be due by August 6, 2007.

II. The United States Requests That The Seal Remain In Place And That The Government Be Afforded Additional Time To Conduct Its Civil Investigation

The United States requests that the Court leave the seal in this case in place, because the Government would like to have additional time to conduct a civil investigation of this matter. Unsealing the case would require the Government to make an immediate decision as to whether or not to intervene in this matter, *see* 31 U.S.C. § 3730(b)(4), and the Government is not adequately prepared to make that election at this time. As noted above, the Government Civil Attorneys have largely held back from conducting a civil investigation of this case thus far, out of deference to the ongoing criminal investigation, and so the Government's civil investigation is not yet complete.

At this time, however, the attorneys in charge of the Government's criminal investigation (the "Government Criminal Attorneys") have informed the Government Civil Attorneys that they may

---

[1] The Government Civil Attorneys have no personal knowledge of the nature and scope of the criminal investigation.

proceed with a civil investigation of the allegations in this *qui tam*. Additional time under seal is necessary for this civil investigation to proceed, and so the Government requests that the seal remain in place, either pursuant to the existing stay, or for an extension of the seal period for an additional six months.

The Government recognizes that Relators' counsel has concerns arising from the fact that the La. Qui Tam litigation has been unsealed. However, the Government has taken steps to address that concern: it has concurrently moved in this Court for a partial lift of the seal to disclose the existence of this case and the Relator's Complaint to the Court and the relator in the La. Qui Tam. This partial lift will allow dialogue between the Relators in this case and the La. Qui Tam relator, and that Court will be able to guide its handling of that case on a fully-informed basis.

The Relators' motion further contends that unsealing of this case is necessary to protect their interests in a separate case in federal court in Alabama in which the former employer of the Relators has filed suit against them over certain alleged disclosures of documents. The plaintiff in that case has expressly stated in its filings, however, that any disclosures that the Relators may have made to the federal Government are *not* part of the Alabama lawsuit. Therefore, the Government submits that leaving the seal in place over this case will not prejudice the Relators in the Alabama litigation.

III. <u>In The Alternative, If The Court Is Inclined To Lift The Seal, The United States Requests That The Court Stay Discovery In This Case</u>

In the alternative, if the Court is inclined to lift the seal in this matter, the United States strongly requests that the Court stay discovery in the litigation, to avoid harm to the ongoing criminal investigation.

The Government Criminal Attorneys have informed the Government Civil Attorneys that they are strongly opposed to this case proceeding forward in active litigation at this time. In their view, it would potentially cause serious harm to the criminal investigation for civil discovery to proceed, particularly insofar as conducting interviews or taking depositions of likely witnesses and other knowledgeable individuals. As noted above, the Government Civil Attorneys lack personal knowledge of the nature and scope of the criminal investigation. Should the Court wish to receive more details about the criminal investigation in order to evaluate the need for a stay of civil discovery after unsealing, the Government will arrange for a separate, *in camera* submission to the Court from the Government Criminal Attorneys.

IV. Conclusion

For the foregoing reasons, the United States respectfully requests that this Court deny Relators' motion to lift the seal. In the alternative, if the Court is inclined to lift the seal, the Government strongly requests that the Court stay civil discovery in this case.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DUNN O. LAMPTON
United States Attorney
Southern District of Mississippi

Dated: July 23, 2007

_____
FELICIA C. ADAMS
Assistant United States Attorney
188 East Capitol Street, Suite 500
Jackson, MS 39201
Telephone: (601) 965-4480
Fax: (601) 965-4409

JOYCE R. BRANDA
PATRICIA R. DAVIS
JAY D. MAJORS
Attorneys, Department of Justice
Civil Division
Post Office Box 261
Ben Franklin Station
Washington, DC 20044
Tel: (202) 307-0264
Fax: (202) 514-0280

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing United States' Brief in Opposition to Relators' Motion to Lift the Seal and [Proposed] Order have been sent via first-class mail, postage prepaid, to the party noted below, on July 23, 2007.

Counsel for Relators

Edward D. Robertson, Jr.
Anthony L. Dewitt
Mary Doerhoff Winter
Bartimus, Frickleton, Robertson & Gorny, P.C.
715 Swifts Highway
Jefferson City, MO 65109

FELICIA C. ADAMS