THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, <u>ex rel</u>.<br>Cori Rigsby, et al., | )<br>)<br>) | |
| Plaintiff, | ) | Civil No. 1:06cv433WJG-JMR |
| | ) | |
| v. | ) | |
| | ) | |
| STATE FARM INS. CO., et al. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## RELATORS' MOTION TO LIFT THE STAY OF DISCOVERY AND AUTHORIZE SERVICE OF COMPLAINT

COME NOW Relators, by and through their counsel, and move this Court for an Order lifting the stay on discovery and authorizing service of the Complaint. In support of this Motion, Relators state as follows:

### BACKGROUND

1. Earlier this year Relators sought permission to lift the seal imposed by 31 U.S.C.§ 3730 so that they could defend themselves against frivolous, retaliatory litigation directed at them and their counsel.

2. The United States opposed lifting the seal, and asked that if the seal were lifted, that it be granted until January, 2008 to intervene in these proceedings. The United States also asked that discovery continued to be stayed, as it had been since May 2007.

3. This Court issued an Order on August 1, 2007 unsealing the case, and a follow-up Order on August 7, 2007, granting the United States until January 31, 2008 to intervene. The Court continued the stay of discovery.

4. The present Motion challenges the necessity of the discovery stay on several bases. These are:

    a. Because of the unsealing of the qui tam case, counsel in other litigation are conducting discovery in the qui tam case sub rosa through discovery requests aimed at discovering the contents of Relators' evidentiary disclosure to the Government and invading the lawyer-client privilege in this litigation;

    b. Because discovery is ongoing and robust in these other cases, the need for a discovery stay in this matter has dissolved.

    c. The rationale offered by the United States is illogical and prejudices the rights of the taxpayers and impedes the Relator's ability to defend other actions.

5. Relators respectfully requests that the Court lift the stay and order service of the Complaint on the defendants in this action.

<u>ONLY RELATORS ARE COMPLYING WITH THE DISCOVERY STAY</u>

6. At Exhibit A to this motion are the following discovery requests

| Description | Case Where Filed | Comments |
|---|---|---|
| Depositions on written questions and document subpoenas for documents sent to Department of Justice | E. A. Renfroe & Co v. Cori Rigsby, et al., 2:06-CV-1752 WMA | Seeks documents transmitting evidentiary disclosures mandated by 31 USC § 3730 to Department of Justice. |
| Deposition Notice & | McIntosh v. State Farm | Seeks the deposition of |

| | | |
|---|---|---|
| Request for Documents and Tangible Things Directed to Richard Scruggs | Fire and Casualty Co., et al., 1:06-CV-1050-LTS-RHW | attorney Scruggs and requests among other documents all documents constituting or referring to communications in any form between Richard Scruggs and Relators in this Action. Also requests documents provided to counsel, and provided by counsel to Relators. Also asks for hard drives on personal and business computers |
| Deposition Notice & Request for Documents and Tangible Things Directed to Zach Scruggs | McIntosh v. State Farm Fire and Casualty Co., et al., 1:06-CV-1050-LTS-RHW | Seeks the deposition of attorney Scruggs and requests among other documents all documents constituting or referring to communications in any form between Zachary Scruggs and Relators in this Action. Also requests documents provided to counsel, and provided by counsel to Relators. Also asks for hard drives on personal and business computers. |
| Renfroes First Set of Interrogatories to Cori Rigsby | E. A. Renfroe & Co v. Cori Rigsby, et al., 2:06-CV-1752 WMA | Interrogatory # 7 asks Relators to identify all correspondence, transmitting documents to the United States Department of Justice on December 8 2007 and includes correspondence from Relators or their attorneys. Interrogatory 9 requests details regarding the sending of the statutorily mandated disclosures. |
| Renfroe's First Set of Interrogatories to Kerri Rigsby | E. A. Renfroe & Co v. Cori Rigsby, et al., 2:06-CV-1752 WMA | Interrogatory # 7 asks Relators to identify all correspondence, transmitting documents to the United States |

| | | Department of Justice on December 8 2007 and includes correspondence from Relators or their attorneys. Interrogatory 9 requests details regarding the sending of the statutorily mandated disclosures. |
|---|---|---|
| Renfroe's Second Request for Production of Documents to Cori Rigsby | E. A. Renfroe & Co v. Cori Rigsby, et al., 2:06-CV-1752 WMA | Request for Production 7 and 8 request the production of documents identified in response to Interrogatory 7 & 9, *supra*. |
| Renfroe's Second Request for Production of Documents to Kerri Rigsby | E. A. Renfroe & Co v. Cori Rigsby, et al., 2:06-CV-1752 WMA | Request for Production 7 and 8 request the production of documents identified in response to Interrogatory 7 & 9, *supra*. |

7. In addition to this discovery aimed specifically at the qui tam, the relators have been deposed in the ongoing cases. Specifically, the relators have been deposed in E.A. Renfroe matter (***E. A. Renfroe & Co v. Cori Rigsby, et al.***, 2:06-CV-1752 WMA), the McIntosh matter (McIntosh v. State Farm Fire and Casualty Co., et al., 1:06-CV-1050-LTS-RHW). Individuals who assisted relators in recovering documents from State Farm and the Relator's mother have also been deposed or scheduled to deposed in those cases. These discovery efforts are aimed in large measure at the facts in this False Claims Act case.

8. In addition to these requests State Farm has sought discovery in a companion case by seeking to invade the Relator's email accounts, and to examine the hard disk drive of the Relator's computer, thereby requesting and exposing confidential attorney-client conversations and legal advice given to the Relators.

9.  These discovery requests clearly illustrate the nature of the discovery is aimed at invading the mental impressions and work product of the attorneys who put together this case, and is in effect an attempt by State Farm and E.A. Renfroe to use the discovery stay here as both a sword and a shield.  See Exhibit C, attached.

10. As the Court is also well aware, given the Court's recent discovery order in *McIntosh* compelling production of some material related to this case, State Farm and E. A. Renfroe are using the discovery stay in this case as a shield while using their other cases as swords to compel discovery from Relators on matters unrelated to the issues in those cases, but distinctly related to the commencement of, and legal theories behind the qui tam.

11. Clearly the purpose advanced by the Department of Justice, that of protecting the criminal investigation, has been completely abrogated given the ongoing discovery in cases that raise an identifiable threat to a criminal prosecution with respect to the testimony and documents of the Relators, and a stay no longer serves that primary purpose.

THE CONTINUED STAY SERVES NO LOGICAL PURPOSE IN THE CONTEXT OF THE ONGOING

KATRINA LITIGATION

12. The False Claims Act case pleaded in this action does not exist in a vacuum.  In addition to the qui tam case, there are more than 200 other cases pending against State Farm and additional cases pending against State Farm and E. A. Renfroe. See Exhibit "B", a list of cases filed against State Farm Insurance.

13. In many of those cases, including the *McIntosh* case, discovery has been robust and ongoing.  State Farm employees have personally and consistently invoked the

protection of the Fifth Amendment[1] against compelled self-incrimination in pre-trial testimony in *McIntosh* and in every other case where the issues of fraud involving the National Flood Insurance Program have been raised.

14. There is great congruity between the allegations in the ongoing civil cases, for example, *McIntosh v. State Farm*, and the central allegations of fraud pleaded in the qui tam action. In *McIntosh*, a corporate decision-maker with State Farm (Alexis King) directed that the engineering firm replace a previous report that identified the cause of damage as wind with a different engineering report that placed the cause of damage as flood. King even annotated a document with a sticky note that indicated that the adjusters should essentially spoliate the evidence of the prior engineering report.

15. The United States has not moved to intervene in *McIntosh* to stay discovery there even though the discovery concerns almost identical issues. In fact, evidence of flood program fraud has been pouring out of the depositions of E. A. Renfroe employees. See, e.g., Exhibit E, excerpts from Depositions taken in *McIntosh*, including the deposition of Rachel Fisher.

16. Similarly, the United States has not intervened in nor sought a discovery stay in ongoing qui tam litigation in Louisiana. That case is: *U.S. ex rel. Branch Consultants LLC v. Allstate*, Case 2:06-cv-04091-PB-SS

17. The United States has not intervened nor sought a discovery stay in the Alabama case where E. A. Renfroe has arguably attempted to conceal the best evidence of

---

[1]    None of the corporate defendants in this action, including State Farm Mutual Insurance Company, E. A. Renfroe, Inc., Forensic, or Haag, could assert a Fifth Amendment privilege, *U.S. v. Coppola*, 788 F.2d 303 (5th Cir. La. 1986), and hence, defendants have routinely done so by proxy, directing their employees to assert the privilege in order to protect both the employee and the employer.

its corporate and individual wrongoing by obtaining an injunction to prevent the

use of State Farm's corporate documents in Katrina litigation[2].

18. Additionally, although it has been more than four months since the filing of the

stay motion, the United States has not provided an update on why the stay should

be continued.  When it sought the stay in May, it promised to reassess the need for

the stay every four months and report to the relators and the Court.  The United

States has not fulfilled this promise at this point.  Thus far, there have be no

updates on the continuing need for a stay.

19. When it filed its response to the Motion to Lift the Seal, the United States

indicated something completely at odds with the need for a stay of civil discovery.

It said:

> As noted above, the Government Civil Attorneys have largely held
> back from conducting a civil investigation of this case thus far, out
> of deference to the ongoing criminal investigation… **At this time,
> however, the attorneys in charge of the Government's criminal
> investigation (the "Government Criminal Attorneys") have
> informed the Government Civil Attorneys that they may
> proceed with a civil investigation.**

Government's Response, at 3 (emphasis supplied).

20. It is therefore illogical for the Department of Justice to insist on a stay of

discovery in this matter where no such stay has been sought or imposed in the

Louisiana qui tam, (***U.S. ex rel. Branch Consultants LLC v. Allstate***, Case 2:06-

cv-04091-PB-SS) the E. A. Renfroe matter in Alabama (***E. A. Renfroe & Co v.***

---

[2] To be fair to the government, the Department of Justice and the United States Attorney in Birmingham
did send Attorney Lloyd Peeples to a hearing where the United States attempted to act on this Court's order
allowing the existence of the qui tam matter to be shared with Judge Acker, but Judge Acker refused to
entertain an *ex-parte* or *in camera* meeting with the United States Attorney in that action and allow the
Court to be informed.  Judge Acker may simply have been concerned with the appearance of impropriety
given the nature of those proceedings.

*Cori Rigsby, et al.*, 2:06-CV-1752 WMA), the *McIntosh* matter and the civil RICO complaint (*Shows et al. v. State Farm*, et al., Case No. 1:07-cv-00709-WHB-LRA (S.D. Miss. 2007)), filed in this Court, and in the hundreds of other claims now pending against State Farm and Renfroe in this district, and where the criminal attorneys have given the green light to the Department of Justice.

<u>THE STAY HARMS THE TAXPAYERS AND RELATORS AND BENEFITS ONLY DEFENDANTS</u>

21. The government did nothing for 12 months before seeking a stay of the proceeding in May. Although the relator complied fully with the requirements of 31 USC § 3730, and provided substantially all material evidence in their possession to the United States, and filed supplemental disclosures as those supplemental disclosures were necessary, the government sat on its hands for 12 months.

22. Relators have seen no information which materially informs them of the continuing need for a stay arising out of the criminal case. If it is permissible for the US Attorney to now begin an investigation, there is no inherent logic in precluding the Relator from serving the Complaint and engaging in discovery.

23. Relators have, however, cooperated fully with the FBI and the United States Attorney for Mississippi by providing documents and testimony before two grand jury inquiries.

24. Importantly, the United States has not seen fit to either intervene or take other necessary actions to protect the Relators from conduct by defendants here (E. A. Renfroe acting for itself and on behalf of State Farm), that amounts to retaliation in derogation of 31 USC § 3730(h). Renfroe has sued and enjoined the Relators

and seeks monetary damages arising out of their statutorily protected conduct in blowing the whistle on E. A. Renfroe's and State Farm's criminal and unlawful conduct.

25. The Rigsbys, and their counsel, have appeared before the Federal District Court in Birmingham, Alabama and been enjoined for their conduct – conduct that is expressly protected by the statute at issue here –  for the sole purpose of muzzling them and interdicting their ability to advance the False Claims Act case against E. A. Renfroe and State Farm in this litigation.  E. A. Renfroe sought to enforce a choice of venue in Birmingham, Alabama so as to avoid filing the action in a venue where State Farm had already been sued hundreds of times and where this case pends.  Because the record was not clear regarding the timing of disclosures inthis case, the federal judge in Birmingham revoked his prior determination that the Relators were not guilty of criminal contempt.  (See Exhibit F, order by Judge William Acker).

26. The Relators and their counsel are paying a heavy price in Alabama for doing the right thing in Mississippi, and the continuing imposition of a discovery stay, and the extension of time to permit intervention (during which the defendant has not, and will not be served) essentially deprives the Rigsby Relators of a potentially dispositive defense in the Alabama action, specifically, that Renfroe's action is a compulsory counterclaim to the earlier filed (but at this point unserved) Complaint in this case.

27. In addition to allowing companion litigation in other forums to advance there is severe prejudice to the Relators in the form of diminishing memories, loss of data

and evidence, spoliation of evidence, and similar issues. The longer the Relators are held back from beginning a vigorous and pointed inquiry into the facts and circumstances of the case, the better the chances are that witnesses will simply assert that they "do not recall" what happened. With the passage of time, there is a greater likelihood that these claims of diminishing memory, whether asserted in good faith or out of more Machiavellian reasons, will be persuasive with the jury who will ultimately decide this matter.

WHEREFORE, for good cause shown, and for the reasons expressed in the accompanying memorandum in support of this motion, Relators respectfully ask this Court to lift the stay of discovery in this matter, order the complaint served on the various defendants, and to permit the Relators to proceed with the matter as authorized by 31 USC § 3730, et seq.

                              Respectfully submitted,


THE SCRUGGS LAW FIRM              BARTIMUS, FRICKLETON,
                                 ROBERTSON & GORNY, P.C.



/s/                              /s/
Richard F. Scruggs              Edward D. Robertson, Jr., MO Bar #27183
Sid Backstrom                   Anthony L. Dewitt, MO Bar #41612
Zachary Scruggs                 Mary Doerhoff Winter,  MO Bar #38328
120A Courthouse Square          Co-Counsel for Relators
P.O. Box 1136                   715 Swifts Highway
Oxford, MS. 38655               Jefferson City, MO 65109
662-281-1212                    573-659-4454
                                Fax: 573-659-4460

ATTORNEYS FOR RELATORS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing memorandum

has been served by ECF on the following:


DUNN O. LAMPTON
United States Attorney for Mississippi
FELICIA ADAMS
Assistant U.S. Attorney
188 East Capitol Street, Suite 500
Jackson, MS 39201


JOYCE R. BRANDA
PATRICIA R. DAVIS
JAY D. MAJORS
Commercial Litigation Branch, Civil Division
United States Department of Justice
601 D Street, N.W.
Washington, D.C. 20004


_____/s/_____

Anthony L. DeWitt.