IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

THOMAS C. McINTOSH and
PAMELA McINTOSH                                              PLAINTIFFS

VERSUS                              CIVIL ACTION NO. 1:06cv1080-LTS-RHW

STATE FARM FIRE AND CASUALTY
INSURANCE COMPANY, *et al.*                                   DEFENDANTS

ORDER

This case is before the Court on [111] motion to compel filed by Defendant State Farm Fire and Casualty Insurance Company (State Farm), on May 30, 2007. After several extensions of time to respond, Plaintiffs filed their response to the motion on August 13, 2007. State Farm filed its reply September 10, 2007. A bit of background information on the players is helpful in understanding the matters presently at issue.

In 2005, sisters Cori and Kerri Rigsby were employed by E.A. Renfroe and Co., Inc., to assist in managing State Farm's Hurricane Katrina claims in Mississippi. Each of the Rigsbys was issued a State Farm laptop computer and given passwords to access confidential information to perform their assigned tasks. While so employed, in October, 2005, the Rigsby's began covertly copying voluminous State Farm documents which they at some point provided to Plaintiffs' counsel, the Scruggs Katrina Group (SKG). Both Cori and Kerri Rigsby left their employment with Renfroe, and in June 2006 both found lucrative employment as "litigation consultants" at SKG.[1] SKG has since settled hundreds of Katrina claims against State Farm, and presently represents hundreds of other plaintiffs in such claims.

---

[1] Each is paid an annual sum of $150,000.00 by the Scruggs Firm/Group.

1

In its motion, State Farm asks the Court to overrule objections interposed on behalf of Cori and Kerri Rigsby at their respective depositions April 30 - May 1, 2007; to compel the Rigsbys to comply with State Farm's document requests; and to allow an additional four hours deposition of each of Cori and Kerri Rigsby. There is no dispute that the Rigsbys brought no documents with them to their depositions, despite State Farm's request for documents in the deposition subpoenas, nor did either of them provide any privilege log with respect to the requested documents.

There is no question that, on advice of counsel, the Rigsbys refused to answer many of the questions put to them in the depositions. For instance, Counsel for Plaintiffs instructed Cori not to answer questions such as to whom she gave access to her State Farm-issued computers on grounds of attorney-client privilege, work product, and governmental investigation privilege. [C. Rigsby deposition, p. 148-152] State Farm contends the objections and instructions not to answer were improper and/or were insufficiently stated to allow one to ascertain precisely what privilege was claimed, e.g., the sisters, without further explanation, declined to answer questions based on a "law enforcement privilege" and a privilege derived from an unidentified federal statute. Although Cori Rigsby was represented by separate counsel at her deposition, Counsel for Plaintiffs (who represents Cori Rigsby in a separate lawsuit discussed below) objected on grounds of attorney-client privilege to Cori's production of documents reflecting communication between Cori and her mother, Patricia Lobrano. [C. Rigsby deposition, pp. 33-34]

In reply to Defendant's motion, Plaintiffs' counsel state the basis for their deposition objections, explaining that at the time of the depositions, the Rigsby sisters were separately represented by SKG in a sealed *qui tam* action against State Farm in which the Rigsbys were

2

plaintiffs, and that the Rigsbys were therefore prohibited from testifying about knowledge they gained in their capacities as Renfroe employees adjusting State Farm Katrina claims, or about when and to whom they gave access to their State Farm-issued laptop computers[2] and information. Plaintiffs concede the laptop computer "was one of the principal instruments of storing ... information...". However, the *qui tam* case is no longer under seal; it has been docketed as *Cori Rigsby and Kerri Rigsby v. State Farm, et al.*, Civil Action No. 1:06cv433-LTS-RHW. The Court therefore finds that objections based upon the need to prevent disclosure of the existence of the *qui tam* action no longer pertain, and the Rigsbys should be required to resume their depositions and answer questions relevant to the issues in the McIntosh case. This does not preclude invocation of a specific articulable privilege, but the Court cautions counsel that claims of privilege will be subjected to close scrutiny.

This Court expressly holds that SKG's taking on representation of the Rigsbys, hiring them as "litigation consultants," and filing the *qui tam* lawsuit on their behalf should not, and will not, be allowed to transform everything they learned and the things they physically took from their employer into privileged information available only to SKG as their attorney and/or present employer. In defending itself in the present action, State Farm may fully explore the Rigsbys' knowledge of the McIntosh case and pertinent documents gained through their employment relationship with Renfroe/State Farm. Plaintiffs contend the Rigsbys have never been State Farm employees. This Court finds, however, that they unquestionably occupied a dual-employment status in their employment by Renfroe to do work for State Farm; they were admittedly issued State Farm computers and passwords to access confidential State Farm

---

[2]Cori testified she kept her State Farm laptop until June 2006. [C. Rigsby deposition, p. 141]

3

information; they worked out of State Farm offices and used State Farm supplies. In fact, State Farm computers, passwords and printers were used to accomplish the "data dump," and/or copying of thousands of State Farm documents by Cori, Kerri and two of their friends during the first weekend in June 2006. [C. Rigsby deposition, pp. 37, 45, 147; K. Rigsby deposition, p. 334] Indeed, paragraph 28 of the Rigsbys' *qui tam* complaint states that the Rigsbys were "independent adjusters and team managers for the State Farm Mutual Insurance Company Catastrophe Team ... when State Farm brought them, *as leased employees*, to Gulfport MS for the purposes of adjusting claims for victims of Hurricane Katrina."

The Court further finds that the Rigsbys should be compelled to produce the documents requested in Request No. 1, with respect to their respective incomes and sources of income from July 2005 through May 30, 2007. The Court finds the general objections to the subpoena request insufficient to warrant foreclosing discovery of these materials. The request is reasonable in scope and time, is not unduly burdensome, and may bear relevance at the very least on the credibility of these witnesses. The Court finds moot the objection that there was insufficient time between the service of the request and the deposition date to compile the requested documents.

With respect to Requests No. 2, 3, and 4, the Rigsbys shall produce the requested documents reflecting their communications with Richard Scruggs, Zach Scruggs and SKG, respectively, from August 2005 to present regarding the Rigsbys' employment with the Scruggs Katrina Group, documents regarding their (the Rigsbys') taking of information from State Farm, communications regarding the McIntosh claim prior to the Rigsbys cessation of employment by Renfroe, and documents they supplied to SKG attorneys. As to any document claimed to be privileged, the Rigsbys shall provide a privilege log which meets the requirements of Rule 26(b)(5)(A).

The Rigsbys are ordered to produce the documents reflecting their communications with their mother (Request No. 5); and their calendars, diaries, dayplanners, etc., which include references to their employment with Renfroe, State Farm assignments and/or their employment with SKG from August 2005 to present (Request No. 6). As stated above, a proper privilege log must be provided for any documents withheld under claim of privilege. The Rigsbys are further ordered to produce any documents reflecting expenses incurred in connection with the printing and/or copying of State Farm documents in June 2006, in response to Request No. 7 to Cori Rigsby, and Request No. 10 to Kerri Rigsby.

Request No. 8 to Cori Rigsby (No. 11 to Kerri) seeks documents supporting the Rigsbys allegations of wrongdoing by State Farm, its associates, independent adjusters and/or engineers in connection with the handling of Hurricane Katrina Claims. The Rigsbys respond that they have had no such documents since July or August 2006, and that any such documents would fall under Judge Acker's order enjoining their dissemination, then, somewhat equivocally, the Rigsbys state to the extent they may have any such documents, they have not had sufficient time to prepare a privilege log. The Court finds State Farm is entitled to know the basis for the Rigsbys' charges of wrongdoing, and the Rigsbys are ordered to produce the requested documents within their actual or constructive possession.

Cori Rigsby shall produce the documents sought in Request No. 9, and Kerri Rigsby shall produce documents requested of her in Request No. 12, *i.e.*, documents regarding their duties with E.A. Renfroe, which they retained after ceasing employment with Renfroe. With respect to Request No. 10 of Cori Rigsby, and Request No. 13 of Kerri Rigsby, each of the Rigsbys shall produce documents regarding any computer she has owned from August 2005 to present, email accounts they have maintained as personal email or for use as employees of E.A. Renfroe.

5

The Court declines to require the Rigsbys to produce all credit card statements for credit cards in their names or on which they are authorized signatories from 8/2005 as requested of Cori in Request No. 11 and Kerri in Request No. 14, as these requests are not found relevant to the McIntoshes' claim.

The Rigsbys shall produce documents, audio or video recordings evidencing their communications with the media since 2005, as requested of Cori in Request No. 12 and of Kerri in Request No. 15.

The Court finds overly broad the Request No. 13 of Cori Rigsby, for all documents regarding her communications with any person regarding State Farm or its claims handling of Katrina claims, and declines to compel production of the documents requested.

Kerri Rigsby shall produce all documents regarding communications between her and Mark Drain, Rachel Fisher and/or Tammy Hardison from August 2005 to present as requested in Requests No. 7, 8 and 9.

The Court finds that the five and one-half months which have elapsed since the Rigsbys were served with deposition subpoenas and documents requests should have provided them ample time to compile responsive documents and prepare a privilege log. The Court therefore orders that all documents ordered produced in this order shall be produced to counsel for State Farm on or before Monday, October 8, 2007, along with privilege logs as to documents withheld under claim of privilege. Contemporaneously with the production to State Farm, the Rigsbys are ordered to produce to the Court for *in camera* review any documents withheld under claim of privilege, along with a copy of their privilege logs. It is therefore,

6

**ORDERED:**

1. that the motion to compel is granted in part and denied in part as set forth above;

2. that State Farm may reconvene the depositions of Cori and Kerri Rigsby; for a maximum of four hours for each deponent;

3. that documents ordered produced shall be produced on or before October 8, 2007;

4. that contemporaneously with production of documents to State Farm, the Rigsbys shall produce to the Court for *in camera* inspection any documents withheld under claim of privilege, along with their privilege logs.

SO ORDERED, this the 1st day of October, 2007.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE