Case 2:06-cv-01752-SLB Document 157-7 Filed 06/10/2007 Page 1 of 2
Case 2:06-cv-01752-KOB-TMP Document 150 Filed 08/13/2007 Page 1 of 2

FILED
2007 Aug-13 PM 03:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION

E.A. RENFROE & COMPANY, INC.,   }
                                }
     Plaintiff,                 }
                                }       CIVIL ACTION NO.
v.                              }       06-AR-1752-S
                                }
CORI RIGSBY, et al.,            }
                                }
     Defendants.                }
```

## AMENDMENT TO MEMORANDUM OPINION AND ORDER
## OF JUNE 15, 2007

It has now been brought to the attention of the court by Richard F. Scruggs and The Scruggs Law Firm, P.A. ("Scruggs") that Scruggs as attorney for defendants, Cori Rigsby and Kerri Rigsby, as *relators* ("Rigsbys"), filed suit on April 28, 2006, under the False Claims Act on behalf of the United States of America in the United States District Court for the Southern District of Mississippi against State Farm Mutual Insurance Company and others, case no. 1:06CV433, as to which the seal was not lifted until August 1, 2007. It now appears that the so-called "data dump" that occurred during the weekend of June 3-4, 2006, occurred after the said *qui tam* case had been filed under seal, but that the evidence obtained from the "data dump" was not delivered by Scruggs to the United States Attorney until December 8, 2006, the date upon which the preliminary injunction was entered.

Not being sure of the exact relationship that existed

between the Rigsbys, on the one hand, and Scruggs, on the other, either at the time of the "data dump" or when the injunction was issued, the court hereby AMENDS its memorandum opinion and order of June 15, 2007, insofar as they purport to exonerate the Rigsbys from criminal contempt. The question remains open. Further exploration into the subject will be required before a final determination of whether or not probable cause for criminal contempt by the Rigsbys exists. Meanwhile, the prosecution of the charge of contempt against Scruggs shall proceed.

DONE this 13th day of August, 2007.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE