THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| **UNITED STATES OF AMERICA, ex rel.** Cori Rigsby, et al., | ) ) ) |
| Plaintiff, | ) ) Civil No. 1:06cv433 LTS-RHW |
| v. | ) ) ) |
| **STATE FARM INS. CO., et al.** | ) ) |
| Defendants. | ) ) ) |

**UNITED STATES' BRIEF IN OPPOSITION
TO RELATORS' MOTION TO LIFT THE STAY OF DISCOVERY
AND AUTHORIZE SERVICE OF COMPLAINT**

Relators' Motion to Lift the Stay of Discovery and Authorize Service of Complaint is misconceived and should be denied. Service of the complaint and commencement of discovery are wholly inappropriate at this time, because the United States has not yet made its election regarding intervention or declination in this case. On August 7, 2007, this Court ordered that the United States shall have until January 31, 2008 to make its election. The Government has been conducting an active civil investigation of Relators' allegations and is hopeful of completing that investigation by the January 31 deadline. Unless and until the Government makes its election, Relators have no basis on which to seek to serve the Complaint or initiate discovery.

Even if the Court were to construe Relators' motion as a request to compel the Government to make its election in advance of the January 31 deadline previously established by the Court, the motion should still be denied. Relators have articulated no grounds relevant to this case for forcing an immediate election decision. Instead, Relators' motion contends only that

they need to take discovery in this case in order to benefit them in other, separate litigation. This is not a proper use of the discovery process in this case.

I.      **Background**

Some of the procedural history of this case is worth reviewing. On May 9, 2007, the United States moved for an indefinite stay of this case based on the pendency of a potentially parallel criminal investigation. On May 17, 2007, this Court granted that motion. On May 29, 2007, after the unsealing of a *qui tam* case in Louisiana the allegations of which paralleled this case, Relators moved to lift the stay and unseal this case.

The United States opposed that motion, stating that the criminal attorneys had indicated that their inquiry was now in such a position that civil counsel for the United States could conduct a civil investigation, but discovery in active litigation would still pose potential concerns. Accordingly, the United States requested that the seal remain in place and that the Government be given an extension of time to conduct its civil investigation, or in the alternative, if the Court were to unseal the case and begin active litigation, that a stay of discovery be imposed, in order to protect the interests of the criminal investigation.

On August 1, 2007, this Court granted Relators' motion in part, unsealing the case and all filings herein effective August 6, 2007. By separate order on August 7, 2007, the Court granted the Government its requested extension of time until January 31, 2008, to conduct its civil investigation. In its August 1 order, the Court also imposed a stay of discovery in connection with the unsealing, although strictly speaking the extension of the Government's time to make its election would itself be sufficient to prevent the Relators from commencing discovery.

II.    <u>Argument</u>

    A.    <u>The United States Has Not Made Its Election And Is Currently Conducting An Active Civil Investigation Of This Matter, Pursuant To This Court's Prior Order</u>

This motion should be denied because the United States has not yet made its election regarding intervention or declination in this case. The Court has granted the United States an extension of time until January 31, 2008 to conduct an investigation of this matter and make its election. Under the False Claims Act, until such election is made, the Complaint may not be served and discovery may not begin. *See* 31 U.S.C. § 3730(c)(3) ("*If the Government elects not to proceed with the action*, the person who initiated the action shall have the right to conduct the action" (emphasis added)). Relators' motion does not seek to compel an election by the United States at this time. For this reason alone, the Court should deny Relators' motion.

Even if this Court were to construe Relators' motion as a request to compel an immediate election by the United States, the motion should still be denied. The United States is actively investigating Relators' allegations, in order to develop a fully-informed basis on which to make its election. The Government is endeavoring to complete its civil investigation by January 31, 2008, but if it is not able to do so, it will request a further extension from this Court at the proper time.

Although the Government is loath to disclose investigative details in a public filing, undersigned counsel represents that the civil investigation is being productively pursued. Should the Court wish to receive more details about the civil investigation, the United States requests permission to submit such details in a sealed filing, to be shared with the Court and with Relators' counsel. To force an immediate election at this time would require the Government to

make a decision on a wide-ranging and important case on the basis of information that may not yet be entirely complete.

  B. **Relators Have Not Set Forth Any Cognizable Basis For Granting This Motion**

    1. **It Is Not Proper for Relators to Seek Discovery in this Case for the Purpose of Using That Discovery to Their Advantage in Other Cases**

Relators' motion sets forth no basis for granting this motion and articulates no cognizable harm that would accrue to the Relators from denying the motion and permitting the Government to complete its investigation. Relators refer to several other cases involving either the Relators or State Farm as grounds for opening discovery in this case, but none of these other cases constitute a basis for forcing an immediate election in *this case*. As Relators describe, there is litigation underway in Alabama in which the Relators have been sued by their former employer, E.A. Renfroe & Co. Relators contend that in the Renfroe litigation, because of an injunction imposed by that court, they have been prevented from using "the evidence of fraud obtained during their employment to defend that litigation." Rel. Mem. at 10. It appears, therefore, that Relators are seeking to take discovery in this case not for the purpose of advancing this case, but rather for the purpose of using it to their advantage in the Renfroe litigation.

This is not a proper basis for opening discovery in this case. If Relators need documents and/or other discovery in order to defend themselves in the Renfroe litigation, their solution is to seek discovery in *that* case, not this one. If for some reason that court has not permitted them to take the discovery they are seeking, that is all the more reason not to allow discovery in this case as a substitute, since this Court would then potentially run the risk of unwittingly circumventing discovery restrictions imposed by another court.

As Relators note, the court in the Renfroe case has remarked that if Relators sought to pursue a cause of action against that employer pursuant to 31 U.S.C. § 3730(h), they conceivably ought to have asserted that claim as a compulsory counterclaim in the Renfroe litigation. Similarly, however, that remark is not a basis for discovery in this case. Whether or not the Relators could have or should have brought a § 3730(h) claim as a counterclaim in the Renfroe case, the fact remains that they have not done so, so any rights they may have under § 3730(h) are not relevant to the Renfroe litigation. If they choose to pursue their § 3730(h) claim made in connection with the instant case, they can do so after the United States completes its investigation and makes its election, and they will be able to do so just as effectively at that future date as they would be able to now. Thus, immediate discovery is not warranted.

Relators also seek to open discovery because they contend that defendants in this case "are conducting discovery concerning the False Claims Act case in other cases on issues directly relevant only to the qui tam." Rel. Mem. at 4. Even assuming that assertion is true, that fact is not a basis to force an immediate election and then open discovery in this case. Presumably the parties from whom the defendants are seeking discovery in those cases can and will make objections in those cases to the scope of discovery if it is overbroad. Moreover, there will be an adequate opportunity for discovery in the instant case (either by the Government if it intervenes or the Relators if it does not), sufficient to put all parties on an even playing field, after the Government has completed its investigation and made its election.[1]

---

[1] Relators' motion also refers to litigation in Louisiana, in which a *qui tam* relator made allegations similar to those raised in this case. *United States ex rel. Branch Consultants LLC v. Allstate Ins. Co.*, Civ. No. 06-4091 (E.D. La.). However, on October 17, 2007, after the filing of Relators' motion, that court granted defendants' motion to dismiss that case in its entirety. *See* Order, attached as Exh. 1. The basis for dismissal was the pendency of the instant case, which

      **2.** **Because The United States Is Conducting An Active Investigation, There Is No Basis For Relators To Request Periodic Reports From The United States More Frequently Than The Extension Period Provided By The Court**

Relators' reference to periodic reports from the United States is also not a relevant consideration. When the United States moved for an indefinite stay of this case for the sake of a parallel investigation, it offered to report to the Court every four months as to whether that indefinite stay was still warranted. That stay has since been lifted, however (upon Relators' motion), so there is obviously no longer any need for periodic notifications as to the need for an indefinite stay. Instead, the Court imposed a deadline of January 31, 2008 by which the United States shall make its election, and the United States will at that time either make its election or otherwise notify the Court of the status of its investigation and request a further extension of defined duration. In neither case will periodic reports of the sort contemplated by Relators serve any meaningful purpose.

      **C.** **If The Court Is Inclined To Compel The Government To Make Its Election Immediately And Push This Case Into Active Litigation, The Government Requests That Discovery Remain Stayed**

Relators' motion devotes much of its length to discussing the circumstances under which a stay of discovery due to a parallel criminal investigation is appropriate. As noted above, it is the government's view that the Court need not reach the issue of a discovery stay, since it should deny the motion on the grounds that the Government's civil investigation is ongoing. If, however, the court is inclined to compel the Government to make its election immediately and

---

was filed before *Branch Consultants*. Because of this dismissal, *Branch Consultants* is no longer a relevant consideration for Relators' motion.

push this case into active litigation, the United States requests that the Court continue to stay discovery.

If the Court wishes, the Government will submit additional briefing *in camera* in support of continuing a stay of discovery, from the criminal attorneys responsible for the parallel investigation. Undersigned civil counsel has only a limited ability to address the need for a discovery stay due to the pending criminal investigation, because civil counsel has no knowledge of the nature and scope of the criminal investigation. However, if the Court so desires, criminal counsel will submit briefing *in camera*, responding to Relators' contentions.

### III.   Conclusion

The Government and the Relators share the same ultimate objective in this case – determining whether fraud against the United States occurred, and seeking appropriate redress from the defendants if it did. However, until it has made its election to intervene or decline, the United States remains in control of this litigation, and Relators have no basis to seek to serve the Complaint or initiate discovery. For the foregoing reasons, the United States respectfully requests that this Court deny Relators' motion to lift the stay of discovery and authorize service of the complaint. In the alternative, if the Court is inclined to grant Relators' motion and move this case into active litigation, the United States requests that it be afforded the opportunity to submit additional briefing *in camera* supporting a continued stay of civil discovery in this case.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General
Civil Division

DUNN O. LAMPTON
United States Attorney
Southern District of Mississippi

Dated: October 30, 2007                  <u>*s/Feclicia C. Adams*</u>
                                         FELICIA C. ADAMS
                                         Assistant United States Attorney
                                         188 East Capitol Street, Suite 500
                                         Jackson, MS  39201
                                         Telephone: (601) 965-4480
                                         Fax:  (601) 965-4409
                                         Mississippi Bar No. 1049

                                         JOYCE R. BRANDA
                                         PATRICIA R. DAVIS
                                         JAY D. MAJORS
                                         Attorneys, Department of Justice
                                         Civil Division
                                         Post Office Box 261
                                         Ben Franklin Station
                                         Washington, DC  20044
                                         Tel:  (202) 307-0264
                                         Fax:  (202) 514-0280

                                         Counsel for the United States

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing United States' Brief in Opposition to Relators' Motion to Lift the Seal have been sent via electronic service to all parties appearing in this case, on October 31, 2007.

*s/Felicia C. Adams*
FELICIA C. ADAMS
Assistant United States Attorney