IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| UNITED STATES ex rel. Cori Rigsby, and Kerri Rigsby,<br><br>   Relators,<br><br>Vs.<br><br>STATE FARM INS. CO., et al.<br><br>   Defendants. | Civil No.: 1:06cv433 LTS-RHW |

### RELATORS REPLY MEMORANDUM TO GOVERNMENT'S BRIEF IN OPPOSITION TO LIFTING THE DISCOVERY STAY

**I. INTRODUCTION**

In responding to Relators' present Motion, the Government falsely asserts that Relators seek discovery in this case for use in other, separate litigation. This assertion is patently false and turns Relators' argument on its head. Relators seek discovery in this case for use in this case so that they may obtain an equal footing with defendants. Presently, defendants are using other litigation, such as the

1

*McIntosh* case in Mississippi, to avoid the discovery stay in this case and gain valuable information about Relators' legal claims and strategy[1]. .

The Government is also incorrect when it states that Relators seek to compel an intervention decision. That was not the purpose of the Motion, and the Motion does not ask for such relief. Instead, it asks for relief from the discovery stay that the Government sought to benefit its separate criminal cases. The Government has been granted until January 31, 2008 to intervene, but the Government can always intervene (even after declining to litigate a case) for "good cause shown." See 31 USC § 3730(c)(3)[2]

Importantly, the government did not attempt to justify this continuing discovery stay by reference to an ongoing criminal investigation, and offered no authority contrary to that provided by the Relators in this regard.

## II.    ADDITIONAL AUTHORITY AND ARGUMENT

### A.    THE GOVERNMENT'S STAY REQUEST IS NOT PROPER UNDER THE STATUTE

The Government's filing with the Court in August purported to request an indefinite stay of the discovery in this case in order to permit a criminal

---

[1] Defendants in this action are actively trying to penetrate the discovery stay here by requesting, among other things, the Relators' privileged evidentiary disclosure in the *McIntosh* case in Mississippi, and in a separate case in Alabama. See, e.g., Case 1:06-cv-01080-LTS-RHW Document 703 Filed 10/23/2007 (Motion requesting access to Relators privileged Evidentiary Disclosure)

[2] "When a person proceeds with the action, the court, without limiting the status and rights of the person initiating the action, may nevertheless permit the Government to intervene at a later date upon a showing of good cause."

2

investigation to proceed. The Government did not rely on the False Claims Act's specific statutory authorization for a stay. 31 USC § 3730(c)(4) provides:

> (4) Whether or not the Government proceeds with the action, upon a showing by the Government that certain actions of discovery by the person initiating the action would interfere with the Government's investigation or prosecution of a criminal or civil matter arising out of the same facts, the court may stay such discovery for a period of not more than 60 days. Such a showing shall be conducted in camera. The court may extend the 60-day period upon a further showing in camera that the Government <u>has pursued the criminal or civil investigation or proceedings with reasonable diligence</u> and any proposed discovery in the civil action will interfere with the ongoing criminal or civil investigation or proceedings.

*Id.*, (emphasis added).

Under these provisions, this Court is authorized to stay the action only for sixty days, and can grant extensions of the stay only where the government shows *in camera* that it has pursued the criminal or civil investigation with reasonable diligence, and that any proposed discovery will interfere with its ongoing criminal or civil investigation. The Government has not made and cannot make this showing, and now, remarkably, suggests it need not do so. This is contrary to the statute and the intent of Congress as expressed in the statute. ***United States v. Scrimgeour***, 636 F.2d 1019, 1022-23 (5th Cir.1981) ("A statute should ordinarily be interpreted according to its plain language, unless a clear contrary legislative intention is shown.").

Here the government has offered to demonstrate its progress in the ongoing investigations and this Court should certainly require that showing. If the showing

does not measure up to the standard set in the statute, this Court should lift the discovery stay and permit the matter to move forward. The government can always elect to intervene at a later date if it so chooses.

    B.    THE GOVERNMENT'S ANALYSIS OF RELATOR'S MOTIVES IS NOT PERSUASIVE

The Government suggests that Relators desire to take discovery in this case to benefit them in other cases. This straw man is easily baled and sent to the barn. Relators made it clear that the discovery in other cases was straying from issues relevant in those cases and intruding into the protected realm of the False Claims Act case, and that discovery requests in those cases were being granted by this Court in spite of the stay of discovery. See, e.g., Case 1:06-cv-01080-LTS-RHW Document 583 Filed 10/1/2007. Therefore, the discovery stay was not serving the Government's interest in this case (that interest purported to be the protection of its criminal investigation), and the Government had taken no steps to intervene or curtail discovery in those cases to protect the seal or its investigation in this case. To suggest that the lift of the discovery stay here in some way benefits the other cases is to ignore the status of those cases. Rather, it would benefit this case because it would put the Government, the Relators and Defendants on equal footing.

Importantly, the Government, in its reply, offered no rationale for not intervening in the other companion cases, nor did it explain why discovery stays

were necessary in this case, but not in the *McIntosh* case, or other cases[3]. If discovery in this case impacts the Government's intervention or criminal prosecution decisions, then it makes absolutely no sense that the same discovery in the other civil cases doesn't impact the Government's decision and should not similarly be stayed. The Government offers no argument in rebuttal of this assertion.

    C.    THE COURT CAN LIFT THE DISCOVERY STAY WITHOUT IMPACTING THE GOVERNMENT'S INTERVENTION DECISION

Finally, the Government suggests that the Relators' Motion is simply a back door attempt to compel an election with regard to intervention. While it might be nice to determine if the Government was interested in litigating its right to the nearly $4,000,000,000 the Relators believe was stolen by the Defendant in the course of Katrina, the Motion merely asked the Court to allow the Relators to move forward with the case as the statute expressly permits them to do. If the Government chooses to intervene now or in January, the Relators are happy to share the laboring oar with the Government, cooperate in formulating a discovery plan, strategize with the Government, and offer the Government the benefit of their extensive discovery taken in companion cases. But requiring the Relators to sit idly while the defendant has an opportunity to take discovery relevant to the False Claims Act case in other cases, so as to set up its defenses before the

---

[3] The private prosecutors appointed by the Court in Alabama after the United States Attorney declined prosecution in the Scruggs matter have made a "backchannel" or unofficial request to the Department of Justice asking for production of the privileged evidentiary disclosure. That request remains pending.

Relators can take similar discovery, all without any expression of interest on the part of the government creates an untenable situation for the Relators, especially given the companion litigation in Alabama.

### III. CONCLUSION

Because the government has not satisfied the requirements set forth under 31 USC § 3730(c)(4), and because it has not shown that the discovery stay is necessary, or that it has proceeded in its investigation with reasonable diligence, this Court should grant Relator's motion to lift the discovery stay.

Because the Relators are suffering a tactical and strategic disadvantage by imposition of the stay, Relators respectfully suggest that the discovery stay is untenable and works a hardship upon the Relators. Because the purpose of the stay was to protect the government's investigation (and not maximize the amount of time beyond the original fifteen months the government had to make an intervention decision), and because the government has offered no rationale for not intervening to quash discovery in the dozens of other companion cases[4], this Court should reject the government's position as unreasonable.

Finally, and in the alternative, this Court should compel the government to set forth the results of its investigation in a sealed filing and require the

---

[4] In fact, the government in its response never articulates a reason for the discovery stay other than to perpetuate its intervention decision. It does not renew its argument (made in prior motions) that the stay is necessary to protect the criminal investigation, taking instead the position that the stay for the criminal investigation was lifted by the August 1, 2007 order. The government says: "That stay has since been lifted, however (upon Relators' motion), so there is obviously no longer any need for periodic notifications as to the need for an indefinite stay." The Government does, however, indicate that it could provide an in camera filing to justify the stay, but that this information would have to come from the criminal AUSAs investigating the defendants here. See Government Response at 6,7.

government to demonstrate that it has "pursued the criminal or civil investigation or proceedings with reasonable diligence and [that] any proposed discovery in the civil action will interfere with the ongoing criminal or civil investigation or proceedings." 31 USC § 3730(c)(4). Absent such a showing, the Court should lift the discovery stay and permit Relators to move forward with the case.

Relators would welcome an invitation to appear and orally argue this motion should the Court desire.

Respectfully submitted,

| THE SCRUGGS LAW FIRM | BARTIMUS, FRICKLETON, ROBERTSON & GORNY, P.C. |
|---|---|
| /s/ Richard F. Scruggs | /s/ Anthony L. DeWitt |
| Richard F. Scruggs | Edward D. Robertson, Jr., MO Bar #27183 |
| Sid Backstrom | Anthony L. Dewitt, MO Bar #41612 |
| Zachary Scruggs | Mary Doerhoff Winter, MO Bar #38328 |
| 120A Courthouse Square | Co-Counsel for Relators |
| P.O. Box 1136 | 715 Swifts Highway |
| Oxford, MS. 38655 | Jefferson City, MO 65109 |
| 662-281-1212 | 573-659-4454 |
| | Fax: 573-659-4460 |

ATTORNEYS FOR RELATORS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing memorandum has been served by ECF on this 14th day of November, 2007, to the following:

DUNN O. LAMPTON
United States Attorney for Mississippi
FELICIA ADAMS
Assistant U.S. Attorney
188 East Capitol Street, Suite 500
Jackson, MS 39201


JOYCE R. BRANDA
PATRICIA R. DAVIS
JAY D. MAJORS
Commercial Litigation Branch, Civil Division
United States Department of Justice
601 D Street, N.W.
Washington, D.C. 20004


/s/   Anthony L. DeWitt

Anthony L. DeWitt.