THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. ) | |
| Cori Rigsby, et al., ) | |
| ) | |
| Plaintiff, ) | Civil No. 1:06cv433LTS-RHW |
| ) | |
| v. ) | |
| ) | |
| STATE FARM INS. CO., et al. ) | |
| ) | |
| Defendants. ) | |

**RELATORS' REBUTTAL TO RENFROE & COMPANY'S MEMORANDUM IN
RESPONSE TO EMERGENCY MOTION TO STAY PROCEEDINGS PENDING A
RULING ON DEFENDENT'S MOTION TO DISQUALIFY**

**GRAVES BARTLE & MARCUS, LLC**
David L. Marcus
Matthew V. Bartle
1100 Main Street
Suite 2600
Kansas City, MO
816-256-3181
Fax: 816-222-0534

**BARTIMUS, FRICKLETON,
ROBERTSON & GORNY, P.C.**
Michael Rader, MS Bar # 100205
11150 Overbrook Road
Suite 200
Leawood, KS 66211
913-266-2300
Fax: 913-266-2366

-and-

Edward D. Robertson, Jr.
Anthony L. Dewitt
Mary Doerhoff Winter
715 Swifts Highway
Jefferson City, MO 65109
573-659-4454
Fax: 573-659-4460

ATTORNEYS FOR RELATORS

1

Defendant Renfroe attempts to argue the merits of the Motion to Disqualify while avoiding the merits of Relators' Motion for Stay. Defendants' rush to substitute their own judgment for that of the Court, and their own sensational story for the facts, demonstrates the need for orderly and logical consideration of the pending motions.

Defendants' short replies include many incorrect assumptions. The Court's order in *McIntosh* does not disqualify persons because Mr. Scruggs moved for their admission *pro hac vice*, *contra* Def. Renfroe's Memo. at para. 3. Counsel in this matter were not part of the SKG (or KLG), *contra* Def. Renfroe's Memo. at para. 4. Defendants' fantastic hype concerning Mr. Dewitt, *id*., verges on farce.[†] But Relators reserve the right to respond to Defendants' many inaccuracies at the appropriate time.

The present motion concerns Relators' request for an order that maximizes judicial economy, and minimizes uncertainty and repetition. All of the other issues must wait for future briefs.

The Court is not bound to hear any other motion first, as no jurisdictional motion will resolve the entire controversy. Defendants cite two cases (*Rice v. Rice Foundation*, 610 F.2d 471 (7th Cir. 1979), and *Dinger v. Gulino*, 661 F.Supp. 438, 442 (E.D. N.Y. 1987)) for the proposition that any subject matter jurisdiction motion must be decided prior to the disqualification motion. Yet both of those cases concern motions that would have deprived a federal court of jurisdiction over all the claims in those cases. *Dinger* addressed subject matter

---

[†] Paragraph 4 of Defendant's response appears to rely on (or fan) Internet speculation that Mr. Dewitt broke into State Farm's computer network to take and share information with SKG and/or KLG. Without waiving any privileges, counsel note that the only "State Farm [sic] computer system" accessed by Mr. Dewitt was Ms. Rigsby's laptop, to copy files already on that computer. Mr. Dewitt did not access State Farm's network or servers. Bloggers with day jobs can be excused for hasty conclusions based on partial transcripts. Defendants' counsel, however, should know better. Relators look forward to the opportunity to address these issues completely at the appropriate time.

issues first because it would be "inappropriate for this Court to enter orders, even regarding a motion to disqualify an attorney," without any jurisdiction. *Dinger*, 661 F.Supp at n.3. *See also Rice* 610 F.2d at 478 (remanding for consideration of disqualification if subject matter is found to exist); *accord Snyder v. Pleasant Valley Finishing Co., Inc.,* 756 F.Supp. 725, 727 (S.D.N.Y. 1990) (citing *Dinger* in support of deciding jurisdictional issue first, rather than motion to reassign).

In this case, this Court will continue to have jurisdiction over other claims, and it will enter other orders. *See* Def. State Farm's Mem. at 4. Relators have alleged retaliation (Count V), and State Farm has alleged violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.*, as well as other state law claims. The jurisdictional motion will not extinguish the disqualification issue; it will merely delay the question. It is not improper, then, to address the motions in a sequence that saves time and trouble.

Relators believe the best course is to handle the disqualification issue before the substantive issues. If different counsel will enter the case, then they should have the freedom to address the United States' claim as they see fit. Moreover, Relators should not have to proceed through substantive motions with the threat of disqualification looming. It is "difficult, if not impossible" for a new attorney to master "the nuances of the legal and factual matters" when they are brought in mid-case. *Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715, 719 - 720 (7th Cir. 1982). Relators would incur a "loss of time and money," and new counsel will "have to become familiar with the prior comprehensive investigation which is the core of modern complex litigation." *Government of India v. Cook Industries, Inc.,* 569 F.2d 737, 739 (2d. Cir. 1978)(describing impact of disqualification). "The client[s] moreover may lose the benefit of [their] longtime counsel's specialized knowledge of its operations." *Id.* Defendants would

prejudice Relators by clouding their relationship with counsel, and perhaps by forcing a disruptive switch in the middle of substantive arguments.

Relators' respectfully ask the Court to avoid the looming procedural train wreck by adopting the schedule suggested in their motion.

                Respectfully submitted,

                **BARTIMUS, FRICKLETON,**
                **ROBERTSON & GORNY, P.C.**

                __s/Michael Rader__
                Michael Rader, MS Bar # 100205
                11150 Overbrook Road
                Suite 200
                Leawood, KS 66211
                913-266-2300
                Fax: 913-266-2366

                -and-

                Edward D. Robertson, Jr.
                Anthony L. Dewitt
                Mary Doerhoff Winter
                715 Swifts Highway
                Jefferson City, MO 65109
                573-659-4454
                Fax: 573-659-4460

                **GRAVES BARTLE & MARCUS, LLC**
                David L. Marcus
                Matthew V. Bartle
                1100 Main Street
                Suite 2600
                Kansas City, MO
                816-256-3181
                Fax: 816-222-0534

                ATTORNEYS FOR RELATORS

## CERTIFICATE OF SERVICE

I, Michael C. Rader, one of the attorneys for Cori and Kerri Rigsby, do hereby certify that I have this day caused a true and correct copy of the foregoing instrument to be delivered to the following, via the means directed by the Court's Electronic Filing System:

Jeffrey S. Bucholtz
Joyce R. Branda
Patricia R. Davis
Jay D. Majors
UNITED STATES DEPARTMENT OF JUSTICE
Civil Division
P.O. Box 261
Ben Franklin Station
Washington, DC 20044
(P) 202-307-0264
(F) 202-514-0280

Dunnica O. Lampton
Alfred B. Jernigan, Jr.
Felicia C. Adams
UNITED STATES ATTORNEY'S OFFICE
Southern District of Mississippi
188 East Capitol Street
Suite 500
Jackson, MS  39201
(P) 601-965-4480
(F) 601-965-4409

ATTORNEYS FOR THE UNITED STATES

H. Hunter Twiford III
Stephen F. Schelver
Candy Burnette
MCGLINCHEY STAFFORD, PLLC
Suite 1100, City Centre South
200 South Lamar Street (39201)
P.O. Box 22949
Jackson, MS  39225-2949
(P) 601-960-8400
(F) 601-960-8432

John T. Boese
FRIED, FRANK, HARRIS, SHRIVER & JACOBSON, LLP
1001 Pennsylvania Avenue, NW
Suite 800
Washington, DC 20004-2505
(P) 202-639-7220

ATTORNEYS FOR DEFENDANTS E.A. RENFROE & COMPANY, INC.
GENE RENFROE AND JANA RENFROE

Jeffrey A. Walker
Robert C. Galloway
E. Barney Robinson III
Benjamin M. Watson
BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
17th Floor, Regions Plaza
P.O. Box 22567
Jackson, MS  39225-2567
(P) 601-948-5711
(F) 601-985-4500

ATTORNEYS FOR STATE FARM FIRE AND CASUALTY COMPANY

THIS the 15th day of April, 2008

s/ *Michael C. Rader*
Michael C. Rader