UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA
EX REL. CORI RIGSBY and KERRI RIGSBY                                    RELATORS

V.                                                    CIVIL ACTION NO.1:06CV0433 LTS-RHW

STATE FARM INSURANCE COMPANY, ET AL.                                    DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER
DENYING RELATORS' MOTION FOR LEAVE
TO OBTAIN DOCUMENTS AND CONFER WITH FORMER COUNSEL
ON THE GROUNDS THAT THE MOTION SEEKS AN ADVISORY OPINION</u>

The Court has before it the motion [204] of Relators Cori Rigsby and Kerri Rigsby (Relators) for leave to obtain documents from the Relators' former counsel. This motion includes a request that the Relators' new attorneys be granted leave to confer with the Relators' former counsel who have been disqualified by prior rulings (disqualified counsel). Defendant State Farm Insurance Company (State Farm) opposes this motion and requests that stringent measures be taken to restrict Relators' new attorneys' access to the files maintained by disqualified counsel and to limit the Relators' new attorneys' contact with disqualified counsel.

The files maintained by Relators' disqualified counsel and the documents they contain belong to the Relators. The disqualification of their first counsel of choice does not divest the Relators of the ownership of their own files. Upon request, the disqualified counsel would be legally obligated to turn these files over to the Relators or their designee (although disqualified counsel would be entitled to keep a copy of the file at their own expense if they wished to do so).

I disqualified the Relators' former attorneys because I concluded that the financial arrangement between Richard Scruggs (Scruggs) and the Relators was inconsistent with the ethical standards and disciplinary rules that prohibit an attorney from giving anything of value (with very narrow and specific exceptions) to a material witness in one of his cases. Different but related ethical considerations apply to an attorney's giving money to his clients. It was my intention in disqualifying these attorneys to minimize the potential pernicious influence of Scruggs' payments and to assure, to the extent possible, that the Court can reach the merits of this case free of the controversy surrounding the Relators' financial arrangement with Scruggs and his associated counsel.

I can understand why new counsel is seeking the Court's approval for the actions they are considering. Conferring with disqualified counsel carries a substantial risk of engendering additional litigation related solely to that interaction and thereby distracting both the parties and the Court from the merits of this case. But this motion must be denied because it does not present a justiciable controversy. The motion calls on the Court for an advisory opinion, a ruling on matters that have not yet occurred and may never occur.

While it is difficult to see what benefit the Relators' new counsel could expect to derive from conferring with disqualified counsel, it is not the province of the Court to make that judgment in the first instance or in the abstract. Only new counsel has the responsibility to decide upon and take the steps it finds necessary and appropriate to represent the Relators in this *qui tam* action.

The Court is neither inclined nor empowered to advise counsel whether and in what circumstances conferences with other attorneys may be appropriate or whether and in what circumstances documents should be obtained and reviewed. An opinion concerning these matters would amount to an advisory opinion. The Relators' new attorneys need do no more than read the file in this case and in *McIntosh v. State Farm Fire & Casualty Co.*, 1:06cv1080 LTS-RHW, to see the litigation history relevant to the decisions they are contemplating.

The Court does not know what documents the Relators' files contain, nor does the Court know what reasons Relators' new counsel may have for undertaking to confer with the disqualified counsel, and the Court does not intend to become involved in issues of trial preparations strategy. While no one should understand this order as an expressed or implied approval of the actions the Relators' new attorneys are considering, unless and until there is some showing that these actions are improper or unfairly prejudicial, counsel may proceed as they see fit. New counsel does not need leave of the Court to undertake the trial preparation they believe should be done.

State Farm suggests that it would be appropriate for the Court to enter an order requiring new counsel to limit the documents they may acquire so that no documents (in electronic form or in any other form) covered by Judge Acker's injunction come into the possession of the Relators' new attorneys. State Farm asserts that all of the copies of the documents covered by this injunction have not been returned to counsel for Renfroe in accordance with the terms of the injunction. State Farm also suggests that it would be appropriate to require the Relators' new attorneys to file affidavits similar to those I required of Provost Umphrey, LLP, in other Katrina litigation.

None of this seems appropriate to me. There is no showing in this record that the Relators' new attorneys are acting in violation of this Court's or of Judge Acker's previous orders, and there is no showing State Farm might suffer unfair prejudice from any of the actions Relators' new counsel propose to undertake.

As far as the Renfroe documents are concerned, the genie has been out of the bottle for quite some time, and the orders entered by this Court and by Judge Acker are efforts to minimize or ameliorate the unfair prejudice that would otherwise flow from these documents having been wrongfully taken and disclosed to third parties. If Judge Acker's injunction has not been obeyed, that is a matter that should be brought to his attention.

At some point, this action has to be resolved on its merits, and the enormous sideshow that has developed around the identity of Relators' counsel and the wrongful taking of these documents has to stop. By previous order, I have set a briefing schedule for the dispositive motions now pending, and I am sure there are other motions yet to come. I would like to reach the merits of these motions and indeed the merits of this action as soon as possible. The parties and the public deserve no less.

While I agree wholeheartedly with Judge Acker's finding that the documents the Relators took from Renfroe in violation of their confidentiality agreement should be returned, as he has ordered, I can do no more with respect to the use of these documents than to exclude them from evidence. I know nothing that would make these documents immune from production during ordinary processes of discovery, and, if the documents are relevant, and if they are obtained through legitimate discovery requests, I know nothing that would render these documents inadmissible.

I am going to decline the invitation of the Realtors to pre-approve any of their proposed trial preparation strategy, and I am going to decline the invitation of State Farm to set boundaries that are impossible to effectively monitor and enforce. I am going to rely on the new attorneys for the Relators to discharge their duties in a manner consistent with the highest ethical standards. If these attorneys elect to take possession of the Relators' file and/or to confer with the Relators' former attorneys, they must be prepared to accept the good and the bad that may flow from these decisions.

None of the Relators' former counsel should have possession of any of the documents the Relators took from their former employer. If any of these documents are still in the possession of the Relators' former attorneys, that would be a violation of Judge Acker's injunction, as I understand its terms. The Relators are directly subject to Judge Acker's injunction as are their legal representatives. As officers of the Court, upon the discovery that Judge Acker's injunction has been violated, new counsel would be under a duty, in my opinion, to deliver all copies of those documents (regardless of the form in which they are maintained) to Renfroe's attorney in obedience to Judge Acker's injunction. These documents are not going to come into evidence in this case (or in any other case under my control as judge) unless the party sponsoring the document can show that the document was acquired through the ordinary channels of discovery.

Accordingly, the Relators' motion [204] for leave to take possession of Relators' files and for leave to confer with disqualified counsel is hereby **DENIED** on the grounds that it seeks an advisory opinion. Counsel are free to prepare this case as they see fit, and the Court will take up, in due course, any justiciable controversy that may arise as this case proceeds to a resolution on its merits.

**SO ORDERED** this 14th day of August, 2008.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE
