**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA**
**EX REL. CORI RIGSBY and KERRI RIGSBY**                                        **RELATORS**


**V.**                                                          **CIVIL ACTION NO.1:06CV0433 LTS-RHW**


**STATE FARM INSURANCE COMPANY, ET AL.**                        **DEFENDANTS**

**ORDER CONCERNING DISCOVERY**
**PRIOR TO HEARING ON CONSOLIDATED MOTIONS**

By prior order [261], I declined the Relators' motions [212][230] for additional discovery prior to the hearing on Defendants' consolidated motions presently scheduled for May 20, 2009. As I indicated in that order, I am interested in hearing evidence that will shed light on whether the McIntosh's flood claim was overpaid, as the Relators have alleged. The discovery requested in the Relators' motion [212] went far beyond the issues relevant to the McIntosh claim. My ruling on the Relators' discovery motions has not been formally challenged, but the Relators have raised the issue of discovery in an indirect way.

In their responsive pleadings [264], the Relators assert that they are unduly limited in the evidence they can present because they do not have possession of the McIntosh claims file. The Relators have identified four sets of claims file documents they wish to obtain in order to present their side of this controversy: 1) all damage estimates State Farm made for the McIntosh property; 2) a full copy of the transaction logs on the McIntosh claims; 3) digital photographs of the damage to the McIntosh residence; and 4) correspondence related to Forensic Analysis Engineering Corporation's assessment of the damage to the McIntosh property.

In addition to these documents, the Relators have identified seven witnesses whom they wish to depose before the start of the hearing: 1) Alexis King; 2) Brian Ford; 3) John Kelly; 4) Mike Church; 5) Craig Robertson; 6) Ron Muchk; and 7) Linda Muchk. The evidence now in the record indicates that Alexis King was one of the individuals who supervised the McIntosh claim. Brian Ford wrote the first of two engineering reports covering the McIntosh property, and John Kelly wrote the second. Craig Robertson has been identified as an eye witness to the damage done during the storm. The relevance of the information these four witnesses possess is apparent; they were direct participants in the adjustment and payment of the McIntosh flood claim or witnesses who purport to have knowledge of the storm forces that damaged the McIntosh property. The role of the other three individuals the Relators have identified and the relevant knowledge they have is not readily apparent in the record.

I want to furnish both sides of this controversy a full and fair opportunity to present the evidence they believe is relevant to the merits of the McIntosh flood claim. I do not want to unduly restrict the Relators' access to the documents that reflect the extent and type of damage at the McIntosh property. That said, at this juncture I do not want to allow the discovery or presentation of evidence that does not bear directly on the merits of the McIntosh flood claim.

Accordingly, I will require the Relators, on or before noon on Friday, March 27, 2009, to submit a concise summary of their reasons for wishing to depose Mike Church, Ron Muchk, and Linda Muchk. This summary should state clearly the information the Relators expect these individuals to have and the relationship that information has to the McIntosh flood claim. I will not approve the deposition of any person who is not directly involved with State Farm's investigation and payment of the McIntosh flood claim. I will require the defendants to state, on or before noon on Friday April 3, 2009, whether they object to the production of the documents listed above and whether they object to allowing the Relators to take the depositions of all or any of these seven witnesses. If the defendants do object, they are to state the grounds for their objections with reasonable particularity.

**SO ORDERED** this 20th day of March, 2009.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE