UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA *ex rel.*　　　　　　　　　　　　　　　PLAINTIFFS
CORI RIGSBY AND KERRY RIGSBY

V.　　　　　　　　　　　　　　　　　　　　CIVIL ACTION NO. 1:06cv433-LTS-RHW

STATE FARM INSURANCE COMPANY, *et al.*　　　　　　　　　　　DEFENDANTS

# ORDER

The [266] Order entered on March 20, 2009, set forth a schedule for the Relators and Defendants to address discovery issues raised by the Relators in their [264] response to the pending dispositive motions. That procedure has run its course, and the Court is in a position to rule on the Relators' request for further discovery.

There are two types of discovery sought by the Relators, namely documents related to the insurance claim giving rise to this cause of action (referred to herein as "the McIntosh claim" or "loss"), and the depositions of seven individuals (three of whom are associated with the Defendants, with the remainder being witnesses to the McIntosh loss). Defendants, speaking primarily [268] [269] through State Farm Fire and Casualty Company (State Farm), do not object to producing the McIntosh flood claim file; the McIntosh homeowner's claim file; any photographs or video images of the McIntosh property in State Farm's possession; and repair invoices and related materials concerning the McIntosh property.

Defendants are also willing to provide the prior deposition testimony of two of the witnesses identified by the Relators (Brian Ford and Jack Kelly, former employees of Defendant Forensic Analysis Engineering Corporation), the Relators' own prior deposition testimony, and the deposition of the McIntosh's construction contractor. State Farm points out that neither Ford nor Kelly "was involved with the McIntosh flood claim . . . ." Further, State Farm "does not oppose the [Relators] taking the deposition of [Alexis] King for the purpose of confirming her lack of firsthand knowledge of the McIntosh flood claim." To further amplify, State Farm maintains that King, its employee,

> was not one of the individuals who supervised the McIntosh flood claim . . . was not involved in the adjustment or payment of the McIntosh flood claim, and . . . has no firsthand knowledge of the flood damage to the McIntosh property. Nor did Ms. King even have any involvement with the McIntoshes' homeowner's claim until ***at least two weeks after the McIntoshes were paid their full flood policy limits on October 2, 2005***. And even then her knowledge of the damage to the McIntosh property was secondhand, based on her review of photographs and

other documents.

(Italicized and bold lettering in original, docket entry [269] at p. 2)

King is a named Defendant who apparently has never been served with process.

The Court stated in the [266] Order that it would "not approve the deposition of any person who is not directly involved with State Farm's investigation and payment of the McIntosh flood claim." The reason for this should be obvious: the gravamen of the Relators' cause of action, summarized in this Court's [261] Order dated February 12, 2009, is their direct and independent knowledge, qualifying them as an original source, of Defendants' alleged wrongdoing. The claim submitted to the National Flood Insurance program for payment–the McIntosh flood claim–was not justified, according to the Relators.

Relators argue that "State Farm is attempting to isolate its conduct in adjusting the McIntoshes' flood claim from its conduct in adjusting the McIntoshes' wind claim, but legally, those are not separate events." Docket entry [273] at p. 4. Relators do not offer any legal authority for this statement, and the Court is concerned about the danger of re-litigating the McIntosh homeowner's claim (which has been settled to the McIntosh's satisfaction) when it is the flood claim on which this False Claims Act action is based. The payment of the flood claim preceded the final determination under the homeowner's policy.

Along this same vein, what is also problematic for the Court at this point is that it appears that Relators are seeking to depend on outside sources to support an imposition of liability against Defendants. Relators attempt to question Defendants' position that the Relators' former counsel could adequately represent "both the Relators and their policyholder clients when they deposed Ford and Kelly." Docket entry [273] at p. 5 (footnote omitted). Indeed, in arguing that the Relators "should be allowed to have *independent counsel* depose Ford and Kelly," *id*. (emphasis supplied), they note this Court's prior observation of the difficulty of determining the role played by Relators' former counsel in the instant action and in those separate actions by individual policyholders. However, Relators completely ignore the fact that they were also *employed* by their former counsel in a consulting capacity, and should have been the source for information sought from Ford and Kelly. This weakens the notion that Relators, much less their current counsel, are at a disadvantage.

Nevertheless, this Court believes that its restriction on the scope of inquiry should be eased somewhat. To a certain extent, Relators are correct that the flood claim can not be totally separated from the wind claim on the same insured property, and the Court believes that Defendants should not be in control of limiting the areas of inquiry. Relators should have a full and fair opportunity to examine King, Ford, and Kelly under oath about the investigation and adjustment of the flood claim, the explanation for its payment, or any other associated legitimate areas of inquiry.

Accordingly, **IT IS ORDERED**:

In addition to the documents the Defendants supplied in their principal [268] response to this Court's [266] Order, they shall also produce to Relators (in the event that this material is not contained in what has been produced already) all damage estimates made for the McIntosh loss; a full copy of the transaction logs on the McIntosh claims; all digital photographs of the damage to the McIntosh residence; and all correspondence related to Forensic Analysis Engineering Corporation's assessment of damage to the McIntosh insured property;

Sufficiently in advance of the May 20, 2009, hearing set in this cause of action, Defendants shall make available to Relators for depositions Alexis "Lecky" King, Brian Ford, and John Kelly, and Relators may inquire of and explore with these witnesses any and all information related to the investigation, adjustment, and payment of the McIntosh flood claim, as well as any other associated legitimate areas of inquiry, whether or not these individuals were directly or indirectly involved in the McIntosh flood claim;

Because Relators have not established the unavailability of Mike Church, Craig Robertson, Ron Mucha, and Linda Mucha for the hearing on the dispositive motions (whether by subpoena or other means available under the Federal Rules of Civil Procedure), the depositions of these witnesses will not be allowed;

Since all parties request and agree that an in-person pre-hearing conference similar to a pre-trial conference may be helpful in order to discuss the presentation of evidence and the exchange of witness and exhibit lists, the Court will schedule such a conference in the near future. In the meantime, all parties shall forthwith arrange for and schedule the discovery allowed by this order.

**SO ORDERED** this the 20th day of April, 2009.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE