UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA
EX REL. CORI RIGSBY and KERRI RIGSBY                                              RELATORS

V.                                                         CIVIL ACTION NO. 1:06CV0433 LTS-RHW

STATE FARM INSURANCE COMPANY, ET AL.                                            DEFENDANTS

## ORDER

In accordance with the Memorandum Opinion I have this day signed, it is hereby

**ORDERED**

1. That the Relators' motion [206] for clarification of the Order [1173] excluding their testimony in civil actions against State Farm Fire and Casualty Company is **GRANTED**. To the extent the Relators have relevant knowledge, they will be permitted to testify in all further proceedings in this action;

2. That State Farm Fire and Casualty Company's motion for summary judgment [96] on the Relators' claim for wrongful discharge from their employment is **GRANTED**;

3. That State Farm Fire and Casualty Company's motion [91] and Haag Engineering Company's motion [106] to dismiss this action for lack of subject matter jurisdiction, or, in the alternative for summary judgment, are **DENIED** on the grounds that Relator Kerri Rigsby is an original source of the information that supports the allegations of the Amended Complaint; and

4. That State Farm Fire Insurance Company's motion [98] and Haag Engineering Company's motion [108] to dismiss this action under F.R.Civ.P. 12(b)(6) and 9(b) are **DENIED**; and

5. That further proceedings in this action shall be limited to the specific allegations of the Amended Complaint, i.e. to the allegation the payment of the limits of SFIP coverage on the McIntosh property and the presentment of a claim for reimbursement to the United States of America constitutes a violation of the FCA;

6. That State Farm Fire and Casualty Company shall submit, *in camera*, a list containing the name of the insured, the address of the insured property, and the amount of flood insurance paid, for all SFIP claims that meet all three of the following criteria:

    A)      The insured property did not fall within any of the three categories of storm damage for which FEMA approved payment of SFIP limits, i.e. insured dwellings that were not left as slabs, pilings, or empty shells; and
    B)      For which SFIP limits were paid on the grounds the property was a constructive total loss; and
    C)      For which no "stick built" or Exactimate estimation of the flood damage was made before the SFIP limits were paid;

7. That the defendants' unopposed motion [340] to allow the parties to file their post-hearing briefs into the record is **GRANTED**.

**SO ORDERED** this 10th day of August, 2009.

                                        s/ L. T. Senter, Jr.
                                        L. T. SENTER, JR.
                                        SENIOR JUDGE