IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA EX**
**REL. CORI RIGSBY AND KERRY RIGSBY**           **RELATORS**

**VERSUS**                       **CIVIL ACTION NO. 1:06CV00433-LTS-RHW**

**STATE FARM INSURANCE COMPANY,**
**ALLSTATE INSURANCE COMPANY,**
**USAA INSURANCE COMPANY,**
**FORENSIC ANALYSIS & ENGINEERING CORPORATION,**
**EXPONENT FAILURE ANALYSIS,**
**HAAG ENGINEERING CO.,**
**JADE ENGINEERING,**
**RIMKUS CONSULTING COMPANY INC.,**
**and STRUCTURES GROUP**                **DEFENDANTS**

## MOTION OF DEFENDANT FORENSIC ANALYSIS & ENGINEERING CORPORATION FOR CLARIFICATION OF ORDER DENYING MOTION FOR SUMMARY JUDGMENT

COMES NOW Forensic Analysis & Engineering Corporation ("Forensic"), and respectfully moves the Court to enter an Order clarifying its prior Opinion [343] and Order [344]; and further moves the Court to enter an Order granting summary judgment to Forensic.  In support of this Motion, Forensic would show unto the Court the following:

1. In this *qui tam* action, multiple dispositive motions were filed by the defendants, including State Farm and Haag Engineering.  To the extent applicable, Forensic joined all of these motions and the pertinent briefing, as well as other pleadings and disclosures filed by the defendants.  *See* [249] (Joinder by Forensic Analysis & Engineering Corporation); [252] (Joinder by Forensic Analysis & Engineering Corporation); [270] (Joinder by Forensic Analysis & Engineering Corporation); [278] (Joinder by Forensic Analysis & Engineering Corporation); [307] (Joinder by Forensic Analysis & Engineering Corporation); [310] (Joinder by Forensic Analysis & Engineering Corporation); [311] (Joinder by Forensic Analysis &

Engineering Corporation); [316] (Joinder by Forensic Analysis & Engineering Corporation); [329] (Joinder by Forensic Analysis & Engineering Corporation). Thus, the issue of Forensic's liability *vel non* was squarely before the Court.

2. In their previous filings, Relators waived all of their claims against Forensic except as to conspiracy pursuant to 31 U.S.C. § 3729(a)(3).[1]

3. Following the May, 2009 hearing, Forensic submitted its separate briefing setting out in detail the facts surrounding Relators' conspiracy claim, and demonstrating that Relators' single claim against Forensic fails as a matter of law. *See generally* Forensic's post-hearing brief [346] and rebuttal brief [350], now filed of record in this action.[2]

4. On August 10, 2009, the Court issued its Memorandum Opinion on the pending dispositive motions [343] ("Memorandum Opinion"). Among other things, the Court found that "State Farm is the ***only defendant now charged with having presented a false claim***, and the allegations of the Amended Complaint identify only one specific instance of misconduct: the McIntosh claim."[3]

5. Because the record is clear that Forensic was not involved in the adjustment or payment of the McIntosh flood claim, Relators' claim of conspiracy as against Forensic fails as a matter of law.

6. The Court's findings in its Memorandum Opinion do not address Forensic's joinder in the pending motions, nor do they address the unique position of Forensic – as compared to State Farm – that Forensic was indisputably not involved in the decision of whether to pay the McIntosh flood claim, or in what amount. Indeed, as made clear in Forensic's briefing, the putative "false" claim – the McIntosh flood file – was paid and closed well before Forensic

---

[1] *See* [264], "Relators' Consolidated Response to All Pre-Hearing Motions," p. 3.
[2] Pursuant to Order dated August 10, 2009 [344].
[3] Memorandum Opinion, p. 10, emphasis added.

ever became involved with the McIntosh property.

7.  Although the False Claims Act requires proof of "at least one act in furtherance" of a conspiratorial agreement, Relators offered no citation of law to rebut Forensic's position that so-called "reverse false claims" are not actionable under § 3729(a)(3). *See, e.g.*, *United States ex rel. Huangyan Import and Export Co. v. Nature's Farm Products, Inc.*[4] ("Thus, neither in the pertinent subsection itself, nor in the statute's definitions is there any way to shoehorn reverse false claims conspiracies into § 3729(a)(3)."); *see also United States ex rel. Atkinson v. Pennsylvania Shipbuilding Co.*[5] (holding there can be no reverse false claims for conspiracy). On this basis alone, Relators' claims against Forensic fail as a matter of law.

9.  As the issues going forward are framed in the Memorandum Opinion[6], neither the Kelly report nor the Ford report – or for that matter, any of Forensic's actions – are material to the Court's further determinations. At the risk of repetition, the McIntosh flood claim was adjusted and paid without *any* participation by Forensic.

10. While State Farm has been ordered to produce additional information for *in camera* inspection,[7] based on the description of the requested data, Forensic does not appear to have any information that would be responsive to the Court's order. Thus, the dismissal of Forensic would not hinder Relators from pursuing their claims against State Farm, which is, after all, "... the only defendant now charged with having presented a false claim ..."[8]

10. Amendment of the Order is necessary to correct a clear error and/or prevent manifest injustice. *See* Fed. R. Civ. P. Rule 59(e). "The district court has considerable discretion

---

[4] 370 F.Supp.2d 993, 1003 (N.D. Cal. 2005)
[5] 255 F.Supp.2d 351, 413-14 (E.D. Pa. 2002)
[6] "Accordingly, I will limit the presentation of evidence in this action to facts relevant to the McIntosh claim." Memorandum Opinion, p. 10.
[7] " ... [A] list containing the name of the insured, the address of the property, and the amount of flood insurance paid, for all SFIP claims that meet the following criteria ..." Id.
[8] Memorandum Opinion, p.10.

in deciding whether to reopen a case under Rule 59(e)."[9] This Court has utilized its sound discretion in similar situations previously to clarify particular issues in its rulings.[10] Here, Forensic seeks clarification of the Court's previous memorandum opinion and order, so that the record would be clear on the issue of its joinder in the dispositive motions.

For these reasons, Forensic respectfully requests that the Court reconsider, alter or amend its prior Order and enter judgment in Forensic's favor as a matter of law. In support of its Motion, Forensic incorporates herein by reference Forensic's post-hearing brief [346] and rebuttal brief [350], and requests that the Court waive the separate briefing requirements of Rule 7.2 (D) of the Uniform District Court Rules for the Northern and Southern Districts of Mississippi.

This the 24th day of August, 2009.

                                                Respectfully submitted,

                                                **FORENSIC ANALYSIS & ENGINEERING CORPORATION**

                                      BY:    <u>s/Robert D. Gholson</u>

OF COUNSEL:

Robert D. Gholson, MS Bar No. 4811
Daniel D. Wallace, MS Bar No. 100659
GHOLSON BURSON ENTREKIN & ORR, P.A.
535 North 5th Avenue (39440)
P. O. Box 1289
Laurel, Mississippi 39441-1289
Telephone: (601) 649-4440
Facsimile: (601) 649-4441
gholson@gbeolaw.com
       *Attorneys for Forensic Analysis & Engineering Corporation*

---

[9] *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. Tex. 1993).

[10] *See, e.g., Dickinson v. Nationwide Mut. Fire Ins. Co.*, 2008 WL 1913957 (S.D.Miss.2008) (granting plaintiff's motion for clarification).

**CERTIFICATE OF SERVICE**

      I hereby certify that on **August 24, 2009**, I electronically filed the foregoing with the clerk of the Court using the ECF system, which sent notification of such filing to the following:

Cecil Maison Heidelberg, Esquire
Virginia R. Kennedy, Esquire
MAISON HEIDELBERG, PA
795 Woodlands Parkway, Suite 220
Ridgeland, MS 39157
Email: maison@heidelbergpa.com
Email: ginny@heidelbergpa.com

Scott D. Gilbert (PHV)
August J. Matties, Jr. (PHV)
Benjamin R. Davidson (PHV)
Craig J. Litherland (PHV)
GILBERT LLP
1100 New York Ave., NW, Suite 220
Washington, DC 20005
Email: gilberts@gotofirm.com
Email: mattiesa@gotofirm.com
Email: davidsonb@gotofirm.com
Email: litherlandc@gotofirm.com
      **ATTORNEYS FOR RELATORS/COUNTER-DEFENDANTS**

Jeffrey S. Bucholtz, Esquire
Joyce R. Branda, Esquire
Patricia R. Davis, Esquire
Jay D. Majors, Esquire
UNITED STATES DEPARTMENT OF JUSTICE
Civil Division
P. O. Box 261
Ben Franklin Station
Washington, D.C. 20044
Alfred B. Jernigan, Jr., Esquire
Felicia C. Adams, Esquire
UNITED STATES ATTORNEY'S OFFICE
Southern District of Mississippi
Suite 500
188 East Capital Street
Jackson, MS 39201
      **ATTORNEYS FOR THE UNITED STATES**

H. Hunter Twiford, III, Esquire
Stephen F. Schelver, Esquire
Candy Burnette, Esquire
MCGLINCHEY STAFFORD, PLLC
200 South Lamar Street
Suite 1100, City Centre South (39201)
P. O. Drawer 22949
Jackson, MS 39225-2949

John T. Boese, Esquire (PHV)
Beth C. McClain, Esquire (PHV)
FRIED, FRANK, HARRIS, SHRIVER & JACOBSON, LLP
1001 Pennsylvania Avenue, NW
Suite 800
Washington, DC 20004-2505
    **ATTORNEYS FOR E. A. RENFROE, INC.,**
    **GENE RENFROE, & JANA RENFROE**

Robert C. Galloway, Esquire
Jeffrey A. Walker, Esquire
E. Barney Robinson, III, Esquire
BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
210 East Capitol Street, 17th Floor
P. O. Box 22567
Jackson, MS 39225-2567
Email: jeff.walker@butlersnow.com
Email: bob.galloway@butlersnow.com
Email: barney.robinson@butlersnow.com

Michael B. Beers, Esquire (PHV)
BEERS, ANDERSON, JACKSON, PATTY & FAWAL, PC
250 Commerce Street, Suite 100
Montgomery, AL 36104
Email: mbeers@beersanderson.com
    **ATTORNEYS FOR STATE FARM FIRE AND CASUALTY COMPANY**

Larry G. Canada, Esquire
GALLOWAY, JOHNSON, TOMPKINS
BURR & SMITH
701 Poydras Street, Suite 4040
New Orleans, LA 70139
Email: lcanada@gjtbs.com

Kathryn Beard Platt, Esquire
GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH
1213 31st Avenue
Gulfport, MS 39501
Email: kplatt@gjtbs.com
   **ATTORNEYS FOR HAAG ENGINEERING CO.**

        **s/Robert D. Gholson**