**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA ex rel.;
  CORI RIGSBY; AND KERRI RIGSBY      RELATORS/COUNTER-DEFENDANTS

v.                                CASE No. 1:06-cv-433-LTS-RHW

STATE FARM MUTUAL
  INSURANCE COMPANY et al        DEFENDANT/COUNTER-PLAINTIFF


**RELATORS' OPPOSITION TO MOTION OF DEFENDANT FORENSIC ANALYSIS &**
**ENGINEERING CORPORATION FOR CLARIFICATION OF**
**ORDER DENYING MOTION FOR SUMMARY JUDMGENT**


Cori and Kerri Rigsby ("Relators"), through undersigned counsel, respectfully submit this

opposition to the Motion of Defendant Forensic Analysis & Engineering Corporation for

Clarification of Order Denying Motion for Summary Judgment (docket entry [356]) ("Motion to

Reconsider") filed by Forensic Analysis & Engineering Corporation ("Forensic").

Forensic's Motion to Reconsider should be denied because it is an improper attempt to

relitigate issues that have already been decided.  A motion for reconsideration is an

"extraordinary remedy" that "serves the narrow purpose of allowing a party to correct manifest

errors of law or fact or to present newly discovered evidence."  *Templet v. Hydrochem Inc.*,

367 F.3d 473, 479 (5th Cir. 2004) (internal citation omitted).  A motion for reconsideration "is

not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been

[previously] offered."  *Id.*  Forensic's Motion to Reconsider should be denied because it merely

rehashes the arguments Forensic previously made without pointing to any newly discovered

evidence or identifying any manifest error.  *See also, e.g., Dickinson v. Nationwide Mutual Fire*

*Ins. Co.*, No. 1:06-cv-198, 2008 WL 1913957 at *4 (S.D. Miss. 2008) ("F.R.Civ.P. 59. . . is not a

1

vehicle for a litigant to ask the Court to reconsider adverse decisions it is simply unwilling to accept."); *Progressive Gulf Ins. Co. v. Fit Express, Inc.*, No. 1:07-cv-20, 2008 WL 4844800 (N.D. Miss. 2008) (denying defendant's motion to reconsider denial of its summary judgment motion).

Moreover, this Court correctly denied Forensic's motions to dismiss the Relators' claims. Conspiracy to violate the False Claims Act requires: "(1) the existence of an unlawful agreement between defendants to get a false or fraudulent claim allowed or paid by the Government and (2) at least one act performed in furtherance of that agreement." *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 193 (5th Cir. 2009) (internal citation omitted). At the summary judgment stage the Relators need only provide evidence "that would allow a reasonable jury to find that these conditions have been met." *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 343 (5th Cir. 2008). As explained more fully in the Relators' Consolidated Post-Hearing Brief, after State Farm fired Forensic for the conclusions in Brian Ford's report, Forensic agreed not only to change the conclusions in the McIntosh report but to also draft future engineering reports that would support State Farm's efforts to mischaracterize wind damage as flood damage. *See* Relators' Consolidated Post-Hearing Brief at 15-20, docket entry [348]. More specifically, Forensic agreed not to perform any engineering or wind analysis on damaged homes, to ignore eye witness accounts completely, and to only determine the predominant cause of damage rather than actually describing the amount of damage caused by wind and flood. *Id.* Forensic did this despite the fact that some of its employees recognized State Farm's clear incentive to have engineering reports created that shifted the cost of insurance coverage to the federal government. *Id.*

Forensic argues that, notwithstanding the evidence of its conspiracy, the Relators' claims against it should be dismissed for the simple reason that Forensic's involvement in the McIntosh claim began after the flood claim had already been paid. Motion to Reconsider at 3-4. This argument is wrong for several reasons. First, because the Relators have established an agreement and overt acts performed in furtherance of that agreement, they do no not need to provide a specific instance of a false claim that resulted from the conspiracy. *See U.S. ex rel. Grubbs*, 565 F.3d at 193 ("To the extent the district court dismissed the [conspiracy] claim because the complaint did not sufficiently plead a specific instance of a presented claim, the district court erred. . . [P]resentment of a false claim need not be proven nor pled to prevail on a False Claims Act conspiracy charge"). Second, the timing of the McIntosh claim is irrelevant because if State Farm had accepted the conclusions in the Ford report, it would have been required to reimburse the federal government. *See* Relators' Consolidated Post-Hearing Brief at 36. And third, even if Forensic's liability were limited to conspiring to submit a "reverse false claim," the conspiracy provisions of the False Claims Act encompass conspiracies to submit reverse false claims.[1] *See U.S. ex rel. S. Prawer & Co. v. Verrill & Dana*, 962 F.Supp. 206, 208 n.2 (D. Maine 1997) (finding that allegations that the defendants conspired to avoid liability under the reverse false claims act stated a conspiracy claim under § 3729(a)(3)); S. Rep. 110-507 at 16-17 (2008) (Amending the False Claims Act conspiracy provisions to "clarify" that they also prevent conspiracies to submit reverse false claims and citing "confusion and uncertainty surrounding the application of the conspiracy provision").

---

[1] Forensic criticizes the Relators for not having previously responded to Forensic's position that reverse false claims are not actionable under the conspiracy provisions of the False Claims Act. Motion to Reconsider at 3. But because Forensic first made this argument in its Post-Hearing Rebuttal Brief, docket entry [350] at 7-8, the Relators have been previously unable to respond.

Accordingly, Forensic's motion to reconsider should be denied because it is an impermissible attempt to relitigate issues that were correctly decided in the first place.

THIS the 11th day of September, 2009                    Respectfully, submitted,

   /s/ C. Maison Heidelberg
C. MAISON HEIDELBERG, MB #9559
GINNY H. KENNEDY, MB#102199


OF COUNSEL                                          Attorneys for Cori Rigsby and Kerri Rigsby
Scott D. Gilbert (*admitted pro hac vice*)          MAISON HEIDELBERG PA
August J. Matteis, Jr. (*admitted pro hac vice*)    795 Woodlands Parkway, Suite 220
Craig J. Litherland (*admitted pro hac vice*)       Ridgeland, Mississippi 39157
Benjamin Davidson (*admitted pro hac vice*)         Phone No.          (601) 351-3333
GILBERT  LLP                                        Fax No.            (602) 956-2900
1100 New York Avenue NW, Suite 700
Washington, DC 20005
Fax No.          (202) 772-3333
Phone No.        (202) 772-2200

## CERTIFICATE OF SERVICE

I, C. Maison Heidelberg, attorney for Cori Rigsby and Kerri Rigsby, do hereby certify that I have this day caused a true and correct copy of the foregoing instrument to be delivered to the following, via the means direct by the Court's Electronic Filing System:

Dunn O. Lampton, Esq.
UNITED STATES ATTORNEY
  FOR MISSISSIPPI
188 East Capitol Street, Suite 500
Jackson, MS 39201

Felicia Adams, Esq.
ASSISTANT U.S. ATTORNEY
188 East Capitol Street, Suite 500
Jackson, MS 39201

Joyce R. Branda, Esq.
Patricia R. Davis, Esq.
Jay D. Majors, Esq.
UNITED STATES DEPARTMENT OF JUSTICE
Commercial Litigation Branch
Civil Division
601 D Street, NW
Washington, DC 20004

Larry G. Canada, Esq.
Kathryn Breard Platt, Esq.
Galloway, Johnson, Tompkins, Burr & Smith
701 Poydras Street, Suite 4040
New Orleans, LA 70139
(p) 504-525-6802
ATTORNEYS FOR HAAG ENGINEERING CO.

Robert C. Galloway, Esq.
Emerson Barney Robinson, III, Esq.
Jeffrey A. Walker, Esq.
BUTLER, SNOW, O'MARA,
   STEVENS & CANNADA, PLLC
P.O. Box 22567
Jackson, MS 39225
(p) 601-948-5711

Michael B. Beers, Esq.
BEERS, ANDERSON, JACKSON
    PATTY & FALWAL, PC
250 Commerce Street, Suite 100
Montgomery, AL 36104
(p) 334-834-5311
ATTORNEYS FOR STATE FARM MUTUAL
INSURANCE COMPANY

Robert D. Gholson
GHOLSON BURSON ENTREKIN & ORR, P.A.
55 North 5th Avenue
P.O. Box 1289
Laurel, MS 39441-1289
ATTORNEYS FOR FORENSIC ANALYSIS
ENGINEERING CORPORATION


                                        /s/     C. Maison Heidelberg___