IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA EX
REL. CORI RIGSBY AND KERRY RIGSBY                        RELATORS

VERSUS                              CIVIL ACTION NO. 1:06CV00433-LTS-RHW

STATE FARM INSURANCE COMPANY,
ALLSTATE INSURANCE COMPANY,
USAA INSURANCE COMPANY,
FORENSIC ANALYSIS & ENGINEERING CORPORATION,
EXPONENT FAILURE ANALYSIS,
HAAG ENGINEERING CO.,
JADE ENGINEERING,
RIMKUS CONSULTING COMPANY INC.,
and STRUCTURES GROUP                                   DEFENDANTS

**DEFENDANT FORENSIC ANALYSIS & ENGINEERING CORPORATION'S
REBUTTAL TO RELATORS' RESPONSE TO
MOTION FOR CLARIFICATION OF
ORDER DENYING MOTION FOR SUMMARY JUDGMENT**

Comes now Forensic Analysis & Engineering Corporation ("Forensic") and submits its rebuttal brief on the pending Motion for Clarification of Order Denying Summary Judgment, as follows:

Relators, in their Opposition, say that Forensic's motion must be denied as "an improper attempt to relitigate issues."[1] Not so. In contrast to Relators' characterization, Forensic's motion seeks only to *clarify* the Court's previous opinion and order, as it relates to Forensic's liability *vel non*.[2] The record is clear: Forensic occupies a different position than State Farm, who, as the Court's Memorandum Opinion says, "is the only defendant now charged with having presented a false claim …"[3] Because Forensic's distinct position was not separately addressed by the Court, clarification of the opinion and order as it relates to Forensic would aid the parties as the case

---

[1] Relators' Brief [359], p. 1.
[2] Forensic's Motion [356], p. 4.
[3] Memorandum Opinion [343], p. 10.

goes forward. As this Court found in the *Dickinson*[4] case, cited by Relators, Rule 59(e) is the proper vehicle for addressing such issues. Finally, the matter of clarifying or amending a previous order is one left to the Court's sound discretion.[5]

Much of the remainder of the Relators' response is merely a re-hash of Relators' previous arguments.[6] In the interests of brevity, Forensic incorporates by reference its previous briefing on the substantive questions of law dealing with conspiracy, and will not repeat all of those arguments here. However, one factual issue bears mention – Relators' reliance on the Ford report as nothing less than holy writ. For instance, on page 3 of their response, Relators say that "if State Farm had accepted the conclusions in the Ford report, it would have been required to reimburse the federal government." Forensic will not belabor the point here, as the folly of blindly accepting the conclusions of the Ford report has been amply demonstrated in prior briefing. But, to illustrate the point: even the Realtor, Kerri Rigsby, has testified that the flood payment on the McIntosh home was reasonable in light of the five feet or more of water that inundated the premises.[7]

While the Relators' response is thin on facts, it is positively transparent in its legal argument. In their briefing, Relators rely on a 1997 case, *U.S. ex rel. S. Prawer & Co. v. Verrill & Dana*[8]*,* for the proposition that "the conspiracy provisions of the False Claims Act encompass conspiracies to submit reverse false claims."[9] Relators, however, fail to mention that the *Prawer & Co.* case was discussed at length in a later opinion, *U.S. ex rel. Atkinson v. Pa. Shipbuilding*

---

[4] *Dickinson v. Nationwide Mut. Fire Ins. Co.,* 2008 WL 1913957 (S.D.Miss. 2008).
[5] *Schiller v. Physicians Res. Group, Inc.,* 342 F.3d 563, 566 (5th Cir. 2003).
[6] For instance, in persistent error, Relators again cite to *U.S. ex rel. Grubbs v. Kanneganti,* 565 F.3d 180 (5th Cir. 2009), for the proposition that "presentment of a false claim need not be proven nor pled to prevail on … a conspiracy charge." State Farm has never denied that the McIntosh claim was presented to the government for payment, so *Grubbs* is inapposite. In any event, *Grubbs* has nothing to do with whether Forensic is liable here.
[7] See Summ. J. Mot. Hr'g Tr. at 220:13-221:7, 258:23-259:3, 277:15-18, 286:14-17, 287:9-14, 289:10-19, 290:18-23, 293:22-293:1, 300:14-301:3, 301:4-9, 302:3-7, 302:14-19.
[8] 962 F.Supp. 206 (D. Me. 1997).
[9] Relators' Brief [359], p. 3.

*Co.*[10]*,* and found to be unpersuasive on that point: "It is true, as defendant notes, that the *Prawer & Co.* court ***implied*** that reverse false claims are actionable under § 3729(a)(3) … However, that court undertook virtually no analysis of this issue, and this aspect of its holding consequently should not be afforded undue weight."[11] Of interest, however, is the following language from the *Prawer & Co.* opinion, denying reconsideration of an order granting summary judgment for certain attorney defendants on a conspiracy theory:

> I summarily reject the argument that the lawyer defendants' activity in June of 1993 and thereafter could subject them to liability on this claim. The cause of action is against "any person who . . . conspires to defraud the Government by getting a false or fraudulent claim allowed or paid." 31 U.S.C. § 3729(a)(3). As the relators concede in their motion for reconsideration, the put in question was paid in July of 1992. Any conspiracy to get it allowed or paid, therefore, was achieved as of July 1992, and all of the allegedly suspicious activity cited by the relators occurred after that date.[12]

When compared to the issue at hand, the language from the *Prawer & Co.* opinion is telling. Here, the "allegedly suspicious activity" that forms the basis for Relators' claims against Forensic indisputably post-dates the payment of the McIntosh flood claim and can thus form no basis for a claim of conspiracy.

Even if Relators could make a convincing case that there exists a cause of action for conspiracy to commit a reverse false claims violation – which they cannot – they run squarely into their own disavowal of any action for a reverse false claim:

> If they are calling this a reverse false claim, then we would submit that now we withdraw our agreement and we'd like to keep it in play. But we don't need to because a reverse false claim is not what's at issue here. A reverse false claim is if the government -- if you falsely represent that you don't need to make a payment that you owe to the government, so, like, a tax return might be a good example of it. This is a false claim. There's only one claim at issue here. There was a continuing duty to make sure that that claim was not false. So we're not in the reverse false claim situation at all.[13]

---

[10] 255 F.Supp.2d 351, 414 (E.D. Pa. 2002).
[11] *Id.* at p. 414; emphasis supplied.
[12] 962 F. Supp. 206, 208 (D. Me. 1997).
[13] Hearing transcript, (date), pp. 237-8.

Having well and thoroughly disavowed any reverse false claims action, it is difficult to see how Relators can now assert that Forensic could have any liability based on a conspiracy arising out of a reverse false claims violation.

For these reasons, Forensic submits that its Motion for Clarification is well-taken, and that summary judgment should be entered in Forensic's favor.

This the **18th** day of **September, 2009.**

<div style="margin-left:40%">

Respectfully submitted,

**FORENSIC ANALYSIS & ENGINEERING CORPORATION**

BY:     **s/Robert D. Gholson**

</div>

OF COUNSEL:

Robert D. Gholson, MS Bar No. 4811
Daniel D. Wallace, MS Bar No. 100659
GHOLSON BURSON ENTREKIN & ORR, P.A.
535 North 5th Avenue (39440)
P. O. Box 1289
Laurel, Mississippi 39441-1289
Telephone: (601) 649-4440
Facsimile: (601) 649-4441
gholson@gbeolaw.com
   *Attorneys for Forensic Analysis & Engineering Corporation*

**CERTIFICATE OF SERVICE**

      I hereby certify that on **September 18, 2009**, I electronically filed the foregoing with the clerk of the Court using the ECF system, which sent notification of such filing to the following:

Cecil Maison Heidelberg, Esquire
Virginia R. Kennedy, Esquire
MAISON HEIDELBERG, PA
795 Woodlands Parkway, Suite 220
Ridgeland, MS 39157
Email: maison@heidelbergpa.com
Email: ginny@heidelbergpa.com

Scott D. Gilbert (PHV)
August J. Matties, Jr. (PHV)
Benjamin R. Davidson (PHV)
Craig J. Litherland (PHV)
GILBERT LLP
1100 New York Ave., NW, Suite 220
Washington, DC 20005
Email: gilberts@gotofirm.com
Email: mattiesa@gotofirm.com
Email: davidsonb@gotofirm.com
Email: litherlandc@gotofirm.com
      **ATTORNEYS FOR RELATORS/COUNTER-DEFENDANTS**

Jeffrey S. Bucholtz, Esquire
Joyce R. Branda, Esquire
Patricia R. Davis, Esquire
Jay D. Majors, Esquire
UNITED STATES DEPARTMENT OF JUSTICE
Civil Division
P. O. Box 261
Ben Franklin Station
Washington, D.C. 20044
Alfred B. Jernigan, Jr., Esquire
Felicia C. Adams, Esquire
UNITED STATES ATTORNEY'S OFFICE
Southern District of Mississippi
Suite 500
188 East Capital Street
Jackson, MS 39201
      **ATTORNEYS FOR THE UNITED STATES**

H. Hunter Twiford, III, Esquire
Stephen F. Schelver, Esquire
Candy Burnette, Esquire
MCGLINCHEY STAFFORD, PLLC
200 South Lamar Street
Suite 1100, City Centre South (39201)
P. O. Drawer 22949
Jackson, MS 39225-2949

John T. Boese, Esquire (PHV)
Beth C. McClain, Esquire (PHV)
FRIED, FRANK, HARRIS, SHRIVER & JACOBSON, LLP
1001 Pennsylvania Avenue, NW
Suite 800
Washington, DC 20004-2505
> **ATTORNEYS FOR E. A. RENFROE, INC.,
> GENE RENFROE, & JANA RENFROE**

Robert C. Galloway, Esquire
Jeffrey A. Walker, Esquire
E. Barney Robinson, III, Esquire
BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
210 East Capitol Street, 17th Floor
P. O. Box 22567
Jackson, MS 39225-2567
Email: jeff.walker@butlersnow.com
Email: bob.galloway@butlersnow.com
Email: barney.robinson@butlersnow.com

Michael B. Beers, Esquire (PHV)
BEERS, ANDERSON, JACKSON, PATTY & FAWAL, PC
250 Commerce Street, Suite 100
Montgomery, AL 36104
Email: mbeers@beersanderson.com
> **ATTORNEYS FOR STATE FARM FIRE AND CASUALTY COMPANY**

Larry G. Canada, Esquire
GALLOWAY, JOHNSON, TOMPKINS
BURR & SMITH
701 Poydras Street, Suite 4040
New Orleans, LA 70139
Email: lcanada@gjtbs.com

6

Kathryn Beard Platt, Esquire
GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH
1213 31st Avenue
Gulfport, MS 39501
Email: kplatt@gjtbs.com
   **ATTORNEYS FOR HAAG ENGINEERING CO.**

                **s/Robert D. Gholson**