UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**
**EX REL. CORI RIGSBY and KERRI RIGSBY**　　　　　　　　　　**RELATORS**

**V.**　　　　　　　　　　**CIVIL ACTION NO.1:06CV0433 LTS-RHW**

**STATE FARM INSURANCE COMPANY, ET AL.**　　　　　　　　**DEFENDANTS**

## ORDER

The parties have submitted letters to the Court stating their respective positions on the discovery that must be conducted to prepare for trial on the merits of this action. The main disagreement between the parties is whether this discovery and the trial itself should include State Farm Fire and Casualty Company's (State Farm) counterclaim for the Relators' alleged misappropriation and misuse of certain claims documents.

The propriety of the Relators having taken possession of these documents was litigated in an Alabama proceeding, *E. A. Renfroe & Company, Inc. v. Cori Rigsby, et al., Civil Action No. 06-AR-1752-S.* By the time that case was settled and dismissed, the Alabama Court had ordered the Relators and their attorneys to return the documents in question to the attorneys representing E. A. Renfroe & Company, Inc.(Renfroe). Thus, in complying with this order, the Relators relinquished possession of these documents. I have previously ruled that none of these documents could be introduced as evidence in civil actions against State Farm unless the litigants obtained possession of the documents through the ordinary rules of discovery. Accordingly, none of the documents the Relators are alleged to have misappropriated will be admissible at the trial of the Relators' claim in this case (unless they are produced in the ordinary course of discovery).

The trial of this action will be limited to the McIntosh claim. It appears to me, based on the testimony I admitted during the hearing on the defendants' motions to dismiss, that Kerry Rigsby had direct, first hand knowledge of the documents in the McIntosh claims file and that she obtained knowledge of the contents of these documents in the course of her employment while adjusting the McIntoshes' flood claim and wind damage claim. This puts the McIntosh claims documents on a different footing from the other claims documents the Relators' allegedly misappropriated.

I am of the opinion that an attempt to try the Relators' claim and State Farm's counterclaim in a single proceeding is likely to hopelessly confuse the jury on the merits of both claims. Accordingly, I will bifurcate the trial of these two claims, and I will hear the evidence on the Relators' *qui tam* claim first. I will stay discovery on State Farm's counterclaim until the trial of the Relators' claim has been completed, and I will schedule a separate trial to reach the merits of the counterclaim.

Having filed its counterclaim, State Farm has preserved the claim for adjudication on its merits. Trying the counterclaim separately, after the trial of the Relators' claims is, in my view, more likely to lead to a just resolution of both claims.

United States Magistrate Judge Walker will establish a pre-trial schedule for the trial of the Relators' claim, and, after the merits of that claim have been tried, he will establish a pre-trial schedule for the counterclaim.

**DECIDED** this 24th day of September, 2009.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE