AO 88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

_____SOUTHERN_____ DISTRICT OF _____MISSISSIPPI_____
SOUTHERN DIVISION

UNITED STATES OF AMERICA ex rel.

v.

STATE FARM MUTUAL INSURANCE
COMPANY
and
FORENSIC ANALYSIS ENGINEERING
CORPORATION, et al.

**SUBPOENA IN A CIVIL CASE**
RELATORS/COUNTER-DEFENDANTS

CASE NO. 1:06cv433-LTS-RHW

DEFENDANT/COUNTER-PLAINTIFF

DEFENDANTS

TO:   Pamela McIntosh
      2558 South Shore Drive
      Biloxi, MS  39532

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**Please see Exhibit "A" attached.**

| PLACE | DATE AND TIME |
|---|---|
| Butler, Snow, O'Mara, Stevens & Cannada, PLLC, Whitney National Bank Building, 1300 25th Avenue, Ste. 204, Gulfport, MS 39501. | January 19, 2010  9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT). | DATE |
|---|---|
| /s/ Galloway            ATTORNEY FOR DEFENDANT | 12/29/09 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Robert C. Galloway, Whitney National Bank Building, Ste. 204, Gulfport, MS 39501  228-864-1170

AO 88 (Rev. 12/07) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |
| SERVED ON (PRINT NAME) |  | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) |  | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　　　DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c) and (d) as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.
**(d) DUTIES IN RESPONDING TO A SUBPOENA.**
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

## *Exhibit "A" to Subpoena Duces Tecum*

1. All architectural drawings, blueprints, construction plans, drawings specifications, or similar Documents for the original construction of the house at 2558 South Shore Drive, Biloxi, MS (hereinafter, the "House").

2. All architectural drawings, blueprints, construction modifications, after built drawings, or similar Documents showing or describing the House as actually built before Hurricane Katrina.

3. All architectural drawings, blueprints, construction plans, construction modifications, drawing specifications, after built drawings, or similar Documents showing or describing the House as repaired and reconstructed following Hurricane Katrina.

4. The spreadsheets, tables, and any similar Documents prepared by or with the assistance of Robert McVadon that broke out costs of materials or work done by Mr. McVadon and his company at the House following Hurricane Katrina in which costs were allocated into various categories, such as, for example, costs of hurricane repairs, costs of items that would be considered increased costs of compliance, and other categories. As indicated by the definition of "Documents" below, this request includes such Documents in any form, including, without limitation, paper, Excel spreadsheet, or other computer program, etc.

5. All photographs, videos, or moving pictures in any format, including, without limitation, paper, CD, DVD, tape, digital camera chip, etc., together with any negatives of paper photographs, taken at the time of or following Hurricane Katrina, showing the House, any damage to the exterior or the interior of the House, any damage to the out buildings of the House, or showing the yard, trees, pier, boat dock, or any other appurtenances to the House.

6. All photographs, videos, or moving pictures in any format, including, without limitation, paper, CD, DVD, tape, digital camera chip, etc., together with any negatives of paper photographs, showing any other house, buildings, vehicles, or property on South Shore Drive at the time of or following Hurricane Katrina.

7. All photographs, videos, or moving pictures in any format, including, without limitation, paper, CD, DVD, tape, digital camera chip, etc., together with any negatives of paper photographs, showing the exterior or the interior of the House during or after repair or reconstruction following Hurricane Katrina.

8. All estimates, spreadsheets, building permits, contracts, invoices, bills, receipts, checks and other Documents containing information (including cost information) about the repair, renovation and reconstruction of the House after Hurricane Katrina, including information about the purchase of all built-in appliances, cabinets, flooring, light fixtures, hardware and any other items (other than free standing furniture) that you purchased directly as opposed to purchased as part of a contract for repair, renovation or reconstruction with Robert McVadon or his company.

For purposes of this subpoena and Exhibit "A," "Documents" means all original: writings; electronically stored information; contracts; agreements; communications; correspondence; telegrams; memoranda; notes; summaries or records of telephone conversations, personal conversations, interviews, conferences, investigations, or negotiations; diaries; graphs; reports; notebooks; spreadsheets; charts; plans; drawings; sketches; maps; opinions or reports of consultants; photographs; recordings; films; videotapes; microfilm or microfiche; computer files, tapes, or discs; CDs; DVDs; facsimile transmittals; brochures; pamphlets; advertisements; circulars; drafts; any marginal comments appearing on any Document; and all non-identical

copies of the foregoing, in your possession, custody or control, regardless of where located. In all cases where originals or non-identical copies are not available, "Documents" also means identical copies of original documents and copies of non-identical copies.

Jackson 4700309v1