AO 88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

FOR THE _____ DISTRICT OF _____ COLUMBIA _____

UNITED STATES OF AMERICA ex rel.

v.

STATE FARM MUTUAL INSURANCE COMPANY
and
FORENSIC ANALYSIS ENGINEERING CORPORATION, et al.

**SUBPOENA IN A CIVIL CASE**
RELATORS/COUNTER-DEFENDANTS

CASE NO. 1:06cv433-LTS-RHW
U.S.D.C., SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DEFENDANT/COUNTER-PLAINTIFF

DEFENDANTS

TO: THE RENDON GROUP INCORPORATED
c/o Sandra L. Libby (Registered Agent)
1875 Connecticut Avenue, N.W.
Suite 716
Washington, DC 20009

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**Please see Exhibit "A" attached.**

| PLACE Skadden, Arps, Slate, Meagher & Flom, LLP, 1440 New York Avenue, N.W., Washington, DC 20005. In lieu of appearing, the requested documents may be mailed to Robert C. Galloway at Butler, Snow, O'Mara, Stevens & Cannada, PLLC, Whitney National Bank Building, 1300 25th Avenue, Ste. 204, Gulfport, MS 39501. Mr. Galloway may be reached at (228) 864-1170. | DATE AND TIME February 1, 2010 9:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) /s/ R.C. Galloway  ATTORNEY FOR DEFENDANT | DATE 12/30/09 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Robert C. Galloway, Whitney National Bank Building, Ste. 204, Gulfport, MS 39501   228-864-1170

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                          DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c) and (d) as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.
**(d) DUTIES IN RESPONDING TO A SUBPOENA.**
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

## EXHIBIT "A"

### INSTRUCTIONS AND DEFINITIONS:

All of the below requests seek the production of the requested information and data in any media whatsoever, regardless of whether such is stored, reflected or maintained in electronic, digital, laser or electro-optical, magnetic, paper or some other form.

Additionally, as used below: the words used in the masculine gender include the feminine; and words used in the singular include the plural. Where the word "or" appears herein, the meaning intended is the logical inclusive "or" i.e., "and/or." Where the word "include" or "including" appears, the meaning intended is "including, but not limited to."

"Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34 of the Federal Rules of Civil Procedure, including electronically stored information (ESI). A draft or non-identical copy is a separate document within the meaning of its term.

"Bartimus, Frickelton, Robertson & Gorny, PC" shall mean Bartimus, Frickelton, Robertson & Gorny, PC, including its current and former attorneys, paralegals, employees, partners, officers, directors, consultants, investigators and agents including, but not limited to, Michael C. Rader, Anthony L. DeWitt, Edward D. Robertson, Jr., James P. Frickleton, and Mary Doerhoff Winter.

"Concerning" shall mean referring to, relating to, describing, evidencing, or constituting.

"Graves, Bartle & Marcus, LLC" shall mean Graves, Bartle & Marcus, LLC, including its current and former attorneys, paralegals, employees, partners, officers, directors, consultants, investigators and agents including, but not limited to, Todd Graves, David L. Marcus and Matthew V. Bartle.

"Including" shall mean including without limitation.

"Relators" shall mean Cori Rigsby and/or Kerri Rigsby and any persons or entities acting on their behalf.

"Scruggs Law Firm, P.A." shall mean Scruggs Law Firm, P.A., including its current and former attorneys, paralegals, employees, partners, officers, directors, consultants, investigators and agents including, but not limited to, Richard Scruggs, Zach Scruggs, Sid Backstrom, Charlene Bosarge, Darren Versiga and Beth Jones.

"Scruggs Katrina Group" shall mean any attorney currently or formerly practicing with: The Scruggs Law Firm, P.A.; The Barrett Law Office, P.A.; The Lovelace Law Firm, P.A.; Nutt & McAlister, PLLC; or Jones, Funderburg & Sessums PLLC, and without limiting the generality of the foregoing, shall specifically include the following individuals associated with the firms that comprise or comprised the SKG or otherwise assisted the SKG: Richard Scruggs; Zach Scruggs; Don Barrett; Sid Backstrom; Zach Butterworth, Gary M. Yarborough, Marshall Smith, Jr.; David McMullan, Jr.; Dewitt Lovelace; David Nutt; Mary E. McAlister; Derek Wyatt; John Jones; and Steven Funderberg.

"The Rendon Group Incorporated" shall mean The Rendon Group Incorporated and any of its officers, directors, employees, contractors, agents, consultants, principals and/or affiliated entities.

## REQUESTS:

1. All Documents concerning any communications between The Rendon Group Incorporated and Scruggs Katrina Group from August 29, 2005 to the present.

2. All Documents concerning any communications between The Rendon Group Incorporated and Scruggs Law Firm, P.A. from August 29, 2005 to the present.

3. All Documents concerning any communications between The Rendon Group Incorporated and Graves, Bartle & Marcus, LLC from August 29, 2005 to the present.

4. All Documents concerning any communications between The Rendon Group Incorporated and Bartimus, Frickelton, Robertson & Gorny, PC from August 29, 2005 to the present.

5. All Documents concerning any communications between The Rendon Group Incorporated and Zuckerman Spaeder LLP including Andrew N. Goldfarb, Cyril V. Smith, III, Michael R. Smith, and/or William W. Taylor, III.

6. All Documents concerning any communications between The Rendon Group Incorporated and White, Arnold & Dowd, PC including George H. Hawley and/or Katherine Rogers Brown.

7. All Documents concerning any communications between The Rendon Group Incorporated and Battle, Fleenor, Green, Winn & Clemmer, LLP including Harlan F. Winn, III, Robert E. Battle, and/or Jon H. Patterson.

8. All Documents concerning any communications between The Rendon Group Incorporated and Bainbridge, Mims, Rogers & Smith, LLP including Bruce F. Rogers and/or Frank M. Bainbridge.

9. All Documents concerning any communications between The Rendon Group Incorporated and Keker & Van Nest, LLP including John Keker and/or Brook Dooley.

10. All Documents concerning any payments from Scruggs Katrina Group to The Rendon Company Incorporated from August 29, 2005 to the present.

11. All Documents concerning any payments from Scruggs Law Firm, P.A. to The Rendon Group Incorporated from August 29, 2005 to the present.

12. All Documents concerning any payments from Graves, Bartle & Marcus, LLC to The Rendon Group Incorporated from August 29, 2005 to the present.

13. All Documents concerning any payments from Bartimus, Frickelton, Robertson & Gorny, PC and The Rendon Group Incorporated from August 29, 2005 to the present.

14. All Documents concerning the Relators.

15. All Documents concerning any communications between Scruggs Katrina Group, Scruggs Law Firm, P.A., Graves, Bartle & Marcus, LLC, Bartimus, Frickelton, Robertson & Gorny, PC and/or Relators and any media outlet, media organization, media representative or agent, or website from August 29, 2005 to the present.

16. All Documents concerning State Farm Fire and Casualty Company and Hurricane Katrina including corresponding claims or cases.

17. All Documents concerning State Farm Mutual Automobile Insurance Company and Hurricane Katrina including corresponding claims or cases.

18. All Documents concerning E.A. Renfroe & Company and Hurricane Katrina including corresponding claims or cases.

19. All Documents concerning Forensic Analysis Engineering Corporation and Hurricane Katrina including corresponding claims or cases.

20. All Documents concerning Haag Engineering Co. and Hurricane Katrina including corresponding claims or cases.

Jackson 4682098v2