IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel.<br>CORI RIGSBY and KERRI RIGSBY | RELATORS/COUNTER-DEFENDANTS |
| v. | CASE NO. 1:06cv433-LTS-RHW |
| STATE FARM MUTUAL INSURANCE COMPANY | DEFENDANT/COUNTER-PLAINTIFF |
| and | |
| FORENSIC ANALYSIS ENGINEERING CORPORATION;<br>HAAG ENGINEERING CO.; and ALEXIS KING | DEFENDANTS |

**DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S
MEMORANDUM IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER**

Defendant/Counter-Plaintiff State Farm Fire and Casualty Company, improperly denominated in the First Amended Complaint as "State Farm Mutual Insurance Company" ("State Farm"), submits this Memorandum in Support of its Motion for a Protective Order and would show unto the Court the following:

**I.    INTRODUCTION AND FACTS**

**A.  Summary of Argument**

The Court has repeatedly instructed the parties that "[t]he trial of this case will be limited to the McIntosh claim" September 24, 2009 Order [363], i.e., the claim of Thomas C. and Pamela McIntosh for flood damage to their residence at 2558 South Shore Drive, Biloxi, Mississippi that State Farm paid and for which State Farm was reimbursed by the NFIP. Relators Cori Rigsby and Kerri Rigsby ("the Rigsbys"), however, continue to attempt to expand the area of inquiry by asking for discovery on claims that bear no relation to the McIntosh flood

claim, such as all claims wherein a report prepared by Forensic was challenged or disputed *in any way* (Interrogatory No. 4), without regard to whether said report was prepared in connection with the McIntosh claim.

The Rigsbys further ignore the Court's earlier rulings by requesting State Farm's procedures for using engineering reports for adjusting claims for damage caused by Hurricane Katrina (Interrogatory No. 11) and by requesting the following: documents regarding claims adjustment under flood and homeowners policies other than McIntosh (Document Request No. 2); all documents related to the use of engineers in assessing damage caused by Hurricane Katrina (Document Request No. 11); and all documents related to the procedures used by engineers to assess damage caused by Hurricane Katrina (Document Request No. 12). Again, these requests are not specific to the McIntosh claim, are without regard to whether they are related to flood or homeowners claims, and are also without limitation to the State of Mississippi.

State Farm has conferred in good faith on all of the issues before the Court in this Motion and has been unable to resolve its objections to those discovery requests. A Good Faith Certificate is attached as Exhibit "A" to State Farm's Motion.

B. **Factual Background**

The Rigsbys' original Complaint [2] and First Amended Complaint [16] contained a number of allegations of misconduct levied at numerous companies and individuals. The Court, however, has found that "[t]he sole remaining specifically-identified instance offered in support of the allegations of the amended complaint involves the claim of Thomas and Pamela McIntosh (the McIntoshes)." September 24, 2009 Order [343]. Accordingly, "this action will be, at least at this juncture, limited to the McIntosh claim . . . ." *Id.*

2

The Rigsbys' interrogatories and requests for production of documents seek information that is well beyond the scope of the single issue which the Court has held is the focus of this action. Specifically, Interrogatory No. 4 states:

> Identify each engineering report prepared by Forensic for which State Farm challenged or disputed in any way the final written report. For each engineering report identified state the insured's name, address, and policyholder number, explain the subject of the dispute, and state whether Forensic supplemented its report or provided a new report for that claim.

Interrogatory No. 4 thus seeks information from other *homeowners* claim files and has no bearing on whether there was an overpayment of the McIntosh *flood* claim as a result of a knowingly false submission to the federal government by State Farm. Additionally, Interrogatory No. 4 asks for confidential policyholder information which, if answered, implicates the right of privacy of State Farm policyholders.

Interrogatory No. 11 states:

> Describe your procedures for using engineering reports for adjusting claims for damage caused by Hurricane Katrina. In answering this interrogatory, explain the type of claims for which engineering reports were ordered, whether, if ever you cancelled engineering reports after they had been ordered, and your procedures for handling, reviewing, and filing engineering reports once they were received and should state whether any of these procedures varied by office or state.

Like Interrogatory No. 4, Interrogatory No. 11 seeks information that is well beyond the McIntosh flood claim. For instance, Interrogatory No. 11 requests information regarding whether engineering reports were ever cancelled, notwithstanding that it is undisputed that there was no cancellation of an engineering report in connection with the McIntosh homeowners claim and no report was ordered in connection with the McIntosh flood claim.

Document Request No. 2 seeks:

> All documents related to your adjusting of claims under flood policies or homeowner policies for properties located within a half mile of the McIntosh

>home. The request includes but is not limited to complete copies of the flood file and homeowner file for each such claim.

This request not only seeks information concerning State Farm policyholders other than the McIntoshes, it also seeks information related to the adjustment of other *homeowners* claims which have nothing to do with the McIntosh *flood* claim.

>Document Requests Nos. 11 and 12 seek the following:
>
>All documents related to use of engineers in assessing damage caused by Hurricane Katrina. This request includes but is not limited to any decisions to order or cancel multiple engineer reports, and decisions to order or cancel engineer reports on a blanket or categorical basis.
>
>****
>
>All documents related to the procedures used by engineers to assess damage caused by Hurricane Katrina. This request includes but is not limited to the procedures for handling finished engineering reports and any instructions given to engineering firms related to how to conduct an engineering analysis including the use of eye witness testimony, distinguishing between damage caused by wind and damage caused by water, and describing the damage sustained by a home.

As with Interrogatories Nos. 4 and 11, Document Requests Nos. 11 and 12 seek information regarding procedures and engineering reports from claims made by State Farm policyholders other than the McIntoshes, almost exclusively in connection with homeowners' claims, and that are otherwise unrelated to the McIntosh flood claim.

## II.    ARGUMENT

The *only* issue in this case at this time is whether or not there was an overpayment of the McIntosh flood claim by the federal government as a result of a knowingly false submission by State Farm. The Court should preclude the Rigsbys from inquiring in discovery about extraneous matters involving other claims. It is well settled that a district court has broad discretion to control discovery. *See, e.g., Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982) ("The district court . . . has broad discretion in all discovery matters."). Indeed, the Supreme

4

Court has recognized that "the requirement of Rule 26(b)(1) that the material sought in discovery be 'relevant' should be firmly applied, and the district courts should not neglect their power to restrict discovery where 'justice requires protection for a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Herbert v. Lando*, 441 U.S. 153, 177 (1979). To that end, Rule 26(c)(1)(D) expressly permits a district court to enter a protective order that forbids or limits inquiry into certain matters during discovery. *Crosswhite v. Lexington Ins. Co.,* 321 Fed. Appx. 365 (5th Cir. 2009).

Consistent with its rulings in other Hurricane Katrina lawsuits, this Court has limited the subject matter inquiry of this litigation to the McIntosh flood claim. *See, e.g.*, March 17, 2008 Order [228], *Marion v. State Farm Fire and Casualty Co.*, 2008 WL 723976, No. 1:96cv969-LTS-RHW (S.D. Miss.) ("A common thread that runs through the Magistrate's [200] order is that this litigation, *including the discovery*, should focus on and be limited to the Plaintiffs' claim.") (emphasis added); December 12, 2008 Order [469], *Gagne v. State Farm Fire and Casualty Co.*, No. 1:06cv711-LTS-RHW (S.D. Miss.) ("The trial of this case will be limited to Plaintiff's claim"). "This limitation on the subject-matter of this litigation similarly functions to limit the subjects that the plaintiffs may explore through discovery." *Cobell v. Norton*, 226 F.R.D. 67, 77 (D.D.C. 2005) (Court properly limited scope of discovery where plaintiffs' only "live" claim involved alleged breach of duty to render accounting and not to any matters of asset management). As the *Cobell* Court noted,

> The parties control the scope of a case only insofar as they are at liberty to decide what claims, defenses, counterclaims, and so forth, to place in their initial pleadings. Once those pleadings are before the Court, however, the Court determines the nature of the claims asserted therein. Here, the Court has elaborated at great length, both here and previously, its determination of the nature of the claims at issue in this case. . . . As this Court has previously made clear, "it is not the proper role of the parties or their counsel to expound upon the basis on which the judge" allows discovery to proceed. Id. at 79 (cit. om.)

5

This is precisely the situation before this Court. The subject matter of this litigation has been limited by the Court to the McIntosh flood claim, specifically, whether or not there was a knowingly false submission to the federal government that caused an overpayment of said claim. Accordingly, "[t]he [Rigsbys] do[] not have *carte blanche* in the discovery process." *Gagne v. State Farm Fire and Casualty Co.* [469].

Although the standard of relevance in the context of discovery is broader than in the context of admissibility, this legal tenet should not be misapplied so as to allow the Rigsbys to embark upon a fishing expedition in discovery. *Hofer v. Mack Trucks, Inc.*, 981 F. 2d 377, 380 (8th Cir. 1992); *Sal Ciolino & Associates v. First Extended Services,* 2006 WL 1581248; No. 04-3360 (E.D. La.). Indeed, the broader scope of relevance at the discovery stage is based on the fact that in many cases the issues will not be clearly defined at the time discovery is sought, and one of the purposes of discovery is to identify and narrow the issues. *Alliance Communications Cooperative, Inc. v. Golden West Telecommunications Cooperative, Inc.,* 2009 WL 512023; No. 06-4221-KES (D.S.D.) Such is not the situation now before the Court, which has recognized "the extensive discovery that has already been conducted with respect to this claim . . . ." [343].

The complained-of discovery requests constitute nothing more than the type of fishing expedition condemned in *Sal Ciolino & Associates* and *Hofer* above. This Court noted that *Rockwell Intern. Corp. v. United States*, 549 U.S. at 476 indicates that any relator in an FCA case is limited to pursuing claims of which he has first hand knowledge, and each claim must be considered on its own merits; that the McIntosh claim is the only instance of State Farm's having submitted an allegedly false claim of which Kerri Rigsby even purportedly has direct and independent knowledge sufficient to support the Court's subject matter jurisdiction; and that the trial of this matter will be limited to facts relevant to the McIntosh claim. [343]. The discovery

6

requests complained of herein do not pertain to the McIntosh flood claim and amount to mere speculation by the Rigsbys of the type that has been condemned by this Court, *Gagne v. State Farm Fire and Casualty Co.* ("[T]he Court is not going to allow Plaintiff to pursue a never-ending story backed by speculation.") [469], as well as other Courts. *See, e.g., Cervantes v. Time, Inc.*, 464 F. 2d 986, 994 (8th Cir. 1972); *E.E.O.C. v. Woodmen of the World Life Ins. Society*, 2007 WL 1217919; No. 8:03cv165 (D. Neb.) at *1 ("Mere speculation that information might be useful will not suffice"). This Court also ruled that, so it "may know the *outer limits* of potential claims involved," [343] (emphasis added) State Farm would be required to submit, *in camera*, a list of SFIP claims meeting certain criteria. Yet, through their interrogatories and requests for production of documents, the Rigsbys seek not only this material produced *in camera*, but also information on homeowner claims and flood claims in Mississippi and other states *beyond* the "outer limits" of potential claims identified by the Court.

*Will-Drill Resources, Inc. v. J. R. Pounds, Inc.*, 2007 WL 609791; No. 2:06cv64-KS-MTP (S.D. Miss.), involved the rights of parties with respect to leases covering the gas production unit for the "Rogers Well." A motion for protective order sought to place reasonable limits on the discovery propounded by plaintiff, who issued subpoenas requesting records and documents for the well at issue and for approximately fifty other wells not involved in the case at hand. The court found good cause for granting a protective order limiting the discovery sought by the subpoenas only to records relating to the Rogers Well. Other courts faced with similar issues of over-broad discovery have ruled likewise. *See, e.g., Cooper v. R. J. Reynolds Tobacco Co.*, 158 F. Supp. 22 (D.C. Mass. 1957), aff'd, 256 F. 2d 464 (1st Cir.), cert. denied, 358 U.S. 875, 79 S.Ct. 112, 3 L. Ed. 2d 105 (1958) (discovery denied as to defendant's advertising that did not relate to the specific representations relied on by plaintiff); *Uitts v. General Motors*

7

*Corp.*, 62 F.R.D. 560 (E.D. Pa. 1974) (discovery relating to engine mount recall campaign not relevant or reasonably calculated to lead to admissible evidence in action involving different type of allegedly defective engine mount); *Favale v. Roman Catholic Diocese of Bridgeport*, 233 F.R.D. 243 (D. Conn. 2005) (in case alleging sexual harassment and negligent hiring and supervision, discovery regarding principal's treatment for anger management not allowed where ability to control anger not alleged to have harmed plaintiff).

Here, as in *Marion v. State Farm Fire and Casualty Co.*, "it appears that [the Rigsbys] would be satisfied with nothing less than a full-blown search warrant for State Farm offices and personnel. [228]. "At some point, however, there are limits." *Id*. This Court has clearly and unequivocally announced those limits: "The trial of this case will be limited to the McIntosh claim." [363]. The Rigsbys should be made to abide by this Court's ruling.

### III.  CONCLUSION

In order to keep the case from spiraling off into the numerous "mini-trials" that the Rigsbys' requested discovery regarding engineering reports and other information from non-McIntosh homeowners and flood claims would necessarily invite, State Farm requests the Court to grant its Motion for Protective Order, absolving State Farm from the responsibility of responding to Interrogatories Nos. 4 and 11 and Document Requests Nos. 2, 11, and 12, and ordering the parties hereto to limit the scope of discovery to materials and information related to the McIntosh flood claim, heretofore identified by the Court as the sole subject matter of this case.

This the 11th day of January, 2010.

                                          Respectfully submitted,

                                          STATE FARM FIRE AND CASUALTY COMPANY

                                          By:  s/Robert C. Galloway
                                              Robert C. Galloway (MSB # 4388)
                                              Jeffrey A. Walker (MSB # 6879)
                                              Benjamin M. Watson (MSB # 100078)

                                          ITS ATTORNEYS

BUTLER, SNOW, O'MARA, STEVENS &CANNADA, PLLC
17th Floor, Regions Plaza
Post Office Box 22567
Jackson, Mississippi 39225-2567
(P) (601) 948-5711
(F) (601) 985-4500
(E) bob.galloway@butlersnow.com
(E) jeff.walker@butlersnow.com
(E) ben.watson@butlersnow.com

Michael B. Beers (ASB-4992-S80M)
BEERS, ANDERSON, JACKSON, PATTY &FAWAL, P.C.
Post Office Box 1988
Suite 100
250 Commerce Street (36104)
Montgomery, Alabama 36102
(P) (334) 834-5311
(F) (334) 834-5362
(E) mbeers@beersanderson.com
*PRO HAC VICE*

**CERTIFICATE OF SERVICE**

I, Robert C. Galloway, one of the attorneys for State Farm Fire and Casualty Company, do hereby certify that I have this day caused a true and correct copy of the foregoing instrument to be delivered to the following, via the means directed by the Court's Electronic Filing System.

C. Maison Heidelberg
Ginny Y. Kennedy
MAISON HEIDELBERG P.A.
795 Woodlands Parkway, Suite 220
Ridgeland, MS 39157
(P) (601) 351-3333
(F) (601) 956-2090
(E) maison@heidlebergpa.com

Scott D. Gilbert
August J. Matteis, Jr.
Craig J. Litherland
Benjamin R. Davidson
GILBERT LLP
11 New York Avenue, NW
Suite 700
Washington, DC 20005
(E) gilberts@gotofirm.com
(E) matteisa@gotofirm.com
(E) litherlandc@gotofirm.com
(E) davidsonb@gotofirm.com

COUNSEL FOR CORI RIGSBY AND KERRI RIGSBY

Jeffrey S. Bucholtz
Joyce R. Branda
Patricia R. Davis
Jay D. Majors
UNITED STATES DEPARTMENT OF JUSTICE
Civil Division
P.O. Box 261
Ben Franklin Station
Washington, DC 20044
(P) (202) 307-0264
(F) (202) 514-0280

Stan Harris
Alfred B. Jernigan, Jr.
Felicia C. Adams
UNITED STATES ATTORNEY'S OFFICE
Southern District of Mississippi
Suite 500
188 East Capitol Street
Jackson, MS 39201
(P) (601) 965-4480
(F) (601) 965-4409

ATTORNEYS FOR THE UNITED STATES

Larry G. Canada
Kathryn Breard Platt
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
701 Poydras Street
Suite 4040
New Orleans, LA 70139
(P) (504) 525-6802
(F) (504) 525-2456

ATTORNEYS FOR HAAG ENGINEERING CO.

Robert D. Gholson
Daniel D. Wallace
GHOLSON, BURSON, ENTREKIN & ORR, P.A.
535 North 5th Avenue (39440)
P.O. Box 1289
Laurel, MS 39441-1289
(P) (601) 649-4440
(F) (601) 649-4441

ATTORNEY FOR FORENSIC ANALYSIS ENGINEERING CORPORATION

This the 11th day of January, 2010.

                              s/ Robert C. Galloway
                                Robert C. Galloway (MSB # 4388)

Jackson 4670889v2