UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CORI RIGSBY et al                                                                                         PLAINTIFFS

VERSUS                                                       CIVIL ACTION NO. 1:06CV433-LTS-RHW

STATE FARM INSURANCE COMPANY et al                                            DEFENDANTS

### ORDER GRANTING IN PART MOTION FOR PROTECTIVE ORDER

Before the Court is Defendant State Farm Mutual Insurance Company's [395] Motion for Protective Order. Defendant argues that the challenged discovery requests exceed the scope of the McIntosh claim, which at this stage of the litigation is the only claim that is at issue pursuant to Judge Senter's [363] Order of September 24, 2009.

**Interrogatory No. 4:** Plaintiffs request that Defendant identify each engineering report by Forensic for which State Farm challenged or disputed in any way the final written report. Defendant objects that the information relating to other homeowners' claims files has no bearing on whether there was an overpayment of the McIntosh flood claim as a result of knowingly false submissions to the federal government by State Farm. Moreover, the interrogatory asks for confidential policy holder information as part of the response. Plaintiffs argue that the parties dispute as to why Alexis King ordered a second engineering report for the McIntosh property. Thus, they seek a description of other instances in which State Farm disputed reports prepared by Forensic. The Court finds that by inclusion of the phrase "in any way" the interrogatory as drafted is overly broad and not sufficiently tailored to the facts of the McIntosh claim. The motion for protective order is therefore granted with respect to this interrogatory.

**Interrogatory No. 11:** Plaintiff asks Defendant to describe procedures for using

engineering reports for adjusting claims for damage caused by Hurricane Katrina. State Farm objects to this interrogatory because it seeks information regarding whether engineering reports were ever cancelled, despite the fact that there was no cancellation of an engineering report with respect to the McIntosh claim. Plaintiff counters that State Farm's decision to cancel its blanket order for engineering reports is a relevant part of its overall scheme to use engineering reports to defraud the government.

The Court finds that the motion for protective order should be granted to the extent that State Farm is not required to describe procedures involving the cancellation of engineering reports as the cancellation procedures do not appear to apply to the McIntosh claim. However, Plaintiff is entitled to a description of general procedures for the use of engineering reports in adjusting Hurricane Katrina claims similar to the McIntoshes.

**Document Request No. 2:** Plaintiff seeks all documents related to adjusting claims under flood policies or homeowner policies for properties located within a half mile of the McIntosh home. Defendant objects that this request seeks information relating to the adjustment of other homeowners claims, which they argue has nothing to do with the McIntosh flood claim.

The Court finds that the motion for protective order should be denied with respect to this document request. The Court routinely has allowed the production of claim files within one half mile of the subject property. These claim files, regardless of whether they involve a homeowners claim or a flood claim, are reasonably calculated to lead to the discovery of admissible evidence. Part of the relevant inquiry is the interplay between flood claims and homeowner claims and the adjustment of those claims relative to one another. However, production of the claims files shall be consistent with the limitations outlined in this Court's [44] Order in *Muller v. State Farm Fire*

*& Casualty Co.*, civil action no. 1:06cv95.

**Document Request Nos. 11 & 12:** Plaintiffs seek all documents related to use of engineers in assessing damage caused by Katrina and all documents related to the procedures used by engineers to assess damage caused by Katrina.  The motion for protective order is granted to the extent that State Farm is required to produce only those documents that are relevant to the McIntosh claim.  In other words, any documents reflecting policies for using engineers that were applied in the McIntosh claim are discoverable, as are any documents reflecting procedures that would have been used by engineers in adjusting the McIntosh claim.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendant's [395] Motion for Protective Order is GRANTED in part and DENIED in part consistent with the provisions outlined in this Order.

SO ORDERED, this the 12th day of February, 2010.

                                                s/ *Robert H. Walker*
                                                UNITED STATES MAGISTRATE JUDGE