# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA EX | * | |
| REL. CORI RIGSBY AND KERRI RIGSBY | * | RELATORS |
| | * | |
| VS. | * | CASE NO. 1:06cv00433-LTS-RHW |
| | * | |
| STATE FARM INSURANCE | * | |
| COMPANY, ET. AL. | * | DEFENDANTS |

* * * * * * * * * * * * * * * * *

## HAAG ENGINEERING CO.'S DESIGNATION OF EXPERTS

Pursuant to the Scheduling Order in effect in the above styled case, and pursuant to Rule 26 of the Federal Rules of Civil Procedure, Defendant, Haag Engineering, hereby makes its disclosure of expert witnesses as follows:

Defendants anticipate calling the following expert witness:

**1.** Timothy P. Marshall, PE., Meteorologist
Haag Engineering Co.
4949 W. Royal Lane
Irving, TX 75063 USA
Phone: 214-614-6500

Mr. Marshall is not a retained expert. Mr. Marshall is expected to testify not only as a fact witness but also as an expert on any matter concerning the Haag Survey, including, but not limited to, the purpose of the Survey, how he collected data for the Survey, the substantive data collected, the process, procedures and methodology used to draft the Survey, sources (written and/or oral) used in the creation of the Survey, and any other aspects of the Survey, its contents, its creation, and its validity, as well as any supplements to or verifications of the Haag Survey. Mr. Marshall is also expected to testify about Hurricane Katrina as a meteorological event and the general impact of Hurricane Katrina on structures he observed in the field. This listing is in no way intended to be an exhaustive list of topics upon which Mr. Marshall may testify, and he

may testify on any subject within his expertise concerning Hurricane Katrina, the Haag Survey, and the practice of engineering.

Mr. Marshall relies on the data he collected, damage from Hurricane Katrina he observed, and his background and expertise in meteorology and engineering. Mr. Marshall may also rely on any document produced in this litigation.

Mr. Marshall is expected to opine that the Haag Survey was an independent survey of wind speeds, storm surge, and damage to structures as a result of Hurricane Katrina. Mr. Marshall is expected to testify consistent with the Haag Survey, which Relators already have in their possession, and any supplements to or verifications of the Survey. Mr. Marshall may also offer opinions concerning the Survey as a general collection of data which was never intended to be used to determine wind speeds, storm surge or damage to structures as a result of Hurricane Katrina. Mr. Marshall may also offer opinions in rebuttal to any meteorological and/or engineering opinion offered by any expert designated by Relators in this cause.

Haag does not concede that any expert designation, report or disclosure is required for the potential testimony of the unretained person identified above, either under the Rules or any order of this Court, but such designations are provided out of an abundance of caution.

Haag designates and reserves the right to call any expert designated by Relators or any other party, as well as any expert called by Relators or any other party at hearing or trial.

Haag herein adopts each and every expert witness designated by Defendant/Counter-Plaintiff State Farm Fire and Casualty Company in this matter.

Haag further reserves the right to solicit testimony from any person identified by any party as a fact witness in this case, which may require such witness to rely upon their specialized knowledge, training, experience, education, or expertise in a particular filed or which may be

considered "opinion" testimony. It is expected that such persons and any un-retained persons would provide testimony consistent with any and all records they have generated and/or any testimony or statements provided to any person or party and within the realm of their expertise and training.

Haag may also solicit expert testimony from any party in this case. It is expected that any opinions solicited from such parties would be opinions provided within the realm of their expertise and consistent with their business records and/or consistent with deposition testimony or statements provided on such subjects.

Haag reserves the right to supplement this expert designation, and Haag further reserves the right to designate additional experts in the future. Haag's expert reserves the right to supplement, amend, or modify any of the opinions expressed as additional information may become available through discovery and at trial.

Haag further reserves the right to solicit testimony from any witness, lay or otherwise, who may have relevant opinions within the realms of their expertise.

Respectfully submitted, this 2nd day of March, 2010.

                HAAG ENGINEERING CO.

                By: */s/ Kathryn Platt*
                    KATHRYN BREARD PLATT (MSB#102141)

LARRY G. CANADA (MSB #10480)
KATHRYN BREARD PLATT (MSB#102141)
GALLOWAY, JOHNSON, TOMPKINS,
   BURR & SMITH
2510 14th Street, Suite 910
Gulfport, MS  39501
Telephone: (228) 214-4250
Facsimile:  (228) 214-9650
*Attorneys for Haag Engineering Co.*

**CERTIFICATE OF SERVICE**

This is to certify that the undersigned attorney for Galloway, Johnson, Tompkins, Burr & Smith, has this day served a copy of the above and foregoing upon all counsel of record and other interested persons via the Court's Electronic Notification System.

**THIS** the 2nd day of March, 2010.

    /s/ Kathryn Platt
KATHRYN BREARD PLATT (MSB#102141)