**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel.; CORI RIGSBY; AND KERRI RIGSBY | RELATORS/COUNTER-DEFENDANTS |
| v. | CASE No. 1:06-cv-433-LTS-RHW |
| STATE FARM MUTUAL INSURANCE COMPANY, et al. | DEFENDANTS/COUNTER-PLAINTIFFS |

**RELATORS' REPLY IN SUPPORT OF EXPEDITED MOTION TO COMPEL
HAAG ENGINEERING CO. TO PRODUCE DOCUMENTS AND
ANSWER INTERROGATORIES PRIOR TO THE
<u>DEPOSITIONS OF TIM MARSHALL AND PAUL O'CONNOR</u>**

Cori and Kerri Rigsby (the "Relators" or the "Rigsbys"), respectfully submit this Reply in Support of their Expedited Motion to Compel Haag Engineering Co. to Produce Documents and Answer Interrogatories Prior to the Deposition of Tim Marshall and Paul O'Connor, docket entry [432] (the "Expedited Motion to Compel"). For the reasons stated below, the Relators respectfully request that this Court grant their motion and compel Haag Engineering Co. ("Haag") to produce responsive documents and either reschedule the depositions of Tim Marshall and Paul O'Connor or allow the Relators to depose those witnesses at a later time.

**I.     PRELIMINARY STATEMENT**

As the Relators explained in their Expedited Motion to Compel, their discovery dispute with Haag is simple. To the extent Haag is withholding document based on its objection to providing information occurring after October 4, 2005, that objection is invalid and those documents should be produced. The Relators are entitled to discover Haag's role in that conspiracy because, even as it pertained to the McIntosh claim, it extended well beyond October 4, 2005.

Haag's Response in Opposition to the Expedited Motion to Compel, ("Response") docket entry [444], responds to the substance of this dispute in only one place. Haag asserts:

> Relators now argue that State Farm had a duty to go back and reimburse the government if it found an NFIP claim was overpaid. Relators. . . allege[] the Haag survey was used to overstate water damage and understate wind damage. Yet, there is no evidence that the Haag survey was used in any such manner. . . [444] at 20

The test for permissible discovery is whether it is "reasonably calculated *to lead* to the discovery of admissible evidence," not whether it is supported by evidence already in a party's possession. Fed. R. C. P. 26(b)(1) (emphasis added). The August 10, 2009 Order denying summary judgment recognized the Relators' allegations that State Farm representatives told the Relators the Haag survey determined "the storm surge flooding preceded the highest storm winds by a considerable time," and that Kerri Rigsby "accepted these instructions and assumed the Haag report was truthful and accurate only to find out later this was not the case." [343] at 5. The Relators are entitled to discovery into these allegations, as such discovery could lead to admissible evidence.

In contrast with its brief treatment of the substance of the parties' dispute, Haag spends a considerable amount of time taking issue with how the Relators requested that Haag supplement its discovery. *See* Response at 1-6. The Relators complied with Local Rule 37(b)'s requirement that their discovery *motion* quoted the disputed language, but because the parties' dispute is a narrow one, the Relators did not quote each contested discovery request verbatim in the meet and confer process. The Relators twice explained the basis for their position that Haag's time frame objection was invalid. Haag had ample opportunity to respond to the substance of this discovery dispute prior to the filing of this motion had it wished to do so. Haag also gave the Relators permission to sign the good faith certificate indicating that a motion to compel was necessary.

The Relators also are also entitled to the contested discovery before the depositions of Tim Marshall and Paul O'Conner. The Relators do not object to Haag taking the deposition of its own employees, but Haag has also stated that it cannot guarantee that the employees would be made available at a later date, and more significantly, that "We will not present the gentleman again for deposition unless ordered to do so by the Court." March 18, 2010 letter attached as Exhibit E to Haag's Response. The Relators are entitled to take the Haag deposition's employees at a mutually convenient time, and after they have receive the relevant discovery that Haag has yet to produce.

**II.     CONTESTED DISCOVERY CATEGORIES**

Interrogatory No. 1: The Relators sought the identity of "surveys, reports or other analyses of weather conditions during Hurricane Katrina or damage caused by Hurricane Katrina that you provided to State Farm." The Relators' motion to compel explained that they wanted to know whether in addition to the Haag report, there were other reports that Haag had provided. Expedited Motion to Compel at 5.

Haag's response appears intentionally vague. First, Haag asserts that it does not consider the Haag survey to be responsive to this interrogatory because "Haag did not '*provide*' the Haag survey to State Farm, but rather, State Farm *legally purchased* the Haag Survey at the same price as any other person or entity." Response at 10. "Provide" is defined in part as "to furnish; supply" or "to make available".[1] It cannot genuinely be disputed that items that have been "legally sold" have not also been provided."[2]

---

[1] Webster's Second Dictionary Copyright 1984.
[2] Haag's website notes that it has "*provided* expert forensic engineering and consulting services worldwide." Available at http://www.haagengineering.com. Haag's counsel's website notes that they "*provide* consistent service to our clients." http://gjtbs.com/ Surely neither company is representing that it only works on a pro bono basis.

3

Second, Haag states that emails between Tim Marshall and Dave Randall, a State Farm employee, that "communicated weather data" were not responsive to this interrogatory because they "did not contain surveys, reports or analysis of weather conditions, but instead, contained simple *recitation* of weather data." [44] at 12 (emphasis added). The distinction between a "recitation" of weather data and a "report" on weather data or a "survey" of weather data is equally vacuous.

These explanations have left the Relators concerned that Haag is withholding otherwise responsive documents based on language games. Haag should fully respond to the Relators' discovery.

Interrogatory No. 2: The Relators sought the identity of persons with knowledge relating to the Haag report. Haag agreed to supplement its discovery responses to this interrogatory by providing "internal communications regarding the draft Haag survey and the peer review process." Haag did not however agree to withdraw its time frame objection, and it is not clear from Haag's answer whether it is withholding any otherwise responsive documents on the basis that they occurred after October 4, 2005. Haag's answer also asserts that "At no time. . . did Haag *provide* a draft of the Haag survey to State Farm." Motion at 13 (emphasis added). To the extent that Haag is relying on its unique definition of the term "provide" here as well, Haag should be required to fully respond to this Interrogatory.

Interrogatory No. 3: The Relators sought the identity of persons with knowledge regarding any reports or surveys identified in their first interrogatory. Haag agreed to supplement its answer with information occurring after October 4, 2005, but Haag insisted on its limitations of only identifying people with knowledge of the Haag Survey. Response at 14-15. The Relators are not seeking in discovery every engineering report Haag provided, but the

Relators also wish to know whether there were other generalized descriptions of the weather conditions during Hurricane Katrina that Haag produced, provided, sold, or communicated in addition to the Haag survey. To the extent Haag is withholding responsive information based on its limitation, Haag should be required to fully respond.

Interrogatory No. 5: The Relators sought a description of training provided to State Farm regarding the weather conditions during Hurricane Katrina. Haag asserts that the only "training that might be relevant is training that occurred prior to the McIntosh homeowner's claim being adjusted, and none occurred." Response at 15. The Relators have explained repeatedly why relevant materials extend beyond the date of the McIntosh adjustment, and Haag's assertion does not address the substance of those arguments. Haag should be required to clarify whether it ever provided training to State Farm regarding the weather condition during Hurricane Katrina.[3]

Haag also hints that it may have been asked by Renfroe to provide training, but that training would not fall within the scope of the interrogatory because Renfroe is not included in the definition of State Farm. Response at 15. The Relators' definition of State Farm included "employees" as well as "representatives," and Renfroe employees who were adjusting claims for State Farm fall within this category. *See McIntosh v. State Farm Fire and Cas. Ins. Co.*, 1:06-cv-1080 [431] at 3 (Ordering the Relators to produce discovery because "[t]his Court finds, however, that [Relators] unquestionably occupied a dual-employment status in their employment by Renfroe to do work for State Farm").

---

[3] In case Haag is relying on a similarly narrow definition of "training" in answering these discovery requests, the Relators also note that if Haag provided any PowerPoint presentations, demonstratives, summaries, or explanations, these would be responsive as well.

5

The Relators have testified about the training on the Haag report they have received. This interrogatory simply seeks information about that training. In response to the Relators third document request, Haag asserts that "there are no documents concerning training materials," and there Haag did not reiterate its time frame objection. Response at 19. If there are no documents concerning training materials at any time, then why is Haag objecting to describing any training that occurred after the McIntosh homeowner claim was adjusted? Haag should be required to answered this interrogatory.

Interrogatory No. 8: The Relators sought the identity of Haag employees who communicated with State Farm regarding the Haag Report or other surveys identified in response to their first interrogatory. Haag claims to have fully answered this interrogatory while "[n]oting that the only 'survey, report, or other analysis' which is at issue in this lawsuit is the Haag survey." Given Haag's position that emails between Tim Marshall and Dave Randall describing the weather conditions during Hurricane Katrina contained "simple recitation[s]" but were not "surveys, reports, or other analyses," the Relators do not know whether Haag is withholding the identity of other individuals who communicated with State Farm based on this strained definition of surveys or reports or its declaration that only the Haag survey is relevant. Haag should be required to identify all knowledgeable individuals.

Document Request No. 1: The Relators sought "the Haag report, including" any drafts or revisions. Haag has agreed to supplements its production with various drafts of the Haag survey, "now that Relators have specified this request." Response at 17.[4] Haag has offered to produce drafts of its survey that were created after the McIntosh homeowner claim was adjusted, despite

---

[4] Nothing in the Relators' motion to compel "specified" the request beyond the information the Relators provided in their earlier discovery correspondence.

objecting elsewhere to the relevance of any documents from that time period. Although Haag does not seem to indicate that it is withholding any responsive materials based on its time frame objection, to the extent that it is, it should be required to produce those documents.

Document Request No. 2: The Relators requested all documents related to the Haag Report, including notes and secondary sources. Haag agreed to supplement its production with the "Job Open Sheet" and "an email from Tim Marshall to Gloria Glenn with Mr. Marshall's account from riding out Hurricane Katrina." It is not clear from Haag's offer to supplement its response with two specific documents, whether Haag is still withholding other responsive documents based on its objection to producing materials occurring after October 4, 2005. To the extent that Haag is, it should be required to produce these documents.

Document Request No. 3: The Relators sought all communications with State Farm relating to Hurricane Katrina. Haag asked the Court to deny the Relators motion to compel after explaining that it either already produced narrow categories of responsive documents or that other narrow categories of responsive documents did not exist. For example, Haag appears to take the position that communications between Tim Marshall and Dave Randall are not responsive to this document request. Haag also states that there are no documents concerning training materials, and also that any discovery outside of the Haag survey is improper. Haag agreed to supplement its production "with emails dated after October 4, 2005," but to the extent there are responsive documents other than emails, Haag should be required to produce them. Given the lack of candor in Haag's other discovery answers, the Relators request that Haag be compelled to produce all communications with State Farm relating to Hurricane Katrina so that they may assess whether the responsive information Haag claims to have produced is exhaustive.

Document Request No. 4:  The Relators sought documents relating to training given to State Farm.  Here Haag reasserted its time frame objection and refused to provide any information about training it may have given Renfroe.  As explained above, these objections are invalid.

This the 30th day of March 2010                    Respectfully, submitted,

                                                                                     /s/ C. Maison Heidelberg
                                                                                     C. MAISON HEIDELBERG, MB #9559
                                                                                     GINNY H. KENNEDY, MB#102199

OF COUNSEL                                                   Attorneys for Cori Rigsby and Kerri Rigsby
August J. Matteis, Jr. (*admitted pro hac vice*)    HEIDELBERG HARMON PA
Craig J. Litherland (*admitted pro hac vice*)        795 Woodlands Parkway, Suite 220
Scott D. Gilbert (*admitted pro hac vice*)            Ridgeland, Mississippi 39157
Benjamin Davidson (*admitted pro hac vice*)      Phone No.       (601) 351-3333
GILBERT LLP                                              Fax No.            (602) 956-2090
1100 New York Avenue NW, Suite 700
Washington, DC 20005
Fax No.       (202) 772-3333
Phone No.   (202) 772-2200

**CERTIFICATE OF SERVICE**

    I, C. Maison Heidelberg, attorney for Cori Rigsby and Kerri Rigsby, do hereby certify that I have this day caused the foregoing document to be filed with the Court's CM/ECF system, which will cause notice to be delivered to all counsel of record.

> Don Burkhalter, Esq.
> UNITED STATES ATTORNEY
>   FOR MISSISSIPPI
> 188 East Capitol Street, Suite 500
> Jackson, MS 39201
>
> Felicia Adams, Esq.
> ASSISTANT U.S. ATTORNEY
> 188 East Capitol Street, Suite 500
> Jackson, MS 39201
>
> Joyce R. Branda, Esq.
> Patricia R. Davis, Esq.
> Jay D. Majors, Esq.
> UNITED STATES DEPARTMENT OF JUSTICE
> Commercial Litigation Branch
> Civil Division
> 601 D Street, NW
> Washington, DC 20004
>
> Larry G. Canada, Esq.
> Kathryn Breard Platt, Esq.
> Galloway, Johnson, Tompkins, Burr & Smith
> 701 Poydras Street, Suite 4040
> New Orleans, LA 70139
> (p) 504-525-6802
> ATTORNEYS FOR HAAG ENGINEERING CO.
>
> Robert C. Galloway, Esq.
> Emerson Barney Robinson, III, Esq.
> Benjamin M. Watson, Esq.
> Jeffrey A. Walker, Esq.
> Amanda B. Barbour, Esq.
> BUTLER, SNOW, O'MARA,
>     STEVENS & CANNADA, PLLC
> P.O. Box 22567
> Jackson, MS 39225
> (p) 601-948-5711

Michael B. Beers, Esq.
BEERS, ANDERSON, JACKSON
  PATTY & FALWAL, PC
250 Commerce Street, Suite 100
Montgomery, AL 36104
(p) 334-834-5311
ATTORNEYS FOR STATE FARM MUTUAL
INSURANCE COMPANY

Robert D. Gholson
GHOLSON BURSON ENTREKIN & ORR, P.A.
55 North 5th Avenue
P.O. Box 1289
Laurel, MS 39441-1289
ATTORNEYS FOR FORENSIC ANALYSIS
ENGINEERING CORPORATION

    /s/    C. Maison Heidelberg___