UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CORI RIGSBY and
KERRI RIGSBY                                                                           PLAINTIFFS

VERSUS                                              CIVIL ACTION NO. 1:06CV433-LTS-RHW

STATE FARM MUTUAL INSURANCE COMPANY et al                        DEFENDANT

### ORDER GRANTING IN PART MOTION TO COMPEL

This matter is before the Court on an expedited [432] Motion to Compel filed by Relators Cori and Kerri Rigsby. Defendant Haag Engineering Co. has noticed the depositions of two of its employees, Tim Marshall and Paul O'Connor, which are scheduled for April 5 and 6, 2010. Relators argue that they are entitled to certain information and documents that have been withheld by Haag during the course of discovery. Relators further request that this discovery be provided to them prior to the depositions of Marshall and O'Connor.

At present, this lawsuit is proceeding with respect to the McIntosh claim only. As an initial matter, the Court finds that the latest date for discoverable information is the date on which the McIntosh homeowner's claim was closed. Although the McIntosh flood claim was closed on October 4, 2005, the alleged conspiracy that is the subject of this lawsuit continued beyond the final adjusting of the flood claim; therefore, the relevant time frame for discovery includes the time up to and including the date that the McIntosh homeowner's policy file was closed. The Court overrules Haag's objections that seek to limit production to events that occurred prior to October 5, 2005. To the extent that Haag has not provided this later dated material as to any of the discovery requests, the motion to compel is granted. However, the

Court notes that it does not appear that Haag was involved in the investigation and adjustment of the McIntosh claim; therefore, it is unclear whether expanding the time frame will result in much additional discovery. Moreover, as demonstrated in its response, Haag has agreed to supplement certain discovery responses to account for some activity and information from October 5, 2005 and beyond.

**Interrogatory No. 1:** Relators request Haag to identify any surveys, reports or other analyses of weather conditions during Hurricane Katrina or damage caused by Hurricane Katrina that Haag provided to State Farm. To the extent that Relators' request seeks information Haag provided to State Farm for individual homeowners other than the McIntoshes, the motion to compel is denied. Haag has stated that it will supplement its interrogatory response to include the Haag Survey and emails from Tim Marshall dated after October 5, 2005. Relators contend that they are "concerned that Haag is withholding response documents based on language games." This contention lacks sufficient specificity to form the basis for compelling discovery. However, the motion is granted to the extent that Haag shall provide all discoverable information responsive to this interrogatory within the relevant time frame, i.e. up to and including the date that the McIntosh homeowner's claim file was closed. Such information should include, in addition to the Haag Survey, any generalized descriptions of weather conditions during Hurricane Katrina that Haag provided to State Farm (hereinafter "other reports").

**Interrogatory No. 2:** Relators seek the identity of each person with knowledge relating to the Haag Survey. Haag has stated that it will supplement its interrogatory response to include Tim Marshall emails dated after October 5, 2005, which contain additional internal communications regarding the draft Haag Survey and the peer review process. Haag asserts that

it has identified the Haag employees with knowledge responsive to this interrogatory. It appears that the interrogatory has been satisfied; however, the motion to compel is granted to the extent that Haag shall provide all discoverable information responsive to this interrogatory within the relevant time frame.

**Interrogatory No. 3:** Relators request the identity of each person with knowledge of any survey, report, or other analysis identified in response to Interrogatory No. 1. Haag has agreed to supplement its response to include any information post-October 4, 2005. The motion to compel is granted to the extent that Haag shall identify persons with knowledge of "other reports" and any post-October 4, 2005, information that may not have been produced yet.

**Interrogatory No. 5:** Relators request a description of training provided to State Farm by Haag regarding Hurricane Katrina's weather conditions. Haag argues that the only relevant discovery would be training that occurred prior to the McIntosh claim being adjusted, and none occurred. Haag states that it provided training to Renfroe employees related to Hurricane Katrina. In fact, Haag asserts that Relators attended this training. The Court finds that Renfroe falls sufficiently within the discovery request for training of State Farm's "representatives". Thus, the Court finds that the motion to compel is granted to the extent that Haag shall provide a general description of the training provided to Renfroe employees during the relevant time frame, including a copy of the training agenda or training schedule, if any exists.

**Interrogatory No. 8:** Relators seek the identity of Haag employees who communicated with State Farm regarding the Haag Survey or other surveys identified in response to Interrogatory No. 1. Haag asserts that Tim Marshall is the only employee responsive to this interrogatory. Haag also will supplement its response to include Polly Prado and Ryan

Holdhusen.  The motion to compel is granted to the extent that Haag shall identify employees who communicated with State Farm regarding "other reports" and any post-October 4, 2005, information that may not have been produced yet.

**Document Request No. 1:**  Relators seek the Haag Survey including any drafts or revisions.  Haag has agreed to supplement its response to include the various drafts of the Haag Survey.  The motion to compel is denied as moot.

**Document Request No. 2:**  Relators request the production of all documents related to the Haag Survey, including but not limited to all documents or notes created by Haag employees relating to damage surveys of damage cause by Hurricane Katrina and secondary sources cited in the Haag Report.  Haag has indicated that it will supplement its response to include some additional information.  The Court finds that, to the extent that the cited materials are public information and readily available, Haag is not required to provide copies of secondary sources cited in the Haag Survey.  Other than any post-October 4, 2005 documents that may have not yet been produced, the motion to compel is denied with respect to this request for production.

**Document Request No. 3:**  Relators seek all communications with State Farm relating to Hurricane Katrina.  This request includes but is not limited to invoices and orders relating to the Haag Survey, communications relating to the scope of the Haag Survey, the Haag Survey's content and/or the Haag Survey's conclusions, and training materials and other information interpreting, summarizing, and/or explaining the Haag Survey.  The request that Haag provide "all communications with State Farm relating to Hurricane Katrina" is, on its face, overly broad.  To the extent that Relators seek documents relating to the Haag Survey, Haag asserts that it has fully responded to the request.  Relators have not identified any additional responsive documents

that have not been produced. Other than any post-October 4, 2005 documents that may have not yet been produced, the motion to compel is denied with respect to this request.

**Document Request No. 4:** Relators request documents related to training given to State Farm regarding weather conditions for Hurricane Katrina. The Court finds that the motion to compel is granted to the extent that Haag should provide training materials, if any, that were provided in conjunction with training of State Farm or its representatives (including Renfroe) for the relevant time frame.

IT IS THEREFORE ORDERED AND ADJUDGED that the [432] Motion to Compel is GRANTED in part and DENIED in part subject to the provisions outlined in this Order.

SO ORDERED, this the 1st day of April, 2010.

                                                      s/ *Robert H. Walker*
                                                  UNITED STATES MAGISTRATE JUDGE