UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CORI RIGSBY and
KERRI RIGSBY                                                                                    PLAINTIFFS

VERSUS                                                           CIVIL ACTION NO. 1:06CV433-LTS-RHW

STATE FARM INSURANCE COMPANY et al                                              DEFENDANTS

### ORDER GRANTING IN PART MOTION TO COMPEL

Before the Court is Defendant State Farm Fire and Casualty Company's [431] Motion to Compel Responses to Discovery. Although the motion is 48 pages long with an accompanying rebuttal of 23 pages[1], the central issue can be summed up as follows: whether and to what extent State Farm is entitled to discovery regarding compensation that Relators Cori and Kerri Rigsby may have received from the Scruggs attorney group. In addition, there are several discovery issues relating to the Rigsbys' involvement in the development of the underlying claim that served as the basis of *McIntosh v. State Farm Fire & Casualty*, Civil Action No. 1:06cv1080. The McIntosh claim in turn serves as the basis of the False Claims Act *qui tam* action presently before the Court.

The discovery issues must be considered within the context of several other factors. First, the only relevant discovery at this stage of litigation involves Defendants' alleged fraud in adjusting the McIntosh insurance claim. Second, the civil fraud claim and State Farm's

---

[1] Local Rule 7(b)(5) states that "[m]ovant's original and rebuttal memorandum briefs together may not exceed a total of thirty-five pages." Defendant did not seek leave of Court prior to filing its original motion; therefore, the Court would be within its discretion to strike the memorandum and rebuttal, or at least those portions exceeding the 35-page limit. However, there has been no objection or request to strike filed by Relators. Accordingly, the Court will consider Defendant's entire memorandum and rebuttal. The parties are cautioned not to file any future pleadings in excess of the page limitations without first seeking leave of the Court.

counterclaims have been bifurcated so that discovery, to the extent possible, is proceeding only on the civil fraud claim at this time. Third, in the underlying *McIntosh* lawsuit, the Court already ruled on many of the discovery issues now in dispute. Fourth, the Rigsbys have disclosed the fact that they were each paid an annual salary of $150,000 by Richard "Dickie" Scruggs. Fifth, in a previous order, the Court cautioned that the *qui tam* action should be resolved on the merits "free of the controversy surrounding the Relators' financial arrangement with Scruggs and his associated counsel" and apart from the "enormous sideshow that has developed around the identity of Relators' counsel." Dkt. entry [210].

      Against this background, the Court finds that some of the discovery now sought by State Farm, including evidence of the compensation received by the Rigsbys from the Scruggs group, is relevant and discoverable. The evidence of this compensation goes to the issues of bias, prejudice or motive on the part of the Rigsbys. Relators objection that a *qui tam* action necessarily involves a financial motive misses a crucial point; namely, that the Rigsbys were involved in the development of the underlying McIntosh claim and lawsuit at a time that the Rigsbys were simultaneously employed by and represented by the Scruggs group. Moreover, the McIntoshes also happened to be represented by the Scruggs attorneys during much of the relevant time frame. This interrelationship of the McIntosh claim, the Scruggs attorneys, and the Rigsbys serves as the foundation for State Farm's exploration of bias, prejudice or motive, rather than the obvious financial motive that is necessarily a component of any *qui tam* action. More specifically, State Farm wishes to explore the Rigsbys' possible motivation "to concoct evidence" or "concoct claims". *See* State Farm Fire & Casualty Co.'s [477] Rebuttal in Support of [431] Motion to Compel at 7 & 10. Moreover, in denying State Farm's motion for summary

judgment, the Court specifically found that Kerri Rigsby's testimony created a genuine issue of material fact. *See* dkt. entry [343] at 7. Accordingly, evidence reflecting on the Rigsbys' credibility is discoverable.

Under the broad rules of discovery, State Farm is entitled to explore its defensive theories. The present *qui tam* lawsuit is built upon the foundation of the *McIntosh* lawsuit. Hence, the scope of discoverable evidence from the latter is, to a large degree, identical to the former.

**Interrogatory Nos. 2 & 3, Document Request Nos. 5 & 6:** The Court finds that State Farm is entitled to discovery of the terms, conditions, and amounts of compensation received by the Rigsbys or any of their immediate relatives from the attorneys listed in the discovery requests. State Farm's motion to compel is granted to the extent that Relators are required to disclose this information, including any supporting documentation.

**Interrogatory No. 4 & 5, Document Request Nos. 3, 4, 7, 9, 10, 11, 18, 19, 20, 28, 36:** Relators are compelled to provide income, account, financial, and ownership information and corresponding documents reflecting compensation received from the listed attorneys or from any other source that provided Relators with compensation for their involvement either in the *McIntosh* case or the instant *qui tam* action. In the *McIntosh* case, the Court previously held that the Rigsbys' source of income is discoverable. *See McIntosh* dkt. entry [563]. Likewise, consistent with *McIntosh*, Relators are compelled to produce information disclosing their sources of income, including federal and state income tax returns and supporting schedules and documents. *See McIntosh* dkt entries [563] at 5 & [1196] at 2.

**Interrogatory No. 7, Document Request No. 26:** Defendant's request for all mobile

phone numbers and service providers and phone logs or records is overly broad. However, the Court previously allowed the discovery of certain phone records from October 12, 2005 to February 28, 2006. *See McIntosh* Text Only Order 12/14/07 & dkt. entry [988] at 1-2. Consistent with this prior ruling from *McIntosh*, the Court finds that Defendant is entitled to the same discovery in the present lawsuit. Defendant has not demonstrated that they are entitled to phone records beyond February 28, 2006.

**Interrogatory No. 8:** Relators are compelled to produce information regarding unauthorized access to their State Farm issued laptop computers. Although this information relates to Defendant's counterclaim, which has been bifurcated, it also goes to State Farm's defense from the Relators' claim under the False Claims Act. As explained above, the development of the underlying McIntosh claim and the Rigsbys' relationship to former attorneys representing both the McIntoshes and the Rigsbys, goes to the issues of bias, credibility, and motive. Information regarding the Rigsbys' use of the State Farm issued laptop computers was found to be discoverable in the *McIntosh* lawsuit, and it is discoverable in this lawsuit as well. *See McIntosh* dkt. entries [563] at 2-3, [1196] at 1. The motion to compel is therefore granted.

**Interrogatory No. 9, Document No. 32:** The request for information and documents regarding contacts with the media is granted. This information was deemed discoverable in the underlying *McIntosh* claim, and is discoverable in the present action as well. *See McIntosh* dkt. entry [563] at 6.

**Interrogatory No. 11:** Defendant's request for internet service providers and information about various electronic communication accounts is granted. The Court previously granted this request in the *McIntosh* claim, it is equally discoverable in the present lawsuit;

however, it is limited to the time frame of August 29, 2005, to August 1, 2007.  *See McIntosh* dkt. entry [563] at 5.

**Interrogatory No. 12:** Defendant's request the identity of law firms and attorneys that have represented Relators in an attorney-client relationship with respect to any matter or issue involving State Farm or Renfroe since August 29, 2005.  The motion to compel is denied as the request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

**Interrogatory No. 14:**  Defendant's request for Relators to identify any certified public accountants who prepared or assisted in preparation of tax returns is not reasonably calculated to lead to the discovery of admissible evidence.  The motion to compel is denied as to this request.

**Interrogatory No. 15:** Defendant's request for information regarding any discussions Relators have had with any other person regarding this lawsuit is overly broad; therefore, the motion to compel is denied.

**Document Request No. 21:** Defendant requests all materials and communications exchanged between Relators or their counsel and any law enforcement officer or agency since August 29, 2005.  The motion to compel is denied because this request is not reasonably calculated to lead to the discovery of admissible evidence.

**Document Request No. 24:** Defendant requests all materials that concern, refer or relate to dealings, contacts or communications between Relators and Trent Lott or Gene Taylor or any member of their offices or staff since August 29, 2005.  Any such communications that bear on the development of the underlying McIntosh insurance claim are discoverable insofar as the McIntosh claim serves as the basis of the present *qui tam* action.  Thus, the motion to compel is

granted as to this request.

**Document Request No. 27:** Defendant's request for the Rigsbys' calendars, schedules, or diaries from August 29, 2005 to August 1, 2007, including any Personal Information Manager calendar, is granted. The Court previously ruled in the *McIntosh* lawsuit that this type of information is discoverable. *See McIntosh* dkt. entry [563] at 5. It is equally discoverable in the present lawsuit.

**Document Request No. 30, 33, 34, 38 & 42:** Defendant is entitled to discovery of documents regarding agreements, contracts, understandings, or promises identified in these document requests. The motion to compel is granted.

**Document Request No. 31:** Defendant seeks discovery of any surveillance conducted by Relators with respect to State Farm, Renfroe, etc. The Court finds that State Farm is entitled to discovery of documents relating to surveillance that may have been conducted; therefore, the motion to compel is granted.

**Document Request No. 37:** Defendant requests correspondence between Relators and any other law firm or attorney. The Court finds that this request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence; therefore, the motion to compel is denied as to this request.

**Document Request No. 39:** Defendant seeks correspondence between Relators and Richard Scruggs or any law firm or attorney representing him since the termination of Scruggs' representation of the Rigsbys. Given the interrelationship of the Relators, Scruggs attorneys, and the McIntosh claim, the Court finds that the motion to compel should be granted.

IT IS THEREFORE ORDERED AND ADJUDGED that the [431] Motion to Compel is

GRANTED in part and DENIED in part consistent with the provisions outlined in this Order.

IT IS FURTHER ORDERED that Relators are directed to produce the information requested within 14 days of the entry of this Order.

SO ORDERED, this the 5th day of May, 2010.

*s/ Robert H. Walker*
UNITED STATES MAGISTRATE JUDGE