IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA ex rel.;
   CORI RIGSBY; AND KERRI RIGSBY       RELATORS/COUNTER-DEFENDANTS

v.                                                                             CASE No. 1:06-cv-433-LTS-RHW

STATE FARM FIRE AND
   CASUALTY COMPANY, et al.               DEFENDANTS/COUNTER-PLAINTIFFS

**RESPONSE IN OPPOSITION TO STATE FARM FIRE AND CASUALTY
COMPANY AND NON-PARTY WITNESS MARK DRAIN'S
JOINT MOTION TO QUASH [509] DEPOSITION SUBPOENA
TO KENNETH MARK DRAIN AND FOR A PROTECTIVE ORDER**

Cori and Kerri Rigsby ("Relators" or "Rigsbys") respectfully submit this opposition to State Farm Fire and Casualty Company's ("State Farm") Motion to Quash the Relators' subpoena to Mark Drain ("Motion"). State Farm's motion should be denied because State Farm has not met its burden of establishing that Mark Drain's deposition would impose an undue burden.

**I. ARGUMENT**

    **A. Legal Standard**

Under Federal Rule of Civil Procedure 45, a court may quash or modify a subpoena if it "subjects a person to undue burden." Fed. R. Civ. P. 45. As the moving party, State Farm "has the burden of proof to demonstrate that compliance with the subpoena would be unreasonable and oppressive." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). Courts assess the reasonableness of a subpoena "according to the facts of the case." *Id.* Among the factors considered are the relevance of the information requested, the need for the

information, and the burden imposed. *Id.* State Farm's contention that the Relators "must demonstrate that Mark Drain's testimony is 'necessary'" misstates the law. Motion at 4 *citing Positive Black Talk Inc. v. Cash Money Records Inc.*, 394 F.3d 357, 377 (5th Cir. 2004). The necessity of Mark Drain's testimony is one factor be considered in determining whether State Farm has met its burden of establishing that the subpoena is "unreasonable and oppressive."

      **B.**      **The Subpoena to Mark Drain is reasonable and unoppressive.**

In subpoenaing Mark Drain, the Relators are merely attempting to use one of their 25 permissible fact witness depositions to take the testimony of a State Farm manager who was present in the Gulfport office, who supervised employees in adjusting flood claims, and who had conversations with Lecky King about whether an engineering report incorrectly concluded that a home was damaged by wind.

Because Mark Drain was a State Farm team manager who supervised the adjustment of flood claims, he should be knowledgeable of the State Farm procedures at issue in this litigation, including, when Xact Total was authorized, what State Farm adjusters were told about the weather conditions during Hurricane Katrina, and how eye witness accounts were collected and used. That fact alone should entitle the Relators to use one of their allotted depositions to depose Mr. Drain.

But, as the Relators alleged in their complaint, Mark Drain also has unique information about how Lecky King was evaluating engineering reports. Mark Drain issued homeowner policy limit payments based on the conclusion in an engineering report that a home had been destroyed by wind. Am. Compl. [16] at ¶ 88. Lecky King told Drain that the engineer was a "moron" and he should require the engineer to change the conclusion in his report. *Id.* at ¶ 89. Mark Drain disagreed, and he issued a policy limits payment while King was out of the office.

*Id.* at ¶ 90.  In denying State Farm's motion for summary judgment, the Court recognized that there were genuine issues of material fact concerning, in part, State Farm's decision to order a second engineering report for the McIntosh property. [343] at 7-9.  Kerri Rigsby testified that the multiple reports demonstrated that State Farm was "wrongfully attempting to maximize its policyholder's flood claims," while Lecky King asserted that the report prepared by Brian Ford was "inaccurate and incomplete"  *Id.* at 5-6.  The Relators should be entitled to depose another State Farm employee who had a similar interaction with Lecky King because such testimony is relevant to exploring Lecky King's bias, motive, and credibility, and to determining whether and when State Farm disputed conclusions in engineering reports.

      **C.**      **State Farm has not met its burden of establishing that the subpoena is unreasonable or oppressive.**

State Farm makes two arguments in contending that the Relators should not be allowed to depose Mark Drain.  First, they assert that Drain "had no involvement, whatsoever, either direct or managerial, with the McIntosh flood claim or homeowner's claim."  Motion at 1.  When State Farm was attempting to prevent the Relators from deposing Lecky King, it similarly argued, "King was not one of the individuals who supervised the McIntosh flood claim, she was not involved in the adjustment or payment of the McIntosh flood claim, and she has no firsthand knowledge of the flood damage to the McIntosh property."  [269] at 3.  That argument was not successful, and at this point, it is beyond dispute that Lecky King's testimony has proven relevant.  As the Court has recognized, the Relators are entitled to take discovery into State Farm's policies and procedures that were in place when the McIntosh claims were adjusted.  Order Granting in Part Motion for Protective Order, [413] at 2-3.  Mark Drain is knowledgeable of those procedures.

Second, State Farm argues that the Relators should not be allowed to depose Mark Drain because he has been deposed previously on numerous occasions. Each of Mr. Drain's prior depositions were taken in individual policyholder cases. The issue in those cases was not whether State Farm had conspired to defraud the government, and as such, those depositions should not preclude the Relators from deposing Mark Drain in this case. State Farm recently deposed Patricia Lobrano for the third time, and later this month it will depose Cori and Kerri Rigsby for the fourth times respectively. The Relators have not objected to those depositions, even though they were taken by the same party, unlike Mr. Drain's prior depositions which were taken by a variety of individual plaintiff's.

Ultimately, neither of State Farm's arguments address its burden: whether taking Mr. Drain's deposition would be unreasonable or oppressive. The Relators are not asking Mr. Drain to produce any documents, and they are willing to depose him near his home. State Farm cites no authority where the simple act of a party's employee sitting for a deposition, without any extenuating circumstances, has been found to be burdensome.[1]

## II.    CONCLUSION

For all of the foregoing reasons State Farm's motion for a protective order should be denied.

---

[1] In *Positive Black Talk Inc. v. Cash Money Records Inc.*, 394 F.3d 357, 377 (5th Cir. 2004) the deposition of the plaintiff's expert was found to be burdensome because the plaintiff's expert had a conflict of interest with the defendant's expert in that they were both faculty at the same university and the plaintiff's expert was reviewing the defendant's expert's request for tenure.

THIS the 4th day of June, 2010

 Respectfully submitted,

   /s/ C. Maison Heidelberg
C. MAISON HEIDELBERG, MB #9559
mheidelberg@heidelbergharmon.com
GINNY Y. KENNEDY, MB #102199
gkennedy@heidelbergharmon.com
OF COUNSEL:

HEIDELBERG HARMON PLLC.
795 Woodlands Parkway, Suite 220
Ridgeland, Mississippi  39157
Phone No. (601) 351-3333
Fax No. (601) 956-2090

August J. Matteis, Jr. (admitted *pro hac vice*)
matteisa@gotofirm.com
Craig J. Litherland (admitted *pro hac vice*)
litherlandc@gotofirm.com
Benjamin Davidson (admitted *pro hac vice*)
davidsonb@gotofirm.com
GILBERT LLP
1100 New York Avenue NW, Suite 700
Washington, DC 20005
Phone No. (202) 772-2200
Fax No. (202) 772-3333

Attorneys for Kerri Rigsby and Cori Rigsby

**CERTIFICATE OF SERVICE**

     I, C. Maison Heidelberg, attorney for Cori Rigsby and Kerri Rigsby, do hereby certify that I have this day caused the foregoing document to be filed with the Court's CM/ECF system, which will cause notice to be delivered to all counsel of record.

                Don Burkhalter, Esq.
                UNITED STATES ATTORNEY
                  FOR MISSISSIPPI
                188 East Capitol Street, Suite 500
                Jackson, MS 39201

                Felicia Adams, Esq.
                ASSISTANT U.S. ATTORNEY
                188 East Capitol Street, Suite 500
                Jackson, MS 39201

                Joyce R. Branda, Esq.
                Patricia R. Davis, Esq.
                Jay D. Majors, Esq.
                UNITED STATES DEPARTMENT OF JUSTICE
                Commercial Litigation Branch
                Civil Division
                601 D Street, NW
                Washington, DC 20004

                Larry G. Canada, Esq.
                Kathryn Breard Platt, Esq.
                Galloway, Johnson, Tompkins, Burr & Smith
                701 Poydras Street, Suite 4040
                New Orleans, LA 70139
                (p) 504-525-6802
                ATTORNEYS FOR HAAG ENGINEERING CO.

                Robert C. Galloway, Esq.
                Emerson Barney Robinson, III, Esq.
                Benjamin M. Watson, Esq.
                Jeffrey A. Walker, Esq.
                Amanda B. Barbour, Esq.
                BUTLER, SNOW, O'MARA,
                    STEVENS & CANNADA, PLLC
                P.O. Box 22567
                Jackson, MS 39225
                (p) 601-948-5711

        Michael B. Beers, Esq.
        BEERS, ANDERSON, JACKSON
           PATTY & FALWAL, PC
        250 Commerce Street, Suite 100
        Montgomery, AL 36104
        (p) 334-834-5311
        ATTORNEYS FOR STATE FARM MUTUAL
        INSURANCE COMPANY

        Robert D. Gholson
        GHOLSON BURSON ENTREKIN & ORR, P.A.
        55 North 5th Avenue
        P.O. Box 1289
        Laurel, MS 39441-1289
        ATTORNEYS FOR FORENSIC ANALYSIS
        ENGINEERING CORPORATION

                            /s/     C. Maison Heidelberg