## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

UNITED STATES OF AMERICA ex rel.;
   CORI RIGSBY; AND KERRI RIGSBY      RELATORS/COUNTER-DEFENDANTS

v.                                CASE No. 1:06-cv-433-LTS-RHW

STATE FARM FIRE AND
   CASUALTY COMPANY, et al.       DEFENDANTS/COUNTER-PLAINTIFFS

### RELATORS' MEMORANDUM IN SUPPORT OF MOTION
### TO QUASH SUBPOENA TO CHARLENE BOSARGE
### AND FOR A PROTECTIVE ORDER

Cori and Kerri Rigsby ("Relators") respectfully move this Court for an Order to quash

State Farm Fire and Casualty Company's ("State Farm") Subpoena Duces Tecum issued to

Charlene Bosarge [519] ("Subpoena") and for a protective order.

Although State Farm has already subpoenaed the Scruggs Law Firm, doc. no [482], the

Katrina Litigation Group, doc. no [481], and Don Barrett, doc. no [480], it has also decided to

subpoena Charlene Bosarge, Richard Scruggs' former secretary.  The subpoena issued to Ms.

Bosarge seeks production of documents that reasonably could only be in her possession as a

consequence of her position as a former employee of The Scruggs Law Firm who had access to

client files of that law firm.  Further,  State Farm's subpoena has simply ignored much of the

guidance this Court previously offered in ruling on its motions to compel.  The Relators' seek to

limit State Farm's subpoena of Ms. Bosarge consistent with the topics previously allowed by this

Court, and they also seek the opportunity to conduct a privilege review of any documents in Ms.

Bosarge's possession that she deems responsive to State Farm's subpoena.

## I.    LEGAL STANDARD

Parties have standing to quash subpoenas to non-parties, when the party claims "a

personal right or privilege with respect to the documents at issue."  *Butcher v. Allstate Ins. Co.*,

1:06-cv-423-KS-MPT, 2008 Wl 4965288 at \*1 (S.D. Miss. Nov. 18, 2008) *citing Brown v.*

*Braddick*, 595 F.2d 961, 967 (5th Cir. 1979).  Here the Relators may have claims to privilege

with respect to the documents at issue because Ms. Bosarge used to work for the Relators'

attorney.  The Relators also have standing to seek to limit the subpoena to Ms. Bosarge by

requesting a protective order under Federal Rule of Civil Procedure 26(c).  *Id.*; *See also Williams*

*v. Weems Comm. Mental Health Center*, 4:04-cv-179-LR, 2006 WL 905955 at \*1 (S.D. Miss.

April 7, 2006) (treating a motion to quash a subpoena to a non-party as a motion for a protective

order).

Additionally, the practice of taking discovery directly from a party's attorney "has long

been discouraged as disruptive of the adversarial system and one which lowers the standard of

profession."  *Buford v. Holladay*, 133 F.R.D. 487, 490 (S.D. Miss. 1990).

## II.    STATE FARM'S SUBPOENA TO MS. BORSARGE SHOULD BE QUASHSED

### A.    The Subpoena unfairly seeks information from law firm client files through a non-attorney former employee.

As referenced above, seeking discovery from a party's attorney has long been disfavored.

State Farm here seeks to access information contained in the client files of a law firm that

previously represented a party.  And, the individual through whom such client file information is

sought is a non-attorney former employee of that law firm.  Unquestionably, State Farm seeks

attorney's client file information through perhaps the single individual least able to protect the

client privileges and confidences of the law firm's former clients, to make informed decisions

about what materials may properly be discoverable or even are responsive, and the least able to

afford representation to appropriately respond to a subpoena of this type.  All of the factors that

cause courts to disfavor discovery directly from a party's attorney would surely apply as well in

this context.

**B.      The Subpoena is largely duplicative of subpoenas issued directly to the law firm that previously employed Ms. Bosarge.**

The subpoena issued to Ms. Bosarge is almost entirely duplicative of subpoenas issued

directly to the law firm that previously employed Ms. Bosarge and through whom she would

have acquired any information and any documents that could possibly be responsive to the

subpoena.  As such, the subpoena issued to Ms. Bosarge is unduly burdensome.

**C.      The Subpoena primarily seeks information about which this Court has already denied a Motion to Compel.**

Several of State Farm's subpoena requests to Ms. Bosarge are broader than the discovery

this Court permitted State Farm to take of the Relators.  *See* May 5, 2010 Order Granting in Part

and Denying in Part Motion to Compel doc. no [490].

Requests Nos. 6 and 7: These requests seek All Documents concerning (A) any
communications between (i) Senator Trent Lott or Congressman Gene Taylor and (ii) the
Scruggs Katrina Group or Scruggs Law Firm and (B) which related to Cori (Moran) Rigsby,
Kerri Rigsby, Brian Ford, Thomas or Pamela McIntosh, or this False Claims Action.

The May 5th Order found, "Any such communications that bear on the development of

the underlying McIntosh insurance claim are discoverable insofar as the McIntosh claim serves

as the basis of the present *qui tam* action."  at 5.  Relators understand that State Farm has agreed

to narrow this request consistent with this Court's prior Order and thus there does not appear to

be any continuing dispute as to the scope of this request.

Request No. 8:  This requests seeks All documents concerning (Any communications between (i) the Office of the United States Attorney for the Southern District of Mississippi and (ii) Scruggs Katrina Group or Scruggs Law Firm and (b) which relate to Cori Moran Rigsby, Kerri Rigsby, Brian Ford, Thomas or Pamela McIntosh, or this False Claims Action.

The May 5th Order found that State Farm's discovery requests of the Relators seeking "all materials and communications exchanged between Relators or their counsel and any law enforcement officer or agency since August 29, 2005" is "not reasonably calculated to lead to the discovery of admissible evidence."  Relators understand that State Farm has agreed to withdraw this request consistent with this Court's prior Order and thus there does not appear to be any continuing dispute as to this request.

Request No. 9:  This request seeks All Documents concerning any communications between (i) Pat Lobrnao or William Lobrano and (ii) Scruggs Katrina Group or Scruggs Law Firm from August 29, 2005 to February 1, 2006.

Dr. and Ms. Lobrano were represented by the law firms that previously employed Ms. Bosarge in pursuing their insurance claims against State Farm.  This request should be quashed because, on its face, it seeks attorney client communications of individuals who are not even parties to this suit.  State Farm has indicated that it is willing to narrow this request to exclude materials directly related to the Lobranos pursuing their insurance claim against State Farm.  State Farm offers no suggestion, however, as to how Ms. Bosarge, a non-lawyer, will be able to make a determination what materials "directly relate to the Lobranos pursuing their insurance claim."  Relators continue to believe that this request should be eliminated entirely.

Requests Nos. 12 and 13: These requests seek all documents downloaded, copied or transferred from Cori Rigsby's computer or Kerri Rigsby's computer.

Although this Court found that information regarding unauthorized access to State Farm's computers was relevant, [490] at 4, it does not follow that every document transferred from the Relators' computers should be discoverable.  In general, the transfer of documents from an attorney's client to the attorney would constitute a privileged communication.  As such, the Relators request that this subpoena request be narrowed to encompass only documents that were originally downloaded, copied or transferred from a State Farm computer.

> **D.** **To the extent Ms. Bosarge is in possession of responsive materials, the Relators should be entitled to review these materials for privilege before they are produced to State Farm.**

As the Relators explained in their Response in Opposition to State Farm's Motion to Compel, their current counsel has engaged in extremely limited interactions with their prior counsel.  [454] at 5-7.  Accordingly, the Relators do not know whether Ms. Bosarge has any documents that are responsive to State Farm's subpoena, and they do not know whether any documents that may be in her possession are protected by the Relators' attorney client privilege or other applicable privileges.  Because Ms. Bosarge is not an attorney, the Relators request that their current counsel be permitted a period of seven days to conduct a privilege review of any documents Ms. Bosarge deems responsive to State Farm's subpoena.  At the end of that period, the Relators will provide a privilege log for any documents withheld as privileged and the Relators will produce all other documents provided by Ms. Bosarge.

## III.    RELEIF REQUESTED

As the discovery process that State Farm attempts to utilize is a strongly disfavored practice, is duplicative and unduly burdensome, is intentionally overbroad, and endangers legitimate privileges and confidences of the former clients of a law firm, the subpoena should

simply be quashed.  But, as an alternative, through an appropriate protective order, the subpoena

should be limited in scope and should be conditioned upon the implementation of procedures to

allow an attorneys former clients to assert their privileges and confidences.

THIS the 4th day of June, 2010

       Respectfully submitted,

                     /s/ C. Maison Heidelberg
                  C. MAISON HEIDELBERG, MB #9559
                  mheidelberg@heidelbergharmon.com
                  GINNY Y. KENNEDY, MB #102199
                  gkennedy@heidelbergharmon.com
                  OF COUNSEL:

                  HEIDELBERG HARMON PLLC.
                  795 Woodlands Parkway, Suite 220
                  Ridgeland, Mississippi  39157
                  Phone No.     (601) 351-3333
                  Fax No.       (601) 956-2090

                  August J. Matteis, Jr. (admitted *pro hac vice*)
                  matteisa@gotofirm.com
                  Craig J. Litherland (admitted *pro hac vice*)
                  litherlandc@gotofirm.com
                  Benjamin Davidson (admitted *pro hac vice*)
                  davidsonb@gotofirm.com
                  GILBERT LLP
                  1100 New York Avenue NW, Suite 700
                  Washington, DC 20005
                  Phone No.     (202) 772-2200
                  Fax No.       (202) 772-3333

                  Attorneys for Kerri Rigsby and Cori Rigsby

## CERTIFICATE OF SERVICE

I, C. Maison Heidelberg, attorney for Cori Rigsby and Kerri Rigsby, do hereby certify that I have this day caused the foregoing document to be filed with the Court's CM/ECF system, which will cause notice to be delivered to all counsel of record.

Don Burkhalter, Esq.
UNITED STATES ATTORNEY
  FOR MISSISSIPPI
188 East Capitol Street, Suite 500
Jackson, MS 39201

Felicia Adams, Esq.
ASSISTANT U.S. ATTORNEY
188 East Capitol Street, Suite 500
Jackson, MS 39201

Joyce R. Branda, Esq.
Patricia R. Davis, Esq.
Jay D. Majors, Esq.
UNITED STATES DEPARTMENT OF JUSTICE
Commercial Litigation Branch
Civil Division
601 D Street, NW
Washington, DC 20004

Larry G. Canada, Esq.
Kathryn Breard Platt, Esq.
Galloway, Johnson, Tompkins, Burr & Smith
701 Poydras Street, Suite 4040
New Orleans, LA 70139
(p) 504-525-6802
ATTORNEYS FOR HAAG ENGINEERING CO.

Robert C. Galloway, Esq.
Emerson Barney Robinson, III, Esq.
Benjamin M. Watson, Esq.
Jeffrey A. Walker, Esq.
Amanda B. Barbour, Esq.
BUTLER, SNOW, O'MARA,
    STEVENS & CANNADA, PLLC
P.O. Box 22567
Jackson, MS 39225
(p) 601-948-5711

Michael B. Beers, Esq.
BEERS, ANDERSON, JACKSON
    PATTY & FALWAL, PC
250 Commerce Street, Suite 100
Montgomery, AL 36104
(p) 334-834-5311
ATTORNEYS FOR STATE FARM MUTUAL
INSURANCE COMPANY

Robert D. Gholson
GHOLSON BURSON ENTREKIN & ORR, P.A.
55 North 5th Avenue
P.O. Box 1289
Laurel, MS 39441-1289
ATTORNEYS FOR FORENSIC ANALYSIS
ENGINEERING CORPORATION


                                    /s/      C. Maison Heidelberg