IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA ex rel.
CORI RIGSBY and KERRI RIGSBY               RELATORS/COUNTER-DEFENDANTS

v.                                          CASE NO. 1:06cv433-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY   DEFENDANT/COUNTER-PLAINTIFF

and

FORENSIC ANALYSIS ENGINEERING CORPORATION;
HAAG ENGINEERING CO.; and ALEXIS KING                          DEFENDANTS

**STATE FARM FIRE AND CASUALTY COMPANY'S
REBUTTAL MEMORANDUM IN SUPPORT OF ITS
[521] MOTION TO COMPEL PATRICIA LOBRANO
TO COMPLY WITH [499] SUBPOENA DUCES TECUM**

| | |
|---|---|
| Robert C. Galloway (MSB #4388) | Michael B. Beers (ASB-4992-S80M), PHV |
| Jeffrey A. Walker (MSB #6879) | BEERS, ANDERSON, JACKSON, PATTY & |
| E. Barney Robinson III (MSB #09432) | FAWAL, P.C. |
| Benjamin M. Watson (MSB #100078) | Post Office Box 1988, Suite 100 |
| Amanda B. Barbour (MSB #99119) | 250 Commerce Street (36104) |
| | Montgomery, Alabama 36102 |
| BUTLER, SNOW, O'MARA, STEVENS & | (P) (334) 834-5311 |
| CANNADA, PLLC | (F) (334) 834-5362 |
| Post Office Drawer 4248 | (E) mbeers@beersanderson.com |
| Gulfport, MS  39502 | |
| (P) (228) 575-3019 | *PRO HAC VICE* |
| (E) bob.galloway@butlersnow.com | |
| | James R. Robie (CA State Bar # 67303), PHV |
| BUTLER, SNOW, O'MARA, STEVENS & | ROBIE & MATTHAI |
| CANNADA, PLLC | Biltmore Tower, Suite 1500 |
| 200 Renaissance at Colony Park, Suite 1400 | 500 South Grand Avenue |
| 1020 Highland Colony Parkway (39157) | Los Angeles, California  90071 |
| Post Office Box 6010 | (P) (213) 706-8000 |
| Ridgeland, MS 39158-6010 | (F) (213) 706-9913 |
| (P) (601) 948-5711 | (E) jrobie@romalaw.com |
| (F) (601) 985-4500 | |
| (E) jeff.walker@butlersnow.com | *PRO HAC VICE* |
| (E) barney.robinson@butlersnow.com | |
| (E) ben.watson@butlersnow.com | |
| (E) amanda.barbour@butlersnow.com | |

## **TABLE OF CONTENTS**

**Page**

TABLE OF CONTENTS ........................................................................................................... i

INTRODUCTION ..................................................................................................................... 1

INTRODUCTION ..................................................................................................................... 1

ARGUMENT ............................................................................................................................. 1

    I.    THE SUBPOENA SEEKS MATERIALS THAT ARE PROPERLY DISCOVERABLE AND MRS. LOBRANO SHOULD BE COMPELLED TO PRODUCE RESPONSIVE MATERIALS .................................................. 1

    II.    MRS. LOBRANO SHOULD BE COMPELLED TO RE-APPEAR FOR DEPOSITION, IF NECESSARY – AND SHE HAS NOT CONTENDED OTHERWISE .............................................................................................. 7

CONCLUSION .......................................................................................................................... 7

CERTIFICATE OF SERVICE ................................................................................................. 10

## INTRODUCTION

Patricia Lobrano – the Rigsbys' mother – represented by their attorneys, has continued mirroring her daughters' pattern of dealing with discovery – resist and delay. Initially, she ignored State Farm's subpoena entirely, appearing for deposition with no responsive materials in hand. Only now, after State Farm has moved to compel, has she offered to produce anything whatsoever – and her offer is practically worthless, given its very limited scope.

Further, Mrs. Lobrano – again following the practice of her daughters – attempts to hide behind the unsworn statements of her counsel. Repeatedly saying "there is nothing to produce," she offers no affidavit or declaration to substantiate any of those contentions. Mrs. Lobrano's compliance should be compelled.

## ARGUMENT

**I. THE SUBPOENA SEEKS MATERIALS THAT ARE PROPERLY DISCOVERABLE AND MRS. LOBRANO SHOULD BE COMPELLED TO PRODUCE RESPONSIVE MATERIALS**

**Request 1:** All Documents reflecting your communications with Kerri or Cori Rigsby related to State Farm, the McIntosh property or insurance claims for Hurricane Katrina damage to the Lobrano residence.

**Rebuttal:** Mrs. Lobrano contends she has no responsive materials related to her Hurricane Katrina insurance claims. ([548] at 1-2.) However, she is silent regarding materials related to the McIntosh claim and thus should be compelled to produce same. (*Id.*)

Further, Mrs. Lobrano admits she has materials related to communications between her and the Rigsbys concerning State Farm, including "notes to her daughters…." (*Id.* at 3.) However, Mrs. Lobrano then objects to producing "personal notes" – a misplaced objection, as State Farm did not request the production of "personal notes;" but rather, materials related to "communications with Kerri or Cori Rigsby related to State Farm, the McIntosh property or insurance claims for Hurricane Katrina damage to the Lobrano residence." ([499] at 5.)

1

With respect to materials she apparently concedes are not "personal notes," Mrs. Lobrano invokes this Court's [447] Order, setting the latest date for discoverable *information* to the date the McIntosh homeowners' claim was closed. ([548] at 3) (emphasis added). Yet if Mrs. Lobrano's materials post-date the cut-off date, but relate to communications and events occurring *on or before that date*, she should still be required to produce them. In the alternative, she should at least be required to produce all such materials created or sent before the date referenced in this Court's [447] Order; something she has not readily agreed to do.

**Request 4:** All Documents depicting the weather, tidal surge or wind at the Lobrano residence during Hurricane Katrina.

**Request 5:** All Documents reflecting Hurricane Katrina damage to the Lobrano residence.

**Rebuttal:** Although Mrs. Lobrano has previously admitted that she has pictures of Katrina damage to her home, her counsel now conveniently contends "she was unable to locate [the computer containing the pictures]." ([548] at 4.) Yet in her sworn deposition testimony – as opposed to the mere argument of her lawyers – she revealed that she "took thousands of pictures of the house…" and "turned a lot of them [– as opposed to all of them –] over in my claims report…." ([521-4] at 14.)

When asked where those pictures currently reside, Mrs. Lobrano said – without qualification – "I think they would probably be on my computer." (*Id.*) Further:

> Q. Do you still have that computer today?
> A. I probably do, yes, uh-huh.
> Q. Is it the same computer that you use today?
> A. Uh-huh, yes.

(04-08-2010 P. Lobrano Dp. at 35, Ex. A to Reb.)

Later in her deposition, Mrs. Lobrano clarified that some or all of the pictures might be on her laptop – as opposed to the PC referenced in her above testimony. (04-08-2010 P. Lobrano

2

Dp. at 41-42, Ex. A to Reb.)    After so clarifying, Mrs. Lobrano testified that she still had that laptop and further committed to preserve and safeguard it:

> Q.   All right.  Well, let's go back and just follow up with a few things on the laptop.  And, again, I'll ask you to preserve that laptop --
>
> A.   Okay.
>
> Q.   -- not give it away or have anyone --
>
> A.   I have it somewhere, right.
>
> Q.   -- tamper with it or delete any information off of it.
>
> A.   Okay.

(04-08-2010 P. Lobrano Dp. at 43, Ex. A to Reb.)

Mrs. Lobrano further testified that not only would she preserve her computers, but that none of her computers – post-Katrina – had been destroyed:

> Q.  Okay.  Thank you.  Have you made any changes to the hard drive or has it ever, what I'll call, crashed where you lost data?
>
> A.  No, it has not.  No changes on it.
>
> Q.  Okay.  I would ask, subject to your consultation with your counsel, that you maintain that computer in its present form and not do anything to affect or destroy data or to get rid of that computer?
>
> A.  I wouldn't dream of it.
>
> ….
>
> Q.  Okay.  And just so I'm clear, since Hurricane Katrina came through, you have not destroyed or discontinued the use of any personal computer that you personally owned?
>
> A.  No.

(04-08-2010 P. Lobrano Dp. at 35-37, Ex. A to Reb.)

Nowhere did Mrs. Lobrano testify that her computers – including the one(s) on which she testified the photos reside – <u>were</u> destroyed, lost or missing.  Further, Mrs. Lobrano's deposition was taken on April 8, 2010.  Her read and sign deadline has long since passed and she has not corrected any of this testimony.

3

Additionally, it should be noted that Mrs. Lobrano could have – but did not –submit an affidavit or declaration substantiating her counsel's unsworn contention that the computer(s) in question are now missing. Her failure to do so speaks for itself. In sum, Mrs. Lobrano's counsel's unsworn attempts to contradict Mrs. Lobrano's sworn testimony on the subject should be rejected and Mrs. Lobrano should be compelled to produce all responsive materials.

**Request 6:** All Documents reflecting your communications with any person, entity or government agency related to the Lobranos' insurance claims for Hurricane Katrina damage to the Lobrano residence.

**Rebuttal:** Mrs. Lobrano and the Rigsbys contend – without explanation – that her communications with anyone other than the Rigsbys regarding her Katrina insurance claims cannot be relevant. ([548] at 4.) However, materials related to Mrs. Lobrano's Hurricane Katrina claims are discoverable regardless of with whom they were exchanged, as they may reveal attempts by the Rigsbys to improperly influence the outcome of Mrs. Lobrano's State Farm homeowners' insurance claim, which would be relevant to the Rigsbys' bias, prejudice, credibility and motive. *See* ([490] at 2).

**Request 7:** All rental agreements and similar Documents relating to living space for the Lobrano family after Hurricane Katrina.

**Request 10:** All canceled checks or bank statements indicating payments to Payton Properties.

**Rebuttal:** Mrs. Lobrano's contention that she is "not in possession of any canceled checks or bank statements indicating payments to Payton Properties" ([548] at 5), is no excuse at all. Fed. R. Civ. P. 34(b) requires production of materials that are in "the responding party's possession, custody or *control*…." *Id.* (emphasis added). Mrs. Lobrano's bank records regarding this matter are without doubt under Mrs. Lobrano's control, as she can retrieve them from her bank(s) and Mrs. Lobrano should be compelled to retrieve them for production, should she no

4

longer have them in her possession. Mrs. Lobrano should further be compelled to produce all other responsive materials.

**Request 8:** All records relating to video rentals from December 2005 to May 2006.

**Rebuttal:** Mrs. Lobrano conveniently contends that the video store from which she rented *The Insider* is "no longer in business" and that she "contacted the …video store and was told they [sic] do not keep video rental records on file for more than 18 months." ([548] at 5.) If true, Mrs. Lobrano could have submitted an affidavit or declaration identifying the video store in question by name and substantiating this unsworn contention of counsel. Mrs. Lobrano did not do so – and having offered no proof at all in opposition to this request – she should be compelled to produce the requested materials.

**Request 9:** All telephone records including your home telephone or any cell phones used by you from December 2005 to May 2006.

**Rebuttal:** As she did with other requests, Mrs. Lobrano hides behind her counsel's unsworn contention that she no longer has "possession" of the requested materials. ([548] at 5.) As an initial matter, she has submitted no evidence whatsoever substantiating this contention by her counsel. Regardless, as explained above with respect to her bank statements, such – even if true – such is no excuse under Fed. R. Civ. P. 34(b), which requires production of materials that are in "the responding party's possession, custody or *control*…." *Id.* (emphasis added). Mrs. Lobrano should be compelled to obtain and produce the requested materials.

**Request 11:** All Documents reflecting your communications with Tammy Hardison or Dana Lee after Hurricane Katrina.

**Request 12:** All Documents reflecting your communications with Dreux Seghers after Hurricane Katrina.

**Request 13:** All Documents reflecting your communications with Brian Ford after Hurricane Katrina.

**Rebuttal:** Mrs. Lobrano no longer suggests that she may not have any responsive materials. Rather, she now implicitly admits that she does, by arguing that she should only be

5

required to produce those that she unilaterally deems "related to this litigation or …her insurance claim against State Farm." ([548] at 5.)

Mrs. Lobrano's attempt to self-circumscribe the scope of this request should be rejected, as any contacts Mrs. Lobrano may have had with these four individuals would almost per se have some relationship to the subject matter of this litigation, as these individuals – Lee and Hardison (Renfroe adjusters), Seghers (engineer) and Ford (engineer) – all had connections to the subject matter of this Action. For example, Mrs. Lobrano testified that she met with Lee and Hardison on several occasions, including in connection with their adjustment of a claim. ([521-4] at 12.) She further testified that she discussed engineer reports with Dreux Seghers. *E.g.*, ([521-4] at 18-20.) Her offer to produce a single e-mail from Tammy Hardison attaching a draft lease agreement is thus grossly insufficient.

**Request 14:** All Documents reflecting or relating to payments or reimbursement for expenses to the Lobranos by Richard F. "Dickie" Scruggs, the Scruggs law firm or the Scruggs Katrina Group.

**Request 15:** All Documents reflecting or relating to payments or reimbursements for expenses to the Lobranos by Richard F. "Dickie" Scruggs, the Scruggs law firm or the Scruggs Katrina Group on behalf of or for the benefit of Kerri Rigsby or Cori Rigsby.

**Rebuttal:** Mrs. Lobrano's counsel again provide nothing more than an unsworn contention that "there is nothing to compel." ([548] at 6.) If that is true, Mrs. Lobrano could have submitted an affidavit or declaration so substantiating. Again, and tellingly, she did not. Accordingly, she should be compelled to produce all responsive materials.

**Other Items Identified by State Farm:** Mrs. Lobrano has agreed to produce an e-mail from Dick Scruggs's assistant regarding setting up a meeting. Accordingly, assuming she follows through, that agreement moots that particular issue.

However, Mrs. Lobrano's counsel persist in their contention that Mrs. Lobrano "no longer has her laptop computer" ([548] at 6) – even though that unsworn contention is contrary

to her sworn deposition testimony. *See supra* at Rebuttal to Requests 4-5. Mrs. Lobrano should not be permitted to hide behind this unsworn argument.

Even her counsel does not contend she no longer has the referenced "PC" computer, but they again contend in unsworn argument that it "does not contain any information related to State Farm, the McIntosh claim, her insurance claim or Hurricane Katrina." ([548] at 6-7.) Her counsel then contradictorily contend that: (a) "Ms. Lobrano has no objection to producing responsive materials that happen to be on that computer;" and (b) "this computer does not contain or store documents responsive to State Farm's subpoena…." (*Id.* at 7.)

Both statements cannot be true. Regardless, neither statement is substantiated by an affidavit or declaration by Mrs. Lobrano. Mrs. Lobrano should be compelled to produce all responsive materials, whether on her PC or otherwise.

## II. MRS. LOBRANO SHOULD BE COMPELLED TO RE-APPEAR FOR DEPOSITION, IF NECESSARY – AND SHE HAS NOT CONTENDED OTHERWISE

As described in State Farm's opening memorandum, at the conclusion of Mrs. Lobrano's deposition, State Farm reserved the right to resume her deposition upon her compliance with the subpoena. State Farm expressly made such a request in its motion and memorandum, but Mrs. Lobrano has now waived the issue by ignoring it altogether – likely because she has no valid response. Accordingly, should this Court compel Mrs. Lobrano to produce some or all of the materials that are requested by the subpoena and at issue on this motion, State Farm requests that this Court order Mrs. Lobrano to re-appear for deposition – if so requested by State Farm – for questioning on those materials.

## **CONCLUSION**

For the foregoing reasons, State Farm respectfully requests that its motion to compel be granted and that Patricia Lobrano be required to immediately produce all materials in her

possession or control that are within the scope of the [499] subpoena duces tecum. State Farm further moves for leave to resume Mrs. Lobrano's deposition, after she produces all responsive materials. State Farm seeks such further, supplemental and alternative relief as may be appropriate in the premises.

This the 7th day of June, 2010.

                          Respectfully submitted,

                          STATE FARM FIRE AND CASUALTY COMPANY

By:    s/*E. Barney Robinson III* (MSB #09432)
         Robert C. Galloway (MSB # 4388)
         Jeffrey A. Walker (MSB # 6879)
         E. Barney Robinson III (MSB #09432)
         Benjamin M. Watson (MSB #100078)
         Amanda B. Barbour (MSB # 99119)

                          ITS ATTORNEYS

OF COUNSEL:

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
Post Office Drawer 4248
Gulfport, MS   39502
(P)(228) 575-3019
(E) bob.galloway@butlersnow.com

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
200 Renaissance at Colony Park, Suite 1400
1020 Highland Colony Parkway (39157)
Post Office Box 6010
Ridgeland, MS 39158-6010
(P) (601) 948-5711
(F) (601) 985-4500
(E) jeff.walker@butlersnow.com
(E) barney.robinson@butlersnow.com
(E) ben.watson@butlersnow.com
(E) amanda.barbour@butlersnow.com

Michael B. Beers (ASB-4992-S80M), PHV
BEERS, ANDERSON, JACKSON, PATTY & FAWAL, P.C.
Post Office Box 1988
Suite 100
250 Commerce Street (36104)
Montgomery, Alabama 36102
(P) (334) 834-5311
(F) (334) 834-5362
(E) mbeers@beersanderson.com

*PRO HAC VICE*

James R. Robie (CA State Bar # 67303), PHV
ROBIE & MATTHAI
Suite 1500
Biltmore Tower
500 South Grand Avenue
Los Angeles, California  90071
(P) (213) 706-8000
(F) (213) 706-9913
(E) jrobie@romalaw.com

*PRO HAC VICE*

**CERTIFICATE OF SERVICE**

I, E. Barney Robinson III, one of the attorneys for State Farm Fire and Casualty Company, do hereby certify that I have this day caused a true and correct copy of the foregoing instrument to be delivered to the following via the means directed by the Court's CM/ECF System:

C. Maison Heidelberg
Ginny Y. Kennedy
MAISON HEIDELBERG P.A.
795 Woodlands Parkway, Suite 220
Ridgeland, MS 39157
(P) (601) 351-3333
(F) (601) 956-2090
maison@heidlebergpa.com
ginny@heidlebergpa.com

Scott D. Gilbert
August J. Matteis, Jr.
Craig J. Litherland
Benjamin R. Davidson
GILBERT LLP
11 New York Avenue, NW
Suite 700
Washington, DC 20005
gilberts@gotofirm.com
matteisa@gotofirm.com
litherlandc@gotofirm.com
davidsonb@gotofirm.com

COUNSEL FOR CORI RIGSBY AND KERRI RIGSBY

Jeffrey S. Bucholtz
Joyce R. Branda
Patricia R. Davis
Jay D. Majors
UNITED STATES DEPARTMENT OF JUSTICE
Civil Division
P.O. Box 261
Ben Franklin Station
Washington, DC 20044
(P) (202) 307-0264
(F) (202) 514-0280

Stan Harris
Alfred B. Jernigan, Jr.
Felicia C. Adams
UNITED STATES ATTORNEY'S OFFICE
Southern District of Mississippi
Suite 500
188 East Capitol Street
Jackson, MS 39201
(P) (601) 965-4480
(F) (601) 965-4409
(E) felicia.adams@usdoj.gov

ATTORNEYS FOR THE UNITED STATES

Larry G. Canada
Kathryn Breard Platt
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
701 Poydras Street
Suite 4040
New Orleans, LA 70139
(P) (504) 525-6802
(F) (504) 525-2456
lcanada@gjtbs.com
kplatt@gjtbs.com

ATTORNEYS FOR HAAG ENGINEERING CO.

Robert D. Gholson
Daniel D. Wallace
GHOLSON, BURSON, ENTREKIN & ORR, P.A.
535 North 5th Avenue (39440)
P.O. Box 1289
Laurel, MS 39441-1289
(P) (601) 649-4440
(F) (601) 649-4441
gholson@gbeolaw.com
wallace@gbeolaw.com

ATTORNEYS FOR FORENSIC ANALYSIS ENGINEERING CORPORATION

THIS the 7th day of June, 2010.

       By:   s/*E. Barney Robinson III* (MSB #09432)
          E. Barney Robinson III (MSB #09432)

Jackson 5206936v2

11