UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CORI RIGSBY and
KERRI RIGSBY                                                            PLAINTIFFS

VERSUS                                        CIVIL ACTION NO. 1:06CV433-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY et al                    DEFENDANTS

## <u>ORDER GRANTING IN PART MOTION TO COMPEL</u>

Before the Court is Defendant State Farm's [521] Motion to Compel Patricia Lobrano to

Comply with [499] Subpoena Duces Tecum.  Lobrano is the Relators' Cori and Kerri Rigsby's

mother.  The record establishes that Lobrano communicated with the Relators and with their

former counsel, Richard Scruggs, regarding matters that relate to this lawsuit.  The question

presented by this motion is the extent to which Lobrano possesses relevant and discoverable

documents and whether Lobrano should be compelled to attend a follow-up deposition.

**<u>Request No. 1:</u>**  State Farm seeks all documents reflecting communications by Lobrano

with the Rigsbys that relate to State Farm, the McIntosh property or insurance claims for

Hurricane Katrina damage to the Lobrano residence.  Lobrano represents that there are no

documents in her possession reflecting communications with her daughters that relate to her

insurance claim; however, she makes no such representations with respect to the McIntosh

property or the subject matter of this lawsuit.  The Court finds that State Farm is entitled to any

documents reflecting communications with the Rigsbys regarding the McIntosh property,

Lobrano's own claim, or the subject matter of the instant lawsuit.  The discovery is limited in

scope to the time prior to the McIntosh claim being closed.  If there are no responsive documents

in her possession or control, then Lobrano is directed to execute an affidavit stating such.

**Request Nos. 4 & 5:**  State Farm requests documents related to the Lobrano's Hurricane Katrina claims.  State Farm specifically identifies photographs that Lobrano took of the damage to her home but which she has not produced.  Lobrano responds that her Katrina insurance claim was made with State Farm;  therefore, Defendant is already in possession of the requested documents.  With respect to the photographs, Lobrano asserts that after the deposition, she searched her laptop computer and was unable to locate them.  Based on Lobrano's representations, the motion to compel should be denied; however, Lobrano is directed to execute an affidavit describing where the photographs would have been located and explaining her efforts to obtain the photographs.  It is anticipated that this explanation will include some clarification about the number and status of Lobrano's computers where the photographs allegedly were stored.

**Request No. 6:** State Farm requests all documents reflecting communications with any person, entity or government agency related to the Lobranos' insurance claim for Hurricane Katrina damage to the Lobrano residence.  This request is overly broad.  The request relates to the Lobranos' insurance claim and therefore is several steps removed from the matter at issue in this lawsuit.  The Court finds that the request is not reasonably calculated to lead to the discovery of admissible evidence.  The motion to compel is denied with respect to this request.

**Request Nos. 7 & 10:**  State Farm requests documents relating to Payton Properties, which was a rental property owned by the Rigsbys and rented to the Lobranos following Hurricane Katrina.  The Lobranos in turn collected reimbursement of their rental payments as Alternative Living Expenses under their homeowners' policy with State Farm.  The Court finds

that this information is not reasonably calculated to lead to the discovery of admissible evidence. The rental arrangements between the Rigsbys and their mother, which do not appear to relate in any direct manner to the McIntosh claim or the Rigsbys *qui tam* action, are too far removed from the topic of the instant litigation to be considered discoverable.  Moreover, State Farm already has questioned Lobrano regarding the rental arrangement.  Compelling Lobrano to provide additional supporting documentation would be unnecessary and unduly burdensome.

**Request No. 8:**  State Farm seeks video rental records from December 2005 through May 2006.  State Farm specifically wants to know when Lobrano rented the movie *The Insider*.  The rental record is of some limited relevance for building a time line, because Lobrano has stated that she viewed the movie after her first meeting with Scruggs.  In her response, Lobrano represents that she attempted to access her video rental records, but that the store where she rented the movie is no longer in business and that the video rental company told her that it only keeps 18 months of rental records.  Based on Lobrano's representations, it appears that there is nothing to compel.  However, Lobrano is directed to execute an affidavit providing State Farm with the name and address of the video rental business in question and explaining her efforts to obtain the requested information.

**Request No. 9:**  State Farm seeks Lobrano's telephone records from December 2005 through May 2006.  State Farm asserts that these phone records might reveal important dates of communications and deeper involvement in the underlying events than has already been conceded by Lobrano.  Lobrano states that she is not in possession of any telephone records from that time frame.  The Court finds that Lobrano's telephone records are not reasonably calculated to lead to the discovery of admissible evidence.  State Farm's blanket request for telephone

records, without a more specific showing for their need or potential relevance, is an insufficient basis for granting a motion to compel.

**Request Nos. 11-13:** State Farm seeks documents reflecting all of Lobrano's communications with Tammy Hardison, Dreux Seghers, and Brian Ford.  State Farm's request as drafted is overly broad.  However, the Court finds that the motion to compel should be granted to the extent that Lobrano should provide documents reflecting communications with Haridson, Seghers, and Ford that relate to the McIntosh property or any other insurance claims issues. Alternatively, if there are no responsive documents, Lobrano should execute an affidavit stating such.

**Request Nos. 14-15:** State Farm seeks documents reflecting payments or reimbursements to the Lobranos by the Scruggs group.  In a previous [490] Order, the undersigned found that information reflecting payments to the Rigsbys' immediate family members is discoverable. This finding applies equally to the Lobranos.  Lobrano argues that she has received nothing from Scruggs, and the only payment she has received was a result of her individual policyholder litigation against State Farm.  The motion to compel is granted to the extent that if Lobrano has any documents in her possession or control that reflect payment or reimbursement by the Scruggs group, then she should provide such documents to State Farm, or alternatively, execute an affidavit stating the absence of such documents.

IT IS THEREFORE ORDERED AND ADJUDGED that State Farm's [521] Motion to Compel is GRANTED in part and DENIED in part subject to the provisions outlined in this Order.  Lobrano shall execute and serve an affidavit within seven (7) days of the entry of this Order.

IT IS FURTHER ORDERED that State Farm's request to re-open the deposition of

Lobrano is DENIED.

SO ORDERED, this the 11th day of June, 2010.

s/ *Robert H. Walker*
UNITED STATES MAGISTRATE JUDGE