IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA ex rel.
CORI RIGSBY and KERRI RIGSBY          RELATORS/COUNTER-DEFENDANTS

v.                                    CASE NO. 1:06cv433-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY   DEFENDANT/COUNTER-PLAINTIFF

and

FORENSIC ANALYSIS ENGINEERING CORPORATION;
HAAG ENGINEERING CO.; and ALEXIS KING                    DEFENDANTS

## STATE FARM FIRE AND CASUALTY COMPANY'S RESPONSE MEMORANDUM IN OPPOSITION TO THE RIGSBYS' [573] & [576] MOTION TO COMPEL AND FOR SANCTIONS

Robert C. Galloway (MSB # 4388)
Jeffrey A. Walker (MSB # 6879)
E. Barney Robinson III (MSB # 09432)
Benjamin M. Watson (MSB # 100078)
Amanda B. Barbour (MSB # 99119)

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
Post Office Drawer 4248
Gulfport, MS 39502
(P) (228) 575-3019
(E) bob.galloway@butlersnow.com

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
200 Renaissance at Colony Park, Suite 1400
1020 Highland Colony Parkway (39157)
Post Office Box 6010
Ridgeland, MS 39158-6010
(P) (601) 948-5711
(F) (601) 985-4500
(E) jeff.walker@butlersnow.com
(E) barney.robinson@butlersnow.com
(E) ben.watson@butlersnow.com
(E) amanda.barbour@butlersnow.com

Michael B. Beers (ASB-4992-S80M), PHV
BEERS, ANDERSON, JACKSON, PATTY & FAWAL, P.C.
Post Office Box 1988
250 Commerce Street, Suite 100 (36104)
Montgomery, AL 36102
(P) (334) 834-5311
(F) (334) 834-5362
(E) mbeers@beersanderson.com

*PRO HAC VICE*

James R. Robie (CA State Bar # 67303), PHV
ROBIE & MATTHAI
Biltmore Tower, Suite 1500
500 South Grand Avenue
Los Angeles, CA 90071
(P) (213) 706-8000
(F) (213) 706-9913
(E) jrobie@romalaw.com

*PRO HAC VICE*

This case is not going well for the Rigsbys. Last week's testimony from three FEMA representatives establishes conclusively that State Farm properly adjusted and paid the McIntosh flood claim.

David Maurstad, the former head of the National Flood Insurance Program ("NFIP"), testified that, in light of the unprecedented storm surge on the Mississippi coast, there was "no way the flood adjuster" could have determined that a property was destroyed by wind before the storm surge arrived.[1] Mr. Maurstad expressly rejected the Rigsbys' suggestion that an adjuster should have withheld payment under the flood policy until the wind damage was assessed, explaining that employing such grounds to deny flood insurance payments would have been an "unconscionable" act that would have violated the letter and spirit of the NFIP.[2] Mr. Maurstad further testified that FEMA guidelines and "common sense" permitted a flood claims adjuster to forego an "itemized line-by-line claim adjusting process" where (as here) the "damage far exceeded the policy limits."[3]

James Shortley, FEMA's Director of Claims for the NFIP at the time of Katrina, similarly testified that – contrary to the Rigsbys' central theory of the case – a stick build estimate would not have been necessary where (as here) the flood adjuster performed a site visit, determined that the property was a constructive total loss, and documented that loss with photographs, scope notes, and diagrams.[4]

---

[1] Maurstad Dep. at 10:8-11:21; 31:13-32:12; 36:24-38:20; 126:1-127:12, excerpts attached to Response as Exhibit A.

[2] *Id.* at 126:1-127:12.

[3] *Id.* at 149:5-150:20.

[4] Shortley Dep. at 9:20-10:6; 27:5-25, excerpts attached to Response as Exhibit B.

Finally, Gerald Waytowich, who was responsible for conducting routine FEMA reinspections of flood adjustments done by companies such as State Farm to ensure compliance with FEMA policies and procedures, reviewed the McIntosh flood claim file and found: (i) the photographs of the McIntosh property indicate flood damage "way beyond the $250,000" policy limits;[5] (ii) the McIntosh flood claim was properly scoped and documented;[6] (iii) the use of XactTotal was consistent with the training given by FEMA for handling Katrina claims;[7] and (iv) the McIntosh flood claim file justified a $250,000 flood payment.[8]

Stung by this testimony, the Rigsbys have filed this motion in a desperate but misplaced effort to shift the momentum and to shift the attention away from the substance of this matter by creating a procedural tempest in a teapot. Their motion does not withstand scrutiny.

The Rigsbys complain that State Farm supplemented its prior productions with a "trickle of documents," stating that "[a] party is required to make a reasonably diligent search for responsive documents so that responsive documents can be produced timely." ([574] at 2-3.)[9] That is exactly what State Farm did. It produced over 23,000 pages and ten computer discs to the Rigsbys before the complained-of "trickle." (*Id.* at 2.)

At the heart of the matter, the Rigsbys take umbrage at the fact that State Farm has been supplementing its discovery responses in accordance with Rule 26(e), which requires parties to supplement their discovery responses "in a timely manner if the party learns that in some

---

[5] Waytowich Dep. at 15:7-16:3; 26:8-22; 47:13-18, excerpts attached to Response as Exhibit C.

[6] *Id.* at 46:18-22.

[7] *Id.* at 47:6-25.

[8] *Id.* at 48:17-24.

[9] The Rigsbys filed their motion papers twice: once as ([573] & [574]) and a second time as ([576] & [577]). While these papers respond to both of these identical filings, for convenience, all citations are to the first-filed set of papers.

material respect the disclosure or response is incomplete." *See generally* 6 James Wm. Moore et al., *Moore's Federal Practice* § 26.131 (3d ed. 2009). State Farm continues to review its responses and when additional documents are identified they are produced. This includes a current instance where some documents that were electronically tagged for production were not transferred to the production due to a computer error. Other documents are being produced due to the parties' resolving prior objections.

The Rigsbys' complaints are particularly ironic considering that on June 3, 2010, just one day before they filed their motion, they notified State Farm that they would supplement *their* discovery responses with materials that State Farm "requested previously" ([574] at 1), and which were "readily available" (*id.*), to the Rigsbys.

> In response to [State Farm's] request, we [the Rigsbys] have reviewed again the materials on the computers to verify that we have made all reasonable efforts to identify information responsive to discovery requests. We have located one additional group of documents that may be responsive. We ... will produce them shortly. The documents are invoices indicating services provided by the Zuckerman Spaeder firm to the Rigsbys.

(Letter from C. Litherland to J. Walker, dated June 3, 2010, Resp. at Ex. D.)

Moreover, the Rigsbys labor under the misimpression that every document that State Farm subsequently produced was made in response to their document requests. Had they paid attention to State Farm's June 4, 2010 letter, which they attach to their motion, they would have learned that several of the documents included in the "trickle" are ones that they *never* requested. For example, State Farm explained that its April 6, 2010 production consisted of the Lobranos' claim files, which were *not* responsive to any discovery request. ([574-1] at 2.) Likewise, State Farm explained that the six documents it produced on June 1, 2010 "are documents State Farm disclosed ... as possible documents it may wish to use in depositions or trial or in rebuttal. These

3

were *not* documents found in the searches for responses to Relators' discovery requests." ([574-1] at 3 (emphasis added).)

In a similar vein, the Rigsbys also contend that "[i]t is simple [sic] inexplicable that State Farm would not have searched for responsive documents among the email records of [certain supposed] key players." ([574] at 4.) In fact, it is very much explicable: the Rigsbys' demand is premised on an unfounded assumption. As State Farm explained in its June 4, 2010 letter, "State Farm does not have a repository of captured email for the relevant time period by which to conduct 'a comprehensive search of these individual email records.'" ([574-1] at 2.) "[T]here are no email records of individuals for the relevant time period that can be searched." (*Id.*) As a result of the Rigsbys' onerous discovery demands, State Farm "individually review[ed] tens of thousands of documents," which resulted in its production of thousands of pages of documents. (*Id.*) When State Farm became aware of additional materials that might be responsive to those requests, State Farm supplemented its responses in accordance with the Rules, precisely as they were designed and intended to operate. Such conduct is not actionable, let alone sanctionable.

In fact, the sanction that the Rigsbys request – *i.e.*, "that State Farm's lead counsel … file a certification ... attesting that ... State Farm has taken all appropriate steps to assure that [State Farm] has located and produced responsive documents" ([574] at 4) – is superfluous. It is something they *already* possess by virtue of the terms of Rule 26(g)(1)(A) as well as prior communications between counsel. <u>First</u>, by signing the response, "an attorney … certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry" the disclosure "is complete and correct as of the time it is made." Fed. R. Civ. P. 26(g)(1). "An order from the court to do what is already required under law is unnecessary." *Brandon v. Bergh*, 2009 WL 1346263, at *2 (W.D. Mich. 2009). <u>Second</u>, though the Rigsbys quote State Farm's

4

May 6, 2010 letter as if it were some sort of evidence of wrongdoing, State Farm confirmed that it was proceeding in accordance with the Rules.

> State Farm has made every effort to locate all responsive documents and produce them to you in a timely fashion. We believe we have produced all responsive documents that we have been able to locate to date. If any other responsive documents should be subsequently identified, their production will be made in accordance with the rules.

([574-2] at 2.) The Rigsbys' motion is much ado about nothing. Their request that State Farm should be sanctioned and assessed costs – for volitionally fulfilling its duties in accordance with the Federal Rules – should be denied.

Their case having been thoroughly eviscerated in last week's FEMA depositions, the Rigsbys are now relegated to manufacturing satellite discovery disputes. While the Rigsbys' papers reflect their desperation, they do not show anything other than State Farm's continued compliance with the Federal Rules.

For all of the foregoing reasons, State Farm respectfully requests that this Court deny the Rigsbys' ([573] & [576]) motion to compel and for sanctions in its entirety.

This the 11th day of June, 2010.

    Respectfully submitted,

    STATE FARM FIRE AND CASUALTY COMPANY

By:    /s/ *Jeffrey A. Walker* (MSB # 6879)
        Jeffrey A. Walker (MSB # 6879)
        Robert C. Galloway (MSB # 4388)
        E. Barney Robinson III (MSB #09432)
        Benjamin M. Watson (MSB # 100078)

    ITS ATTORNEYS

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
Post Office Drawer 4248
Gulfport, MS   39502
(P) (228) 575-3019
(E) bob.galloway@butlersnow.com

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
200 Renaissance at Colony Park, Suite 1400
1020 Highland Colony Parkway (39157)
Post Office Box 6010
Ridgeland, MS 39158-6010
(P) (601) 948-5711
(F) (601) 985-4500
(E) jeff.walker@butlersnow.com
(E) barney.robinson@butlersnow.com
(E) ben.watson@butlersnow.com
(E) amanda.barbour@butlersnow.com

Michael B. Beers (ASB-4992-S80M), PHV
BEERS, ANDERSON, JACKSON, PATTY & FAWAL, P.C.
Post Office Box 1988, Suite 100
250 Commerce Street (36104)
Montgomery, Alabama 36102
(P) (334) 834-5311
(F) (334) 834-5362
(E) mbeers@beersanderson.com

*PRO HAC VICE*

James R. Robie (CA State Bar # 67303), PHV
ROBIE & MATTHAI
Biltmore Tower, Suite 1500
500 South Grand Avenue
Los Angeles, California  90071
(P) (213) 706-8000
(F) (213) 706-9913
(E) jrobie@romalaw.com

*PRO HAC VICE*

## CERTIFICATE OF SERVICE

I, Jeffrey A. Walker, one of the attorneys for State Farm Fire and Casualty Company, do hereby certify that I have this day caused a true and correct copy of the foregoing instrument to be delivered to the following, via the means directed by the Court's Electronic Filing System:

C. Maison Heidelberg
Ginny Y. Kennedy
MAISON HEIDELBERG P.A.
795 Woodlands Parkway, Suite 220
Ridgeland, MS 39157
(P) (601) 351-3333
(F) (601) 956-2090
(E) maison@heidlebergpa.com

Scott D. Gilbert
August J. Matteis, Jr.
Craig J. Litherland
Benjamin R. Davidson
GILBERT LLP
11 New York Avenue, NW
Suite 700
Washington, DC 20005
(E) gilberts@gotofirm.com
(E) matteisa@gotofirm.com
(E) litherlandc@gotofirm.com
(E) davidsonb@gotofirm.com

COUNSEL FOR CORI RIGSBY AND KERRI RIGSBY

Jeffrey S. Bucholtz
Joyce R. Branda
Patricia R. Davis
Jay D. Majors
UNITED STATES DEPARTMENT OF JUSTICE
Civil Division
P.O. Box 261
Ben Franklin Station
Washington, DC 20044
(P) (202) 307-0264
(F) (202) 514-0280

Stan Harris
Alfred B. Jernigan, Jr.
Felicia C. Adams
UNITED STATES ATTORNEY'S OFFICE
Southern District of Mississippi
Suite 500
188 East Capitol Street
Jackson, MS 39201
(P) (601) 965-4480
(F) (601) 965-4409

ATTORNEYS FOR THE UNITED STATES

Larry G. Canada
Kathryn Breard Platt
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
701 Poydras Street
Suite 4040
New Orleans, LA 70139
(P) (504) 525-6802
(F) (504) 525-2456

ATTORNEYS FOR HAAG ENGINEERING CO.

Robert D. Gholson
Daniel D. Wallace
GHOLSON, BURSON, ENTREKIN & ORR, P.A.
535 North 5th Avenue (39440)
P.O. Box 1289
Laurel, MS 39441-1289
(P) (601) 649-4440
(F) (601) 649-4441

ATTORNEY FOR FORENSIC ANALYSIS ENGINEERING CORPORATION

This the 11th day of June, 2010.

                                    /s/ *Jeffrey A. Walker* (MSB #6879)
                                    Jeffrey A. Walker (MSB #6879)

Jackson 5238445v1