UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CORI RIGSBY and
KERRI RIGSBY                                                              RELATORS

VERSUS                                        CIVIL ACTION NO. 1:06CV433-LTS-RHW

STATE FARM FIRE & CASUALTY COMPANY et al                      DEFENDANTS

## ORDER DENYING MOTION TO COMPEL AND FOR SANCTIONS

On June 4, 2010, less than one month before the close of discovery, Relators filed a [573]

Motion to Compel and [576] Motion for Sanctions.  In their motions, Relators contend that on

four separate occasions, State Farm produced documents on the eve of a deposition to which

those documents related.  Although State Farm provided "limited explanations as to its tardy

productions," Relators complain that they have not received "any assurances that this pattern will

cease."  Relators argue that State Farm's repeated supplementation of discovery responses

"indicates a failure to make a reasonably complete search for responsive documents at the

outset."  Consequently, Relators filed the instant motions asking the Court to compel State Farm

"to fully, completely, and promptly produce all responsive documents in its possession".

Relators also ask that State Farm's lead counsel review the document search, review and

production and certify that State Farm has taken all appropriate steps in producing responsive

documents.

The Court finds that Relators' motions should be denied.  The motion to compel does not

specify any interrogatory or request for production to which State Farm has failed to respond in

an adequate fashion. Rather, Relators make general and non-specific allegations of inadequate

production or untimely production of documents on previous occasions.  The motion lacks

adequate specificity to allow the Court to fashion a remedy and therefore provides an insufficient

basis for the Court to order State Farm to compel further discovery responses.

The Court finds equally unpersuasive Relators' request for the sanction of compelling

lead counsel to certify and attest that State Farm has taken all appropriate steps to assure that it

has located and produced responsive documents.  This step is superfluous given that State Farm's

counsel, by virtue of signing the response to discovery, "certifies that to the best of the person's

knowledge, information, and belief formed after a reasonably inquiry" the disclosure "is complete

and correct as of the time it is made."  Fed. R. Civ. P. 26(g)(1).  The requested sanction would

unnecessarily duplicate this certification process;  therefore, the motion should be denied.

IT IS THEREFORE ORDERED AND ADJUDGED that the [573] Motion to Compel

and [576] Motion for Sanctions are DENIED.

SO ORDERED, this the 23rd day of June, 2010.

s/ *Robert H. Walker*

UNITED STATES MAGISTRATE JUDGE