IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA ex rel.
CORI RIGSBY and KERRI RIGSBY     RELATORS/COUNTER-DEFENDANTS

v.                                CASE NO. 1:06cv433-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY   DEFENDANT/COUNTER-PLAINTIFF

and

FORENSIC ANALYSIS ENGINEERING CORPORATION;
HAAG ENGINEERING CO.;
DEFENDANTS

## DON BARRETT AND KLG'S MEMORANDUM BRIEF IN SUPPORT OF THIER RESPONSE IN OPPOSITION TO STATE FARM'S MOTION TO COMPEL AND MOTION FOR PROTECTIVE ORDER

Don Barrett and the Katrina Litigation Group (referred to collectively as "KLG" for brevity) submit this Their Memorandum Brief in Support of Their Response in Opposition to State Farm's Motion to Compel and Motion for Protective Order.

State Farm's subpoena seeks extensive documents that are in the nature of work product and which are protected by attorney-client privilege or are otherwise confidential. Katrina Litigation Group, successor to the Scruggs Katrina Group ("SKG"), presently possesses some responsive documents, but is constrained by privilege and the burdens of production which are unreasonable and potentially unnecessary. KLG has produced approximately 600 pages of non-privileged documents, including documents reflecting all reimbursements to the Scruggs Law Firm ("SLF") for payments made to the Rigsby sisters by SLF and all documents identifiable as expense reimbursements to the Rigsbys.

The central issue at this point is the scope of State Farm's subpoena, which, as written, will require KLG to review thousands of emails sent by the members of KLG to determine which may be responsive, determine privilege, prepare a detailed privilege log, and if compelled to produce said documents, redact non-responsive and privileged information. This process is expected to take as least 45 days to complete. Most of the responsive documents are emails among SKG lawyers, and are therefore, privileged work product. State Farm has made no showing of substantial necessity for these documents as it has all financial information relating to payments to or on behalf of the Rigsbys in the possession, custody or control of KLG, with the possible exception of billings by the Rigsbys' former counsel.

KLG moves the Court to deny State Farm's motion, or in the alternative, provide protection of KLG from unnecessary burden and expense. The manifests which have been produced provide adequate information detailing the payments to or on behalf of the Rigsby sisters.

As to request number 6, communications between SKG and Senator Trent Lott, other than that which had been produced, are attorney-client privileged, as SKG represented Senator Lott in his Katrina claim.

As to request number 7, Congressman Gene Taylor was also a client of SKG and communications with him are also attorney-client privileged.

Request number 8, as written, is overbroad, and would require the review of all emails within KLG. Such would be unduly burdensome. If the Court orders it to review these documents, however, KLG requests that it be given forty-five (45) days from June 23, 2010 to produce a privilege log and that the expenses of this research and production be paid for by State Farm.

As to request number 9, KLG has located no responsive documents within the requested date

range. The Lobranos hired KLG to represent them in their Katrina claim in November, 2006, and the client contract was ultimately executed by them on February 26, 2007.

As to request number 10, KLG has located no responsive documents, except for the manifests which have been produced to State Farm.

As to request number 11, KLG has located no responsive documents except for the manifests which have been produced.

As to request number 12, KLG has located no responsive documents.

As to Request No. 13, KLG has no responsive documents, except for the manifests which have been produced.

As to request number 14, KLG has located no responsive documents.

Likewise, KLG has not located any responsive documents with regard to request number 15.

As to request number 16, KLG has located no responsive documents except for the manifests which have been produced.

As to request number 17, said request should be limited to those documents that are related to the McIntosh claim, in accordance with this Court's June 11, 2010, Order.

As to request number 18, KLG has no responsive documents except for the manifests which have been produced and the billing statements of the Rigsbys' former counsel, which are attorney-client privileged.

For reasons stated hereinabove, KLG prays that the Court deny State Farm's Motion to Compel, or in the alternative, enter an order that KLG not be required to research the email of KLG, or in the alternative, if KLG is required to produce emails, that KLG be given 45 days to produce the a privilege log.

Respectfully submitted this the 23rd day of June, 2010.

/s/ David McMullan, Jr.
David McMullan, Jr.
DON BARRETT, P.A.
404 Court Square North
P.O. Box 987
Lexington, Mississippi 39095
Telephone: (662) 834-2376
Facsimile: (662) 834-2628
Email: dmcmullan@barrettlawoffice.com

Counsel for Don Barrett and
Katrina Litigation Group

**CERTIFICATE OF SERVICE**

This is to certify that the undersigned attorney for Don Barrett and Katrina Litigation Group, has this day served a copy of the above and foregoing upon all counsel of record and other interested persons via the Court's Electronic Notification System.

/s/ David McMullan, Jr.
David McMullan, Jr.

Counsel for Don Barrett and
Katrina Litigation Group

4