UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CORI RIGSBY and
KERRI RIGSBY                                                                                                RELATORS

VERSUS                                       CIVIL ACTION NO. 1:06CV433-LTS-RHW

STATE FARM FIRE & CASUALTY COMPANY et al            DEFENDANTS

### ORDER GRANTING IN PART MOTION FOR PROTECTIVE ORDER

Before the Court is Defendant State Farm's [631] Motion for Protective Order with respect to a [616] Notice of Rule 30(b)(6) deposition. Defendant filed the motion on June 21, 2010. The deposition is scheduled to occur June 30, 2010. The Court expedited response and reply deadlines to accommodate the deposition date and the fast-approaching July 1, 2010, discovery deadline. The Defendant argues that the deposition notice is untimely and that the deposition topics are beyond the scope of discovery. Relators argue that the late deposition request is justified, in part, by recently discovered information and/or the untimely production of documents by State Farm.

By correspondence dated June 8, 2010, Relators first notified State Farm of its intention to seek a Rule 30(b)(6) deposition. By correspondence dated June 15, 2010, State Farm indicated its objections to the proposed topics of inquiry. State Farm further indicated that it would be unable to produce a corporate representative for a deposition given the multitude of depositions that have been scheduled to occur in the days leading up to the July 1, 2010, discovery deadline.

Having reviewed the pleadings and arguments of the parties, the Court finds that the motion for protective order should be granted in part. The deposition will be allowed to proceed;

however, in order to allow State Farm time to prepare a 30(b)(6) representative, the parties will be allowed to conduct an out-of-time deposition to occur no later than July 12, 2010.

The Court provides the following guidelines and limitations regarding the topics of inquiry: (1) Relators are permitted to question State Farm's corporate representative about what steps were taken to preserve documents and other data relating specifically to the McIntosh policy claims, and whether State Farm followed its document retention policies with respect to the McIntosh claim.  However, the protective order is granted to the extent that Relators are not permitted to look behind the discovery process or to inquire into State Farm's efforts at responding to discovery in this, or any other, litigation.  Such questions are beyond the scope of discovery and would be inconsistent with maintaining the July 1, 2010, discovery deadline.  (2) Relators are permitted to question State Farm's 30(b)(6) representative about general policies, practices, and procedures regarding the use of engineering reports for Hurricane Katrina claims and the use of engineering reports specifically for the McIntosh claim.  The Court anticipates that such inquiry would not require State Farm to provide information or ask questions about any specific claim or engineering report other than the McIntoshes.  (3) Relators are permitted to inquire about State Farm's general polices, practices, and procedures for reporting the use of Stick Build Estimates to the NFIP, as well as the specific reporting of Stick Build Estimates for the McIntosh claim.  Again, the Court anticipates that the inquiry would not require State Farm to provide information or ask questions about any specific claim or properties other than the McIntoshes.

IT IS THEREFORE ORDERED AND ADJUDGED that the [631] Motion for Protective Order is GRANTED in part and DENIED in part, consistent with the provisions outlined in this

Order.

SO ORDERED, this the 29th day of June, 2010.

*s/ Robert H. Walker*
UNITED STATES MAGISTRATE JUDGE