UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CORI RIGSBY and
KERRI RIGSBY                                                                                          RELATORS

VERSUS                                                            CIVIL ACTION NO. 1:06CV433-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY et al                        DEFENDANTS

### ORDER GRANTING IN PART MOTION TO COMPEL

Before the Court is Defendant's [593] Motion to Compel Don Barrett and the Katrina Litigation Group to comply with subpoena duces tecum. For convenience, the Court will refer to the recipients of the subpoena duces tecum as "KLG". In its response, KLG argues that the subpoena seeks extensive documents that are in the nature of work product and protected by attorney-client privilege. KLG also asserts that the burden of production is unreasonable. According to KLG, the central issue at this point is to review thousands of emails sent by members of KLG to determine which may be responsive and to determine if privileges apply to any of the responsive emails. In determining the permissible scope of discovery, the Court relies on a previous [490] Order entered in this case and [563, 1194] Orders entered in *McIntosh v. State Farm Fire & Casualty*, Civil Action No. 1:06cv1080.

**Request No. 1:** Defendant seeks documents concerning communications between KLG and the media. This information was deemed discoverable in the *McIntosh* lawsuit. Likewise, in a previous order of this Court, the information has been deemed discoverable in the present lawsuit. The motion to compel should be granted with respect to this request.

**Request Nos. 2, 3, 4, 5, & 18:** These requests all seek documents relating to

compensation paid to the Rigsbys by KLG, including documents that relate to the sale of a house and any agreement to defend or indemnify. The Court in *McIntosh*, and previously in this lawsuit, has deemed this type of information to be discoverable. Therefore, the motion to compel should be granted with respect to this request.

**Request Nos. 6 & 7:** Defendant seeks documents concerning communications between KLG and Senator Trett Lott or Congressman Gene Taylor that relate to the Rigsbys, the McIntoshes, Brian Ford, or the instant lawsuit. Although KLG argues that Lott and Taylor are clients and therefore such communications would be subject to attorney-client privilege, Defendant does not seek documents relating to insurance claims of Lott or Taylor. Rather, Defendant seeks communications relating to the McIntosh claim, the Rigsbys, and the instant *qui tam* action. The mere fact that KLG represented Lott and Taylor in unrelated litigation does not render every communication between KLG and Lott or Taylor subject to the attorney-client privilege. The Court previously has found these communications to be discoverable, and they remain discoverable. The motion to compel should be granted. If KLG determines that any responsive documents are subject to the attorney-client privilege, then it should prepare a privilege log reflecting such.

**Request No. 17:** State Farm seeks documents concerning communications with Brian Ford. Given Ford's central role in the McIntosh claim, and his communications with attorneys connected to KLG, the Court finds that this document request is reasonably calculated to lead to the discovery of admissible evidence; therefore, the motion to compel should be granted with respect to this request.

**Request Nos. 8, 9, 10, 11, 12, 13, 14, 15, 16:** As to these document requests, State Farm

has either withdrawn or accepted KLG's response as resolving the dispute.  Hence, the motion to compel should be denied with respect to each of these requests.

IT IS THEREFORE ORDERED AND ADJUDGED that the [593] Motion to Compel is GRANTED in part and DENIED in part subject to the provisions outlined in this order.

IT IS FURTHER ORDERED that the Court will allow out-of-time discovery and that KLG shall have 20 days from the entry of this Order to comply with its terms, including the requirement of producing a privilege log for any responsive documents that are withheld pursuant to a legally valid privilege.

SO ORDERED, this the 1st day of July, 2010.

s/ Robert H. Walker<br>UNITED STATES MAGISTRATE JUDGE