IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. CORI RIGSBY and KERRI RIGSBY | RELATORS/COUNTER-DEFENDANTS |
| v. | CASE NO. 1:06cv433-LTS-RHW |
| STATE FARM FIRE AND CASUALTY COMPANY | DEFENDANT/COUNTER-PLAINTIFF |
| and | |
| FORENSIC ANALYSIS ENGINEERING CORPORATION; HAAG ENGINEERING CO.; and ALEXIS KING | DEFENDANTS |

**STATE FARM FIRE AND CASUALTY COMPANY'S
MEMORANDUM IN SUPPORT OF ITS MOTION
FOR LIMITED AMENDMENT TO CASE MANAGEMENT ORDER [365]**

*(With Good Faith Certificate)*

Robert C. Galloway (MSB #4388)
Jeffrey A. Walker (MSB #6879)
E. Barney Robinson III (MSB #09432)
Benjamin M. Watson (MSB #100078)
Amanda B. Barbour (MSB #99119)

BUTLER, SNOW, O'MARA, STEVENS &
CANNADA, PLLC
Post Office Drawer 4248
Gulfport, MS  39502
(P) (228) 575-3019
(E) bob.galloway@butlersnow.com

BUTLER, SNOW, O'MARA, STEVENS &
CANNADA, PLLC
200 Renaissance at Colony Park, Suite 1400
1020 Highland Colony Parkway (39157)
Post Office Box 6010
Ridgeland, MS 39158-6010
(P) (601) 948-5711
(F) (601) 985-4500
(E) jeff.walker@butlersnow.com
(E) barney.robinson@butlersnow.com
(E) ben.watson@butlersnow.com
(E) amanda.barbour@butlersnow.com

Michael B. Beers (ASB-4992-S80M), PHV
BEERS, ANDERSON, JACKSON, PATTY &
FAWAL, P.C.
Post Office Box 1988, Suite 100
250 Commerce Street (36104)
Montgomery, Alabama 36102
(P) (334) 834-5311
(F) (334) 834-5362
(E) mbeers@beersanderson.com

*PRO HAC VICE*

James R. Robie (CA State Bar # 67303), PHV
ROBIE & MATTHAI
Biltmore Tower, Suite 1500
500 South Grand Avenue
Los Angeles, California  90071
(P) (213) 706-8000
(F) (213) 706-9913
(E) jrobie@romalaw.com

*PRO HAC VICE*

# **TABLE OF CONTENTS**

**Page**

TABLE OF CONTENTS ................................................................................................................ i

CONFERRAL STATEMENT ........................................................................................................1

INTRODUCTION ..........................................................................................................................1

ARGUMENT ..................................................................................................................................3

    I.    STATE FARM NEEDS THE TRG MATERIALS IN ORDER TO COMPLETE ITS DEPOSITION OF THE RIGSBYS, SLF – AND PERHAPS TO DEPOSE TRG ITSELF ...............................................................3

    II.    STATE FARM NEEDS RELIEF IN KENTUCKY TO COMPLETE THE DEPOSITION OF SLF ..............................................................................6

    III.    STATE FARM NEEDS RELIEF IN KENTUCKY TO OBTAIN MATERIALS CALLED FOR BY SUBPOENAS ALREADY ENFORCED BY THE FEDERAL DISTRICT COURT ...........................................8

    IV.    THE CURRENT MOTION DEADLINE SHOULD BE EXTENDED UNTIL AUGUST 16, 2010 TO PREVENT UNDUE PREJUDICE OCCASIONED BY THESE MATTERS ..............................................................11

    V.    STATE FARM HAS DEMONSTRATED GOOD CAUSE UNDER RULE 16(B)(4) ..................................................................................................13

CONCLUSION .............................................................................................................................14

CERTIFICATE OF SERVICE .....................................................................................................16

Defendant/Counter-Plaintiff State Farm Fire and Casualty Company ("State Farm") respectfully submits this Memorandum, pursuant to Federal Rule of Civil Procedure 16(b)(4), in Support of its Motion for a Limited Amendment to the Case Management Order [365].[1]

## CONFERRAL STATEMENT

As described in more detail below, State Farm and the Rigsbys have conferred regarding the relief requested in this motion[2] – and the Rigsbys do not oppose the relief requested herein as to The Rendon Group, Inc. or the amendment of section 6(e) of the CMO so that all motions that are currently due on July 15, 2010 will instead be due on August 16, 2010. The Rigsbys have indicated that they will oppose the balance of this motion.

## INTRODUCTION

Under the Court's Case Management Order [365], the deadline for discovery is today, July 1, 2010. ([365] at 2.) State Farm emphatically does not seek a blanket extension of the discovery deadline. To the contrary, the Parties have labored intensively to meet this deadline and have in large part been successful. However, there are a few discrete matters – the occurrence and timing of which involve federal courts in other jurisdictions and were largely beyond State Farm's control – that remain unresolved as of today. Specifically:

(1) **Discovery from The Rendon Group:** The Rendon Group, Inc. ("TRG") is a public relation firm in Washington, D.C., that worked closely with the Rigsbys and their former counsel on several issues that directly pertain to this litigation. On June 17, 2010, after protracted litigation, the federal district court for the District of Columbia ordered TRG to produce various documents – which TRG estimates to comprise approximately 2,950 emails (about 375 of which have attachments) for a total of approximately 4,000 pages – to State Farm. Though TRG's lawyers assure State Farm that they are working as expeditiously as

---

[1] Pursuant to Fed. R. Civ. P. 16 and Miss. Unif. Dist. Ct. L. Civ. R. 16, Robert C. Galloway certifies that the instant motion is filed in good faith and to prevent undue prejudice to State Farm caused by the matters described herein. (28 U.S.C. § 1746 Decl. of Robert C. Galloway at ¶5, Ex. D to Mtn.)

[2] (Good Faith Certificate, Ex. P to Mtn. & 06-30-2010 E-mail from Craig Litherland to Barney Robinson, Ex. Q to Mtn.)

1

      possibly, the materials have yet to be produced. These materials are essential for State Farm to review in order for it to complete the depositions of the Rigsbys and SLF, Inc. ("SLF"). It may also be necessary to depose TRG.

(2)   **SLF's Testimonial Obstruction.** On June 28, 2010, State Farm deposed SLF, which is the successor to Scruggs Law Firm, P.A. Unfortunately, SLF's corporate designee, who was deposed pursuant to Fed. R. Civ. P. 30(b)(6), repeatedly claimed to lack any knowledge regarding many designated topics, and admitted that he had made little to no attempt to educate himself on these topics. State Farm will be filing an expedited motion in the federal district court for the Eastern District of Kentucky (the court from which the subpoena issued) to compel SLF to provide an appropriate Rule 30(b)(6) witness. While State Farm will seek expedited relief, the motion will not be resolved by today's discovery deadline.

(3)   **SLF's Document Shell Game.** After being served with two subpoenas duces tecum, SLF filed a miscellaneous proceeding in the federal district court for the Eastern District of Kentucky. The court granted State Farm's cross-motion to compel and denied SLF's motion to quash. Notwithstanding this order, SLF produced only a handful of responsive documents. It made no effort to collect relevant documents in its control. These documents bear directly on several material issues in this case and State Farm needs that production in order to complete the depositions of the Rigsbys and SLF. State Farm will soon be filing an appropriate motion in the Eastern District of Kentucky, though it will necessarily not be resolved by today's discovery deadline.

      In addition to these miscellaneous proceedings pending in other federal courts, on June 29, 2010, this Court entered its [663] Order granting in part and denying in part State Farm's [631] motion for protective order concerning the Rigsbys' desire to take a Rule 30(b)(6) deposition of State Farm. That [663] Order permitted the Rigsbys' "to conduct an out-of-time Rule 30(b)(6) deposition of State Farm, no later than July 12, 2010." ([663] at 3.)

      The fact that some limited discovery cannot be completed by the July 1, 2010 deadline necessarily implicates the deadlines for motion practice as well. Under the CMO, the deadline for filing certain motions is July 15, 2010. ([365] at 2.) But July 15, 2010 is a mere three days after the Rigsbys' last date to depose State Farm under [663] and likely *before* State Farm will have possession of the TRG materials, a ruling from the federal court in Kentucky regarding SLF's obstruction and any meaningful opportunity to complete the depositions of the Rigsbys, SLF, or if necessary, TRG.

In sum, State Farm does not seek to extend the June 1, 2010 current discovery deadline or to generally reopen discovery. Nor does State Farm seek to delay the trial date, which is currently set for December 1, 2010. However, State Farm does request the following specific and limited relief in order to ameliorate the prejudice it would otherwise suffer due to the current scheduling conundrum resulting from matters beyond its control:

(1) Leave to complete the depositions of the Rigsbys and SLF and to depose TRG (if necessary) past the current discovery deadline; and

(2) Amendment of Section 6(e) of the CMO so that all motions that are currently due on July 15, 2010 will, instead, be due on August 16, 2010.

State Farm and the Rigsbys have conferred regarding the relief requested in this motion[3] – and the Rigsbys do not oppose granting State Farm leave to depose TRG on or before July 30, 2010, after TRG's production. The Rigsbys further do not oppose the amendment of section 6(e) of the CMO so that all motions that are currently due on July 15, 2010 will, instead, be due on August 16, 2010. However, the Rigsbys have indicated that they do oppose any further deposition questioning of SLF or the Rigsbys and any further production by SLF.

## ARGUMENT

**I. STATE FARM NEEDS THE TRG MATERIALS IN ORDER TO COMPLETE ITS DEPOSITION OF THE RIGSBYS, SLF – AND PERHAPS TO DEPOSE TRG ITSELF**

TRG is a public relations firm[4] in Washington D.C. that performed certain services for SKG and the Rigsbys relevant to this Action.[5] On January 5, 2010, State Farm served its [400]

---

[3] (Good Faith Certificate, Ex. P to Mtn.; 06-30-2010 E-mail from Craig Litherland to Barney Robinson, Ex. Q to Mtn.)

[4] *See generally* ([4-1] Declaration of Robert C. Galloway in *The Rendon Group, Inc. v. Cori Rigsby, et al.*; No. 1:10mc00164-HHK-JMF (D.D.C.), Ex. G to Mtn.); *see also* www.rendon.com.

[5] This Court has previously found the Rigsbys' and SKG's media contacts discoverable. *E.g.*, ([490] at 4) ("The request for information and documents regarding contacts with the media is granted. This information was deemed discoverable in the underlying *McIntosh* claim, and is discoverable in the present action as well. *See McIntosh* dkt. entry [563] at 6").

subpoena duces tecum on TRG seeking discoverable materials – including materials potentially relevant to the many seal violations at issue in this Action.

In response, on March 9, 2010, TRG initiated a miscellaneous proceeding in federal district court in the District of Columbia (the "*TRG* Alias Case"),[6] in seeking to quash the subpoena.  *See* (Docket Sheet from *TRG* Alias Case, Ex. F to Mtn.)  On June 17, 2010, the court in the *TRG* Alias Case ordered TRG to produce the following materials to State Farm:

# ORDER

In accordance with the accompanying memorandum opinion, it is hereby

**ORDERED** The Rendon Group Inc.'s Motion to Quash or Modify Subpoena for Documents [#1] is **GRANTED IN PART**.  It is further, hereby,

**ORDERED**

that TRG produce the following:

1. All documents concerning the Relators, Ms. Cori (Moran Rigsby) and Ms. Kerri Rigsby.

2. All documents concerning the False Claims Act action filed by the Relators.

**SO ORDERED.** 

Digitally signed by John M. Facciola
Date: 2010.06.17 09:05:08 -04'00'

JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

([23] Order in No. 1:10mc00164-HHK-JMF & [24] Mem. Op. in *id.*, Exs. A & B to Mtn.)

Although TRG's counsel has assured State Farm that TRG is moving as expeditiously as possible, they have supposedly experienced certain technical setbacks. (06-30-2010 E-mail from Russ Gaspar to Aaron Tucker, Ex. N to Mtn.)  As of today, State Farm does not yet have that

---

[6] *The Rendon Group, Inc. v. Cori Rigsby, et al.*; No. 1:10mc00164-HHK-JMF (D. DC); *see* (Docket Sheet from *TRG* Alias Case, Ex. F to Mtn.)

production – estimated by TRG to consist of approximately 2,950 emails (about 375 of which have attachments) for a total of approximately 4,000 pages [7] – and needs it in order to complete the depositions of the Rigsbys and SLF, as well as to perhaps depose TRG. This Court has found the Rigsbys' media contacts discoverable, ([490] at 4) and it appears TRG has materials relevant to the several of State Farm's defenses to the Rigsbys' FCA claims as well as to their general veracity. *See* ([4-1] Decl. of Robert C. Galloway in *The Rendon Group, Inc. v. Rigsby*, No. 1:10mc00164-HHK-JMF (D. DC), Ex. G to Mtn.); ([14] TRG Privilege Log in *id.*, Ex. M to Mtn.).

As it stands, even if TRG were to produce the approximately 4,000 pages today, it would take State Farm time to review them, complete the Rigsbys' deposition, and possibly depose TRG (if it becomes necessary to authenticate or lay the business records foundation for such materials – or inquire further about State Farm's defenses).

Importantly, none of this should come as a surprise to the Rigsbys, as State Farm wrote their counsel on June 4, 2010 and advised them that the delay in TRG's production might necessitate the completion of the Rigsbys' depositions out-of-time. (06-04-2010 E-mail attaching letter from Jeffery A. Walker to Rigsbys' Counsel, Ex. E to Mtn.) Further, State Farm stated on the record at the Rigsbys' respective depositions and at SLF's deposition that it reserved the right to complete its questioning after receipt of the TRG production.[8] As indicated above, the Rigsbys do not oppose the relief sought in this section as to TRG.

---

[7] *See* (06-25-2010 E-mail from Russ Gaspar to Aaron Tucker re: production of TRG materials in alias proceeding & 28 U.S.C. § 1746 Decl. of Robert C. Galloway at ¶4, Exs. C & D to Mtn.)

[8] (06-24-2010 Kerri Rigsby Dp. Excerpts at 1-6, 276; 06-25-2010 Cori Rigsby Dp. Excerpts at 1-6, 213, & 06-28-2010 Rule 30(b)(6) Deposition of Scruggs Law Firm, P.A.-SLF, Inc. at 168, Exs. H, I & J to Mtn.)

5

**II.  STATE FARM NEEDS RELIEF IN KENTUCKY TO COMPLETE THE DEPOSITION OF SLF**

On June 28, 2010, State Farm deposed SLF – the apparent successor to Scruggs Law Firm, P.A.[9] During the deposition, SLF's designee – Mr. Rex Deloach – repeatedly claimed lack of knowledge in response to numerous questions, despite admitting he had made little or no inquiry of persons who likely hold such knowledge in order to prepare for his testimony. *See generally* (06-28-2010 Rule 30(b)(6) Deposition of Scruggs Law Firm, P.A.-SLF, Inc. at 127-151, Ex. J to Mtn.)

For example:

Q. What I'm going to do is go over each one of the topics that we designated for examination today and at least start off with two questions. The first of which is: Do you have any personal knowledge responsive to this topic? And the second is; Does anyone either currently or formerly affiliated with the Scruggs Law Firm, PA, or SLF, Inc., potentially have knowledge responsive to this topic?

….

Q. Do you have any personal knowledge of documents or anything related to the McIntosh flood claim?

A. Related to the McIntosh flood claim

Q. Yes, sir?

A. No

Q. You don't have any personal knowledge?

A. No

….

Q. All right. But did you have any knowledge or do you know of anybody who was presently or formerly affiliated with Scruggs Law Firm or SLF who might have knowledge of these issues things that they got from third parties?

A. Well I don't know specifically which lawyers worked on that case, but -- that case, but I would assume that they did.

Q. Well, did you make any inquiry of them prior to your deposition today?

---

[9] ([617], [651], [23] in No. 1:10mc00164-HHK-JMF & [24] in *id.* & Parties' Stip., Exs. A-B & K to Mtn.); *see generally* (Docket Report in *The Scruggs Law Firm, P.A./SLF, Inc. v. State Farm Fire and Casualty Company*; No. 0:10cv00059-DLB-EBA (E.D. KY), Ex. L to Mtn.)

6

    A.  No

(06-28-2010 Rule 30(b)(6) Deposition of Scruggs Law Firm, P.A.-SLF, Inc. at 141-42 & 148-49, Ex. J to Mtn.)

This pattern unfortunately repeated itself numerous times throughout the deposition. When asked about SLF's failure to adequately prepare its designee for questions relevant to the numerous seal violations,[10] Mr. Deloach replied:

> Q.  Okay. Well, did you attempt to determine from Zach Scruggs whether he had had any communications with Representative Taylor concerning the Rigsby sisters' qui tam action?
> 
> A.  No I have not asked that.
> 
> Q.  Okay. Is there some reason you didn't?
> 
> A.  No. I just didn't know I was supposed to. And by the way, as you know, I was just designated on Friday [June 25, 2010], so -- and Zach was not here on Friday.

(06-28-2010 Rule 30(b)(6) Deposition of Scruggs Law Firm, P.A.-SLF, Inc. at 76, Ex. J to Mtn.)

SLF's admitted and repeated failures to make adequate preparatory inquiry violates Rule 30(b)(6):

> Rule 30(b)(6) is designed "to avoid the possibility that several officers and *433 managing agents might be deposed in turn, with each disclaiming personal knowledge of facts that are clearly known to persons within the organization and thus to the organization itself." Therefore, the deponent " 'must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to *prepare* those persons in order that they can answer fully, completely, unevasively, the questions posed ... as to the relevant subject matters.'" "[T]he duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved." The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources.
>
> ….
>
> <u>If the designated "agent is not knowledgeable about relevant facts, and the principal has failed to designate an available, knowledgeable, and readily</u>

---

[10] *See* ([98-4]) (02-28-2007 Honorable Gene Taylor Testimony) & ([203]).

7

<u>identifiable witness, then the appearance is, for all practical purposes, no appearance at all</u>."

*Brazos River Authority v. GE Ionics, Inc.*, 469 F.3d 416, 433-34 (5th Cir. 2006) (footnotes and citations omitted) (emphasis added).

State Farm will be filing in short order an appropriate motion in the federal district court in Kentucky to compel responsive testimony – a motion that necessarily will not be resolved by today's discovery deadline. For this additional reason, State Farm should be permitted to complete SLF's deposition out-of-time.

### III. STATE FARM NEEDS RELIEF IN KENTUCKY TO OBTAIN MATERIALS CALLED FOR BY SUBPOENAS ALREADY ENFORCED BY THE FEDERAL DISTRICT COURT

The federal district court in Kentucky granted State Farm's motion to compel and denied SLF's motion to quash two subpoenas duces tecum. ([23] Order in No. 1:10mc00164-HHK-JMF & [24] Mem. Op. in *id.*, Exs. A & B to Mtn.)[11] However, SLF produced very little in response to the subpoenas, contending that its "Katrina files" had been transferred to the law offices of former SKG partner Don Barrett:

> Q. It has been represented to us that a number of documents related to Katrina litigation were – that were being within the custody of SLF and Scruggs Law Firm were at some point sent to the Katrina Litigation Group and, particularly, to Don Barrett. Are you -- do you know anything about that process or what I'm talking about?
>
> A. I do. <u>I instructed Charlene [Bosarge] to pack them all up and send them to Don Barrett</u>.
>
> ….
>
> A. I don't know whether there were or not. What I -- my instructions to Charlene was -- is to -- anything that relates to Katrina, to ship that to Don Barrett. And that's what the attorneys told me to do. Now, <u>I did not make a distinction between the Rigsbys [documents]</u>. In fact, I probably didn't know at

---

[11] *See generally* (Docket Report in *The Scruggs Law Firm, P.A./SLF, Inc. v. State Farm Fire & Casualty Co.*, No. 0:10cv00059-DLB-EBA (E.D. KY), Ex. L to Mtn.)

8

> that time that Scruggs was even involved in the qui tam case. I thought that was some other lawyer.
>
> ….
>
> Q. Okay. <u>Now, in preparation for your testimony today, did you contact Don Barrett or KLG or whomever it is you sent these files to to determine whether there was any information responsive to the notice and the subpoenas issued here?</u>
>
> A. <u>I did not personally.</u>
>
> Q. Do you know whether anybody else?
>
> A. Unless Cal [Mayo] [12] did, I don't believe anybody did.
>
> Q. And how would I find that out?
>
> A. How would you find out whether I contacted them or whether --
>
> Q. Whether anybody acting for SLF did.
>
> MR. MAYO: I'm sorry. Why would that have been necessary to prepare him? If we don't have the documents, we don't have the documents. I mean, they might have the documents, but I'm a little confused, Mr. Walker about your suggestion that we should have contacted them to find out what documents they have.
>
> MR. WALKER:
>
> Q. Well, I think you had an obligation to obtain documents that were within your possession, custody, or control. I think the -- it is fair to expect that you would have still exercised some amount of control over these documents since indeed you sent them to Don Barrett. And unless there was some indication that Don Barrett or KLG or whomever has custody of these documents now would decline to give them to you for the deposition. I'm a little puzzled as to why you wouldn't have done that, given your testimony that you are not confident that the documents that SLF does have are complete.

(06-28-2010 Rule 30(b)(6) Deposition of Scruggs Law Firm, P.A.-SLF, Inc. at 93-94 & 96-98, Ex. J to Mtn.)

Of course, SLF's shell game treatment of potentially responsive materials ignores Fed. R. Civ. P. 45(a)(1)(A)(iii), which requires production of materials that are in "that person's possession, custody or *control*…." *Id.* (emphasis added). Further, SLF's suggestion that it does

---

[12] Cal Mayo is counsel for Richard Scruggs and SLF. *See* (06-28-2010 Rule 30(b)(6) Deposition of Scruggs Law Firm, P.A.-SLF, Inc., Ex. J to Mtn. & Docket Report in *The Scruggs Law Firm, P.A./SLF, Inc. v. State Farm Fire & Casualty Co.,* No. 0:10cv00059-DLB-EBA (E.D. KY), Ex. L to Mtn.)

not have "control" over responsive documents it apparently laundered to Don Barrett is especially disingenuous, *given SLF's testimony that the Barrett firm has never represented the Rigsbys in this Action* – and therefore has no right to keep the materials:

> Q. All right. What role did Don Barrett or any of the Katrina litigation firms have in the Rigsby qui tam?
>
> ….
>
> A. Well, I don't know that they had any role. I don't believe they did….

(06-28-2010 Rule 30(b)(6) Deposition of Scruggs Law Firm, P.A.-SLF, Inc. at 137, Ex. J to Mtn.)

The former Scruggs documents that are now in the possession of Mr. Barrett have taken on a heightened significance in light of the recent testimony by Beth Jones, Mr. Scruggs' former administrative assistant. Indeed, the crux of the Rigsbys' entire case against State Farm (as they frame the issue) is the October 12, 2005 engineering report prepared by Brian Ford.

While the Rigsbys have produced copies of this report to State Farm, which contains a "sticky note" on the first page, they have repeatedly sworn under oath that they did not take the original report. In fact, they have repeatedly accused State Farm of destroying the original. ***But Ms. Jones -- Dickie Scruggs's former administrative assistant -- testified under oath that she saw the original "sticky note" on the Ford report at The Scruggs Law Firm and believes that it was kept in a filing cabinet at The Scruggs Law Firm***.

> Q. It appears that Exhibit 7 [the October 12 Ford report], the first page is obscured by what looks to be a sticky note. Do you see that?
> A. I do.
> Q. Have you seen the original sticky note?
> A. Yes.
> Q. Where did you see it?
> A. On the document.
> Q. And would that have been at the Scruggs Law Firm in Oxford?

> A. Correct.
>
> Q. Where is the original sticky note now?
>
> A. I do not know.
>
> Q. What color was the sticky note?
>
> A. I do not remember.
>
> Q. Where was the report with the original sticky note kept?
>
> A. I cannot remember.
>
> Q. Was it kept in a filing cabinet or in a drawer?
>
> A. I would suspect in a filing cabinet.
>
> Q. Where would those filing cabinets have been located at the Scruggs Law Firm?
>
> A. Either behind all the legal assistants or behind my desk.

(06-29-2010 Elizabeth Jones Dep. at 59-60, Ex. O to Mtn.)  Clearly, State Farm is entitled to search these files to determine if the original "sticky note" and Ford report can be located.

State Farm will be filing in short order an appropriate motion in the federal district court in Kentucky to compel production of any responsive materials within SLF's control – a motion which necessarily will not be resolved by today's discovery deadline.  For the reasons explained above, State Farm needs that production in order to complete the depositions of the Rigsbys, SLF, Inc. and to perhaps depose TRG.

### IV. THE CURRENT MOTION DEADLINE SHOULD BE EXTENDED UNTIL AUGUST 16, 2010 TO PREVENT UNDUE PREJUDICE OCCASIONED BY THESE MATTERS

On June 29, 2010, this Court entered its [663] Order granting in part and denying in part State Farm's [631] motion for protective order concerning the Rigsbys' desire to take a Rule 30(b)(6) deposition of State Farm.  That [663] Order permits the Rigsbys to take an out-of-time Rule 30(b)(6) deposition of State Farm no later than July 12, 2010.  ([663] at 3.)

Under section 6(e) of the CMO, the deadline for certain motions is July 15, 2010. ([365] at 2.)  July 15, 2010 is a mere three days after the Rigsbys' latest date to depose State Farm – and

likely *before* State Farm will have time to take possession of the TRG documents, obtain a ruling from the district court in Kentucky, and have a meaningful opportunity to complete the depositions of the Rigsbys, SLF, or TRG.

While State Farm cannot know with certainty how soon the district court in Kentucky will rule on its motions, or when it will obtain the TRG materials, State Farm estimates – based on communications with TRG's counsel – that it may obtain TRG materials within the next week. Further, State Farm intends to file its motion in Kentucky as soon as possible early next week and will seek expedited treatment of its motion.

Due to temporal uncertainty, State Farm cannot certify a date-certain by which it can complete its depositions of the Rigsbys and SLF, and – if necessary – depose TRG. State Farm aspires to accomplish those matters by the end of July, if at all possible. Accordingly, State Farm moves for leave to complete the Rigsbys and SLF's depositions by July 30, 2010 and for leave to depose TRG by that same deadline – recognizing, however, that if the Kentucky proceeding is delayed, it may need to request an extension of that deadline.

Further, State Farm requests the Court to amend Section 6(e) of the CMO so that all motions currently due on July 15, 2010 will be due on August 16, 2010 in order to more closely parallel the actual and proposed revised discovery deadlines, including this Court's recent [663] Order permitting the Rigsbys to take an out-of-time Rule 30(b)(6) deposition of State Farm as late as July 12, 2010.[13] As noted above, the Rigsbys do not oppose this requested amendment of Section 6(e) of the CMO – but do oppose any further deposition testimony by SLF or the

---

[13] If State Farm can accomplish what it describes herein by the end of July – and it fervently hopes to do so – an extension of the motion deadline to August 16, 2010 would likely suffice to prevent undue prejudice. State Farm recognizes that the requested deadlines may need to be adjusted in light of the pace of the Kentucky proceedings and thus may seek a further modification upon a showing of good cause.

Rigsbys.

## V. STATE FARM HAS DEMONSTRATED GOOD CAUSE UNDER RULE 16(B)(4)

Rule 16(b)(4) provides that once a scheduling order is entered, it "may be modified for good cause and with the judge's consent." The Rule recognizes that "the parties will occasionally be unable to meet [deadlines] because scheduling order deadlines are [generally] established relatively early in the litigation." *O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 154 (9th Cir. 2004). As a result, the Court may extend a scheduling order deadline upon a showing of good cause. Good cause requires that "the 'party seeking relief ... show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S & W Enters. LLC v. Southtrust Bank of Ala.*, 315 F.3d 533, 535 (5th Cir.2003) (quoting 6A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1522.1 (2d ed.1990)). *See also* Fed. R. Civ. P. 16 Advisory Committee's Notes (1983 amendment).

Four factors have been used to determine whether there is good cause: "'(1) the explanation for the failure to [conform to the scheduling order]; (2) the importance of the [proposed modification]; (3) potential prejudice in allowing the [proposed modification]; and (4) the availability of a continuance to cure such prejudice.'" *See Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541 (5th Cir. 2003).

Here, all of the factors favor the modest modification to the case management order that State Farm seeks. First, State Farm's reason for seeking modification is unquestionably valid as much of the reason that State Farm requires leave to complete the depositions of the Rigsbys, SLF, and (possibly) TRG, has to do with circumstances beyond State Farm's control, *i.e.*, motion practice pending in other federal courts. As this Court recognized in *McIntosh*, there is good cause to permit depositions outside of the discovery period where, as here, a third-party's attempt to quash discovery is overruled in an ancillary proceeding after the discovery deadline. *See*

13

(*McIntosh* [876] at 2) (permitting State Farm "to continue the deposition of Brian Ford and to depose Carolyn Ford outside the discovery period" if the then-pending motions to quash were overruled.)

Second, there is no question that the discovery sought is crucial to State Farm's defense. This is especially true in light of Beth Jones's recent revelation that she saw the original Brian Ford report at The Scruggs Law Firm. Third, the Rigsbys are not unfairly prejudiced in any way. Indeed, they have been granted leave to take and post-deadline 30(b)(6) deposition of State Farm and will not be prejudiced if State Farm is afforded a similar extension. Finally, there is no need for a continuance. The trial in this action is set for December 1, 2010, and will be unaffected by the specific and limited extensions requested herein.

## CONCLUSION

For the foregoing reasons, State Farm respectfully requests:

(1) Leave to complete the depositions of the Rigsbys and SLF and to depose TRG (if necessary) past the current discovery deadline; and

(2) Amend Section 6(e) of the CMO so that all motions currently due on July 15, 2010 will be due on August 16, 2010.

State Farm seeks such further, supplemental and alternative relief as may be appropriate in the premises.

This the 1st day of July, 2010.

                Respectfully submitted,

                STATE FARM FIRE AND CASUALTY COMPANY

    By:    s/*E. Barney Robinson III* (MSB #09432)
                Robert C. Galloway (MSB # 4388)
                Jeffrey A. Walker (MSB # 6879)
                E. Barney Robinson III (MSB #09432)
                Benjamin M. Watson (MSB #100078)
                Amanda B. Barbour (MSB # 99119)

                ITS ATTORNEYS

OF COUNSEL:

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
Post Office Drawer 4248
Gulfport, MS   39502
(P)(228) 575-3019
(E) bob.galloway@butlersnow.com

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
200 Renaissance at Colony Park, Suite 1400
1020 Highland Colony Parkway (39157)
Post Office Box 6010
Ridgeland, MS 39158-6010
(P) (601) 948-5711
(F) (601) 985-4500
(E) jeff.walker@butlersnow.com
(E) barney.robinson@butlersnow.com
(E) ben.watson@butlersnow.com
(E) amanda.barbour@butlersnow.com

Michael B. Beers (ASB-4992-S80M), PHV
BEERS, ANDERSON, JACKSON, PATTY & FAWAL, P.C.
Post Office Box 1988
Suite 100
250 Commerce Street (36104)
Montgomery, Alabama 36102
(P) (334) 834-5311
(F) (334) 834-5362
(E) mbeers@beersanderson.com

*PRO HAC VICE*

James R. Robie (CA State Bar # 67303), PHV
ROBIE & MATTHAI
Suite 1500
Biltmore Tower
500 South Grand Avenue
Los Angeles, California  90071
(P) (213) 706-8000
(F) (213) 706-9913
(E) jrobie@romalaw.com

*PRO HAC VICE*

**CERTIFICATE OF SERVICE**

I, E. Barney Robinson III, one of the attorneys for State Farm Fire and Casualty Company, do hereby certify that I have this day caused a true and correct copy of the foregoing instrument to be delivered to the following via the means directed by the Court's CM/ECF System:

C. Maison Heidelberg
Ginny Y. Kennedy
MAISON HEIDELBERG P.A.
795 Woodlands Parkway, Suite 220
Ridgeland, MS 39157
(P) (601) 351-3333
(F) (601) 956-2090
maison@heidlebergpa.com
ginny@heidelbergpa.com

Scott D. Gilbert
August J. Matteis, Jr.
Craig J. Litherland
Benjamin R. Davidson
GILBERT LLP
11 New York Avenue, NW
Suite 700
Washington, DC 20005
gilberts@gotofirm.com
matteisa@gotofirm.com
litherlandc@gotofirm.com
davidsonb@gotofirm.com

COUNSEL FOR CORI RIGSBY AND KERRI RIGSBY

Jeffrey S. Bucholtz
Joyce R. Branda
Patricia R. Davis
Jay D. Majors
UNITED STATES DEPARTMENT OF JUSTICE
Civil Division
P.O. Box 261
Ben Franklin Station
Washington, DC 20044
(P) (202) 307-0264
(F) (202) 514-0280

Stan Harris
Alfred B. Jernigan, Jr.
Felicia C. Adams
UNITED STATES ATTORNEY'S OFFICE
Southern District of Mississippi
Suite 500
188 East Capitol Street
Jackson, MS 39201
(P) (601) 965-4480
(F) (601) 965-4409
(E) felicia.adams@usdoj.gov

ATTORNEYS FOR THE UNITED STATES

Larry G. Canada
Kathryn Breard Platt
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
701 Poydras Street
Suite 4040
New Orleans, LA 70139
(P) (504) 525-6802
(F) (504) 525-2456
lcanada@gjtbs.com
kplatt@gjtbs.com

ATTORNEYS FOR HAAG ENGINEERING CO.

Robert D. Gholson
Daniel D. Wallace
GHOLSON, BURSON, ENTREKIN & ORR, P.A.
535 North 5th Avenue (39440)
P.O. Box 1289
Laurel, MS 39441-1289
(P) (601) 649-4440
(F) (601) 649-4441
gholson@gbeolaw.com
wallace@gbeolaw.com

ATTORNEYS FOR FORENSIC ANALYSIS ENGINEERING CORPORATION

THIS the 1st day of July, 2010.

By: s/*E. Barney Robinson III* (MSB #09432)
E. Barney Robinson III (MSB #09432)

Jackson 5307944v4

17