**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel.;<br>    CORI RIGSBY; AND KERRI RIGSBY | RELATORS/COUNTER-DEFENDANTS |
| v. | CASE No. 1:06-cv-433-LTS-RHW |
| STATE FARM FIRE & CASUALTY<br>    COMPANY, et al. | DEFENDANTS/COUNTER-PLAINTIFFS |

**RELATORS' RESPONSE IN OPPOSITION TO STATE FARM'S
MOTION TO COMPEL PRODUCTION OF COMPUTERS**

State Farm Fire and Casualty Company's ("State Farm") Motion to Compel Production of Relators' Computers ("Motion"), [665], should be denied because Relators have already produced the responsive documents located on their computers, the request is untimely, and, even if the request had been timely, the elaborate process State Farm now proposes is unjustified.

**I.     FACTS**

State Farm's Request for Production of Documents No. 5 sought "All Materials regarding or concerning anything of value. . . that you received" from the Scruggs Law Firm ("SLF").[1] Relators objected to the request for several reasons, including the fact that it was vague and unduly burdensome. On May 5, 2010, this Court granted State Farm's Motion to Compel in part, finding that State Farm was "entitled to discovery of the *terms*, *conditions*, and *amounts* of compensation received by the Rigsbys."[2]

---

[1] Exhibit C to Motion at 10-11 (emphasis added). Relators did not initially understand this request to encompass the production of the actual things of value, as opposed to documents that would have reflected the transfer of things of value; the wording of the request clearly is subject to differing interpretations, and State Farm has no reasonable basis to demand the production of the computers themselves.

[2] [490] at 5.

On May 25, 2010, when Relators recalled that their laptop computers initially had been provided by SLF, they disclosed that information in response to State Farm's second interrogatory.[3]

On June 2, 2010, after Relators had already disclosed information related to these computers, State Farm asked Relators to supplement their discovery answers to disclose the existence of these computers and to produce them immediately.[4] Relators' counsel responded that (1) Relators' interrogatories already disclosed the existence of the computers, and (2) they were not aware of any discovery request that would have required production of Relators' computers.[5] Relators' counsel also stated that responsive information from those computers had been produced in Relators' first production, and that the computers had been re-reviewed again in order to "verify that we have made all reasonable efforts to identify information responsive to these requests."[6]

State Farm's counsel responded on June 8, 2010, that the computers themselves should be produced because they were things of value that Relators had received from SLF. Relators' counsel responded the next day and reiterated Relators' objection that production of the computers was unduly burdensome, since responsive documents on the computers had been produced, but that Relators would again look for any relevant materials on the computers. Despite Relators' objections, counsel also offered to explore options to permit State Farm to

---

[3] *See* Exhibit B to Motion at 2.

[4] *See* Exhibit 1 to Watson Declaration.

[5] *See* Exhibit 2 to Watson Declaration.

[6] *Id.*

2

engage a third party to copy the drives on the computers if State Farm thought that matter justified the expense and burden.[7]

Over the next two days, Relators and State Farm discussed a potential procedure, and on June 10, 2010, Relators outlined a specific proposal to settle their disagreement.[8] State Farm, however, waited eighteen days, until just before the close of discovery and after the Rigsbys' depositions, to respond. When it finally did respond, State Farm's proposal materially differed from the compromise Relators had proposed, imposing significant additional costs and burdens on Relators. Among other things, State Farm's proposal would have required the Court to act as a custodian of the computers; forced Relators into a massive and totally unnecessary effort to log the entire contents of the hard drives, no matter how irrelevant; required Relators to pay half of the costs for discovery sought by State Farm; and required Relators to join a motion that would have suggested that Relators thought this unnecessary discovery somehow was appropriate.

II.   **ARGUMENT**

    A.   **State Farm's Motion to Compel Should be Denied Because It Is Manifestly Untimely.**

Although there is no need or reason for State Farm to obtain Relators' computers, Relators' counsel offered to work with State Farm to reach a compromise in order to meet the discovery deadline. On June 10, Relators' Counsel outlined a proposal that could have been completed by the discovery deadline. State Farm waited eighteen days, until just before the close of discovery, to respond with an untenable counteroffer.

---

[7] *See* Exhibit 4 to Watson Declaration.

[8] *See* Exhibit 5 to Watson Declaration. Under Relators' proposal, State Farm would have retained the same computer vendor used in *McIntosh*, and that vendor would create a mirror image of the computers' hard drives and provide the Relators' counsel with a listing of all the files. Relators' counsel could then authorize the vendor to produce any additional responsive materials and provide State Farm a log of the files that were withheld. *See also* Exhibit 7 to Watson Declaration.

As State Farm acknowledges, its Motion to Compel is untimely under Local Rule 7(b)(2)(B) because there is not enough time to brief the motion, and effectuate any court order before the deadline. The untimeliness is State Farm's own doing, and State Farm's motion to compel should be denied in its entirety on that basis alone.

### B. State Farm's Motion to Compel Should be Denied because Relators have Already Produced All Responsive Materials on Their Computers.

As Relators' counsel explained in their June 2 and June 9 letters, Relators have produced all responsive materials that could be located on Relators' computers. The fact that the computers contain responsive materials does not make those computers themselves relevant, particularly when such production would disclose unrelated confidential material and deprive Relators of the use of computers that they use for daily communications. This Court already denied a similar demand by State Farm as to Pat Lobrano.[9]

State Farm's Motion does not acknowledge this fact, and it does not explain why there is any need for the computers themselves to be produced. Instead, State Farm requests that this Court follow the procedure it adopted in the *McIntosh* case. State Farm argued in *McIntosh* that, because Cori Rigsby testified that her computer had "crashed" several weeks ago, there were serious concerns that "threaten[] the ability to retrieve any information."[10] There is no such threat here. State Farm already has the responsive materials located on Relators' computers.

---

[9] *See* [522], Memorandum in Support of Motion to Compel Patricia Lobrano, and [592], Order Granting in Part Motion to Compel.

[10] *See* State Farm's Emergency Motion to Compel Compliance with Third-Party Subpoena Duces Tecum for the Production of Cori Rigsby's Computer, *McIntosh v. State Farm Fire & Casualty,* 1:06-cv-1080 [640] at 1.

C.     **Relators' Computers Are Neither Responsive to State Farm's Request for Production Nor Encompassed by this Court's Order on State Farm's Motion to Compel.**

State Farm's Motion should also be denied because Relators' computers are not responsive to any reasonable interpretation of State Farm's discovery requests. State Farm's Document Request No. 5 seeks "All materials *regarding or concerning* any thing of value" Relators received from SLF. Relators reasonably understood this discovery request to seek materials that are "regarding or concerning" the things of value, not the things of value themselves; any other interpretation would be exceptionally overbroad and unduly burdensome. For example, State Farm's request encompasses tax forms or signed invoices or evidence of any payment (documents regarding things of value), but not the actual cash or funds (things of value themselves). Likewise, State Farm requested Materials "that pertain to any credit or financing obtained by" Relators. Kerri Rigsby provided the bill of sale for a car she had purchased and then sold; she did not provide the physical car.

Even if Relators' computers were encompassed by State Farm's discovery requests as filed, they clearly are not encompassed by this Court's May 5, 2010 Order, which limited the permissible scope of those discovery requests. The Court found that "State Farm is entitled to discovery of the terms, conditions, and amounts of compensation received by the Rigsbys" and that "Relators are required to disclose this information, including any supporting documentation." Relators disclosed the fact that they received computers from SLF, and Relators produced the responsive materials located on those computers. Nothing more is or reasonably should be required.

5

## III. CONCLUSION

State Farm's Motion should be denied because it is untimely as a result of State Farm's own delay, the request sought is unnecessary and unduly burdensome, and no justification exists for imposing additional costs and burdens on Relators. Accordingly, Relators respectfully ask this Court to deny State Farm's Motion.

Respectfully submitted,

THIS the 7th day of July, 2010

|  |  |
|---|---|
|  | /s/ C. Maison Heidelberg |
| August J. Matteis, Jr. (admitted *pro hac vice*) | C. MAISON HEIDELBERG, MB #9559 |
| matteisa@gotofirm.com | mheidelberg@heidelbergharmon.com |
| Craig J. Litherland (admitted *pro hac vice*) | GINNY Y. KENNEDY, MB #102199 |
| litherlandc@gotofirm.com | gkennedy@heidelbergharmon.com |
| Benjamin Davidson (admitted *pro hac vice*) | OF COUNSEL: |
| davidsonb@gotofirm.com | HEIDELBERG HARMON PLLC. |
| Derek Y. Sugimura (admitted *pro hac vice*) | 795 Woodlands Parkway, Suite 220 |
| sugimurad@gotofirm.com | Ridgeland, Mississippi  39157 |
| GILBERT LLP | Phone No.     (601) 351-3333 |
| 1100 New York Avenue NW, Suite 700 | Fax No.         (601) 956-2090 |
| Washington, DC 20005 |  |
| Phone No.     (202) 772-2200 |  |
| Fax No.         (202) 772-3333 |  |

Attorneys for Kerri Rigsby and Cori Rigsby

**CERTIFICATE OF SERVICE**

  I, C. Maison Heidelberg, attorney for Cori Rigsby and Kerri Rigsby, do hereby certify that I have this **7th day of July, 2010**, caused the foregoing document to be filed with the Court's CM/ECF system, which will cause notice to be delivered to all counsel of record.

         Don Burkhalter, Esq.
         UNITED STATES ATTORNEY
          FOR MISSISSIPPI
         188 East Capitol Street, Suite 500
         Jackson, MS 39201

         Felicia Adams, Esq.
         ASSISTANT U.S. ATTORNEY
         188 East Capitol Street, Suite 500
         Jackson, MS 39201

         Joyce R. Branda, Esq.
         Patricia R. Davis, Esq.
         Jay D. Majors, Esq.
         UNITED STATES DEPARTMENT OF JUSTICE
         Commercial Litigation Branch
         Civil Division
         601 D Street, NW
         Washington, DC 20004

         Larry G. Canada, Esq.
         Kathryn Breard Platt, Esq.
         Galloway, Johnson, Tompkins, Burr & Smith
         701 Poydras Street, Suite 4040
         New Orleans, LA 70139
         (p) 504-525-6802
         ATTORNEYS FOR HAAG ENGINEERING CO.

         Robert C. Galloway, Esq.
         Emerson Barney Robinson, III, Esq.
         Benjamin M. Watson, Esq.
         Jeffrey A. Walker, Esq.
         Amanda B. Barbour, Esq.
         BUTLER, SNOW, O'MARA,
          STEVENS & CANNADA, PLLC
         P.O. Box 22567
         Jackson, MS 39225
         (p) 601-948-5711

Michael B. Beers, Esq.
BEERS, ANDERSON, JACKSON
   PATTY & FALWAL, PC
250 Commerce Street, Suite 100
Montgomery, AL 36104
(p) 334-834-5311
ATTORNEYS FOR STATE FARM FIRE & CASUALTY
COMPANY

Robert D. Gholson
GHOLSON BURSON ENTREKIN & ORR, P.A.
55 North 5th Avenue
P.O. Box 1289
Laurel, MS 39441-1289
ATTORNEYS FOR FORENSIC ANALYSIS
ENGINEERING CORPORATION


/s/     C. Maison Heidelberg____