**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel.;<br>    CORI RIGSBY; AND KERRI RIGSBY | RELATORS/COUNTER-DEFENDANTS |
| v. | CASE No. 1:06-cv-433-LTS-RHW |
| STATE FARM FIRE & CASUALTY<br>    COMPANY, et al. | DEFENDANTS/COUNTER-PLAINTIFFS |

**RELATORS' RESPONSE IN OPPOSITION TO STATE FARM'S
MOTION FOR LIMITED AMENDMENT TO CASE MANAGEMENT ORDER [365]**

In its Motion for Limited Amendment to Case Management Order [365] ("Motion"), [671], State Farm Fire & Casualty Company ("State Farm") seeks amendment of a Case Management Order that already gave it more than seven months to complete discovery. State Farm wants to take additional discovery on secondary matters from the Scruggs Law Firm ("SLF") and Richard Scruggs ("Scruggs") and to re-depose the Rigsbys. But none of these issues relate to the central matter of this phase of the litigation: whether State Farm submitted a fraudulent claim for payment on the McIntosh property. Moreover, State Farm significantly overstates the strength of its arguments in favor of additional discovery.

The delays caused by State Farm's own failures do not justify the relief requested, especially in light of the repetitive nature of State Farm's requested discovery. State Farm should not be granted additional time to conduct yet another fruitless fishing expedition.[1]

---

[1] Relators do not oppose State Farm's request for additional time to complete discovery from The Rendon Group, Inc. ("TRG"). Likewise, Relators do not oppose State Farm's request to extend the motions deadline from July 15, 2010, to August 16, 2010. Relators oppose all other relief requested by State Farm.

### A.     State Farm's Own Actions Prevented It From Completing Discovery in Time

State Farm's requests for relief primarily relate to discovery it wants to take from SLF and Scruggs.  But it had more than enough time to take this discovery had it started the process and moved reasonably expeditiously.  Instead, State Farm waited until the end of the discovery period to start what it must have recognized would be a complicated process.  As a result, State Farm created a morass of intersecting subpoenas and document requests, infected with procedural deficiencies.  State Farm's own decisions, delays, and procedural mistakes created the situation from which it now seeks relief.

State Farm first issued a subpoena *duces tecum* on April 4, 2010, to be served on Scruggs as the "Registered Agent" of SLF  (the "April Subpoena").[2]  That subpoena sought documents on 18 specific topics.[3]  Scruggs, however, was no longer the registered agent of SLF, and SLF objected to that subpoena on both substantive and procedural grounds.  State Farm then served additional subpoenas on June 11, three weeks before the close of discovery, on Scruggs and SLF (the "June Subpoenas") seeking documents and deposition testimony on more than 40 subjects.[4]

On June 18, 2010, State Farm filed an emergency motion in the United States District Court for the Eastern District of Kentucky (the "Kentucky Court") to compel responses to the April Subpoena.[5]  But State Farm did not—and could not—attempt to compel a response to the June Subpoenas; those responses were not yet due.  In response to that motion to compel, SLF objected and filed a motion to quash the April Subpoena on procedural grounds.[6]  SLF also

---

[2] *See* Subpoena Returned Executed, [482].  The subpoena was served on April 9, 2010.

[3] *See id*.

[4] *See* Subpoena Returned Executed, [617] (SLF) and Subpoena Returned Executed, [618] (Scruggs).

[5] *See* State Farm's Motion to Compel and Memorandum in Support, [1] and [1-1], filed June 18, 2010, in *U.S. ex. rel. Rigsby v. State Farm*, No. 1:10-cv-059 (E.D. Ky.).

[6] *See* Motion to Quash by Non-Party SLF, Inc., [9], filed June 24, 2010, in *U.S. ex. rel. Rigsby v. State Farm*, No. 1:10-cv-059 (E.D. Ky.).

specifically noted that it had substantive as well as procedural objections to the June Subpoena, and it filed timely objections to the June Subpoena.[7]

On June 25, 2010, the Kentucky Court granted State Farm's motion to compel responses to the April Subpoena. The court noted that State Farm's subpoena was procedurally improper because it had been issued by the wrong court, but it exercised its authority under the Federal Rules of Civil Procedure to "modify" the April Subpoena and cure the invalidity.[8] But the Kentucky Court had neither reason nor opportunity to rule upon SLF's substantive objections to the June Subpoena.

State Farm obviously knew in April 2010 that it wanted to take discovery from SLF and Scruggs; it filed its first subpoena then. But it waited until mid-June 2010 to serve the subpoenas that it now seeks to compel. And it chose not to notice a deposition of SLF until June 28, 2010, three days before the close of discovery. State Farm's decision to delay its subpoena until the very end of discovery made it impossible to resolve disputes before discovery closed. Local Rule 7.2(B)(2) requires parties to file discovery motions "sufficiently in advance of the discovery deadline so as to not affect the deadline." State Farm did not do so, and the relief it now requests is precluded by rule.

### B.  State Farm Failed to Show Good Cause for the Relief It Requests

Despite the delays State Farm engendered, it has asked for additional time to gather still more documents from SLF and Scruggs and re-depose the Rigsbys. But State Farm has already taken extensive discovery and received thousands of pages of documents from SLF and Scruggs.

---

[7] *See* Supplement to Motion to Quash by Non-Party SLF, Inc. and Response to Motion to Compel April 4, 2010 Subpoena of State Farm, [14], filed June 25, 2010, in *U.S. ex. rel. Rigsby v. State Farm*, No. 1:10-cv-059 (E.D. Ky.).

[8] *See* Order, [15], filed June 25, 2010, in *U.S. ex. rel. Rigsby v. State Farm*, No. 1:10-cv-059 (E.D. Ky.).

Indeed, SLF produced additional materials on June 26 in response to the Kentucky Court's order, which State Farm had for SLF's 30(b)(6) deposition on June 28.  State Farm has provided no indication that it would unearth anything new in its latest fishing expedition.  Indeed, State Farm's Memorandum in Support of its Motion could be seen as an active attempt to mislead this Court with respect to the information that would be found.

> **1.     State Farm Omitted Material Facts about Beth Jones's Testimony and the Likelihood That it Might Obtain Additional Relevant Information**

State Farm's Memorandum spends several pages discussing Beth Jones's testimony at her June 27 deposition regarding the original Brian Ford Report on the McIntosh property.[9] State Farm claims that "Jones saw the original 'sticky note' on the Ford report at [SLF] and believes that it was kept in a filing cabinet" at SLF.[10] But State Farm omitted the rest of Jones's testimony; Jones actually testified that she had <u>no idea</u> whether she had ever seen the original Brian Ford report, did not know from where the sticky note she saw had come, did not know when the note arrived, and did not even know what the note said.[11] In other words, the sum total

---

[9] Memorandum, [672], at *10 (emphasis omitted).

[10] *Id.*

[11] Q. . . . on this Exhibit 7 that we were just talking about with the  sticky note, you said that you don't remember how it came to be in the possession of the Scruggs Law Firm; is that right?
A.  That's correct.
Q.  Do you know if when this report came in the possession of the Scruggs Law Firm if it had a sticky note on it at that time or not?
A.  I do not remember.
Q.  Did you guys use sticky notes regularly to help you keep track of things?
A.  I did personally.
Q.  Yeah, I do the same, you put a sticky note on a piece of paper if you –
A.  Correct.
Q.  -- wanted to write a note.  What other people in the office do the same thing?
A.  Probably the assistants.
**Q.  Do you know if the sticky note that you saw on Exhibit 7 was put on by someone in the office?
A.  I do not.**
Q.  You don't know who put it on?
A.  I do not.

4

of Jones's testimony is that, at some point in her time with SLF, she saw a piece of paper with a sticky note on it. Yet State Farm attempts to use that testimony as a pretext for further rummaging through SLF's files after the close of discovery.

Likewise, State Farm complains that it needs more time because SLF did not adequately respond to its subpoenas.[12] State Farm suggests, for example, that SLF should have collected documents that had been transferred to the Barrett Law Firm.[13] But State Farm already subpoenaed the Barrett Law Firm and had the opportunity to request those documents directly from the Barrett Law Firm.[14]

State Farm also suggests that SLF's corporate representative should have interrogated former employees to learn more about SLF's past actions. But the Kentucky Court's order on the motion to compel was handed down on Friday, June 25, and SLF's deposition took place on Monday, June 28; it is not clear when or how SLF *could* have educated its witness, given the timing issues that State Farm itself created.[15] Moreover, the two persons most knowledgeable

---

**Q. And you said you remembered seeing a sticky note on a report like this one. Do you remember what the note said?**
**A. I do not.**
**Q. So do you know for sure if the note you saw is the same thing that's Xeroxed on this?**
**A. I do not.**
Q. You just remember –
A. I cannot be 100 percent.
**Q. You just remember seeing some sticky note on some report that looked like this one?**
**A. Correct.**
**Q. And sticky notes were often used around the office?**
**A. Yes.**
**Q. So it wouldn't have been unusual for a sticky note to have been put on a report like this one?**
**A. Correct.**

Tr. of Depo. of Beth Jones, June 25, 2010, at 74:12-76:11 (emphasis added).

[12] As noted, State Farm never addressed SLF's substantive objections to the June Subpoenas.

[13] Memo. at *8.

[14] *See* Subpoena to Don Barrett, [488].

[15] Indeed, State Farm has argued that *three weeks* was insufficient to educate a corporate witness on just seven limited topics. *See* State Farm's Memorandum in Support of Its Motion for A Protective Order With Respect to

5

about SLF's past activities, Richard Scruggs and Zach Scruggs, both have invoked their Fifth Amendment rights and refused to testify or provide information. And State Farm already deposed the only other persons it suggested might have information, Charlene Bosarge and Beth Jones. In light of those facts, it is clear that State Farm cannot reasonably expect to uncover additional relevant information, or anything reasonably calculated to lead the discovery of admissible evidence, from redeposing SLF.

Relators also note that they were forced to take most of their depositions of State Farm witnesses with inadequate or incomplete document productions; as Relators previously noted, State Farm repeatedly produced relevant documents on the eve of (or after) scheduled depositions.[16] Moreover, despite the late nature of those productions, this Court restricted Relators' ability to question State Farm about its document retention practices because a broader scope "would be inconsistent with maintaining the July 1, 2010 discovery deadline."[17] That same concern is even more applicable here, where State Farm seeks wide-ranging documents well after the close of discovery. Accordingly, State Farm has no basis to request additional time now.

### 2. State Farm Has No Basis to Re-depose the Rigsbys

Most of the discovery sought by State Farm would be used to re-depose Kerri and Cori Rigsby yet again. The Rigsbys have been deposed or testified at least five time apiece regarding the McIntosh file and the nature of their relationship with Scruggs and SLF. They most recently were deposed on June 24 and 25, and State Farm has exhaustively examined and reexamined

---

Rule 30(B)(6) Deposition Noticed in [616], docket item [632]. Yet State Farm now complains because SLF could not prepare a witness to testify in one weekend.

[16] *See*, *e.g.*, Relators' Memorandum in Support of Motion to Compel, [577].

[17] Order, [663].

every aspect of their employment, finances, personal lives, and even the finances and personal lives of their blood relatives. State Farm has offered no reason to believe that it will find anything else in the untimely discovery it now seeks to take.

Furthermore, even if SLF *had* produced everything State Farm now seeks to compel, that information, whatever its value, would have been produced in the last week of June, after the date upon which State Farm scheduled and took the last depositions of the Rigsbys. Thus, even if everything occurred exactly as State Farm scheduled it, State Farm would have had no opportunity to use the material it now seeks to re-depose the Rigsbys. State Farm should not be allowed to use its own scheduling failures as an excuse to take yet another deposition of the Rigsbys.

## **CONCLUSION**

Discovery in this phase of the litigation closed on July 1. State Farm has offered no valid reason to reopen it. According, Relators respectfully ask this Court to deny State Farm's Motion.

Respectfully submitted,
THIS the 7th day of July, 2010

|  |  |
|---|---|
|  | /s/ C. Maison Heidelberg |
| August J. Matteis, Jr. (admitted *pro hac vice*) | C. MAISON HEIDELBERG, MB #9559 |
| matteisa@gotofirm.com | mheidelberg@heidelbergharmon.com |
| Craig J. Litherland (admitted *pro hac vice*) | GINNY Y. KENNEDY, MB #102199 |
| litherlandc@gotofirm.com | gkennedy@heidelbergharmon.com |
| Benjamin Davidson (admitted *pro hac vice*) | OF COUNSEL: |
| davidsonb@gotofirm.com | HEIDELBERG HARMON PLLC. |
| Derek Y. Sugimura (admitted *pro hac vice*) | 795 Woodlands Parkway, Suite 220 |
| sugimurad@gotofirm.com | Ridgeland, Mississippi  39157 |
| GILBERT LLP | Phone No.    (601) 351-3333 |
| 1100 New York Avenue NW, Suite 700 | Fax No.    (601) 956-2090 |
| Washington, DC 20005 |  |
| Phone No.    (202) 772-2200 |  |
| Fax No.    (202) 772-3333 |  |

Attorneys for Kerri Rigsby and Cori Rigsby

**CERTIFICATE OF SERVICE**

      I, C. Maison Heidelberg, attorney for Cori Rigsby and Kerri Rigsby, do hereby certify that I have this **7th day of July, 2010**, caused the foregoing document to be filed with the Court's CM/ECF system, which will cause notice to be delivered to all counsel of record.

        Don Burkhalter, Esq.
        UNITED STATES ATTORNEY
          FOR MISSISSIPPI
        188 East Capitol Street, Suite 500
        Jackson, MS 39201

        Felicia Adams, Esq.
        ASSISTANT U.S. ATTORNEY
        188 East Capitol Street, Suite 500
        Jackson, MS 39201

        Joyce R. Branda, Esq.
        Patricia R. Davis, Esq.
        Jay D. Majors, Esq.
        UNITED STATES DEPARTMENT OF JUSTICE
        Commercial Litigation Branch
        Civil Division
        601 D Street, NW
        Washington, DC 20004

        Larry G. Canada, Esq.
        Kathryn Breard Platt, Esq.
        Galloway, Johnson, Tompkins, Burr & Smith
        701 Poydras Street, Suite 4040
        New Orleans, LA 70139
        (p) 504-525-6802
        ATTORNEYS FOR HAAG ENGINEERING CO.

        Robert C. Galloway, Esq.
        Emerson Barney Robinson, III, Esq.
        Benjamin M. Watson, Esq.
        Jeffrey A. Walker, Esq.
        Amanda B. Barbour, Esq.
        BUTLER, SNOW, O'MARA,
          STEVENS & CANNADA, PLLC
        P.O. Box 22567
        Jackson, MS 39225
        (p) 601-948-5711

Michael B. Beers, Esq.
BEERS, ANDERSON, JACKSON
   PATTY & FALWAL, PC
250 Commerce Street, Suite 100
Montgomery, AL 36104
(p) 334-834-5311
ATTORNEYS FOR STATE FARM FIRE & CASUALTY
COMPANY

Robert D. Gholson
GHOLSON BURSON ENTREKIN & ORR, P.A.
55 North 5th Avenue
P.O. Box 1289
Laurel, MS 39441-1289
ATTORNEYS FOR FORENSIC ANALYSIS
ENGINEERING CORPORATION


/s/     C. Maison Heidelberg___