UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CORI RIGSBY and
KERRI RIGSBY                                                    RELATORS

VERSUS                                    CIVIL ACTION NO. 1:06CV433-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY et al            DEFENDANTS

## <u>ORDER GRANTING IN PART MOTION FOR LIMITED AMENDMENT TO THE CMO</u>

Before the Court is Defendant State Farm's [671] Motion for Limited Amendment to the Case Management Order.  In its motion, State Farm requests the following out-of-time discovery: (1) deposition and document production of The Rendon Group (TRG); (2) follow-up 30(b)(6) deposition of SLF, Inc.; (3) follow-up deposition of the Rigsbys; and (4) extension of the motion deadline to August 16, 2010.  The Rigsbys do no oppose out-of-time discovery with respect to TRG.  Nor do they oppose an extension of the motion deadline to August 16, 2010.  Accordingly, the motion is granted with respect to these two requests for relief.

The Rigsbys oppose resuming the depositions of SLF and of themselves.  Rule 30(a)(2)(A)(ii) of the Federal Rules of Civil Procedure provides that a party must obtain leave of court to depose a party who has already been deposed in the case.  Leave of court is conditioned on the necessity of the deposition in light of Fed. R. Civ. P. 26(b)(2), which provides, in part:

> (C) The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or

(iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

In the present dispute, an additional consideration is the fact that the discovery deadline has expired. At this late stage of the litigation, the Court has attempted to balance the interests of allowing the parties sufficient discovery with the interests of maintaining the December 1, 2010, trial date. Accordingly, the Court has permitted some limited out-of-time discovery, including allowing the Relators to conduct a 30(b)(6) deposition of State Farm beyond the discovery deadline.

State Farm deposed SLF's corporate representative, Rex DeLoach, on June 28, 2010. During the deposition, DeLoach indicated that he did not have knowledge of some areas of inquiry, nor did he seek to educate himself on the topics prior to the deposition. DeLoach's lack of knowledge was due in part to the fact that SLF did not designate him until the eve of the deposition. The inefficacy of this 30(b)(6) deposition was in large part a result of a battle over document production between SLF/Don Barrett and State Farm. In light of SLF's late document production and the corporate representative's lack of preparedness and inability to answer certain areas of inquiry at the June 28, 2010, deposition, the Court will allow State Farm to conduct an out-of-time deposition of SLF's 30(b)(6) representative.

The Court will not grant leave for State Farm to re-depose the Rigsbys. State Farm has failed to demonstrate sufficient justification for the resumption of their deposition. Although

2

State Farm may acquire additional discoverable and relevant documents from TRG and SLF, this by itself does not demonstrate cause for resuming the Rigsbys' deposition.  The Rigsbys' relationship with the Scruggs firm and the Katrina Litigation Group has been the subject of considerable discovery and numerous depositions.  The Rigsbys themselves have been deposed on these topics.  The Court finds that additional deposition testimony would be unreasonably cumulative or duplicative.  To the extent allowed by the trial judge, State Farm is not precluded from questioning the Rigsbys at trial regarding newly obtained documents, thus diminishing any prejudice from not allowing the post-discovery deadline resumption of the Rigsbys' deposition.

IT IS THEREFORE ORDERED AND ADJUDGED that State Farm's [671] Motion is GRANTED in part and DENIED in part consistent with the provisions outlined in this Order.

(1) Dispositive motions shall be filed on or before August 16, 2010.

(2) State Farm is granted leave to depose TRG and SLF, with the depositions to occur no later than August 2, 2010.

SO ORDERED, this the 9th day of July, 2010.

s/ *Robert H. Walker*
UNITED STATES MAGISTRATE JUDGE