## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

UNITED STATES OF AMERICA ex rel.
CORI RIGSBY and KERRI RIGSBY   RELATORS/COUNTER-DEFENDANTS

v.          CASE NO. 1:06cv433-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY DEFENDANT/COUNTER-PLAINTIFF

and

FORENSIC ANALYSIS ENGINEERING CORPORATION;
HAAG ENGINEERING CO.; and ALEXIS KING      DEFENDANTS

**STATE FARM FIRE AND CASUALTY COMPANY'S MEMORANDUM IN SUPPORT OF ITS FED. R. CIV. P. 16(f)(1)(C), 37(c) & MISS. UNIF. CIV. L. R. 26(a)(3) MOTION TO EXCLUDE/IN LIMINE FOR FAILURE TO TIMELY DISCLOSE**
*(With Verified Good Faith Certificate)*
*==Miss. Unif. Civ. Loc. R. 7(b)(8) Expedited Consideration Requested==*

Robert C. Galloway (MSB # 4388)
Jeffrey A. Walker (MSB # 6879)
E. Barney Robinson III (MSB # 09432)
Benjamin M. Watson (MSB # 100078)

BUTLER, SNOW, O'MARA, STEVENS &
CANNADA, PLLC
Post Office Drawer 4248
Gulfport, MS 39502
(P) (228) 575-3019
(E) bob.galloway@butlersnow.com

BUTLER, SNOW, O'MARA, STEVENS &
CANNADA, PLLC
200 Renaissance at Colony Park, Suite 1400
1020 Highland Colony Parkway (39157)
Post Office Box 6010
Ridgeland, MS 39158-6010
(P) (601) 948-5711
(F) (601) 985-4500
(E) jeff.walker@butlersnow.com
(E) barney.robinson@butlersnow.com
(E) ben.watson@butlersnow.com

Michael B. Beers (ASB-4992-S80M), PHV
BEERS, ANDERSON, JACKSON, PATTY &
FAWAL, P.C.
Post Office Box 1988
250 Commerce Street, Suite 100 (36104)
Montgomery, AL  36102
(P) (334) 834-5311
(F) (334) 834-5362
(E) mbeers@beersanderson.com

*PRO HAC VICE*

James R. Robie (CA State Bar # 67303), PHV
ROBIE & MATTHAI
Biltmore Tower, Suite 1500
500 South Grand Avenue
Los Angeles, CA  90071
(P) (213) 706-8000
(F) (213) 706-9913
(E) jrobie@romalaw.com

*PRO HAC VICE*

## PRELIMINARY STATEMENT

This Court's Case Management Order ("CMO") [365] expressly ordered:  (i) the parties to serve their initial disclosure "no later than November 13, 2009" (*id.* ¶ 2), and (ii) that all discovery shall be completed on or before July 1, 2010.  (*Id.* ¶ 6(d).)  Notwithstanding this unambiguous order, at 5:09 p.m. on July 1, 2010, the Rigsbys sent State Farm an e-mail forwarding what the Rigsbys contend is a "supplement" to their initial disclosures.  (07-01-10 5:09 p.m. E-mail from D. Sugimura, Ex. A to Mtn.)  This so-called supplement purports to add, *inter alia*, **twenty-one new individuals** who the Rigsbys claim are "likely to have discoverable information" and who the Rigsbys now contend that they "may use to support [their] claims or defenses."  (07-01-10 Rigsby Supp. Disclosure of Core Information, Ex. B to Mtn.)  To make matters worse, at 5:57 p.m. of the same day, the Rigsbys sent State Farm's counsel a second "supplement" that named **yet another new individual**.  (07-01-10 5:57 p.m. E-mail from D. Sugimura, Ex. C to Mtn.; 07-01-10 Rigsby 2d Supp. Disclosure of Core Information, Ex. D to Mtn.)

The Rigsbys' post-eleventh-hour attempts to "supplement" their initial disclosures violate the CMO and Rule 26.[1]  It is simply inexplicable that the Rigsbys waited until 5:07 p.m. on the last day of discovery to designate Thomas and Pamela McIntosh as persons who are "likely to have discoverable information" that the Rigsbys "may use to support [their] claims or defenses." (07-01-10 Rigsby Supp. Disclosure of Core Information at 1, Ex. B to Mtn.)  The Rigsbys' untimely "supplements" similarly list eight State Farm employees, all of whom were well known to the Rigsbys long before the Court's November 13, 2009, initial disclosure deadline.

---

[1] State Farm has attempted to confer with the Rigsbys regarding the matters at issue in this Motion.  (Verified Good Faith Cert., Ex. E to Mtn.)

Even more troubling, *ten* of the names on the Rigsbys' two Supplemental Disclosures –
Owen McPeek, Shirley McPeek, Michael Cavanaugh, Shannon Cavanaugh, Sam Larosa, Ann
Larosa, Eugene Batia, Debora Batia, Tarra Lee Barnes, and Patricia Day (collectively, "New
Witnesses") – have not previously been identified by any party as potential witnesses in this case.
The first nine of these New Witnesses purportedly reside on the same street as the McIntoshes
and are "believed" by the Rigsbys "to be knowledgeable of the damage caused by Hurricane
Katrina." (*Id.*)

The tenth New Witness, who was disclosed on the Rigsbys' second Supplemental
Disclosure, is "believed" by the Rigsbys "to have been a claims adjuster for State Farm after
Hurricane Katrina and may have information regarding State Farm's claims-handling and
adjusting practices." (07-01-10 Rigsby 2d Supp. Disclosure of Core Information at 1, Ex. D to
Mtn.) The Rigsbys do not even provide State Farm with Ms. Day's contact information,
claiming that they do not know her phone number or address. (*Id.*) And there is no indication
anywhere in the record that Ms. Day had anything to do with the adjustment of the McIntosh
flood claim.

The Court is specifically authorized to prohibit the Rigsbys from using these ten New
Witnesses to support their claims, and to prohibit their testimony at trial for violating the CMO.
*See* Fed. R. Civ. P. 16(f)(1)(C) (authorizing, *inter alia*, the court to impose any sanction provided
for under Rule 37(b)(2)(A)(ii) for a party's failure to comply with the CMO). Similarly, Rule 37
mandates exclusion of witnesses who were not properly disclosed. Fed. R. Civ. P. 37(c)(1); see
also Miss. Unif. Civ. L. R. 26(a)(3). Accordingly, and at a minimum, State Farm respectfully
requests that this Court to strike and exclude the ten New Witnesses and preclude the Rigsbys
from offering these New Witnesses' testimony in any motion, at any hearing, or at trial.

## ARGUMENT

## I.   THE RIGSBYS' SUPPLEMENTAL DISCLOSURES VIOLATE THE CMO AND RULE 26

"The federal rules promote broad discovery so that all relevant evidence is disclosed *as early as possible*, making a trial 'less a game of blind man's bluff and more a fair contest.'" *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 517 (5th Cir. 1993) (emphasis added; alteration omitted; quoting *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958)). To this end, the Federal Rules require that "a party must, without awaiting a discovery request, provide to the other parties," *inter alia*, "the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i).

"The purpose of this disclosure is to alert an opposing party of the need to take discovery of the named witness[es]." *Pal v. New York Univ.*, No. 06 Civ. 5892, 2008 WL 2627614, at *4 (S.D.N.Y. June 30, 2008); *see also* 6 James Wm. Moore et al., *Moore's Federal Practice* § 26.22[4][a][i] (3d ed. 2010) ("The purpose of requiring the parties to disclose the identities of their prospective witnesses early in the litigation is to assist the other parties in deciding whom they wish to depose without the necessity of first serving multiple boilerplate interrogatories seeking this information"). In other words, the purpose of Rule 26 initial disclosures is to allow parties to perform follow-up discovery in an orderly and timely fashion.

The Federal Rules also contemplate that, as a case progresses, a party may become aware of additional persons who might have discoverable information and whom the party might seek to call as witnesses. Thus, the Federal Rules require that a party is required to supplement her Rule 26(a) initial disclosures "*in a timely manner* if the party learns that in some material respect the disclosure . . . is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1) (emphasis added).

But Rule 26(e) supplementation does *not* permit a party to withhold pertinent information until the last minute.  Where "a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party *is not allowed to use that* . . . *witness to supply evidence on a motion, at a hearing, or at a trial*, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1) (emphasis added).  "This Rule is designed to prevent the 'sandbagging' of an opposing party with new evidence," *Pal*, 2008 WL 2627614, at *3, and its application is generally "automatic and mandatory," *Salgado ex rel. Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998); *see also Quanta Servs., Inc. v. Am. Admin. Group Inc.*, No. 08-20252, 2008 WL 5068804, at *2 n.2 (5th Cir. Dec. 2, 2008) (Rule 37(c)(1) sanction prohibiting introduction of evidence not disclosed as required by Rule 26(a) is "mandatory" unless nondisclosure was substantially justified or harmless).

Courts have repeatedly rejected attempts to disclose new persons with knowledge at the end of the discovery period under the guise of "supplementation."  As the court explained in *Paxar Americas, Inc. v. Zebra Technologies Corp.*, No. 3:03-cv-142, 2005 WL 6493791 (S.D. Ohio Aug. 31, 2005), discovery responses "delivered on the last day of the discovery period are not 'within' the discovery period for any useful purpose of the propounder of the [discovery], at least as to follow up discovery."  *Id.* at *2.  Accordingly, courts routinely exclude witnesses and other evidence that one party drops on another at the tail end of discovery.

In *Pal*, for example, defendant New York University ("NYU") first identified four new witnesses in supplemental Rule 26 disclosures served on its adversary "after business hours on the very last day of" discovery.  *Pal*, 2008 WL 2627614, at *3 (emphasis omitted).  The court struck those witnesses from the party's supplemental disclosures and precluded them "from offering any testimony or sworn statements in [the] matter."  *Id.* at *6.  "By waiting until the

final day of discovery to disclose [the four] names, NYU essentially sandbagged Pal. ***This is precisely the type of conduct that Rule 37(c)(1) is meant to prevent*.*" *Id.* at *5 (emphasis added).

### A. The Court Should Exclude the New Witnesses Under Rule 37(C)(1)

As noted above, preclusion of the untimely witnesses is mandatory under Rule 37(c)(1) unless the Rigsbys can demonstrate that their discovery violation "was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); s*ee also Heidtman v. County of El Paso*, 171 F.3d 1038, 1040 (5th Cir. 1999) (party that failed to comply with discovery obligation bears burden of proving that a discovery violation is harmless). In determining whether a party's discovery violation is harmless, courts weigh four factors: "(1) the importance of the witness's testimony; (2) the prejudice to the opposing party if the witness is allowed to testify; (3) the possibility that a continuance would cure potential prejudice; and (4) the explanation given for the failure to identify the witness." *Campbell v. Keyston Aerial Surveys, Inc.*, 138 F.3d 996, 1000 (5th Cir. 1998). These factors establish conclusively that the Court should, at a minimum, strike the Rigsbys' ten New Witnesses.

First, the Rigsbys' ten New Witnesses are demonstrably not important to their case. As the Court has ruled repeatedly, "[t]he trial of this action will be limited to the McIntosh claim." ([363] at 1); *see also, e.g.*, ([343], [413], [447], [490], [662], [663].) This case is ***not*** about the McPeeks' property, the Cavanaughs' property, the Larosas' property, the Batias' property, or the Barneses' property. Nor is this case about whatever properties might have been adjusted by Patricia Day. And for good reason. This Court has already "learned some important lessons" from having tried several Katrina cases, especially that there are "many differences between" one claim and another:

> 1) the forces exerted by Hurricane Katrina varied substantially from one location along the Mississippi Gulf Coast to another; 2) the forces exerted against a particular building varied substantially depending on the building's proximity to the shore line; 3) the damage any given building may have sustained varied substantially depending on its age, quality of construction, and even its design (e.g. gable roof compared with hip roof) and orientation to the forces exerted by the storm, particularly the wind; and 4) claims were handled by Defendant in a variety of ways.

*Guice v. State Farm Fire & Cas. Co.*, No. 1:06cv001, 2007 WL 912120, at *1 (S.D. Miss. Mar. 22, 2007).  The Rigsbys nonetheless seek to collateralize the issues in this Action and perform an end-run around this Court's Orders limiting the scope of trial.  Their latest attempt to transform this case into a general referendum on Hurricane Katrina property damage and claims-handling should be denied.

Since the New Witnesses have no personal knowledge relevant to this case, State Farm suspects that the Rigsbys simply seek to parade sympathetic Hurricane Katrina victims before the jury.  Any such attempt to confuse the issues, mislead the jury, and unfairly prejudice State Farm cannot be considered "important," and more fundamentally, should be rejected.  *See* Fed. R. Evid. 403.

In any event, even if the Rigsbys were to argue that these ten New Witnesses were somehow important to their case, "the importance of the testimony [would] underscore[] how critical it was for" the Rigsbys "to have timely designated [them]."  *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004).  If these ten New Witnesses were, in fact, crucial to the Rigsbys' case, they would have disclosed them to State Farm at the outset rather than risk ending up on the wrong end of a motion to strike and exclude.  The Rigsbys' untimely disclosures only prove that these ten New Witnesses are mere afterthoughts who cannot be considered "important," and who should not be permitted to testify at trial.

Second, were these ten New Witnesses permitted to testify at trial, the prejudice to State Farm would be significant.  By identifying the ten New Witnesses on the precipice of the discovery cutoff, the Rigsbys have denied State Farm *any* opportunity to learn the content of their testimony, and State Farm will have been denied *any* opportunity to produce rebuttal witnesses and documents, thus prejudicing State Farm's ability to prepare its defenses for trial. The Federal Rules are specifically designed to avoid such a "trial by ambush."  *Shelak v. White Motor Co.*, 581 F.2d 1155, 1159 (5th Cir. 1978) ("Plaintiff's disregard for the federal rules of discovery in this area created a 'trial by ambush' which those rules are designed to prevent.  The rules are designed to narrow and clarify the issues and to give the parties mutual knowledge of all relevant facts, thereby preventing surprise").

Indeed, in another Hurricane Katrina case, the court granted State Farm's motion to strike plaintiff's witnesses who were not timely disclosed, holding that the prejudice to State Farm would be substantial.  *See Paulsen v. State Farm Ins. Co*., No. 06-9546, 2008 WL 449783, at *3 (E.D. La. Feb. 15, 2008).  The court explained that "the introduction of the extensive number of newly disclosed witnesses would prejudice State Farm, which will be unable to depose these witnesses and, if necessary, retain its own witnesses to rebut the same." *Id.*

Third, a continuance would not cure the prejudice to State Farm.  The Rigsbys' first Supplemental Disclosure represents that nine of the New Witnesses "are believed to be knowledgeable of the damage caused by Hurricane Katrina."  (07-01-10 Rigsby Supp. Disclosure of Core Information at 1-2, Ex. B to Mtn.)  To respond to their testimony, State Farm would have deposed them, as it did with other neighbors such as Kacie Briscoe, Denny Briscoe, and Linda Mucha.  State Farm would have also had the opportunity to identify additional fact witnesses or retain expert witnesses to rebut their claims.  State Farm might have subpoenaed

them to produce documents relating to their alleged property damage or their insurance claims in order to rebut their testimony, undermine their credibility, and expose their biases.  And State Farm might have questioned the Rigsbys, and other witnesses in this case, about these nine New Witnesses' statements.

Similarly, the Rigsbys have designated Ms. Day as someone who "may have information regarding State Farm's claims-handling and adjusting practices."  (07-01-10 Rigsby 2d Supp. Disclosure of Core Information at 1-2, Ex. D to Mtn.)  But there is absolutely nothing in the record to even suggest that Ms. Day had anything to do with the adjustment of the McIntosh flood claim and the Rigsbys' vague disclosure provides no insight as to the content of Ms. Day's potential testimony.  Had Ms. Day timely been disclosed to State Farm in November (or at any reasonable time prior to the July 1 discovery cutoff), State Farm would have attempted to locate her, deposed her and followed up on her deposition with further discovery if necessary.  By disclosing her on the discovery cutoff date, the Rigsbys have precluded State Farm from doing so.

Furthermore, a continuance to depose these ten New Witnesses would not cure the unfair prejudice to State Farm unless the entire discovery process were reopened and the depositions of several witnesses – including the Rigsbys – were reconvened.  Such an untimely and costly process is contrary to the letter and spirit of the Federal Rules and this Court's CMO and is not warranted by the circumstances of this case.  *See Paulsen*, 2008 WL 449783, at *4 (rejecting the argument that any prejudice to State Farm can be cured by a continuance, explaining that "[g]ranting a continuance would reopen a large portion of the case and reward [plaintiff's] counsel for his neglect").

Fourth, the Rigsbys have not, and manifestly cannot, offer any reasonable explanation as to why they waited until *5:57 pm on the last day of discovery* to finally disclose all of the ten

New Witnesses.  Indeed, nine of the ten new witnesses are the McIntoshes' neighbors who were all known or knowable to the Rigsbys years ago.  The Rigsbys' inability to provide a *bona fide* explanation for their delay is in itself sufficient to warrant exclusion of the ten New Witnesses. *See Heidtman*, 171 F.3d at 1040 (holding that the district court did not abuse its discretion in excluding witness from testifying at trial under Rule 37(c) because the plaintiffs provided no explanation for their failure to comply with Rule 26).

### B.    Exclusion Of The New Witnesses Is Further Justified Under Rule 16(F)

Exclusion of the ten New Witnesses is further warranted under Rule 16(f).  The Rigsbys' failure to comply with Rule 26(a) and (e) is a violation of the Court's CMO.  The CMO required that initial disclosure be made no later than November 13, 2009.  Therefore, the individuals likely to have had discoverable information should have been identified at that time or "in a timely manner" if supplementation was required.  Fed. R. Civ. P. 26(e)(1).  Where, as here, a party fails to abide by the deadlines set forth in the CMO, "Rule 16(f) of the Federal Rules of Civil Procedure specifically authorizes a trial court to sanction a party's failure to comply with a scheduling order by excluding evidence."  *N.J. Collins, Inc. v. Pac. Leasing, Inc*., No. 97-2379, 1999 WL 681393, at *1 (E.D. La. Aug. 31, 1999); *see also Barrett v. Atl. Richfield Co*., 95 F.3d 375, 379-82 (5th Cir. 1996); *Spence v. Johnson*, 80 F.3d 989, 1000 (5th Cir. 1996); *Geiserman v. MacDonald*, 893 F.2d 787, 790-92 (5th Cir. 1990).

The Fifth Circuit "gives the trial court 'broad discretion to preserve the integrity and purpose of the pretrial order,'" *Geiserman*, 893 F.2d at 790 (citation omitted), and has underscored the importance of compliance with discovery deadlines:

> Regardless of [the untimely party's] intentions, or inattention, which led to the flouting of discovery deadlines, such delays are a particularly abhorrent feature of today's trial practice.  They increase the cost of litigation, to the detriment of the parties enmeshed in it; they are one factor causing disrespect for lawyers and the judicial process; and they fuel the increasing resort to means of non-judicial

dispute resolution.   Adherence to reasonable deadlines is critical to restoring integrity in court proceedings.

*Id*. at 792.  As one district court bluntly explained, a scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."  *Gesterner Corp. v. Case Equip. Co*., 108 F.R.D. 138, 141 (D. Me. 1985).

Determining whether exclusion is warranted under Rule 16(f) employs the same analysis as for Rule 37.  Thus, in *Paulsen*, the court held that exclusion of all witnesses not disclosed to State Farm during the discovery period was independently justified by Rule 16.  *See Paulsen*, 2008 WL 449783, at *4.  The same result is warranted in this case.

## CONCLUSION

The Rigsbys cannot show that their last-minute Supplemental Disclosures are harmless. To the contrary, should their ten New Witnesses be permitted to testify at trial, State Farm will be irreparably prejudiced by the Rigsbys' failure to disclose them "in a timely manner."  Fed. R. Civ. P. 26(e)(1)(A).  In addition, the Rigsbys' Supplemental Disclosures are a clear violation of this Court's CMO.  As a result, State Farm respectfully requests that this Court, at a minimum, strike the ten New Witnesses from the Rigsbys' Supplemental Disclosures, and preclude the Rigsbys from offering their testimony in any motion, at any hearing, or at trial.  *See* Fed. R. Civ. P. 16(f)(1)(C); Fed. R. Civ. P. 37(b)(2)(A)(ii); Fed. R. Civ. P. 37(c)(1).

This the 12th day of July, 2010.

Respectfully submitted,

STATE FARM FIRE AND CASUALTY COMPANY

By:     s/*E. Barney Robinson III* (MSB #09432)
Robert C. Galloway (MSB # 4388)
Jeffrey A. Walker (MSB # 6879)
E. Barney Robinson III (MSB #09432)
Benjamin M. Watson (MSB #100078)
Amanda B. Barbour (MSB # 99119)

ITS ATTORNEYS

OF COUNSEL:

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
Post Office Drawer 4248
Gulfport, MS  39502
(P)(228) 575-3019
(E) bob.galloway@butlersnow.com

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
200 Renaissance at Colony Park, Suite 1400
1020 Highland Colony Parkway (39157)
Post Office Box 6010
Ridgeland, MS 39158-6010
(P) (601) 948-5711
(F) (601) 985-4500
(E) jeff.walker@butlersnow.com
(E) barney.robinson@butlersnow.com
(E) ben.watson@butlersnow.com
(E) amanda.barbour@butlersnow.com

Michael B. Beers (ASB-4992-S80M), PHV
BEERS, ANDERSON, JACKSON, PATTY & FAWAL, P.C.
Post Office Box 1988
Suite 100
250 Commerce Street (36104)
Montgomery, AL  36102
(P) (334) 834-5311
(F) (334) 834-5362
(E) mbeers@beersanderson.com

*PRO HAC VICE*

James R. Robie (CA State Bar # 67303), PHV
ROBIE & MATTHAI
Suite 1500
Biltmore Tower
500 South Grand Avenue
Los Angeles, CA  90071
(P) (213) 706-8000
(F) (213) 706-9913
(E) jrobie@romalaw.com

*PRO HAC VICE*

## CERTIFICATE OF SERVICE

I, E. Barney Robinson III, one of the attorneys for State Farm Fire and Casualty Company, do hereby certify that I have this day caused a true and correct copy of the foregoing instrument to be delivered to the following via the means directed by the Court's CM/ECF System:

C. Maison Heidelberg
Ginny Y. Kennedy
MAISON HEIDELBERG P.A.
795 Woodlands Parkway, Suite 220
Ridgeland, MS  39157
(P) (601) 351-3333
(F) (601) 956-2090
maison@heidlebergpa.com
ginny@heidelbergpa.com

Scott D. Gilbert
August J. Matteis, Jr.
Craig J. Litherland
Benjamin R. Davidson
GILBERT LLP
11 New York Avenue, NW
Suite 700
Washington, DC  20005
gilberts@gotofirm.com
matteisa@gotofirm.com
litherlandc@gotofirm.com
davidsonb@gotofirm.com

COUNSEL FOR CORI RIGSBY AND KERRI RIGSBY

Jeffrey S. Bucholtz
Joyce R. Branda
Patricia R. Davis
Jay D. Majors
UNITED STATES DEPARTMENT OF JUSTICE
Civil Division
P.O. Box 261
Ben Franklin Station
Washington, DC  20044
(P) (202) 307-0264
(F) (202) 514-0280

Stan Harris
Alfred B. Jernigan, Jr.
Felicia C. Adams
UNITED STATES ATTORNEY'S OFFICE
Southern District of Mississippi
Suite 500
188 East Capitol Street
Jackson, MS 39201
(P) (601) 965-4480
(F) (601) 965-4409
(E) felicia.adams@usdoj.gov

ATTORNEYS FOR THE UNITED STATES

Larry G. Canada
Kathryn Breard Platt
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
701 Poydras Street
Suite 4040
New Orleans, LA 70139
(P) (504) 525-6802
(F) (504) 525-2456
lcanada@gjtbs.com
kplatt@gjtbs.com

ATTORNEYS FOR HAAG ENGINEERING CO.

Robert D. Gholson
Daniel D. Wallace
GHOLSON, BURSON, ENTREKIN & ORR, P.A.
535 North 5th Avenue (39440)
P.O. Box 1289
Laurel, MS 39441-1289
(P) (601) 649-4440
(F) (601) 649-4441
gholson@gbeolaw.com
wallace@gbeolaw.com

ATTORNEYS FOR FORENSIC ANALYSIS ENGINEERING CORPORATION

THIS the 12th day of July, 2010.


By:     s/*E. Barney Robinson III* (MSB #09432)
              E. Barney Robinson III (MSB #09432)

Jackson 5351030v3