UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


CORI RIGSBY and
KERRI RIGSBY                                                                          RELATORS

VERSUS                                                         CIVIL ACTION NO. 1:06CV433-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY et al                         DEFENDANTS


**ORDER DENYING MOTION TO COMPEL**

Before the Court is Defendant State Farm's [665] Motion to Compel Production of

Computers.  In a supplemental response to State Farm's discovery, the Rigsbys identified as

"things of value", computers that they had received from the Scruggs Law Firm.  The Scruggs

Law Firm provided the computers in June of 2006, or at approximately the same time that the

Rigsbys were engaged as consultants for the Scruggs Law Firm.  This also places the computers

in the Rigsbys' possession prior to the filing of the *McIntosh* lawsuit, which serves as the basis

for the present *qui tam* action.  Apparently, the Rigsbys used the computers for "daily

communications".  The Rigsbys did not reveal the existence of these computers until May 25,

2010, approximately five weeks before the discovery deadline.  The Rigsbys now object to

producing the computers because (1) the motion to compel is untimely;  (2) they have produced

responsive documents located on the computers;  and (3) the computers themselves are not

discoverable, only the information located on the computers.

The Court finds that the motion to compel should be denied.  The Court does not base its

decision on the timeliness of the motion to compel.  The fact that the Rigsbys did not disclose the

existence of the computers until May 25, 2010, as well as the subsequent negotiations regarding

disclosure of the computers contents, justified State Farm's late-filed motion to compel.  Nor does the Court base its conclusion on the Rigsbys contention that the computers themselves are not discoverable.  To the extent that it is necessary to produce a computer for the purpose of extracting discoverable information, the computer itself could, at least in theory, be discoverable.

Ultimately, the Court finds that the motion to compel should be denied because State Farm has failed to give a sufficient justification for going behind the discovery process and for disregarding counsel for Realtors' sworn representations that all responsive documents from the computers have been produced.  Before taking the additional and extraordinary steps requested by State Farm, the Court requires something more than the unsubstantiated suspicion that there may be additional discoverable information contained on the computers.  In this lawsuit, and in other Katrina-related lawsuits to date, the Court has limited the attempts of parties to expand discovery and to look behind the discovery process absent some compelling justification.

IT IS THEREFORE ORDERED AND ADJUDGED that the [665] Motion to Compel is DENIED.

SO ORDERED, this the 13th day of July, 2010.

s/  *Robert H. Walker*
UNITED STATES MAGISTRATE JUDGE