UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA
EX REL. CORI RIGSBY and KERRI RIGSBY					RELATORS

V.					CIVIL ACTION NO.1:06CV433 LTS-RHW

STATE FARM INSURANCE COMPANY, ET AL.					DEFENDANTS

## OPINION AND ORDER ON EXPERT WITNESS QUALIFICATIONS

The Relators have identified six expert witnesses, and State Farm Insurance Company (State Farm) has moved the Court to exclude the opinions expressed by all of them. At this time, the Court will rule on four State Farm motions [294] [705] [296] [719] concerning two expert witnesses.

Patrick J. Fitzpatrick, Ph.D., (Fitzpatrick) and Keith G. Blackwell, Ph.D., (Blackwell) are meteorologists. According to their reports, they will be called to testify concerning weather conditions, particularly wind speed and storm surge flooding during Hurricane Katrina. Fitzpatrick's testimony and Blackwell's testimony do not relate specifically to the storm damage to the McIntosh property. Rather, their opinions are general in nature, indicating the time the storm forces' effects were manifested on shore and the strength of those forces.

State Farm's motions [294] [705] to exclude Fitzpatrick's testimony and to exclude Blackwell's testimony [296] [719] are premised on State Farm's contention that Fitzpatrick's and Blackwell's opinions are irrelevant since these opinions do not deal specifically with the damage to the McIntosh property and the cause of that damage, two of the key issues in this case.

It appears to me that both Fitzpatrick's testimony and Blackwell's testimony are relevant and admissible under Federal Rule of Evidence 702 and under the holding in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993). While their testimony does not deal specifically with storm damage to the McIntosh property, their testimony does illuminate many important aspects of the storm's dynamics, and these dynamics are the setting in which the damage to the McIntosh property took place. It is not necessary that any given expert's opinion address every relevant issue in a case or any particular issue.

Parties may use competent expert opinion testimony to establish any disputed fact, and expert opinions may be relied upon by other experts to support their own opinions, as is the case here.  R. Ralph Sinno's (Sinno) report specifically references Fitzpatrick's report and relies upon Fitzpatrick's opinions.  The subject matter of Fitzpatrick's testimony and Blackwell's testimony, the storm's dynamics, the strength of the storm's forces and the timing of their effects on shore is relevant to the issues in this case in my view.  Accordingly, State Farm's motions [294] [705] to exclude Fitzpatrick's testimony and its motions [296] [719] to exclude Blackwell's testimony will be denied.

Accordingly, it is hereby

**ORDERED**

That the motions of State Farm Fire and Casualty Company [294] [705] [296] [719] to exclude the testimony of Patrick J. Fitzpatrick, Ph.D., and to exclude the testimony of Keith G. Blackwell, Ph.D., are **DENIED**;

**SO ORDERED** this 4th day of August, 2010.

        s/ L. T. Senter, Jr.
        L. T. SENTER, JR.
        SENIOR JUDGE