IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA ex rel.
CORI RIGSBY and KERRI RIGSBY      RELATORS/COUNTER-DEFENDANTS

v.      CASE NO. 1:06cv433-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY    DEFENDANT/COUNTER-PLAINTIFF

and

HAAG ENGINEERING CO.; and ALEXIS KING      DEFENDANTS

## DEFENDANT ALEXIS KING'S MEMORANDUM
### IN SUPPORT OF RULE 4(m) and 12(b)(5) MOTION TO DISMISS

Alexis King ("Ms. King") respectfully submits this memorandum in support of her motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) for failure to timely serve her with summons and complaint as required by Federal Rule of Civil Procedure 4(m). Despite ample opportunity to personally serve Ms. King, Relators have failed to do so for over two years. As demonstrated by the record in this case, there is a complete absence of good cause for Relators' delay. Accordingly, Relators' claims against Ms. King should be dismissed.

### RELEVANT FACTS

Relators first asserted claims against Alexis King in their First Amended Complaint filed May 22, 2007. The case remained sealed until August 1, 2007. [25].[1] Service was made on State Farm and other corporate defendants between March and April of 2008. [71, 72, 73, 74, 75, 136 & 137]. Although Relators made flawed attempts to serve Ms. King first through the Mississippi Insurance Department [83] and then through an executive secretary at State Farm [138], Ms. King has never been personally served as required by Federal Rule of Civil Procedure 4(e). (King Decl. at ¶2, Ex. A to Mtn.)

---

[1] In a *qui tam* case, the 120-day period begins after the court unseals the complaint. *See, e.g., United States ex rel. Cody v. Computer Scis. Corp.*, 246 F.R.D. 22, 26-27 (D.D.C.2007).

1

There have been no attempts by Ms. King to avoid service. (King Decl. at ¶4, Ex. A to Mtn.) In fact, on May 5, 2009, pursuant to a Notice of Deposition of Alexis King [289] that was served on attorneys for State Farm (but not Ms. King individually), Ms. King was produced for deposition as an employee of State Farm. Relators made no attempt to serve a summons upon Ms. King during her deposition. (King Decl. at ¶4, Ex. A to Mtn.)

The last issuance of a summons by Relators to Ms. King was on May 7, 2008 [164]. That summons contained a general corporate address for State Farm and what appears to be a residential address in Chicago, Illinois. Ms. King is not domiciled in Chicago, Illinois. (King Decl. at ¶5, Ex. A to Mtn.) As she testified in her deposition, she resides in Pensacola, Florida. (Deposition of King at 2, 11 & 21-22, Excerpts are Ex. B to Mtn.) No return of service indicating proper service upon Ms. King has been filed as required by Rule 4(e).

## LAW & ARGUMENT

The Court may dismiss a complaint for ineffective service of process pursuant to Federal Rule of Civil Procedure 12(b)(5) if the plaintiff fails to establish that he or she has properly effectuated service in accordance with Federal Rule of Civil Procedure 4. *Johnson v. Pro*, No. 09-4400, 2009 WL 3711259 (E.D. La. Nov. 3, 2009); *Light v. Wolf,* 816 F.2d 746, 751 (D.C. Cir. 1987). In the present case, Relators have not complied with Federal Rule of Civil Procedure Rule 4(e) in their attempts to serve Ms. King.

This case has now been unsealed for over two years. [25]. Relators' unjustifiable delay has well exceeded the 120 day deadline imposed by Federal Rule of Civil Procedure 4(m). Because Relators can articulate no good faith basis for this delay – one which has now prejudiced Ms. King's ability to prepare for trial, Relators' claims against Ms. King should be dismissed.

I.  **RELATORS HAVE FAILED TO SERVE ALEXIS KING AS REQUIRED BY FEDERAL RULE OF CIVIL PROCEDURE 4(E).**

Federal Rule of Civil Procedure 4(e) provides that a plaintiff may serve process on an individual in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

   A) delivering a copy of the summons and of the complaint to the individual personally;

   B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

   C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed.R.Civ.P. 4(e). Relators did not serve process using any of the methods established in Rule 4(e)(2).

Relators first attempted to serve King via the Commissioner of the Mississippi Insurance Department ("Commissioner"). Pursuant to Mississippi Code § 83-21-1(c), a foreign insurance company is required to appoint the Mississippi Insurance Commissioner as its statutory agent for service of process as a condition of doing business in Mississippi. In line with this requirement, Mississippi code §83-5-11 authorizes the Commissioner to accept service of process "as attorney for an insurance company . . . ." By its very language § 83-5-11, does not confer authority on the Commissioner to accept service of process on behalf of an *employee* of an insurance company. This stands to reason, as employees of foreign insurance companies, such as King, do not and are not required to appoint the Commissioner as their statutory agent for service of process.

Similarly, Relators' second attempt at service resulted in summons being delivered to an executive secretary at State Farm. [138]. A corporate secretary is not authorized by any law (or

3

by Ms. King) to accept service for any individual employee such as King. (King Decl. at ¶3, Ex. A to Mtn.) Notably, there is no summons on record ever issuing to King at her residence in Florida, although her exact address was provided during her deposition on May 5, 2009. (Deposition of King p.2, ll. 21-22, Excerpts are Ex. B to Mtn.)

Because Relators' attempted service is inadequate under Rule 4(e)(2), Relators' attempted service of process was sufficient only if it complied with Mississippi state law as allowed by Federal Rule 4(e)(1). Mississippi Rule of Civil Procedure 4(c) allows service by sheriff, process server, or by first-class mail upon an "individual by delivering a copy of the summons to him personally or to an agent authorized by appointment or by law". Once served, proof of service must be filed with the court promptly. M.R.C.P. 4(f).

Relators have filed no proof of service that would comply with Mississippi state law and there is no other evidence that Relators have ever attempted to comply with Mississippi Rule 4(c). Notably, there is no summons on file indicating service was made or attempted upon King personally or any person authorized to accept service on her behalf. Moreover, even though Ms. King had actual notice of the lawsuit, as demonstrated by her appearance at deposition, the "defendant's actual notice of the litigation . . . is insufficient to satisfy Rule 4's requirements." *Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir. 1988).[2] Unless the procedural requirements for properly effecting service of process are satisfied, a court lacks authority to

---

[2] Simply being on notice of a lawsuit "cannot cure an otherwise defective service." *Whitehead v. CBS/Viacom, Inc.*, 221 F.R.D. 1, 3 (D.D.C. 2004) (citation omitted); *see also LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 322 (6th Cir. 1999) (refusing to substitute actual knowledge for proper service under Rule 4); *Mopex, Inc. v. Am. Stock Exch., L.L.C.*, No. 02-1656, 2002 WL 342522, at *9 (S.D.N.Y. Mar.5, 2002) (dismissing the plaintiff's case without prejudice for failure to effect proper service even though the defendant had actual notice of the proceedings) (citation omitted). Moreover, federal courts have firmly established that a court appearance does not waive an otherwise valid Rule 12(b)(5) defense based on improper service. *See, e.g., Cataldo v. U.S. Dept. of Justice*, No. 99-264, 2000 WL 760960, at *6 (citation omitted) (D.Me. May 15, 2000) (refusing to accept the defendant's appearance in court as a waiver of the defense of insufficient service of process).

4

exercise personal jurisdiction over the defendant. *Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 514 (D.C. Cir. 2002) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)).

Relators have made no attempt at personal service on Alexis King. Although Relators made flawed attempts to serve King first through the Mississippi Insurance Department [83] and then through an executive secretary at State Farm [138], King has never been properly served as required by Federal Rule of Civil Procedure 4(e).

## II. RELATORS' COMPLAINT AGAINST ALEXIS KING MUST BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(M).

Federal Rule of Civil Procedure 4(m) provides:

> **Time Limit for Service.** If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*Id.*; *see also Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) (Rule 4(m) permits a district court to dismiss a case without prejudice if the plaintiff fails to serve the defendant within 120 days of filing the complaint.)

As set forth in the Rule, however, if the plaintiff can establish good cause for failing to serve the defendant, the court must extend the time for service. *Id.* If the plaintiff fails to effect proper service within the 120 day limit enumerated in the Rule 4(m), the plaintiff carries the burden of showing good cause for the failure. Fed.R.Civ.P. 4(m); *see also Systems Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990); *Wilson v. Prudential Fin.*, 332 F.Supp.2d 83, 87 (D.D.C. 2004). Even if the plaintiff lacks good cause, the court has discretionary power to extend the time for service where circumstances warrant. Fed.R.Civ.P. 4(m).

5

Yet to establish good cause, a plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice. *Systems Signs Supplies,* 903 F.2d at 1013. The claimant must make a showing of good faith and establish some reasonable basis for noncompliance. *Id.*

One of the factors to consider when determining whether good cause has been shown is whether the plaintiff exhibited reasonable diligence or made reasonable effort to effect service. *Wilburn v. Eastman Kodak Corp.,* 2005 WL 3041334, *1 (W.D.N.Y. Nov. 15, 2005). For example, plaintiff's failure to seek an extension of time to serve process within the 120 day limit set forth in Rule 4(m) was a significant factor considered by Judge Gex in *Atwood v. Memorial Hosp. at Gulfport,* 115 F.R.D. 489, 490 (S.D. Miss. 1986) in granting a motion to dismiss for a plaintiff's failure to serve process in a timely fashion.

Although this Court may grant additional time to perfect service even if Relators do not establish good cause for delay, where there has been a "clear record of delay" or evidence of "contumacious conduct[,]" dismissal is appropriate even if it will result in a time bar under the applicable statute of limitations. *See Millan v. USAA Gen. Indem. Co.,* 546 F.3d 321, 325-27 (5th Cir. 2008) (citing *Gray v. Fid. Acceptance Corp.,* 634 F.2d 226, 227 (5th Cir. 1981)). The court has recognized that "delay which warrants dismissal with prejudice must be longer than just a few months; instead, the delay must be characterized by 'significant periods of total inactivity[,]'" *Millan,* 546 F.3d at 327, which is exactly what has occurred here.

Where dismissals with prejudice are affirmed, the court has generally found at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.* (citing

6

*McGlathery*, 792 F.2d at 474). In the present case, Relators cannot establish good cause for the over two-year delay in perfecting service on Ms. King. Moreover, there is a "clear record of delay" and "contumacious" conduct in this case as to Ms. King which will result in prejudice against her if she is not granted dismissal. This case has been unsealed since August of 2007. [25]. Ms. King has never evaded service. (King Decl. at ¶4, Ex. A to Mtn.) To the contrary, she has personally appeared for deposition and provided her exact residential address. Despite this fact, Relators have never even attempted personal service.

Furthermore, the record demonstrates that Relators are aware that service has not been perfected. After attempting service through the Commissioner and an executive secretary, Relators attempted service for the last time on May 7, 2008 [164]. No return of service was ever filed. If Relators had believed the first two attempts to be sufficient, they would not have attempted a third time. Yet, even this third attempt at service was fatally flawed as it was issued to State Farm's corporate address in Bloomington, Illinois along with an unidentified residential address in Chicago, Illinois. Relators have made no good faith attempts to perfect service on Ms. King despite ample opportunity to do so, instead intentionally allowing "significant periods of total inactivity" to pass as to this defendant. *See Millan*, 546 F.3d at 327.

The Relators' inexcusable lack of diligence does not justify any relief under Rule 4(m), but rather supports dismissal of the claims against Ms. King to avoid prejudice. The discovery deadline in this matter has passed. [365]. The dispositive motion deadline runs in less than one week. Trial is set for December 1, 2010. Because she has not been served, Ms. King has not initiated discovery or dispositive motions. No discovery has been issued to Ms. King, nor have any dispositive motions been directed to Ms. King.

Ms. King would be severely prejudiced if called to defend herself at trial in this complex matter where Relators have been blatantly dilatory in their pursuit of service. *See Gartin v. Par Pharmaceutical Co.*, 289 Fed. Appx. 688, 694 (5th Cir. 2008) (holding that district court did not abuse its discretion by refusing to extend the time for service where the plaintiff engaged in a clear pattern of delay and neglect for seven months during which statute of limitation ran, defendant was not "put on formal notice and allowed a full opportunity to discover and preserve relevant evidence," resulting in actual prejudice to defendant). Accordingly, dismissal pursuant to Rule 4(m) is appropriate.

## CONCLUSION

Despite ample opportunity to achieve personal service on Ms. King, Relators have made no good faith attempt to comply with the service requirements of Federal Rule of Civil Procedure 4(e). Relators' delay cannot be justified by "inadvertence or mistake of counsel or ignorance of the rules". *Systems Signs Supplies*, 903 F.2d at 1013. Because of Relators' inexcusable conduct, there has been a "significant period" of over two-years with no activity in this case as to Ms. King. This complex matter is now approaching trial.

Ms. King would be irreversibly prejudiced if called upon to defend herself in this matter where the other parties have had over two-years to develop their case. Relators' claims against Ms. King should be dismissed under Rule 12(b)(5) and Rule 4(m).

This the 16th day of August, 2010.

Respectfully submitted,

ALEXIS KING

By:     s/ *Joseph M. Hollomon*
        JOSEPH M. HOLLOMON (MSB #█████)

        Joe Hollomon & Associates
        107 North State Street

Jackson, MS 39201
(601) 353-1300
FAX (601) 353-1308

ATTORNEY FOR ALEXIS KING

## **CERTIFICATE OF SERVICE**

I, Joseph M. Hollomon, attorney for Alexis King, do hereby certify that I have this day caused a true and correct copy of the foregoing instrument to be delivered to the following, via the means directed by the CM/ECF system:

C. Maison Heidelberg
Ginny Y. Kennedy
HEIDELBERG HARMON, PLLC
795 Woodlands Parkway, Suite 220
Ridgeland, MS 39157
(P) (601) 351-3333
(F) (601) 956-2090
(E) maison@heidlebergharmon.com
(E) gkennedy@heidelbergharmon.com

August J. Matteis, Jr.
Craig J. Litherland
Benjamin R. Davidson
GILBERT LLP
11 New York Avenue, NW
Suite 700
Washington, DC 20005
(E) matteisa@gotofirm.com
(E) litherlandc@gotofirm.com
(E) davidsonb@gotofirm.com

COUNSEL FOR CORI RIGSBY AND KERRI RIGSBY

Jeffrey S. Bucholtz
Joyce R. Branda
Patricia R. Davis
Jay D. Majors
UNITED STATES DEPARTMENT OF JUSTICE
Civil Division
P.O. Box 261
Ben Franklin Station
Washington, DC 20044
(P) (202) 307-0264
(F) (202) 514-0280
(E) joyce.branda@usdoj.gov
(E) patricia.davis@usdoj.gov
(E) jay.majors@usdoj.gov

Stan Harris
Alfred B. Jernigan, Jr.
Felicia C. Adams
UNITED STATES ATTORNEY'S OFFICE
Southern District of Mississippi
Suite 500
188 East Capitol Street
Jackson, MS 39201
(P) (601) 965-4480
(F) (601) 965-4409
(E) felicia.adams@usdoj.gov

ATTORNEYS FOR THE UNITED STATES

Larry G. Canada
Kathryn Breard Platt
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH, A PLC
2510 14th Street, Suite 910
Gulfport, MS 39501
(P) (228) 214-4250
(F) (228) 214-9650
(E) lcanada@gjtbs.com
(E) kplatt@gjtbs.com

ATTORNEYS FOR HAAG ENGINEERING CO.

Robert C. Galloway
Jeffrey A. Walker
E. Barney Robinson III
Benjamin M. Watson
Amanda B. Barbour
BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
Suite 1400
1020 Highland Colony Parkway
P.O. Box 6010
Ridgeland, MS 39158-6010
(P) (601) 948-5711
(F) (601) 985-4500
(E) bob.galloway@butlersnow.com
(E) jeff.walker@butlersnow.com
(E) barney.robinson@butlersnow.com
(E) ben.watson@butlersnow.com
(E) amanda.barbour@butlersnow.com

ATTORNEYS FOR STATE FARM FIRE AND CASUALTY COMPANY

Michael B. Beers (ASB-4992-S80M)
BEERS, ANDERSON, JACKSON, PATTY & FAWAL, P.C.
Post Office Box 1988
Suite 100
250 Commerce Street (36104)
Montgomery, Alabama 36102
(P) (334) 834-5311
(F) (334) 834-5362
(E) mbeers@beersanderson.com

ATTORNEY FOR STATE FARM FIRE AND CASUALTY COMPANY


James R. Robie (Bar No. 67303)
ROBIE AND MATTHAI
Biltmore Tower, 500 South Grand Avenue, Suite 1500
Los Angeles, CA 90071
(P) (213) 706-8000
(F) (213) 706-9913
(E) JRobie@romalaw.com

ATTORNEY FOR STATE FARM FIRE AND CASUALTY COMPANY


THIS the 16th day of August, 2010.

                                                       s/ *Joseph M. Hollomon*
                                                       JOSEPH M. HOLLOMON

Jackson 5274846v2