UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


**UNITED STATES OF AMERICA**
*EX REL*. **CORI RIGSBY and KERRI RIGSBY**                              **RELATORS**


**V.**                                                            **CIVIL ACTION NO.1:06CV0433 LTS-RHW**


**STATE FARM FIRE AND CASUALTY COMPANY,** *ET AL.*         **DEFENDANTS**


### MEMORANDUM OPINION ON STATE FARM FIRE AND CASUALTY COMPANY'S MOTIONS TO EXCLUDE EXPERT TESTIMONY OF RALPH SINNO, PH.D.

The Court has before it the motions [298] [715] of State Farm Fire and Casualty Company (State Farm) to exclude the testimony of R. Ralph Sinno, Ph.D. (Sinno), one of the Relators' expert witnesses.  For the reasons set out below, this motion will be denied.

Sinno is trained as a civil engineer.  His opinions concern the "Structural Response of the Property of Mr. And Mrs. Thomas McIntosh During Hurricane Katrina."  Sinno has made extensive engineering studies concerning the effect of hurricane force winds on buildings, and he relies on these studies along with his formal training as an engineer in forming his opinions.

It is Sinno's opinion that the McIntosh home "suffered extensive structural deformation to its framing and visible roof damage" caused by wind forces during the storm.  According to Sinno's report [279], storm winds interact with structures in a complex way, applying highly variable direct pressure on a structure's windward side and creating areas of very low pressure on its lee side.  Sinno concludes these types of wind forces were sufficient to "compromise [the McIntosh residence's] structural safety and integrity." (Sinno Report [279-7] at page 23)

Sinno considered the effect of storm surge flooding on the McIntosh property, and he concluded that "minimal damages, if any, at the McIntosh residence can be attributed to the water surge only." (Sinno Report [279-7] at page 22)  If I understand Sinno's report correctly, he estimates that the storm surge flooding reached a peak level of 2-3 feet inside the McIntosh residence.  Sinno's report does not directly address the extent of damage attributable to flooding of the McIntosh property.  Sinno's conclusion that the house was structurally compromised before the flood waters arrived leads him to the conclusion that the damage done by the flood waters was far less significant than the damage done by the wind.

The purpose of a motion challenging the qualifications of an expert is not to test the ultimate validity or credibility of the expert's opinion.  That is the job of the finder of fact on a complete record.  The purpose of this type of motion is to test whether the expert is qualified by training and experience to form the opinions he holds, to test whether those opinions are supported by factual interpretations and conclusions that are at least arguably sound, i.e. based on substantial evidence and reasonable assumptions, and to test whether the expert has reached his opinions using methodology and principles that are generally accepted in the expert's field.

It is a rare case in which the parties' expert witnesses will agree on how physical evidence should be interpreted, and this is not one of those rare cases.  State Farm's experts' interpretations of the available storm data differ greatly from Sinno's interpretation (see reports of Kurtis R.Gurley, Ph.D. [275 Exhibit A]; Robert G. Dean [275 Exhibit B]; Mark Watson, PE [275 Exhibit C]).  Sinno's report does not directly address the type of damage attributable to flooding of the McIntosh property.  Sinno's conclusion that the house was structurally compromised before the flood waters arrived leads him to the conclusion that the damage done by the flood waters was far less than the damage done by the wind.  These other experts attribute most of the damage to flooding.  Thus, some of the factual conclusions and inferences Sinno relies upon are in sharp dispute.  But as long as these conclusions and inferences are supported by an interpretation of the evidence that is within the range of reason and are not flatly contradicted by other substantial evidence, Sinno is entitled to rely upon his own interpretation of the available data and he is entitled to base his opinion upon his inferences.

Sinno is a professor of civil engineering at Mississippi State University.  His expert report is entitled "Structural Response of the Property of Mr. And Mrs. Thomas McIntosh During Hurricane Katrina (8/29/02 [sic])."  Sinno described his mission as "to assess the interaction of the high velocity wind forces from hurricane [sic] Katrina with the structure of the [McIntosh] residential property . . . ."  According to his report, Sinno has devoted some eighteen years to "full time research efforts working on simulating in the laboratory hurricane wind forces on structures."

Sinno's report includes opinions and conclusions that are based upon Sinno's inspection of the McIntosh property (post-storm) and upon his analysis of the wind forces that acted on the property during Katrina.  In calculating these wind forces, Sinno relies upon weather reports compiled during the storm.  In general terms, Sinno concludes that the complex forces the storm winds generated severely damaged the roof of the McIntosh residence and compromised the structural integrity of the building, leading to extensive interior damage as wind-driven rain entered the building through the roof, all of which took place before the property was flooded, and all of which would be covered under the McIntoshes' State Farm homeowners insurance policy.

While Sinno's opinions concerning the effects of the storm winds are unique in the Court's experience, so is his extensive study of the effects of hurricane force winds

on structures.  Sinno's engineering credentials indicate that he is qualified by his training and experience to form opinions concerning the effects of hurricane force winds on structures.  Whether his conclusions are valid and more credible than the conclusions reached by other experts are questions for another day.

State Farm argues its position vigorously, but it has offered no expert evidence of its own, in the form of an affidavit or otherwise, pointing out errors in Sinno's engineering calculations or explaining why Sinno's methods are not acceptable within the field of civil engineering.  While State Farm's experts' opinions are inconsistent with Sinno's opinions, there is no indication that the differences are based upon anything other than different interpretations of the evidence.  Without evidence that directly addresses flaws in Sinno's calculations or evidence that establishes that Sinno's methodology is not within professional engineering norms, the Court is not in a position to independently evaluate Sinno's engineering calculations or to conclude that the methodology he has followed is not of a type generally accepted in his field.

State Farm correctly points out that the Relators bear the ultimate burden of proving that their expert witness is qualified under the Federal Rules of Evidence 702 and 703, that his methodology is sound, that his interpretation of the facts is within the range of reason, and that his conclusions are adequately supported by his interpretation of the evidence.  But in the absence of any contradictory engineering evidence in the form of an affidavit or otherwise, the Court is left with Sinno's expert's report and his deposition  testimony opposed only by the argument of counsel to support State Farm's contention that Sinno should be disqualified as an expert witness.  It goes without saying that the argument of counsel is not evidence on which the Court can rely in making a determination of this kind.  In my view, the Relators have therefore met their burden of proof at this juncture.

Based upon his qualifications, experience, and his explanation of the methodology he followed, and based upon the factual foundation he offers in support of his opinions, it is my view that Sinno's testimony is admissible.  Accordingly, State Farm's motions [298][715] to exclude Sinno's testimony will be denied.  An appropriate order will be entered.

Decided this 24th day of August, 2010.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE