UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA
*EX REL*. CORI RIGSBY and KERRI RIGSBY                                    RELATORS

V.                                                  CIVIL ACTION NO.1:06CV433 LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY, *ET AL.*               DEFENDANTS


**MEMORANDUM OPINION ON STATE FARM FIRE AND CASUALTY COMPANY'S MOTION TO EXCLUDE THE TESTIMONY OF LOUIS G. FEY, JR.**

The Court has before it the motion [709] of State Farm Fire and Casualty Company (State Farm) to exclude the testimony of Louis G. Fey, Jr. (Fey), one of the Relators' expert witnesses.

Relators have identified Fey as an expert on insurance claims adjusting practices in general and the claims-adjusting practices State Farm followed in dealing with the McIntosh flood claim in particular.  State Farm has identified its own expert witness, one of its employees, Michael Ferrier (Ferrier), to express his opinion on matters similar to many of those outlined in Fey's report.  The opinions of these two experts stand in stark contrast.

Based upon his review of the State Farm flood claim file, the State Farm wind claim file, the engineering reports prepared by Brian Ford (Ford) and John Kelly (Kelly), memoranda filed on behalf of State Farm in this action, documents prepared and promulgated by the Federal Emergency Management Agency (FEMA), photographs of the McIntosh property (post-Katrina), and the testimonies of Alexis King and Ferrier, Fey formed the opinion that several of the actions State Farm took in adjusting the McIntosh claims (for flood damage and for wind damage) breached State Farm's fiduciary obligation to the National Flood Insurance Program (NFIP) and failed to conform to the standard practices followed by the insurance industry in adjusting property damage claims.

Fey concluded that State Farm improperly used the XactTotal program, rather than the Xactimate program, to assess the flood damage to the McIntosh property.  Fey concluded that State Farm's representatives acted inappropriately in response to the first engineering report (the Ford report) it obtained for the McIntosh property.  Fey is also of the opinion that State Farm handled both the engineering reports (the Kelly report and the Ford report) improperly in that it did not put a copy of both reports in both

the wind damage file and in the flood damage file and it did not furnish a copy of both reports to the insured.

At the time Fey prepared his initial report, he was not a certified flood claims adjustor.  He has since earned that certification.  Fey has extensive experience in adjusting property damage claims, but he has had limited hands-on experience in adjusting flood damage claims.  State Farm challenges Fey's qualifications to form and express opinions on the issues addressed in his report, but State Farm has not pointed out any specific flaw in Fey's analysis.  Nor has State Farm identified any error in Fey's interpretation of the operative facts that underlie his opinions.

At this point, it is apparently undisputed that State Farm used its XactTotal program rather than its Xactimate program to assess the flood damage at the McIntosh property.  One of the disputed issues in the case is whether State Farm's use of its XactTotal program resulted in an overstatement of the flood damage to the McIntosh property.  The question whether State Farm's use of the XactTotal program was consistent with FEMA's approved claims-adjustment practices is also in dispute.

Fey does not offer an opinion whether State Farm overpaid the McIntosh flood damage claim, and, for this reason, State Farm contends that Fey's testimony is not relevant to any issue in dispute.  Relators respond that Fey's opinions support the key inference that State Farm acted deliberately to inflate the true flood damage and thereby maximize the benefits payable under the flood policy, benefits for which State Farm then presented a claim to the United States.  Relators have identified another expert who will express his opinion concerning the amount of flood damage the McIntosh property sustained.

As I have noted in ruling on other State Farm motions to disqualify Relators' experts, it is not necessary that a designated expert hold or express his opinion on any issue in dispute that lies outside the expert's field.  While Fey's testimony that State Farm's use of the XactTotal program to evaluate the McIntosh flood claim was inconsistent with applicable FEMA guidelines does not establish that State Farm in fact overestimated the amount of the flood damage, it may, if credited by the finder of fact, support an inference that State Farm improperly used the XactTotal program, rather than the Xactimate program in order to reach a higher estimate of flood damage than would have been reached using the Xactimate program.  This inference is in sharp dispute, and I express no view on the strength or credibility of either side's evidence, but I do recognize this as an appropriate matter for expert testimony.

Fey's résumé indicates that he was a "Senior Claims Supervisor" for Ohio Casualty Insurance Company from 1981 through 1996.  In this capacity Fey trained new adjusters and conducted instructional seminars for adjuster training.  He holds a variety of certifications including that of chartered property casualty underwriter; he is a licensed adjuster; and he is presently a flood claims adjuster certified by FEMA.  In my

view, Fey's training and experience are sufficient to meet the requirements of the Federal Rules of Evidence and the standard of *Daubert*.

Beyond challenging Fey's qualifications to testify concerning the adjustment of flood damage claims, State Farm has not presented evidence, by affidavit or otherwise, to support an inference that Fey's conclusions are based on faulty reasoning or improper methodology.  While Fey and Ferrier reach very different conclusions, their differences are primarily based upon different interpretations of disputed facts.

For these reasons, the motion to disqualify Fey will be denied.  An appropriate order will be entered.

**DECIDED** this 2nd day of September, 2010.

> s/ L. T. Senter, Jr.
> L. T. SENTER, JR.
> SENIOR JUDGE