UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
Southern Division

| | |
|---|---|
| **UNITED STATES *ex rel*. RIGSBY**  )<br>  )<br>  **Relators and**  )<br>  **Counterclaim Defendants**  )<br>  )<br>**v.**  )<br>  )<br>**STATE FARM MUTUAL**  )<br>  **INSURANCE COMPANY**, *et al*.  )<br>  )<br>  **Defendant and**  )<br>  **Counterclaim Plaintiff**  ) | Case No. 1:06cv00433 LTS-RHW |

## MOTION FOR LEAVE TO INTERVENE

Non-party The Rendon Group, Inc. ("TRG"), by counsel, moves pursuant to Fed. R. Civ. Proc. 24(a) to intervene in this action for the limited purpose of responding to the pending Motion to Declassify Portions of The Rendon Group, Inc.'s Deposition from "Protected Information" Status filed by State Farm Fire and Casualty Company.

In support of this motion, TRG states as follows:

1.  TRG is a strategic communications consulting firm based in the District of Columbia. During 2007 it provided communications consulting services to the Scruggs Katrina Group in connection with Hurricane Katrina-related litigation. Some of those services related to the Relators in this action.

2.  In January 2010 State Farm issued a subpoena <u>duces tecum</u> to TRG in the United States District Court for the District of Columbia seeking the production of documents that it claimed were relevant to the claims and defenses asserted in this case. TRG moved to quash or limit the subpoena, which motion was granted in substantial part by Order dated June 17, 2010.

3. TRG produced documents to State Farm in accordance with the District of Columbia District Court's Order. State Farm thereafter issued a deposition subpoena to TRG in the United States District Court for the District of Columbia pursuant to Fed. R. Civ. Proc. 30(b)(b). John Rendon, TRG's President, was the corporation's designee for deposition topics other than those relating to TRG's efforts to locate and produce documents in accordance with the Order. His deposition was taken on August 2, 2010.

4. During the course of the deposition counsel for TRG designated portions of Mr. Rendon's testimony to be "Protected Information" under the terms of the Consent Protective Order entered in this case on January 26, 2010 [Document 406].

5. By e-mail dated August 12, 2010, counsel for State Farm forwarded to counsel for TRG lengthy excerpts from the Rendon deposition and requested that TRG "de-list" all of the Rendon testimony that had been designated as Protected Information. By e-mail dated August 15, 2010, counsel for TRG agreed that the designation could be lifted for a portion of the excerpted testimony, but reiterated that the balance should remain protected.

6. TRG understands that State Farm intends to file the August 12 excerpted Rendon transcript as an exhibit in support of its pending Motion to Dismiss Due to the Rigsbys' Repeated and Calculated Violations of This Court's Seal Order [Document 741 and Exh. 23]. State Farm has also filed a under seal Motion to Declassify Portions of the Rendon Group, Inc.'s Deposition from "Protected Information" Status Under the [406] Protective Order, and has included with that motion a copy of the August 12 deposition excerpts [Document 756 and Exh.. A]. The objective of the latter motion is to remove Protected Information status from all of the excerpts of Mr. Rendon's deposition testimony that are to be submitted to the Court in support of the State Farm Motion to Dismiss.

7.     State Farm's motions raise two important issues affecting TRG's interests:

(a)    First, the excerpts from the Rendon deposition to be filed in support of State Farm's pending Motion to Dismiss contain very substantial testimony that has <u>no</u> bearing whatever on the one issue involving TRG that State Farm raised in its motion: whether the Rigsbys violated the seal order by communicating information about this litigation to TRG, or through TRG to the media.  Instead, State Farm has submitted deposition testimony that has no relationship whatever to potential seal violations, and that relates in many instances to matters that only occurred after the seal order was vacated on August 1, 2007.

(b)    Second, to the extent that a portion of Rendon testimony relates to potential seal violations, the testimony was properly designated by TRG as Protected Information because it constitutes TRG's confidential and/or proprietary commercial and financial information.  TRG desires to preserve the protection claimed for that material and, therefore, to oppose State Farm's Motion to Declassify.

8.     Counsel for the Relators, State Farm and Haag Engineering Co. have advised counsel for TRG that they do not oppose TRG intervening in this action for the limited purpose stated.  Forensic Engineering Analysis Corporation has not expressed a position as of the date of filing this motion

9.     Under the circumstances, it is appropriate for the Court to grant TRG, a non-party, permission to intervene in this action for the purpose of seeking judicial protection for its deposition testimony.  *See In re Beef Industry Antitrust Litigation*, 589 F.2d 786, 788-89 (5th Cir. 1979) (discussing Rule 24 motion as the proper procedural method for non-party to raise issues under protective order).  TRG claims an interest relating to the property or transaction that is the

subject of the action; and is so situated that the disposition of the State Farm Motion to Declassify in TRG's absence may as a practical matter impair or impede its interest in protecting the confidentiality of its information.  None of the existing parties share, or can adequately protect, TRG's interest.  *See Ford v. City of Huntsville*, 243 F.3d 235, 240 (5th Cir. 2001) (discussion applicability of Rule 24(a) factors to non-party motion to intervene to litigate confidentiality of information under protective order).

Dated this the 22nd day of September, 2010.

Respectfully submitted,

s/ Frank W. Trapp
Frank W. Trapp (MS Bar No. 8261)
PHELPS DUNBAR LLP
4270-I-55 North
Jackson, Mississippi  39211-6391
P. O. Box 16144
Jackson, Mississippi 39236-6114
Telephone: (601) 352-2300
Telecopier: (601) 360-9777
Email:  trappf@phelps.com


Of Counsel:

Russell J. Gaspar
Andrew Wible
COHEN MOHR, LLP
Suite 504, 1055 Thomas Jefferson St., N.W.
Washington, D.C.  20007
(202) 342-2550 (Telephone)
(202) 342-6147 (Facsimile)
Email:  rgaspar@cohenmohr.com

Attorneys for The Rendon Group, Inc.

5

<u>Certificate of Service</u>

I hereby certify that on this the 22nd day of September, 2010, I served true copies of the foregoing Motion for Leave to Intervene via the Court's ECF system on the following:

Robert C. Galloway
E. Barney Robinson
Butler, Snow, O'Mara, Stevens & Cannada, PLLC
P.O. Box 6010
Suite 1400, 1020 Highland Colony Parkway
Ridgeland, Mississippi  93158

Michael B. Beers
Beers, Anderson, Jackson, Patty & Fawal, P.C.
P.O. Box 1988
Suite 100, 250 Commerce Street
Montgomery, Alabama  36102

       Attorneys for State Farm Fire and Casualty Company

C. Maison Heidelberg
Heidelberg Harmon, P.A.
Suite 220, 795 Woodlands Parkway
Ridgeland, Mississippi  39157

Scott D. Gilbert
August J. Matteis, Jr.
Benjamin R. Davidson
Gilbert LLP
Suite 700
1100 New York Avenue, N.W.
Washington, D.C.  20005

       Attorneys for Relators

Stan Harris
Felicia C. Adams
Office of the United States Attorney
Suite 500, 188 East Capitol Street
Jackson, Mississippi  39201

Jeffrey S. Bucholtz
Joyce R. Branda
Jay D. Majors
Civil Division, U.S. Department of Justice
P.O. Box 261, Ben Franklin Station
Washington, D.C.  20044

        Attorneys for the United States

Larry G. Canada
Galloway, Johnson, Tompkins, Burr & Smith
Suite 910, 2510 – 14th Street
Gulfport, Mississippi  39501

        Attorneys for Haag Engineering Co.

Robert D. Gholson
Gholson, Burson, Entrekin & Orr, P.A.
P.O. Box 1289
535 North 5th Avenue
Laurel, Mississippi  39441-1289

        Attorneys for Forensic Analysis Engineering Corporation


        s/ Frank W. Trapp
        Frank W. Trapp