IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA ex rel.
CORI RIGSBY and KERRI RIGSBY          RELATORS/COUNTER-DEFENDANTS

v.                                              CASE NO. 1:06cv433-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY    DEFENDANT/COUNTER-PLAINTIFF
and

HAAG ENGINEERING CO.; and ALEXIS KING                        DEFENDANTS

## UNOPPOSED ORDER
## GRANTING LEAVE FOR A CERTAIN FILING TO BE MADE UNDER SEAL

CAME BEFORE THE COURT Defendant/Counter-Plaintiff State Farm Fire and Casualty Company's ("State Farm") Unopposed Local Rule 79 Motion for Leave to File Under Seal its Rebuttal in Support of its [739] Motion to Dismiss.  Without prejudice to their respective positions either opposing or supporting State Farm's [739] Motion to Dismiss, in whole or in part, Relators/Plaintiffs Cori Rigsby and Kerri Rigsby (the "Rigsbys") and Defendant Haag Engineering Co. ("Haag") do not oppose the relief requested in State Farm's motion, specifically; permission to file State Farm's forthcoming Rebuttal in support of its [739] Motion to Dismiss under seal.

Pursuant to Miss. Unif. L. Civ. R. 79(e)(4)(E), this Court FINDS that:

(1) Fed. R. Civ. P. 7(b)(1) requires that "[a] request for a court order must be made by motion" and Miss. Unif. L. Civ. R. 79(b) requires that "[e]very document used by parties moving for or opposing an adjudication by the court …must be filed with the court."

(2) The [406] Consent Protective Order provides that "[i]f it is deemed necessary to bring to the attention of the Court any Protected Information, the party seeking to use the Protected Information shall first seek the Court's permission, pursuant to Local Rule 79, to file the …document containing such information or reference in a sealed container…."  ([406] at ¶8.)

(3) Therefore there is no other method by which State Farm may bring the designated testimony before the Court without violating the [406] Consent Protective Order's

   prohibitions on public disclosure of Protected Information, other than by filing same under seal.

(4) The Fifth Circuit has affirmed a trial court's right to place documents under seal to protect them from "'public view or dissemination until such time as the …need for confidentiality …can be determined….'" *Sanders v. Shell Oil Co.*, 678 F.2d 614, 618 (5th Cir. 1982) (quoting record below). "'It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public,', but Rule 26(c) permits a federal judge to override this presumption upon a showing of 'good cause.'" *In re Enron Corp. Securities, Derivative & "ERISA" Litigation*, 229 FRD 126, 130 n. 8 (S.D. Tex. 2005) (quoting *San Jose Mercury News, Inc. v. U.S. Dist. Court Northern District (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1991) (citing *Citizens First Nat'l Bank v. Cincinnati Ins. Co.,* 178 F.3d 943, 944-45 (7th Cir.1999); *Public Citizen v. Liggett Group, Inc.,* 858 F.2d 775, 789 (1st Cir. 1988); and *In re Agent Orange Product Liability Litig.,* 821 F.2d 139, 145-46 (2d Cir. 1987)).

(5) State Farm's unopposed motion is therefore well-taken.

WHEREFORE, it is hereby ORDERED that State Farm shall be permitted to file its forthcoming Rebuttal in Support of its [739] Motion to Dismiss (with all exhibits), under seal. State Farm further may file in CM/ECF an unsealed and partially redacted copy of its Rebuttal in support of its [739] Motion to Dismiss (and exhibits thereto), without disclosing any "Protected Information."

SO ORDERED, this the 22nd day of September, 2010.

            *s/ Robert H. Walker*
            UNITED STATES MAGISTRATE JUDGE