IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA ex rel.
CORI RIGSBY and KERRI RIGSBY     RELATORS/COUNTER-DEFENDANTS

v.     CASE NO. 1:06cv433-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY    DEFENDANT/COUNTER-PLAINTIFF

and

FORENSIC ANALYSIS & ENGINEERING CORPORATION;
HAAG ENGINEERING CO.; and ALEXIS KING     DEFENDANTS

**STATE FARM'S REBUTTAL MEMORANDUM IN FURTHER SUPPORT
OF ITS MOTION FOR SUMMARY JUDGMENT ON
<u>THE CLAIMS OF CORI RIGSBY ([736] & [737])</u>**

Robert C. Galloway (MSB # 4388)
Jeffrey A. Walker (MSB # 6879)
E. Barney Robinson III (MSB # 09432)
Benjamin M. Watson (MSB # 100078)
Amanda B. Barbour (MSB # 99119)

BUTLER, SNOW, O'MARA, STEVENS &
CANNADA, PLLC
Post Office Drawer 4248
Gulfport, MS  39502
(P) (228) 575-3019
(E) bob.galloway@butlersnow.com

BUTLER, SNOW, O'MARA, STEVENS &
CANNADA, PLLC
200 Renaissance at Colony Park, Suite 1400
1020 Highland Colony Parkway (39157)
Post Office Box 6010
Ridgeland, MS 39158-6010
(P) (601) 948-5711
(F) (601) 985-4500
(E) jeff.walker@butlersnow.com
(E) barney.robinson@butlersnow.com
(E) ben.watson@butlersnow.com
(E) amanda.barbour@butlersnow.com

Michael B. Beers (ASB-4992-S80M), PHV
BEERS, ANDERSON, JACKSON, PATTY &
FAWAL, P.C.
Post Office Box 1988
250 Commerce Street, Suite 100 (36104)
Montgomery, AL  36102
(P) (334) 834-5311
(F) (334) 834-5362
(E) mbeers@beersanderson.com

*PRO HAC VICE*

James R. Robie (CA State Bar # 67303), PHV
ROBIE & MATTHAI
Biltmore Tower, Suite 1500
500 South Grand Avenue
Los Angeles, CA  90071
(P) (213) 706-8000
(F) (213) 706-9913
(E) jrobie@romalaw.com

*PRO HAC VICE*

I. **THE ORIGINAL SOURCE ISSUE HAS NOT BEEN DECIDED BY THIS COURT**

The Rigsbys erroneously assert that Cori Rigsby's status as an original source has already been definitively decided by the Court's August 10, 2009 Opinion ([343]) and need not be revisited at this stage of the proceedings. While the Court found that Kerri Rigsby met "the statutory requirement of having 'direct and independent knowledge' of the allegations concerning the McIntosh flood claim" and "therefore qualifie[d] as an original source of the information on which this FCA claim is based" (*id.* at 4), the Court reserved judgment on whether Cori Rigsby qualified as an original source. (*Id.*)

This Court explained that "[i]t appears to me Cori Rigsby's knowledge concerning the McIntosh claim was gained through her conversations with Kerri Rigsby. In these circumstances, Cori Rigsby's knowledge is neither direct nor independent." (*Id.*) Finding – without the benefit of any discovery directed to Cori Rigsby in this matter[1] – that "there is a genuine issue of material fact concerning Cori Rigsby's standing as a Relator," the Court at that time gave Cori Rigsby "the benefit of the doubt" and did not disqualify her as a relator "[a]t this juncture, on a motion for summary judgment and a necessarily limited evidentiary record." (*Id.*)

Cori Rigsby is no longer entitled to "the benefit of the doubt." The original source requirement is jurisdictional, 31 U.S.C. § 3730(e)(4)(A) (2006), and the Supreme Court's decision in *Rockwell International Corp. v. United States*, 549 U.S. 457 (2007), requires this Court to reevaluate its subject matter jurisdiction at each successive phase of the proceeding. *See id.* at 473-76. Of course, "objections to the exertion of subject-matter jurisdiction can be raised at any time during the proceedings," *Nat'l Benevolent Ass'n of Christian Church (Disciples of Christ) v. Weil, Gotshal & Manges, LLP*, 333 F. App'x 822, 825 (5th Cir. 2009), and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

---

[1] The Court converted the threshold Rule 12 motions to dismiss into Rule 56 motions for summary judgment since the Court went "outside the pleadings and heard evidence in support of and in opposition to the merits" of the motions to dismiss. ([343] at 1.)

At this juncture, on a much more robust evidentiary record and on the eve of trial, the Court is required to reevaluate its provisional ruling and determine Cori Rigsby's status as an original source. This inquiry requires the Court to determine whether Cori Rigsby has "'direct and independent knowledge' of the allegations concerning the McIntosh flood claim." ([343] at 4.) The record, including the Rigsbys' admissions, establish that she does not.

## II.     THE RIGSBYS ADMIT THAT CORI RIGSBY IS NOT AN ORIGINAL SOURCE

The Rigsbys' Opposition confirms that Cori Rigsby is *not* an original source. The Rigsbys freely admit that she "***never has asserted direct and independent knowledge of the McIntosh claim***." ([763] at 3 (emphasis added).) Nor can Cori Rigsby qualify as an original source simply because Kerri Rigsby may be one. Each relator in a False Claims Act case must separately establish subject matter jurisdiction. *See, e.g.*, *United States ex rel. Hutcheson v. Blackstone Med., Inc.*, 694 F. Supp. 2d 48, 60 (D. Mass. 2010); *United States v. Rockwell Int'l Corp.*, 730 F. Supp. 1031, 1036 (D. Colo. 1990).

Unable to qualify as an original source as to the McIntosh flood claim or any other flood claim, Cori Rigsby instead argues that she is an "original source" as to State Farm's supposed "flood fraud" scheme. ([763] at 5.) However, "[t]he False Claims Act . . . focuses on the submission of a claim, and ***does not concern itself with whether or to what extent there exists a menacing underlying scheme***." *United States ex rel. Aflatooni v. Kitsap Physicians Serv.*, 314 F.3d 995, 1002 (9th Cir. 2002) (emphasis added). "Without a false or fraudulent claim, FCA liability, as a matter of law, does not attach to [defendants]." *United States ex rel. Stebner v. Stewart & Stevenson Servs., Inc.*, 305 F. Supp. 2d 694, 704 (S.D. Tex. 2004), *aff'd in relevant part*, 144 F. App'x 389, 394-95 (5th Cir. 2005); *see also United States ex rel. Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920, 944-50 (S.D. Tex. 2007), *aff'd sub nom. United States ex rel. Gudur v. Deloitte & Touche*, No. 07-20414, 2008 WL 3244000 (5th Cir. Aug. 7, 2008).

Cori Rigsby erroneously contends that *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180 (5th Cir. 2009), somehow obviates her need to "provide specific instances of false claims" ([763] at 5). *Grubbs* actually held that the relator had identified several false claims of which he allegedly had firsthand knowledge. *See Grubbs*, 565 F.3d at 191-92. In contrast, Cori Rigsby does not identify a single false claim. As the Fifth Circuit observed, "'[i]t seems to be a fairly obvious notion that a False Claims Act suit ought to require a false claim.'" *United States ex rel. Hebert v. Dizney*, 295 F. App'x 717, 722 (5th Cir. 2008) (quoting *Aflatooni*, 314 F.3d at 997).

Though Cori Rigsby must demonstrate "'direct and independent knowledge' of the allegations concerning the McIntosh flood claim" ([343] at 4), she admittedly has none. ([763] at 3.) To the extent that her testimony may "corroborate[] and supplement[] Kerri Rigsby's testimony" (*id.* at 2), at most that makes her a fact witness. It does not make her an original source. Thus, she is precluded from proceeding as a relator as a matter of law.

### III. THE ORIGINAL SOURCE RULE APPLIES IN THIS CASE

Unable to meet their burden to demonstrate that Cori Rigsby is an original source, the Rigsbys argue that "the original source bar does not apply" ([763] at 4), and, after incorporating their prior briefing by reference,[2] devote a mere two sentences to this proposition. ([763] at 4-5.) The Rigsbys are wrong.

This Court must reach the original source inquiry because this action is "based upon . . . public disclosure[s]." 31 U.S.C. § 3730(e)(4)(A) (2006). The Rigsbys' Opposition confirms that the *Cox*/*Comer* pleadings and J. Robert Hunter's Congressional testimony – which are the public disclosures at issue under Section 3730(e)(4)(A) – are more than sufficient to satisfy the "quick trigger" of the public disclosure bar. *United States ex rel. Precision Co. v. Koch Indus., Inc.*, 971 F.2d 548, 552 (10th

---

[2] State Farm respectfully incorporates by reference its motion to dismiss for lack of subject matter jurisdiction and supporting memoranda. ([91], [92], & [225].)

Cir. 1992); *accord United States ex rel. Fed. Recovery Servs., Inc. v. Crescent City E.M.S., Inc.*, No. 91-4150, 1993 WL 345655, at *2 (E.D. La. Aug. 30, 1993), *aff'd*, 72 F.3d 447 (5th Cir. 1995).  "All that is required is that public disclosures put the government on notice to the ***possibility*** of fraud." *Dingle v. BioPort Corp.*, 388 F.3d 209, 214 (6th Cir. 2004) (emphasis added).  Even the Rigsbys concede that the earlier *Cox*/*Comer* pleadings – which specifically alleged that State Farm and other insurers had improperly sought to "***shift repayment obligations to the Federal Flood Insurance Program*** . . . ***at*** . . . ***taxpayers' expense***" ([736-3] ¶ 12) (emphasis added) – and Dr. Hunter's prior Congressional testimony "were public disclosures that insurance companies might, in some way, be committing some fraud somewhere." ([763] at 4.)  That is "[a]ll that is required" to trigger the public disclosure bar.  *Dingle*, 388 F.3d at 214.

Though the Rigsbys submitted the recent order by the Eastern District of Louisiana in *United States ex rel. Branch Consultants, L.L.C. v. Allstate Insurance Co.*, 2:06-cv-04091-SSV-SS (E.D. La.), in connection with other motion practice ([750]), here they completely ignore the fact that *Branch* considered the same public disclosures identified by State Farm in this case – the *Cox*/*Comer* pleadings and Dr. Hunter's Congressional testimony – and found that they were sufficient to trigger the public disclosure bar.  *Branch Consultants, L.L.C. v. Allstate Ins. Co.*, 668 F. Supp. 2d 780, 790-91, 795 (E.D. La. 2009).  Thus, in *Branch*, the court held that "the allegations in [the *Branch qui tam*] complaint have been 'publicly disclosed' for the purposes of the FCA," *id.* at 795, even though:  (i) the *Cox*/*Comer* complaint was a putative Mississippi statewide class action and the *Branch* complaint alleged flood fraud in Louisiana; and (ii) none of the remaining *Branch* defendants were named in the *Cox*/*Comer* complaint.  *See id.* at 791-92.  In contrast, *Cox*/*Comer* specifically identified State Farm by name and alleged flood fraud throughout Mississippi.  Thus, the evidence of a pre-existing public disclosure is much more robust in this case than in *Branch*.

The Rigsbys also argue that this case was not based upon those public disclosures. ([763] at 2.) The Rigsbys are again wrong. The law instructs that "a *qui tam* action is based upon public disclosures if the allegations in the complaint are the same as or substantially similar to those that have been disclosed prior to the filing of the *qui tam* suit." *United States ex rel. Jamison v. McKesson Corp.*, No. 2:08CV214-SA-DAS, 2010 WL 1276712, at *8 (N.D. Miss. Mar. 25, 2010). In *Branch*, the court found that "there is no doubt that the allegations in the public disclosures are substantially similar to those in Branch's complaint." *Branch*, 668 F. Supp. 2d at 796-97. Indeed, the "'based upon'" test is intended to be a "'quick trigger'" to get to "'the more exacting original source analysis'" and is not intended to be difficult to meet. *E.g.*, *Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907, 920 (7th Cir. 2009) (citation omitted); *Precision*, 971 F.2d at 552; *United States ex rel. Hockett v. Columbia/HCA Healthcare Corp.*, 498 F. Supp. 2d 25, 46-47 (D.D.C. 2007); *Fed. Recovery Servs.*, 1993 WL 345655, at *2; *Branch*, 668 F. Supp. 2d at 796-97.

Here, the quick trigger has been pulled. The basis for this *qui tam* action is the alleged "misallocation" of damages from wind to flood – allegations that were made public by others in civil complaints and Congressional hearings **before** Kerri Rigsby even saw the engineering reports relating to the McIntosh homeowners insurance claim and showed them to Cori Rigsby (which, as the Rigsbys have repeatedly conceded, is when they "first realized that something was gravely wrong" ([764] at 3); *see also* ([92] at 8 n.7)), and under the relevant legal touchstone well **before** the Rigsbys initiated this lawsuit in April 2006. The allegations in this case are, at the very least, "substantially similar" to the misallocation charges alleged in those earlier public disclosures.

Cori Rigsby must independently pass the original source test. But since she admittedly has no "direct and independent knowledge of the McIntosh claim" ([763] at 3), she is not an original source and cannot serve as a relator in this case. Accordingly, her claims must be dismissed as a matter of law.

5

**CONCLUSION**

Each relator in a False Claims Act case must separately establish subject matter jurisdiction. Though the Court preliminarily gave Cori Rigsby "the benefit of the doubt" on this issue, there is simply no more doubt. Cori Rigsby admits that she has no "direct and independent knowledge of the McIntosh claim." ([763] at 3.) Her professed ability to "corroborate[] and supplement[] Kerri Rigsby's testimony" (*id.* at 2), may qualify her as a fact witness, but it does not qualify her as an original source. Cori Rigsby has not satisfied her burden of proving that this Court has subject matter jurisdiction over her claims, and her claims must be dismissed.

This the 24th day of September, 2010.

                                        Respectfully submitted,

                                        STATE FARM FIRE AND CASUALTY COMPANY

By:    /s/ *E. Barney Robinson III* (MSB # 09432)
           Robert C. Galloway (MSB # 4388)
           Jeffrey A. Walker (MSB # 6879)
           E. Barney Robinson III (MSB # 09432)
           Benjamin M. Watson (MSB # 100078)
           Amanda B. Barbour (MSB # 99119)

                                        ITS ATTORNEYS

OF COUNSEL:

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC

Post Office Drawer 4248

Gulfport, MS  39502

(P)(228) 575-3019
(E) bob.galloway@butlersnow.com

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
200 Renaissance at Colony Park, Suite 1400
1020 Highland Colony Parkway (39157)
Post Office Box 6010
Ridgeland, MS 39158-6010
(P) (601) 948-5711
(F) (601) 985-4500
(E) jeff.walker@butlersnow.com

(E) barney.robinson@butlersnow.com
(E) ben.watson@butlersnow.com
(E) amanda.barbour@butlersnow.com

Michael B. Beers (ASB-4992-S80M), PHV
BEERS, ANDERSON, JACKSON, PATTY & FAWAL, P.C.
Post Office Box 1988
Suite 100
250 Commerce Street (36104)
Montgomery, AL  36102
(P) (334) 834-5311
(F) (334) 834-5362
(E) mbeers@beersanderson.com

*PRO HAC VICE*

James R. Robie (CA State Bar # 67303), PHV
ROBIE & MATTHAI
Suite 1500
Biltmore Tower
500 South Grand Avenue
Los Angeles, CA  90071
(P) (213) 706-8000
(F) (213) 706-9913
(E) jrobie@romalaw.com

*PRO HAC VICE*

## CERTIFICATE OF SERVICE

I, E. Barney Robinson III, one of the attorneys for State Farm Fire and Casualty Company, do hereby certify that I have this day caused a true and correct copy of the foregoing instrument to be delivered to the following, via the means directed by the CM/ECF system and as otherwise indicated below:

**Via E-mail**
Russell J. Gaspar
Cohen Mohr LLP
Suit 504
1055 Thomas Jefferson St. NW
Washington, DC 2007

Frank W. Trapp
Phelps Dunbar, LLP
4270 I-55 North
Jackson, Mississippi 39211-6391

COUNSEL FOR THE RENDON GROUP, INC. AND JOHN RENDON

C. Maison Heidelberg
Ginny Y. Kennedy
MAISON HEIDELBERG P.A.
795 Woodlands Parkway, Suite 220
Ridgeland, MS 39157
(P) (601) 351-3333
(F) (601) 956-2090
(E) maison@heidlebergpa.com

August J. Matteis, Jr.
Craig J. Litherland
Benjamin R. Davidson
GILBERT OSHINSKY LLP
11 New York Avenue, NW
Suite 700
Washington, DC 20005
(E) matteisa@gotofirm.com
(E) litherlandc@gotofirm.com
(E) davidsonb@gotofirm.com

COUNSEL FOR CORI RIGSBY AND KERRI RIGSBY

Jeffrey S. Bucholtz
Joyce R. Branda
Patricia R. Davis
Jay D. Majors
UNITED STATES DEPARTMENT OF JUSTICE
Civil Division
P.O. Box 261
Ben Franklin Station
Washington, DC 20044
(P) (202) 307-0264
(F) (202) 514-0280

Stan Harris
Alfred B. Jernigan, Jr.
Felicia C. Adams
UNITED STATES ATTORNEY'S OFFICE
Southern District of Mississippi
Suite 500
188 East Capitol Street
Jackson, MS 39201
(P) (601) 965-4480
(F) (601) 965-4409

ATTORNEYS FOR THE UNITED STATES

Larry G. Canada
Kathryn Breard Platt
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
2510 14th Street
Suite 910
Gulfport, MS 39501
lcanada@gjtbs.com
kplatt@gjtbs.com

ATTORNEYS FOR HAAG ENGINEERING CO.

This the 24th day of September, 2010.

        /s/ *E. Barney Robinson III* (MSB # 09432)
        E. Barney Robinson III (MSB # 09432)