IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA ex rel.
CORI RIGSBY and KERRI RIGSBY     RELATORS/COUNTER-DEFENDANTS

v.     CASE NO. 1:06cv433-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY   DEFENDANT/COUNTER-PLAINTIFF

and

HAAG ENGINEERING CO.; and ALEXIS KING     DEFENDANTS

### STATE FARM'S MEMORANDUM IN SUPPORT OF ITS
### MOTION FOR SUPPLEMENTAL JURY QUESTIONNAIRE

*Expedited Consideration Requested*

State Farm Fire and Casualty Company ("State Farm") submits this Memorandum in Support of its Motion for Supplemental Jury Questionnaire ("SJQ").

**INTRODUCTION**

Numerous Courts, including the Southern District of Mississippi, have used an SJQ to help screen potential jurors, thereby reducing the amount of time needed for live questioning of the jury venire. Here, the use of a short but pointed case-specific questionnaire would expedite the voir dire process and save valuable court time. The Court and the parties can review the prospective jurors' written questionnaire and identify by stipulation those responding with answers requiring automatic dismissal for cause. This would not only be a convenience for the potential jurors, but would also streamline subsequent voir dire, as many general foundational questions would have already been asked and answered in writing. Accordingly, State Farm respectfully requests that the Court include with the jury summonses or send in a supplemental mailing an SJQ in the form attached hereto as Exhibit A.

Counsel for State Farm has conferred with counsel for Cori and Kerri Rigsby concerning the requested relief. The Rigsbys oppose the SJQ for reasons they have not shared with counsel

for State Farm. Attached hereto as Exhibit B is the Good Faith Certificate signed by all parties requesting expedited briefing on this matter.

### A JURY QUESTIONNAIRE HELPS ENSURE A FAIR AND EFFICIENT JURY VENIRE

"One touchstone of a fair trial is an impartial trier of fact – 'a jury capable and willing to decide the case solely on the evidence before it.'" *McDonough Power Equipment, Inc. v. Greenwood*, 464 U.S. 548, 554 (1984) (quoting *Smith v. Phillips,* 455 U.S. 209, 217 (1982)). Potential jurors cannot be fair and impartial "if they have formed such deep and strong impressions that they will not listen to testimony with an open mind." *Caviness v. Runnels*, no. CIV S004-2629-MCE-JFM, 2007 WL 1454279, *3 (E.D. Cal. 2007) (citing *Irvin v. Dowd,* 366 U.S. 717, 722 n.3 (1961)).

"Voir dire examination serves to protect that right by exposing possible biases, both known and unknown, on the part of potential jurors." *Power Equipment, Inc*, 464 U.S. at 554. This process enables the court "to select an impartial jury and assist[s] counsel in exercising peremptory challenges." *Mu'Min v. Virginia*, 500 U.S. 415, 431 (1991).

To be effective, though, the process "must expose potential bias and prejudice in order to enable litigants to facilitate the impanelment of an impartial jury through the efficient exercise of their challenges." *U.S. v. Noone*, 913 F.2d 20, 32 (1st Cir. 1990). "Without an adequate voir dire the trial judge's responsibility to remove prospective jurors who will not be able impartially to follow the court's instructions and evaluate the evidence cannot be fulfilled. . . [and] lack of adequate voir dire impairs the defendant's right to exercise peremptory challenges." *Rosales-Lopez v. U. S.*, 451 U.S. 182, 188 (1981); *see also Morgan v. Illinois*, 504 U.S. 719, 729 (1992) ("[P]art of the guarantee of a defendant's right to an impartial jury is an adequate voir dire to identify unqualified jurors"); *U.S. v. Beckner*, 69 F.3d 1290, 1291 (5th Cir. 1995).

Identifying juror bias is no easy task. Because the bias of a juror will rarely be admitted by the juror himself, 'partly because the juror may have an interest in concealing his own bias and partly because the juror may be unaware of it,' it necessarily must be inferred from surrounding facts and circumstances." *McDonough Power Equipment, Inc.*, 464 U.S. at 558 (Brennan, J., concurring) (quoting *Smith v. Phillips,* 455 U.S. 209, 221-22 (1982) (O'Connor, J., concurring)).

The Fifth Circuit also warns that "questions as to the adequacy of voir dire frequently arise in situations where the trial is surrounded by significant publicity." *U.S. v. Bieganowski*, 313 F.3d 264, 273 (5th Cir. 2002). For this reason, the Fifth Circuit requires the district court to "make independent determinations of the impartiality of each juror." *Id.* "[W]hen a juror is exposed to potentially prejudicial pretrial publicity, it is necessary to determine whether the juror can lay aside any impression or opinion due to the exposure." *U.S. v. Davis*, 583 F.2d 190, 197 (5th Cir. 1978).

In the context of litigation involving Hurricane Katrina, this Court has previously noted the importance of "impanel[ing] a fair and impartial jury to try the merits of this lawsuit." *Broussard v. State Farm Fire & Cas. Co.*, No. 1:06cv6 LTS-RHW, [109] at 2, (Jan. 31, 2009). The Court has also held that, to accomplish this, there must be "thorough questioning by the parties." *Id*. at 1. Only then can the parties "receive a fair trial from a jury drawn from this division." *Id*. at 2.

In *U.S. v. Fastow*, 292 F.Supp.2d 914 (S.D. Tex. 2003), the court implemented a simple, but effective, approach that would ensure a fair jury – a jury questionnaire:

> By utilizing such a method, the Court believes it will protect the Defendant from prejudice based upon pretrial publicity or community prejudice and will create "a reasonable assurance that prejudice would be discovered if present." Furthermore, implementing such a hybrid procedure may permit the attorneys to

>   interrogate those jurors who present an obvious concern, while enabling the Court
>   to ensure an efficient, yet flexible, voir dire, which is an acceptable consideration
>   for the Court.

*Id.* at 921-22 (internal citations omitted) (quoting *United States v. Nell,* 526 F.2d 1223, 1229 (5th Cir. 1976)).  The Second Circuit has also favorably noted that "District courts routinely employ questionnaires to facilitate voir dire in a number of circumstances" such as "where a large number of prospective jurors must be screened" and "where there has been extensive pre-trial publicity."  *U.S. v. Quinones*, 511 F.3d 289, 299-300 (2d Cir. 2007).  These factors apply with equal force here.

In the Southern District of Mississippi, Judge Keith Starrett employed an SJQ in a Hurricane Katrina insurance issue case.  *See Aegis Security Ins. Co. v. Allstate Ins. Co.*, no. 3:07cv525-KS-JCS, docket nos. 462 & 463, (S.D. Miss. Mar. 3, 2009).  Judge Dan Jordan has also recently employed a jury questionnaire to "pre-screen the [jury] pool for bias."  *U.S. v. Melton*, no. 3:08cr107-DPJ-LRA, 2009 WL 902021, *3 (S.D. Miss. Mar. 31, 2009).  In *Melton*, the court even mailed the questionnaires to a "substantially larger group of potential jurors," finding that "[t]hese two measures will at once broaden the net and cull out those who would be inappropriate for this jury."  *Id.*

The proposed SJQ attached hereto as Exhibit A is designed to pre-screen the jury pool for potential bias for or against the parties to this lawsuit.  For example, it asks:

- Based on your opinions, experiences, or what you may have read and/or heard about State Farm, do you believe you could be completely fair to State Farm in a case in which several people are suing State Farm in connection with Hurricane Katrina?
- Do you have a problem with (are you against) people filing lawsuits if they feel they have been injured or wronged by a person or company?
- How closely, if at all, have you followed news stories about disputes between insurance companies and homeowners over claims involving damage caused by Hurricane Katrina?

- If you have read or heard about this dispute, do you believe you **have already formed opinions** about this dispute that would make it hard for you to be a fair juror in this present case between the Rigsbys and State Farm?

*See* (Ex. A at nos. 32, 33, 35 & 38.)

These questions, as well as others, should provide the Court and the parties with the crucial information needed to independently test and more thoughtfully determine the bias or impartiality of a potential juror. Furthermore, potential jurors are likely to provide more honest and candid answers regarding their biases and prejudices in the context of a questionnaire than they would in open court.[1] And it should allow the parties to address more substantive matters during voir dire – allowing a jury to be seated more quickly and efficiently.

Ultimately, an SJQ serves a valuable purpose to the Court, the litigants, and the potential jurors. For example, the district court in *U.S. v. Sandoval*, no. CR 04-02362, 2006 WL

---

[1] *See, e.g.*, Giewat, *Systematic Jury Selection and the Supplemental Juror Questionnaire as a Means for Maximizing Voir Dire Effectiveness*, 34 WESTCHESTER B.J. 49, 56 (Spring/Summer 2007):

> The use of a supplemental juror questionnaire offers a number of advantages. The most obvious and pertinent is that it provides better and more information regarding jurors. Jurors are much more likely to provide honest and candid answers in the non-threatening context of a questionnaire than they are in open court. This is especially true when the trial may involve highly charged or sensitive issues. In addition, supplemental juror questionnaires are especially useful in trials that have significant media coverage. The use of supplemental juror questionnaires minimizes the likelihood of jurors tainting others with knowledge they have of a case. By identifying issues via a supplemental juror questionnaire, specific jurors may be questioned outside the presence of other jurors, thus reducing the risk of tainting others.

*Id.*; *accord* Ted A. Donner, JURY SELECTION STRATEGY AND SCIENCE § 16:1 (3d ed.):

> If used carefully, juror questionnaires can be an effective, time-saving mechanism allowing jurors to be more forthcoming about concerns which may affect their ability to serve and which may provide counsel with the ability to gain more insight into the prospective juror's biases or predispositions. . . . Questionnaires allow prospective jurors to answer questions without concern with the audience of other jurors, they provide for specific responses from individual jurors (rather than the inefficacy of group responses to questions such as "is there anyone here who would be biased?") and they provide opportunities to pursue some lines of inquiry that might not even be broached during oral voir dire.

*Id.*

1304955 (D.N.M. Feb. 1, 2006), noted that an SJQ has many advantages as it "will aid the Court and the parties in obtaining and receiving information that will be helpful for the exercise of early challenges for cause so that prospective jurors do not have to be subjected unnecessarily to questioning in Court in voir dire." *Id*. at *3.  The SJQ will also allow "the Court and the parties to use the often limited time available for voir dire to address more substantive matters," thereby "relieving the Court of the need to convene to conduct questioning about such mundane matters." *Id*.[2]

## CONCLUSION

The proposed SJQ attached hereto is narrowly and neutrally tailored to provide this Court and the litigants with critical, case specific information about some of the potential biases and prejudices of potential jurors.  It will advance judicial economy as it will save time during the voir dire process and will allow the Court to seat a fair and impartial jury more quickly and efficiently.

To this end, State Farm is willing to pay the cost of mailing the SJQ to and from the potential jurors and to pay for a third party to make copies of the completed SJQ's for the Court and all parties.  State Farm respectfully requests that this Court grant its motion.

---

[2] *See also* Price, *Listening to the Jurors*, NY L J (Dec. 20 1993) ("In a survey conducted over the course of eight years in a New York criminal court, in fact, researchers learned that 88.6 % of jurors favored questionnaires. The jurors 'indicated that a preliminary questionnaire is a good idea in order to save time. It is clearly more efficient than individual questioning'").

This the 14th day of October, 2010.

       Respectfully submitted,

       STATE FARM FIRE AND CASUALTY COMPANY

    By:  s/*Benjamin M. Watson* (MSB #100078)
      Robert C. Galloway (MSB # 4388)
      Jeffrey A. Walker (MSB # 6879)
      E. Barney Robinson III (MSB #09432)
      Benjamin M. Watson (MSB #100078)
      Amanda B. Barbour (MSB # 99119)

    ITS ATTORNEYS

OF COUNSEL:

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
Post Office Drawer 4248
Gulfport, MS   39502
(P)(228) 575-3019
(E) bob.galloway@butlersnow.com


BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
200 Renaissance at Colony Park, Suite 1400
1020 Highland Colony Parkway (39157)
Post Office Box 6010
Ridgeland, MS 39158-6010
(P) (601) 948-5711
(F) (601) 985-4500
(E) jeff.walker@butlersnow.com
(E) barney.robinson@butlersnow.com
(E) ben.watson@butlersnow.com
(E) amanda.barbour@butlersnow.com


Michael B. Beers (ASB-4992-S80M), PHV
BEERS, ANDERSON, JACKSON, PATTY & FAWAL, P.C.
Post Office Box 1988
Suite 100
250 Commerce Street (36104)
Montgomery, Alabama 36102
(P) (334) 834-5311
(F) (334) 834-5362
(E) mbeers@beersanderson.com

*PRO HAC VICE*

James R. Robie (CA State Bar # 67303), PHV
ROBIE & MATTHAI
Suite 1500
Biltmore Tower
500 South Grand Avenue
Los Angeles, California  90071
(P) (213) 706-8000
(F) (213) 706-9913
(E) jrobie@romalaw.com

*PRO HAC VICE*

## **CERTIFICATE OF SERVICE**

I, Benjamin M. Watson, one of the attorneys for State Farm Fire and Casualty Company, do hereby certify that I have this day caused a true and correct copy of the foregoing instrument to be delivered to the following via the means directed by the Court's CM/ECF System:

C. Maison Heidelberg
Ginny Y. Kennedy
MAISON HEIDELBERG P.A.
795 Woodlands Parkway, Suite 220
Ridgeland, MS 39157
(P) (601) 351-3333
(F) (601) 956-2090
maison@heidlebergpa.com
ginny@heidelbergpa.com

Scott D. Gilbert
August J. Matteis, Jr.
Craig J. Litherland
Benjamin R. Davidson
GILBERT LLP
11 New York Avenue, NW
Suite 700
Washington, DC 20005
gilberts@gotofirm.com
matteisa@gotofirm.com
litherlandc@gotofirm.com
davidsonb@gotofirm.com

COUNSEL FOR CORI RIGSBY AND KERRI RIGSBY

Patricia R. Davis
Jay D. Majors
UNITED STATES DEPARTMENT OF JUSTICE
Civil Division
P.O. Box 261
Ben Franklin Station
Washington, DC 20044
(P) (202) 307-0264
(F) (202) 514-0280

Alfred B. Jernigan, Jr.
Felicia C. Adams
UNITED STATES ATTORNEY'S OFFICE
Southern District of Mississippi
Suite 500
188 East Capitol Street
Jackson, MS 39201
(P) (601) 965-4480
(F) (601) 965-4409
(E) felicia.adams@usdoj.gov

ATTORNEYS FOR THE UNITED STATES

Larry G. Canada
Kathryn Breard Platt
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
2510 14th Street
Suite 910
Gulfport, MS 39501
lcanada@gjtbs.com
kplatt@gjtbs.com

ATTORNEYS FOR HAAG ENGINEERING CO.

THIS the 14th day of October, 2010.

By:    s/*Benjamin M. Watson* (MSB #100078)
       Benjamin M. Watson (MSB #100078)

Jackson 5661611v5