IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel.; CORI RIGSBY; AND KERRI RIGSBY | RELATORS/COUNTER-DEFENDANTS |
| v. | CASE No. 1:06-cv-433-LTS-RHW |
| STATE FARM FIRE & CASUALTY COMPANY, et al. | DEFENDANTS/COUNTER-PLAINTIFFS |

RELATORS' OPPOSITION TO DEFENDANTS'
MOTION IN LIMINE TO EXCLUDE FORENSIC SETTLEMENT AGREEMENT

Cori and Kerri Rigsby ("Relators") respectfully submit this Opposition to Defendants' Motion *In Limine* to Exclude the Forensic Settlement Agreement (docket entry [781]) ("Motion to Exclude"), which was filed by State Farm Fire & Casualty Company ("State Farm") and Haag Engineering Company ("Haag") (collectively, "Defendants") on September 27, 2010.

I.    Introduction

Defendants seek to exclude the agreement executed by Relators and Forensic Analysis & Engineering Company ("Forensic") on May 27, 2010 (the "Agreement"). As outlined in that Agreement, in exchange for Relators' acquiescence in the dismissal of Forensic as a defendant, Forensic agreed to make a settlement payment to the government and to cooperate with Relators in the discovery and trial phases of the proceedings against the remaining Defendants.

In the recitals to the Agreement, which was attached as an Exhibit to the Motion to Dismiss filed by Forensic on July 15, 2010, docket entry [693], the president of Forensic, Bob Kochan, made a series of admissions regarding his firm's participation in State Farm's scheme to defraud the government. Relators do not intend to offer the Agreement as affirmative proof of the Defendants' liability; however, to the extent that Robert Kochan's trial testimony departs

from the admissions in the Agreement, Relators may seek to impeach him with the statements he made in the Agreement. Although State Farm attempts to argue that introduction of the Agreement is precluded by Fed. R. Evid. 408, its use to impeach Kochan is proper under the terms of that Rule. Such use of relevant evidence is also consistent with Fed. R. Evid. 802.

## II.     Argument

### A.     Rule 408 Does Not Prohibit Introduction of the Agreement between Relators and Forensic for Impeachment.

Relators may introduce the Agreement under the exceptions provided by Fed. R. Evid. 408(b). Relators do not intend to introduce the fact that they reached a settlement with Forensic as proof of the liability of any Defendant. Nor do they intend to introduce it to prove any liability of Forensic, nor for the determination of damages. But the Agreement may be used to establish Mr. Kochan's bias against Relators. It is also admissible to impeach Mr. Kochan's testimony at trial, if that testimony deviates from his statements in the Agreement.

The longstanding law of this Circuit supports the use of a settlement agreement for the purpose of impeaching a witness, and indeed for any purpose other than proving liability or damages. Confronted with just such a situation, where a district court had admitted evidence of settlement to demonstrate that a witness had changed his story, the Court of Appeals held that Rule 408 "permits settlement evidence for any purpose except to prove or disprove liability or the amount of the claim," and noted that trial courts have "broad discretion in determining whether to admit evidence of settlement for another purpose."[1] That ruling has been reaffirmed as recently as this year.[2]

---

[1] *United States v. Aviation Underwriters, Inc. v. Olympia Wings, Inc.*, 896 F.2d 949, 956 (5th Cir. 1990).

[2] In *United States v. Ramsey*, No. 09-60196, 2010 WL 2546124, slip op. at *1 (5th Cir. June 24, 2010) the 5th Circuit upheld the district court's admission in a tax fraud case of IRS records related to the defendant, including an offer to compromise made during negotiations, for the purpose of showing intent, knowledge, and lack of mistake.

### B. Rule 802 Does Not Prohibit Introduction of the Agreement.

Because Relators will not likely use any statement in the Agreement for the truth of the matter asserted, Rule 802's prohibition on hearsay testimony is not at issue.[3] Relators do reserve the right to introduce the Agreement to impeach Mr. Kochan's testimony, if necessary, to establish Mr. Kochan's bias against Relators, and for any other permissible, non-hearsay use.[4]

### C. The Agreement is Relevant and is Not Prejudicial.

#### 1. The Agreement is Relevant to the Truth of Mr. Kochan's Testimony.

As Defendants correctly observe, in order to be relevant, any statement entered into evidence must have "a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401, Def. Mem. at 16. The prior inconsistent statement of a witness, introduced for the purpose of impeachment, is a fact of consequence to the determination of the witness's credibility and therefore relevant.[5] The Agreement is certainly of consequence to the determination of Mr. Kochan's truthfulness. Relators would, if faced at trial with testimony by Mr. Kochan that contradicted his earlier statements, seek to introduce the Agreement to impeach

---

*See also Ikossi-Anastasiou v. Bd. of Supervisors of La. State Univ.*, 579 F.3d 546, 551 (5th Cir. 2009), *cert. denied*, --- U.S. ---, 130 S.Ct. 1285 (2010) (restating exceptions and finding Rule 408 inapplicable); *Foldes v. Farmers Ins. Exchange*, No. 06-0550, 2007 WL 710124 at *2 (W.D. La. March 6, 2007) (admitting evidence of compromise where purpose was to undermine witness testimony).

[3] *See United States v. Cantu*, 876 F.2d 1134 (5th Cir. 1989) (finding statement not hearsay if not proffered for truth of matter asserted), *United States v. Bobo,* 586 F.2d 355, 372 (5th Cir. 1978) (citing Advisory Committee Note to Rule 801(c)), *cert. denied,* 440 U.S. 976 (1979).

[4] The prior inconsistent statement of a witness is excluded from the definition of hearsay. *See* Fed. R. Evid. 801(d)(1)(A). *See also Baker v. Dorfman*, No. 97 CIV. 7512 (DLC), 1999 WL 191531 (S.D.N.Y. April 6, 1999) (admitting attorney's offer to settle his client's case as his own prior statement to impeach his testimony concerning value of client's claim).

[5] *See Weatherly v. State Farm Fire & Cas. Ins. Co.*, No. 07-4371, 2009 WL 1247098 at *1 (E.D. La. May 4, 2009) (admitting prior statement of party for purposes of impeachment).

3

him.  Because of its probative value in assessing the truth of Mr. Kochan's testimony, the jury should be able to take the Agreement into account in weighing that testimony.

### 2. The Agreement is Relevant to Mr. Kochan's Bias Against Relators.

Additionally, the Agreement is relevant evidence of Mr. Kochan's potential bias against Relators.  The Agreement ended contentious litigation between Relators and Mr. Kochan.  The jury should be permitted to consider whether their recently resolved status as adversaries has colored Mr. Kochan's testimony in any way.[6]

### 3. The Impeachment of a Witness by His Prior Statements is Not Prejudicial to Defendants.

Defendants also seek to invoke Fed. R. Evid. 403's exclusion of evidence whose probative value is outweighed by "the danger of unfair prejudice, confusion of the issues, or misleading the jury."[7]  The Rule is inapplicable here.

The case law that State Farm cites in support of exclusion relates to confronting a Defendant with *his own admissions* made in a settlement agreement.  Jurors would not be prejudiced *against State Farm and Haag* if the Relators confront Mr. Kochan with statements that contradict his present testimony.   The jury might well, and appropriately, weigh those prior statements in evaluating the credibility of his testimony.[8]  Moreover, State Farm has not identified any unfair prejudice.  Thus, Rule 403 is inapplicable to the Agreement.

---

[6] *See United States v. Abel*, 469 U.S. 45 (1984) (holding admissible competent evidence tending to show bias on part of witness).

[7] Fed. R. Evid. 403.

[8] *See United States v. Martinez*, 962 F.2d 1161, 1165 (5th Cir. 1992) (leaving intact trial court's determination that extrinsic evidence admitted to prove bias was not prejudicial).

4

**III.     Conclusion**

For the foregoing reasons, Defendants' Motion *In Limine* to Exclude Forensic Settlement Agreement should be denied.

THIS the 14th of October, 2010                    Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ C. Maison Heidelberg
　　　　　　　　　　　　　　　　　　　　　　　　　　C. MAISON HEIDELBERG, MB #9559
　　　　　　　　　　　　　　　　　　　　　　　　　　GINNY Y. KENNEDY, MB #102199

OF COUNSEL                                                   Attorneys for Cori Rigsby and Kerri Rigsby
August J. Matteis, Jr. (*admitted pro hac vice*)   HEIDELBERG HARMON PLLC
Craig J. Litherland (*admitted pro hac vice*)      795 Woodlands Parkway, Suite 220
Benjamin Davidson (*admitted pro hac vice*)   Ridgeland, Mississippi 39157
Derek Sugimura (*admitted pro hac vice*)        Phone No.        (601) 351-3333
GILBERT LLP                                                     Fax No.            (601) 956-2090
1100 New York Avenue NW, Suite 700          mheidelberg@heidelbergharmon.com
Washington, DC 20005
Phone No.     (202) 772-2200
Fax No.         (202) 772-3333
matteisa@gotofirm.com
litherlandc@gotofirm.com
davidsonb@gotofirm.com
sugimurad@gotofirm.com

　　　　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Kerri Rigsby and Cori Rigsby

**CERTIFICATE OF SERVICE**

      I, C. Maison Heidelberg, attorney for Cori Rigsby and Kerri Rigsby, do hereby certify that I have this day caused the foregoing document to be filed with the Court's CM/ECF system, which will cause notice to be delivered to all counsel of record.

                Don Burkhalter, Esq.
                UNITED STATES ATTORNEY
                  FOR MISSISSIPPI
                188 East Capitol Street, Suite 500
                Jackson, MS 39201

                Felicia Adams, Esq.
                ASSISTANT U.S. ATTORNEY
                188 East Capitol Street, Suite 500
                Jackson, MS 39201

                Joyce R. Branda, Esq.
                Patricia R. Davis, Esq.
                Jay D. Majors, Esq.
                UNITED STATES DEPARTMENT OF JUSTICE
                Commercial Litigation Branch
                Civil Division
                601 D Street, NW
                Washington, DC 20004

                Larry G. Canada, Esq.
                Kathryn Breard Platt, Esq.
                Galloway, Johnson, Tompkins, Burr & Smith
                701 Poydras Street, Suite 4040
                New Orleans, LA 70139
                (p) 504-525-6802
                ATTORNEYS FOR HAAG ENGINEERING CO.

                Robert C. Galloway, Esq.
                Emerson Barney Robinson, III, Esq.
                Benjamin M. Watson, Esq.
                Jeffrey A. Walker, Esq.
                Amanda B. Barbour, Esq.
                BUTLER, SNOW, O'MARA,
                    STEVENS & CANNADA, PLLC
                P.O. Box 22567
                Jackson, MS 39225
                (p) 601-948-5711

Michael B. Beers, Esq.
BEERS, ANDERSON, JACKSON
   PATTY & FALWAL, PC
250 Commerce Street, Suite 100
Montgomery, AL 36104
(p) 334-834-5311
ATTORNEYS FOR STATE FARM FIRE & CASUALTY
INSURANCE COMPANY


　　　　　　　　　　　　　　　　/s/     C. Maison Heidelberg___