IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA ex rel.
CORI RIGSBY and KERRI RIGSBY                    RELATORS/COUNTER-DEFENDANTS

v.                                              CASE NO. 1:06cv433-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY   DEFENDANT/COUNTER-PLAINTIFF

and

HAAG ENGINEERING CO.; and ALEXIS KING                              DEFENDANTS

## STATE FARM FIRE AND CASUALTY COMPANY'S
## REBUTTAL IN SUPPORT OF ITS MOTION
## *IN LIMINE* TO EXCLUDE FORENSIC SETTLEMENT AGREEMENT

Robert C. Galloway (MSB #4388)
Jeffrey A. Walker (MSB #6879)
E. Barney Robinson III (MSB #09432)
Benjamin M. Watson (MSB #100078)
Amanda B. Barbour (MSB #99119)

BUTLER, SNOW, O'MARA, STEVENS &
CANNADA, PLLC
Post Office Drawer 4248
Gulfport, MS   39502
(P) (228) 575-3019
(E) bob.galloway@butlersnow.com

BUTLER, SNOW, O'MARA, STEVENS &
CANNADA, PLLC
200 Renaissance at Colony Park, Suite 1400
1020 Highland Colony Parkway (39157)
Post Office Box 6010
Ridgeland, MS 39158-6010
(P) (601) 948-5711
(F) (601) 985-4500
(E) jeff.walker@butlersnow.com
(E) barney.robinson@butlersnow.com
(E) ben.watson@butlersnow.com
(E) amanda.barbour@butlersnow.com

Michael B. Beers (ASB-4992-S80M), PHV
BEERS, ANDERSON, JACKSON, PATTY &
FAWAL, P.C.
Post Office Box 1988, Suite 100
250 Commerce Street (36104)
Montgomery, Alabama 36102
(P) (334) 834-5311
(F) (334) 834-5362
(E) mbeers@beersanderson.com

*PRO HAC VICE*

James R. Robie (CA State Bar # 67303), PHV
ROBIE & MATTHAI
Biltmore Tower, Suite 1500
500 South Grand Avenue
Los Angeles, California  90071
(P) (213) 706-8000
(F) (213) 706-9913
(E) jrobie@romalaw.com

*PRO HAC VICE*

State Farm Fire and Casualty Company respectfully submits this rebuttal in support of its motion *in limine* to exclude the Forensic settlement agreement [781 & 782].

## INTRODUCTION

The Rigsbys' response ignores the numerous instances in which Forensic's principal, Robert Kochan, disavowed under oath the supposed "admissions" in the Forensic settlement agreement that were procured by the Rigsbys through their near financial ruin of Forensic. Instead, the Rigsbys state that they do not "intend to offer the [Forensic Settlement] Agreement as affirmative proof of the Defendants' liability . . . ." ([796] at 1.) In other words, the Rigsbys concede that the settlement agreement is inadmissible hearsay and that Fed. R. Evid. 408, 402 and 403 prohibit its introduction for this purpose.

The Rigsbys nevertheless claim to reserve the right to try to impeach Mr. Kochan with the settlement agreement "to the extent that [his] trial testimony departs from the admissions in the Agreement." ([796] at 1-2.) This is nothing more than a disguised attempt to use the settlement agreement to prove the purported truth of Forensic's supposed admissions. Such a use would be improper because the settlement agreement is not a prior inconsistent statement under oath within the meaning of Fed. R. Civ. P. 801(d)(1)(A). Furthermore, any probative value for impeachment (and there is none) is substantially outweighed by the prejudicial effect that receipt of the settlement agreement into evidence would have on State Farm.

## I.   THE RIGSBYS CONCEDE THAT THE SETTLEMENT AGREEMENT CONTAINS MULTIPLE LEVELS OF INADMISSIBLE HEARSAY.

Although the Rigsbys concede that the settlement agreement is hearsay, this fact is "not at issue" because -- according to the Rigsbys -- if they refer at all to the settlement agreement, it will not be for the truth of the matter asserted, but as a prior inconsistent statement pursuant to

Fed. R. Civ. P. 801(d)(1)(A).[1]  To be heard by the jury, a prior inconsistent statement must have been "given under oath subject to the penalty of perjury at a trial, hearing or other proceeding, or in a deposition." Fed. R. Civ. P. 801(d)(1)(A).  Not only was the settlement agreement not made under oath, it was not given at a trial, hearing or other proceeding, or in a deposition. [693-1] *See Lippay v. Christos,* 996 F.2d 1490, 1497 n.7 (3d Cir. 1993) ("[B]ecause Philbin did not make the statement under oath at a proceeding or a deposition, the district court correctly ruled that it was not admissible under [801(d)(1)(A]."); *Fitch v. Settoon Towing*, LLC, 2008 WL 1805482, *2 (E.D. La. 2008) (holding prior inconsistent statement inadmissible because it was not given under oath); *Stovall v. Cockrell*, 2003 WL 21750707, *28 (N.D. Tex. 2003) (same).  Therefore, the Rigsbys cannot seek to impeach Mr. Kochan with the settlement agreement as a prior inconsistent statement.

The Rigsbys' argument that they will not offer the settlement agreement for the truth of the matter asserted begs the question as to why they would offer it at all if not for this purpose.  Indeed, the Rigsbys tip their hand when they respond to State Farm's argument that the settlement agreement is irrelevant and should be excluded under Fed. R. Evid. 402.  There, they contend that the settlement agreement has "probative value in assessing the truth of Mr. Kochan's testimony . . . ." ([796] at 4.)  If the Rigsbys intend to offer the settlement agreement to show that it is superior to Mr. Kochan's deposition testimony, then they are clearly offering it for the truth of the matters asserted.

## II.     RULE 408 REQUIRES EXCLUSION OF THE SETTLEMENT AGREEMENT.

In an attempt to avoid the clear application of Rule 408, the Rigsbys contend that they will not attempt to use the settlement agreement to "prove liability for . . . a claim . . . ." Instead,

---

[1] Other than Rule 801(d)(1)(A), the Rigsbys do not offer any other basis under Rules 801 or 803 to admit the settlement agreement.

the Rigsbys claim that they will use the settlement agreement only in an effort to prove "bias" on the part of Mr. Kochan. Tellingly, the Rigsbys do not specify what "bias" they plan to expose. If anything, the statements in the settlement agreement would potentially reflect bias *in favor* of the Rigsbys.

In reality, the Rigsbys intend to use the settlement agreement to try to argue that State Farm was engaged in a conspiracy with Forensic. No matter how the Rigsbys seek to spin it, the settlement agreement cannot be used as a backdoor attempt to try to prove liability against State Farm.

### III.  THE SETTLEMENT AGREEMENT IS NOT RELEVANT AND IS UNFAIRLY PREJUDICIAL.

#### A.  The Settlement Agreement Is Irrelevant Under Fed. R. Evid. 402.

As detailed in State Farm's opening memorandum, each of the unsworn "admissions" made by Forensic is contradicted by Mr. Kochan's subsequent sworn deposition testimony. ([782] at 7-16.) Therefore, the settlement agreement does not have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 402. Nevertheless, the Rigsbys contend that the settlement agreement is "of consequence to the determination of Mr. Kochan's truthfulness" and that it is somehow relevant because it "ended contentious litigation between Relators and Mr. Kochan." ([796] at 3-4.)

This contention is in direct contradiction to well settled authority that settlement agreements are rarely admissible "'since the offer may be motivated by a desire for peace rather than from any concession of weakness of position.'" *Software Tree, LLC, v. Red Hat, Inc.*, 2010 WL 2788202, * 2 (E.D. Tex. 2010) (quoting advisory committee's note ¶ 1 to Fed. R. Evid. 408).

3

This is precisely what happened here.  The Rigsbys took Mr. Kochan and his company to the brink of bankruptcy and the settlement agreement is the product of this duress:

> A. It's a business decision, purely.  I couldn't continue to defend myself.  I couldn't afford to continue to defend myself.  I tried to go pro se, but apparently in the State of Mississippi, that's not allowed for a corporation.  And I'm not in a position to properly reimburse my attorney's firm for their efforts.  So I wanted to allow them to get out, but they – apparently the courts would not allow that.  So I'm sort of between a rock and a hard place.  And if I tried to continue to defend ourselves, as I believe strongly we are – should be defending, we can't afford that, to go – between now and the time you go to court.  So I felt that the offer by the realtors [sic.] while way beyond our physical ability to pay at the moment is the best thing for the corporate's [sic] well-being.
>
> Q. Is it your view that it's a decision you had to – it's a decision you had to accept in order to guarantee your own business survival?
>
> THE WITNESS: There is no question in my mind that if we did not – if we attempted to continue to defend ourselves, we would not be able to do so and would have to close the doors.

([781-1] at 10-11 (alterations in original; objection omitted).)  The manufactured settlement agreement is not relevant to the claims and defenses of the parties.

### B. The Settlement Agreement Is Unfairly Prejudicial, Confusing, Misleading and Should be Excluded Pursuant to Fed. R. Evid. 403.

The Rigsbys do not attempt to balance the claimed relevance of the settlement agreement with the unfairly prejudicial effect to State Farm.  Amazingly, they contend that the misleading admissions in the settlement agreement would result in *no* unfair prejudice to State Farm.  Not only is the argument disingenuous, it contradicts Rule 403's general preclusion of this type of settlement agreement "because its minimal probative value is outweighed by the danger of unfair prejudice and misleading the jury" and this harm "cannot be cured through a limiting instruction to the jury."  *Mavrinac v. Emergency Medicine Ass'n of Pittsburgh*, 2007 WL 4190714, *2 (W.D. Pa. 2007); *see also Trout v. Milton S. Hershey Medical Ctr.*, 572 F. Supp. 2d 591, 597

(M.D. Pa. 2008) (finding that admission of settlement agreement "would lead to juror confusion and cause undue prejudice to plaintiffs' case.").

The Rigsbys argue that the cases cited by State Farm are somehow inapposite because the admissions in the settlement agreements in those cases were made by the party that would suffer the prejudice. This is not true. In *Wilkins v. P.M.B. Systems Engineering, Inc.*, 741 F.2d 795, 798 n.2 (5th Cir. 1984), the Fifth Circuit explicitly recognized "the adverse prejudicial effect to non-settling defendants . . . resulting from some of the manipulations possible under the Mary Carter device." Furthermore, neither court in the other two decisions cited by State Farm makes any distinction as to which party will suffer prejudice from the admission of the settlement agreement. *See Mavrinac*, 2007 WL at *2; *Trout*, 572 F. Supp. 2d at 597. The Rigsbys have no legitimate response to the controlling law, and their disingenuous attempt to distinguish these cases should be rejected.

Ultimately, even if the Rigsbys had proven some minimal probative value in using the settlement agreement in an effort to impeach Mr. Kochan (which they have not), the Court must still perform a Rule 403 balancing test. Any negligible probative value would be substantially outweighed by the unfairly prejudicial effect to State Farm of suggesting a scheme to defraud the government. Indeed, very few allegations could be more unfair or have a more prejudicial effect.

## **CONCLUSION**

The Rigsbys concede that the settlement agreement is hearsay and that it cannot be offered in an effort to prove liability on the part of State Farm. Their argument that it can be used as a prior inconsistent statement to impeach Mr. Kochan fails for two reasons. First, because the purported admissions in the settlement agreement were not given under oath during a trial, deposition or other proceeding, it is not subject to the exception of Rule 801(d)(1)(A).

Second, even if the settlement agreement fit a hearsay exception, any putative relevance is substantially outweighed by the unfair prejudice to State Farm if the forced "admissions" that Mr. Kochan has sworn are not true are heard by the jury.

For the foregoing reasons, State Farm respectfully moves the Court to prohibit the Rigsbys from offering into evidence or otherwise referring to the Forensic settlement agreement at any evidentiary procedure, including trial, other than in connection with this motion or any further motion practice in connection with the approval of the settlement.  ([693]-1.)

This the 25th day of October, 2010.

                                  Respectfully submitted,
                                  STATE FARM FIRE AND CASUALTY COMPANY

        By:     s/*Benjamin M. Watson* (MSB #100078)
                    Robert C. Galloway (MSB # 4388)
                    Jeffrey A. Walker (MSB # 6879)
                    E. Barney Robinson III (MSB #09432)
                    Benjamin M. Watson (MSB #100078)
                    Amanda B. Barbour (MSB # 99119)

                              ITS ATTORNEYS

OF COUNSEL:

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
Post Office Drawer 4248
Gulfport, MS   39502
(P)(228) 575-3019
(E) bob.galloway@butlersnow.com

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
200 Renaissance at Colony Park, Suite 1400
1020 Highland Colony Parkway (39157)
Post Office Box 6010
Ridgeland, MS 39158-6010
(P) (601) 948-5711
(F) (601) 985-4500
(E) jeff.walker@butlersnow.com
(E) barney.robinson@butlersnow.com
(E) ben.watson@butlersnow.com
(E) amanda.barbour@butlersnow.com

Michael B. Beers (ASB-4992-S80M), PHV
BEERS, ANDERSON, JACKSON, PATTY & FAWAL, P.C.
Post Office Box 1988
Suite 100
250 Commerce Street (36104)
Montgomery, Alabama 36102
(P) (334) 834-5311
(F) (334) 834-5362
(E) mbeers@beersanderson.com

*PRO HAC VICE*

James R. Robie (CA State Bar # 67303), PHV
ROBIE & MATTHAI
Suite 1500
Biltmore Tower
500 South Grand Avenue
Los Angeles, California  90071
(P) (213) 706-8000
(F) (213) 706-9913
(E) jrobie@romalaw.com

*PRO HAC VICE*

**CERTIFICATE OF SERVICE**

I, Benjamin M. Watson, one of the attorneys for State Farm Fire and Casualty Company, do hereby certify that I have this day caused a true and correct copy of the foregoing instrument to be delivered to the following via the means directed by the Court's CM/ECF System:

C. Maison Heidelberg
Ginny Y. Kennedy
MAISON HEIDELBERG P.A.
795 Woodlands Parkway, Suite 220
Ridgeland, MS 39157
(P) (601) 351-3333
(F) (601) 956-2090
maison@heidlebergpa.com
ginny@heidelbergpa.com

Scott D. Gilbert
August J. Matteis, Jr.
Craig J. Litherland
Benjamin R. Davidson
GILBERT LLP
11 New York Avenue, NW
Suite 700
Washington, DC 20005
gilberts@gotofirm.com
matteisa@gotofirm.com
litherlandc@gotofirm.com
davidsonb@gotofirm.com

COUNSEL FOR CORI RIGSBY AND KERRI RIGSBY

Patricia R. Davis
Jay D. Majors
UNITED STATES DEPARTMENT OF JUSTICE
Civil Division
P.O. Box 261
Ben Franklin Station
Washington, DC 20044
(P) (202) 307-0264
(F) (202) 514-0280

Alfred B. Jernigan, Jr.
Felicia C. Adams
UNITED STATES ATTORNEY'S OFFICE
Southern District of Mississippi
Suite 500
188 East Capitol Street
Jackson, MS 39201
(P) (601) 965-4480
(F) (601) 965-4409
(E) felicia.adams@usdoj.gov

ATTORNEYS FOR THE UNITED STATES

Larry G. Canada
Kathryn Breard Platt
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
2510 14th Street
Suite 910
Gulfport, MS 39501
lcanada@gjtbs.com
kplatt@gjtbs.com

ATTORNEYS FOR HAAG ENGINEERING CO.

THIS the 25th day of October, 2010.

       By: s/*Benjamin M. Watson* (MSB #100078)
          Benjamin M. Watson (MSB #100078)

Jackson 5702009v1