IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA ex rel.
CORI RIGSBY and KERRI RIGSBY                    RELATORS/COUNTER-DEFENDANTS

v.                                              CASE NO. 1:06cv433-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY        DEFENDANT/COUNTER-PLAINTIFF

and

HAAG ENGINEERING CO.; and ALEXIS KING                            DEFENDANTS

**STATE FARM'S SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT OF ITS
[739] MOTION TO DISMISS DUE TO THE RIGSBYS' REPEATED AND CALCULATED
VIOLATION OF THIS COURT'S SEAL ORDER**

Defendant/Counter-Plaintiff State Farm Fire and Casualty Company ("State Farm") respectfully

submits this Supplemental Memorandum in Support of its [739] Motion to Dismiss Due to the Rigsbys'

Repeated and Calculated Violation of this Court's Seal Order, to bring this Court's attention to the

recent decision of the Sixth Circuit in *United States ex rel. Summers v. LHC Group, Inc.*, 2010 WL

3917058 (6th Cir. Oct. 4, 2010) (to be published in F.3d), which is highly relevant to State Farm's

pending Motion to Dismiss Due to the Rigsbys' Repeated and Calculated Violation of the Court's Seal

Order [739].  A copy of *Summers* is attached as Exhibit 1.

In *Summers*, the trial court dismissed relator's *qui tam* complaint without reaching the merits,

holding that the relator's counsel's failure to comply with the seal requirements of the False Claims Act

("FCA") was "'a fatal deficiency that requires dismissal of this action with prejudice as to the relator.'"

*Id.* at *2 (quoting *United States ex rel. Summers v. LHC Group, Inc.*, No. 3:09-CV-277, 2009 WL

1651503, at *6 (M.D. Tenn. June 11, 2009)).

On appeal, relator argued that the district court erred in holding that the seal violation was "in

and of itself, fatal to her claim," and that the court should have applied the balancing test set forth in

*United States ex rel. Lujan v. Hughes Aircraft Co.*, 67 F.3d 242 (9th Cir. 1995).  The Sixth Circuit

disagreed, holding that the statutory preconditions for bringing a *qui tam* action were unequivocal and that applying "a *Lujan*-style balancing test would . . . represent a form of judicial overreach."  *Summers*, 2010 WL 3917058, at \*7.  The court explained:

> Congress has created the *qui tam* cause of action in False Claims Act cases, and has imposed procedural conditions on that cause of action as it sees fit to balance competing policy goals.  We will not second-guess its calculus; without meeting those conditions, a False Claims Act plaintiff has no more right to bring suit in the Government's name than any other private person.

*Id.* at \*10; *see also id.* at \*7 ("[We] hold that violations of the procedural requirements imposed on qui tam plaintiffs under the False Claims Act preclude such plaintiffs from asserting qui tam status").

The court further cautioned that a *Lujan*-style balancing test would encourage precisely the type of strategic seal violations that the Rigsbys committed in this case:

> Requiring violations of the FCA's under-seal requirement to be subjected to a balancing test . . . both misses the point of the requirement itself and potentially encourages plaintiffs to comply with the FCA's under-seal requirement only to the point the costs of compliance are outweighed by the risk that any given violation would turn out to be severe enough to require dismissal of an FCA claim.  ***Under such a regime, plaintiffs would be encouraged to make disclosures in circumstances when doing so might particularly strengthen their own position, such as those in which exposing a defendant to immediate and hostile media coverage might provide a plaintiff with the leverage to demand that a defendant come to terms quickly.***  In other words, the extent of a plaintiff's compliance with the FCA's under-seal requirement would become subject to the same risk analysis as any other litigation tactic, an analysis in which it would be the plaintiff's, not the Government's, interests that were paramount.  ***Given that the very existence of the qui tam right to bring suit in the name of the Government is created by statute, it is particularly appropriate to have the right exist in a given case only with the preconditions that Congress deemed necessary for the purpose of safe-guarding the Government's interests.***

*Id.* at \*8 (emphasis added); *cf.* ([741] at 2-12) (enumerating numerous instances where the Rigsbys aided, abetted, and approved of multiple seal violations in order to obtain a strategic advantage in this litigation) & ([784-1]) (Appendix chart detailing Rigsbys' numerous seal violations).

*Summers* also underscores that the issue of whether the Rigsbys have forfeited their right to bring this *qui tam* action through their and their counsel's calculated and repeated violations of the FCA is of paramount and immediate importance.  The Rigsbys have asked this Court to reconsider its prior

scheduling order and to reopen and exponentially expand discovery in this case.  ([738].)  *Summers* and the numerous other cases that State Farm cites in its briefs demonstrate conclusively that the Rigsbys' suit must be dismissed as a matter of law.  ([741] at 15-18.)

State Farm respectfully submits that this dispositive legal issue is ripe for review and should be decided **before** the Rigsbys' motion for reconsideration is taken up and **before** this case goes to trial. *See Walker v. Livingston*, 381 F. App'x 477, 480 (5th Cir. 2010) (the district court "abused its discretion in allowing further discovery based on the plaintiffs' conclusory allegations" when threshold legal issue should have been determined through summary judgment); *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1294 (11th Cir. 2005) (the district court abused its discretion by not ruling on "a straightforward question of law" as to the viability of legal claims before compelling additional discovery on those claims).

This the 16th day of November, 2010.

Respectfully submitted,

STATE FARM FIRE AND CASUALTY COMPANY

By:  /s/ *E. Barney Robinson III* (MSB # 09432)
Robert C. Galloway (MSB # 4388)
Jeffrey A. Walker (MSB # 6879)
E. Barney Robinson III (MSB # 09432)
Benjamin M. Watson (MSB # 100078)
Amanda B. Barbour (MSB # 99119)

ITS ATTORNEYS

OF COUNSEL:

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
Post Office Drawer 4248
Gulfport, MS  39502
(P) (228) 575-3019
(E) bob.galloway@butlersnow.com

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
200 Renaissance at Colony Park, Suite 1400
1020 Highland Colony Parkway (39157)
Post Office Box 6010
Ridgeland, MS 39158-6010
(P) (601) 948-5711
(F) (601) 985-4500
(E) jeff.walker@butlersnow.com
(E) barney.robinson@butlersnow.com
(E) ben.watson@butlersnow.com
(E) amanda.barbour@butlersnow.com

Michael B. Beers (ASB-4992-S80M), PHV
BEERS, ANDERSON, JACKSON, PATTY & FAWAL, P.C.
Post Office Box 1988
250 Commerce Street, Suite 100 (36104)
Montgomery, AL  36102
(P) (334) 834-5311
(F) (334) 834-5362
(E) mbeers@beersanderson.com

*PRO HAC VICE*

James R. Robie (CA State Bar # 67303), PHV
ROBIE & MATTHAI
Biltmore Tower, Suite 1500
500 South Grand Avenue
Los Angeles, CA  90071
(P) (213) 706-8000
(F) (213) 706-9913
(E) jrobie@romalaw.com

*PRO HAC VICE*

## CERTIFICATE OF SERVICE

I, E. Barney Robinson III, one of the attorneys for State Farm Fire and Casualty Company, do hereby certify that I have this day caused a true and correct copy of the foregoing instrument to be delivered to the following, via the means directed by the CM/ECF system and as otherwise indicated below:

**Via E-mail**
Russell J. Gaspar
COHEN MOHR LLP
Suite 504
1055 Thomas Jefferson Street, NW
Washington, DC 2007

Frank W. Trapp
PHELPS DUNBAR, LLP
4270 I-55 North
Jackson, MS 39211-6391

COUNSEL FOR THE RENDON GROUP, INC. AND JOHN RENDON

C. Maison Heidelberg
Ginny Y. Kennedy
MAISON HEIDELBERG P.A.
795 Woodlands Parkway, Suite 220
Ridgeland, MS 39157
(P) (601) 351-3333
(F) (601) 956-2090
(E) maison@heidlebergpa.com

August J. Matteis, Jr.
Craig J. Litherland
Benjamin R. Davidson
GILBERT LLP
11 New York Avenue, NW
Suite 700
Washington, DC 20005
(E) matteisa@gotofirm.com
(E) litherlandc@gotofirm.com
(E) davidsonb@gotofirm.com

COUNSEL FOR CORI RIGSBY AND KERRI RIGSBY

Jeffrey S. Bucholtz
Joyce R. Branda
Patricia R. Davis
Jay D. Majors
UNITED STATES DEPARTMENT OF JUSTICE
Civil Division
P.O. Box 261
Ben Franklin Station
Washington, DC 20044
(P) (202) 307-0264
(F) (202) 514-0280

Stan Harris
Alfred B. Jernigan, Jr.
Felicia C. Adams
UNITED STATES ATTORNEY'S OFFICE
Southern District of Mississippi
188 East Capitol Street, Suite 500
Jackson, MS 39201
(P) (601) 965-4480
(F) (601) 965-4409

ATTORNEYS FOR THE UNITED STATES

Larry G. Canada
Kathryn Breard Platt
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
2510 14th Street, Suite 910
Gulfport, MS 39501
lcanada@gjtbs.com
kplatt@gjtbs.com

ATTORNEYS FOR HAAG ENGINEERING CO.

This the 16th day of November, 2010.

/s/ *E. Barney Robinson III* (MSB # 09432)
E. Barney Robinson III (MSB # 09432)

Jackson 5796134v1

2