UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**
*EX REL.* **CORI RIGSBY and KERRI RIGSBY**                                **RELATORS**

**V.**                                                  **CIVIL ACTION NO.1:06CV0433 LTS-RHW**

**STATE FARM FIRE AND CASUALTY COMPANY,** *ET AL.*              **DEFENDANTS**

## MEMORANDUM OPINION ON STATE FARM FIRE AND CASUALTY COMPANY'S MOTION TO EXCLUDE EXPERT TESTIMONY OF JOHN A. FOWLER, P.E.

The Court has before it the motion [707] of State Farm Fire and Casualty Company (State Farm) to exclude from evidence the testimony of Relators' expert John A. Fowler, P.E. (Fowler).  For the reasons set out below, this motion will be granted.

Fowler is a licensed professional engineer in Florida, Alabama, Louisiana, Arkansas, Pennsylvania, and Mississippi. On February 22, 2006, Fowler inspected the storm damage to a residence located at 2555 South Shore Drive, Biloxi, Mississippi (the Mucha property). This property is within 400 feet of the McIntosh property. At the time of this inspection, all that remained of the Mucha property was a slab.

Based in large measure upon the account of the owner of the Mucha property, who was present at the time of the storm damage, Fowler determined that the Mucha property was "destroyed by wind before the storm surge arrived." The Mucha property is within 400 feet of the McIntosh property, but, as Fowler noted in his report, the Mucha property was exposed more directly to wind forces than many of the neighboring properties. Relators intend to offer Fowler's testimony to support the conclusion reached by Ralph Sinno, another expert witness, that storm winds severely damaged the McIntosh property before the storm surge reached the McIntosh property.

State Farm does not challenge Fowler's engineering credentials, instead basing its objection to his testimony upon a lack of relevance to the issues in this case. State Farm asserts that there are too many differences between the Mucha property and the McIntosh property to allow any valid comparison of the storm damage each property sustained. Thus the key question is whether these differences are so great as to render the facts and opinions expressed in Fowler's report irrelevant to the issues now in dispute. The Fowler report does not discuss these differences. Indeed, the Fowler report does not mention the McIntosh property at all.

The gist of Fowler's testimony boils down to his opinion that the storm winds were strong enough to do extensive damage to the Mucha property before the property experienced storm surge flooding. Relators contend that this establishes a fact in dispute, i.e. that the storm winds were strong enough to do substantial damage to the McIntosh property before the storm surge flooding occurred. I disagree.

If the two properties were substantially similar in construction details, wind exposure, and other particulars, I would agree with the relators that Fowler's testimony would be relevant. The two properties are in close enough proximity to each other to reasonably infer that they were exposed to similar, though not identical, wind forces. But the Fowler report does not disclose whether the McIntosh property is similar in construction to the Mucha property. While the report does discuss the construction of the Mucha property, it makes no comparison between the two properties in terms of strength of construction or in any other particulars. For this reason, I do not believe Fowler's opinion on the damage to the Mucha property sheds any substantial light on the extent of the wind damage sustained by the McIntosh property. Without knowing how the two properties compare in strength of construction, strength of materials, and other relevant particulars, there is no way to draw a valid conclusion concerning the wind damage to the McIntosh property based upon the wind damage to the Mucha property.

Accordingly, I will grant State Farm's motion [707] and exclude Fowler's testimony from the trial of this action. An appropriate order will be entered.

Decided this 18th day of November, 2010.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE