UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**
*EX REL.* **CORI RIGSBY and KERRI RIGSBY**                    **RELATORS**

**V.**                                                         **CIVIL ACTION NO.1:06CV433 LTS-RHW**

**STATE FARM FIRE AND CASUALTY COMPANY,** *ET AL.*             **DEFENDANTS**

### MEMORANDUM OPINION ON STATE FARM FIRE AND CASUALTY COMPANY'S SEALED MOTION [756] TO DECLASSIFY PORTIONS OF NON-PARTY REARDON GROUP'S RULE 30(B)(6) DEPOSITION FROM "PROTECTED INFORMATION" STATUS UNDER THE CONSENT ORDER [406] ENTERED ON JANUARY 27, 2010

The Court has before it the sealed motion [756] of State Farm Fire and Casualty Company (State Farm) seeking authority to make a public disclosure of certain information obtained during the Rule 30(b)(6) deposition of The Rendon Group (TRG), a Washington D.C. public relations firm hired by the Scruggs Katrina Group (SKG) during the time SKG represented the Relators.  TRG is not a party to this *qui tam* action, and TRG objects to the public disclosure of the information in question.

Pursuant to a Consent Protective Order [406] entered by the Court on January. 27, 2010, TRG exercised its right to designate certain discovery matters as "protected information" not subject to public disclosure.  Material designated as "protected information" must be so designated "only upon a good faith belief that the information is confidential, trade secret, or proprietary information and subject to protection under Rule 26 of the Federal Rules of Civil Procedure." (Consent Protective Order, Document 406)

State Farm's motion does not specifically identify its grounds for the relief it seeks [756].  The memorandum State Farm submitted in support of its motion (and incorporated into its motion by reference) states: "Further, the unjustified restrictions TRG has placed on its deposition testimony have frustrated State Farm's ability to prosecute State Farm's [739] Motion to Dismiss Due to the Rigsbys' Repeated and Calculated Violations of This Court's Seal Order.  Specifically State Farm desires to file excerpts from TRG's deposition in support of that motion, yet has so far been unable to do so due to the designation of significant portions of TRG's testimony as Protected Information." (Memorandum in Support of Motion To Declassify [757])

TRG argues that State Farm's use of the Protected Information is not hampered because the terms of the Consent Protective Order [406] allow for the use of Protected Information for the purpose specified by State Farm.  Indeed, paragraph 8 of the

protective order provides:

> If it is deemed necessary to bring to the attention of the Court any Protected Information, the party seeking to use the Protected Information shall first seek the Court's permission, pursuant to Local Rule 79, to file the pleading, brief, or other document containing such information or reference in a sealed container labeled with the title of this action, an identification of the nature of its contents, the identity of the party filing the material, the word, "PROTECTED INFORMATION." and a statement [that the material is subject to a protective order].

The motion [739] in which State Farm wishes to use the protected information is not itself under seal .  However, if State Farm wishes to submit any of the protected information at issue in support of this motion, it may do so under seal.  Permission to make such a sealed submission is hereby granted to State Farm.  But declassification of all of the information designated confidential by TRG does not appear to me to be warranted for the use State Farm has specified.

After reading the materials submitted in support of this motion, including the Rule 30(b)(6) Deposition of the Rendon Group [Document 756, Exhibit 1] and the Supplemental Responses submitted by TRG [Document 756, Exhibit 2], it appears to me that the material in question has only marginal relevance, if any, to the merits of the State Farm motion [739] to dismiss.  Outside of a few references in the TRG deposition (Document 756, Exhibit 1, between pages 133 and 138) to certain disclosures alleged to have been improper, I can see no other materials that would be relevant to State Farm's motion [739] to dismiss.

Accordingly, I will deny the motion to declassify these documents, but I will permit State Farm to submit any or all of these documents under seal in support of its motion [739] to dismiss.  An appropriate order will be entered.

**DECIDED** this 23rd day of November, 2010.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE