**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA
*EX REL.* CORI RIGSBY and KERRI RIGSBY**                                   **RELATORS**


**V.**                                                **CIVIL ACTION NO.1:06CV433 LTS-RHW**


**STATE FARM FIRE AND CASUALTY COMPANY, *ET AL.***                **DEFENDANTS**

### MEMORANDUM OPINION ON MOTION [781]  OF STATE FARM FIRE AND CASUALTY COMPANY TO EXCLUDE FROM EVIDENCE THE SETTLEMENT AGREEMENT BETWEEN THE RELATORS AND FORENSIC ANALYSIS & ENGINEERING CORPORATION

The Court has before it the motion of State Farm Fire and Casualty Company (State Farm) to exclude from evidence the settlement agreement [Document 693, Exhibit A] entered into by the Relators and Forensic Analysis & Engineering Corporation (Forensic).  For the reasons set out below, this motion will be granted in part and denied in part.

State Farm engaged Forensic to perform professional engineering services as part of the loss adjustment process following Hurricane Katrina.  State Farm asked Forensic to assess the extent of property damage for certain of its insured properties and to determine the predominant cause of the damage.  The McIntosh residence was one of the properties State Farm hired Forensic to evaluate.

Both State Farm and Forensic were named as defendants in this lawsuit. Relators have alleged that State Farm, Forensic, and others acted in concert to overstate the extent of the flood damage for properties insured under the Standard Flood Insurance Policies (SPIF) issued under the National Flood Insurance Program. Relators have alleged that these actions resulted in State Farm's overpayment of the Macintosh flood damage claim.  State Farm allegedly submitted a claim for reimbursement of this overpayment to the United States of America with knowledge that the amount of the claim had been artificially inflated.  All of these allegations have been denied by State Farm and the other defendants.

In May 2010, Forensic reached a settlement of the Relators' claims against it. The United States objected to Forensic's being dismissed with prejudice, and ultimately the claims against Forensic were dismissed without prejudice.  Mr. Robert Kochan (Kochan), on behalf of Forensic, signed the settlement agreement that is the subject of this motion.  The settlement agreement contains the following provisions, among

others:

> 8.   WHEREAS Forensic admits that it understood State Farm's financial interests in having engineering reports submitted by Forensic that attributed the cause of storm damage to flood rather than storm winds;

> 9.   WHEREAS Forensic admits that it believed State Farm would not continue employing Forensic unless Forensic agreed with State Farm's assessment that the properties where secondary reports were requested were damage by water instead of wind and focused on any possible evidence of flood damage to support that finding;

> 10.   WHEREAS Forensic admits that at State Farm's request, Forensic sent a second professional engineer to re-evaluate 19 loss sites, and Forensic admits that it changed the conclusions in those 19 reports based on the second engineer's inspection and after the initial reports were already sent to State Farm;

> 11.   WHEREAS Forensic admits that it was asked not to perform a thorough structural evaluation or cost appraisal of the amount of damage identified at a given site, and Forensic agreed to follow State Farm's instructions to describe only the predominant cause of damage to a home when attributing that damage to wind or flood;

> 12.   WHEREAS Forensic admits that for certain properties it submitted subsequent reports that did not reference the existence of the initial report and that such a practice allowed State Farm to have the option of either removing and replacing the initial report in its file if it so chose[.]

State Farm contends that the terms of the settlement agreement and the statements the settlement agreement contains are hearsay and are therefore inadmissible.  State Farm also contends that the agreement is irrelevant and unduly prejudicial.  Relators acknowledge that the settlement agreement and the statements it contains are hearsay, but contend that the statements are still admissible because they will not be offered to prove the truth of the matters asserted in the agreement but only for purposes of impeaching Kochan, should his testimony at trial be inconsistent with the statements in the settlement agreement.

In the memorandum State Farm submitted in support of its motion, Kochan's deposition testimony is extensively quoted.  I have read these portions of Kochan's testimony, and it does not appear to me that Kochan has denied the truth of any of the statements contained in the settlement agreement.  In response to State Farm's questions, Kochan has explained his understanding of these statements and the reason each of the statements was made, and he has done so in very precise terms.  In the testimony I have read, he has done so without contradicting the statements set out in

the settlement agreement.

In order for the settlement agreement to be used for impeachment, the only purpose for which it could be used under the Federal Rules of Evidence, Kochan would have to give testimony that contradicted the specific statements contained in the settlement agreement.  To the extent that his testimony may be inconsistent with either State Farm's or the Relator's *interpretation* of those statements, he would not be subject to impeachment using the statements, so long as his testimony does not actually contradict the substance of the statements themselves.

In *Vanston v. Connecticut General Life Ins. Co.,* 482 F.2d 337 (5th Cir.1973) the Circuit Court ruled that an out of court statement by a witness who later gave inconsistent testimony could be used for impeachment but could not properly be admitted into evidence for all purposes.  In *State of Mississippi for the Use of Derrow v. Durham,* 444 F.2d 152 (5th Cir.1971) the Circuit Court ruled that it was impermissible to allow a party to call a witness solely to get that witness' prior inconsistent statement into evidence, under the guise of impeachment, where the party calling the witness knew the witness' testimony would contradict his prior statement.  Both of these rulings are applicable to this case.  The part of the record I have examined suggests that Kochan has extensive first hand knowledge of many facts related to, but not necessarily contradictory of, the statements in the settlement agreement.  Unless and until Kochan gives testimony inconsistent with these statements, the settlement agreement will be inadmissible.

To a certain extent, this motion asks the Court to make an abstract ruling, a ruling on the admissibility of potential impeachment material, without having the benefit of hearing what the witness will have to say under oath.  For this reason, I will not rule the document inadmissible for the purpose of impeaching Kochan's testimony at this time.  I do agree with State Farm's contention that the Forensic settlement agreement is inadmissible for any purpose other than impeachment of Kochan.

An appropriate order will be entered.

**SO ORDERED** this 9th day of December, 2010.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE