IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. CORI RIGSBY and KERRI RIGSBY | RELATORS/COUNTER-DEFENDANTS |
| v. | CASE NO. 1:06cv433-LTS-RHW |
| STATE FARM FIRE AND CASUALTY COMPANY | DEFENDANT/COUNTER-PLAINTIFF |
| and | |
| HAAG ENGINEERING CO. | DEFENDANT |

**STATE FARM'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF THIS COURT'S NOVEMBER 23, 2010, <u>OPINION [826] & ORDER [827] RE:  THE BRIAN FORD REPORT</u>**

Robert C. Galloway (MSB # 4388)
Jeffrey A. Walker (MSB # 6879)
E. Barney Robinson III (MSB # 09432)
Benjamin M. Watson (MSB # 100078)
Amanda B. Barbour (MSB # 99119)

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
Post Office Drawer 4248
Gulfport, MS  39502
(P) (228) 575-3019
(E) bob.galloway@butlersnow.com

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
200 Renaissance at Colony Park, Suite 1400
1020 Highland Colony Parkway (39157)
Post Office Box 6010
Ridgeland, MS 39158-6010
(P) (601) 948-5711
(F) (601) 985-4500
(E) jeff.walker@butlersnow.com
(E) barney.robinson@butlersnow.com
(E) ben.watson@butlersnow.com
(E) amanda.barbour@butlersnow.com

Michael B. Beers (ASB-4992-S80M), PHV
BEERS, ANDERSON, JACKSON, PATTY & FAWAL, P.C.
Post Office Box 1988
250 Commerce Street, Suite 100 (36104)
Montgomery, AL  36102
(P) (334) 834-5311
(F) (334) 834-5362
(E) mbeers@beersanderson.com

*PRO HAC VICE*

James R. Robie (CA State Bar # 67303), PHV
ROBIE & MATTHAI
Biltmore Tower, Suite 1500
500 South Grand Avenue
Los Angeles, CA  90071
(P) (213) 706-8000
(F) (213) 706-9913
(E) jrobie@romalaw.com

*PRO HAC VICE*

I. **INTRODUCTION**

State Farm Fire and Casualty Company ("State Farm") submits this memorandum in support of its motion for reconsideration of this Court's November 23, 2010, Opinion ([826]) and Order ([827]), which denied State Farm's motion *in limine* to exclude Brian Ford's October 12, 2005, report from trial. Though the Court correctly recognized that the Ford report is based on a statement that is inadmissible triple hearsay – the fictitious statement ostensibly attributed to Mike Church by Mr. McIntosh – the Court nevertheless held that the Ford report could be admitted into evidence as long as "the hearsay statement of Mike Church contained in the report, and this portion of the report" is redacted. ([827].)

Respectfully, the Court's holding on this point is clear legal error which, if left uncorrected, would mandate reversal of any jury verdict in favor of the Rigsbys. *See, e.g.*, *Faries v. Atlas Truck Body Mfg. Co.*, 797 F.2d 619, 620 (8th Cir. 1986) (ordering new trial and holding that district court committed reversible error by admitting redacted investigative report that was "largely based" on hearsay statement). Mr. Ford has repeatedly testified that his conclusion that wind, not water, was the predominant cause of the damage to the McIntosh property is ***based*** on Mr. McIntosh's statement to Mr. Ford regarding what Mr. Church purportedly observed. Mr. Ford has also testified that if Mr. Church's purported statement was not accurate, he would ***not*** have concluded that wind was the predominant cause of damage to the McIntosh property.

In other words, but for the statements attributed to Mr. Church, Mr. Ford would have concluded that flooding – and not wind – was the predominant cause of the damage to the McIntosh property. Since Mr. Church's fictitious secondhand hearsay statement is the very foundation of the Ford report, logic and law dictate that the entire report is inadmissible hearsay. It is simply not possible to transform a report that is admittedly founded on an inadmissible phantom hearsay statement into an admissible business record through redaction.

Notably, while the Court's Order states that it partly granted State Farm's motion by ordering that Mr. Church's statement be redacted from the Ford report, State Farm *never* requested such a remedy. To the contrary, State Farm argued that the offending hearsay statement could *not* be redacted because Mr. Ford *anchored* his conclusion to that inadmissible hearsay statement. To redact the hearsay statement from the Ford report is to remove the chief foundation of the report's conclusion. Accordingly, the Ford report must either be admitted in its entirety or excluded in its entirety. There is simply no middle ground.

Reconsideration is especially warranted because the Order implicates serious due process concerns. The United States Supreme Court has repeatedly held that the Due Process Clause requires that a party be granted "'an opportunity to present every available defense.'" *Phillip Morris USA v. Williams*, 549 U.S. 346, 353 (2007) (quoting *Lindsey v. Normet*, 405 U.S. 56, 66 (1972) (internal quotation marks omitted)). Here, the Rigsbys have consistently (but erroneously) championed the Ford report as their "strongest evidence illustrating both the nature of the Defendants' fraudulent scheme and the manner in which the McIntosh claim exemplified that scheme" ([348] at 20), and claimed that Lecky King's reaction to the Ford report demonstrates scienter under the False Claims Act.

Accordingly, if the Ford report is admitted into evidence over State Farm's objection, State Farm has an absolute right to question witnesses – including Brian Ford, Kerri Rigsby, Cori Rigsby, Bob Kochan, Lecky King, Mike Church, and others – about the admitted basis of the Ford report, *i.e.*, the fictitious statement attributed to Mike Church. State Farm similarly has an absolute right to demonstrate to the jury that the Ford report's analytical foundation, *i.e.*, the statement attributed to Mr. Church, is faulty. If the effect of the Court's Order would be to prevent State Farm from cross-examining Mr. Ford on the fact that his conclusion is primarily based on the nonexistent statement by Mr. Church, or to limit State Farm's questioning regarding the Ford report with any other witness, redacting that statement from the Ford report violates State Farm's constitutional right to a fair trial.

In short, the Court correctly recognized that the Ford report's conclusion is based on an inadmissible hearsay statement attributed to Mike Church. Under the Federal Rules of Evidence and the governing case law, this renders the Ford report inadmissible in its entirety. Redaction does not cure but rather exacerbates the problem by removing the report's fatally flawed analytical foundation. Accordingly, reconsideration is warranted to correct this manifest error in law. *See, e.g.*, *Hall v. Newmarket Corp.*, No. 5:09-cv-41-DCB-JMR, 2010 WL 3883428, at *1 (S.D. Miss. Sept. 29, 2010) (reconsideration warranted to correct clear legal error).[1]

## II. THE FORD REPORT IS ADMITTEDLY BASED ON INADMISSIBLE FICTITIOUS HEARSAY AND MUST BE EXCLUDED IN ITS ENTIRETY

In its November 23, 2010, Opinion, the Court correctly found that Mr. Church's purported statement about the McIntosh property is inadmissible hearsay. ([826] at 2.) The Court further recognized that the record establishes that Mr. Church did *not* make these statements to Mr. McIntosh. (*Id.*) Specifically, Mr. Church swears that he did not see any debris blown into the McIntosh house nor did he tell Mr. McIntosh that he did:

> I did not see any debris blown into the McIntosh home during Hurricane Katrina. I never told Chris McIntosh that I saw debris blown into his house during Hurricane Katrina. In fact, to the best of my knowledge, I never even looked at the McIntosh house on August 29, 2005, until the storm was over, and I don't recall anything about damage to the McIntosh house that day.

(Church Aff. [778-5] ¶ 4.) Mr. Church also has "no personal knowledge of how much damage to the McIntosh house was caused by wind and water during Hurricane Katrina." (*Id.* ¶ 5.)

Mr. Ford, in turn, has repeatedly admitted under oath that his conclusion – that wind and not flooding was the predominant cause of the damage to the McIntosh property – is based on Mr. Church's

---

[1] By limiting its motion for reconsideration and clarification to the issues concerning this Court's holding that Mr. Ford's report may be admitted into evidence with Mr. Church's hearsay statement redacted, State Farm does not intend to waive any other issues it has with the Court's November 23, 2010, Opinion ([826]) and Order ([827]). Indeed, State Farm raised numerous additional objections to the admission of the Ford report that were not addressed by the Court's Order, such as the fact that the Ford report is irrelevant because it did not exist until
*(cont'd)*

3

purported eyewitness statement as relayed to him through Mr. McIntosh. In fact, Mr. Ford further admitted that if Mr. Church's putative eyewitness statement was incorrect, Mr. Ford would have concluded that water, not wind, was the predominant cause of damage to the McIntosh property:

> Q. [I]f the eyewitness report from Mike Church that you mentioned in your report turned out not to be correct, and there were no eyewitnesses that say that the envelope of the house were breached by windborne debris before the water came up, would you –
>
> A. Then I will agree with Jack's conclusion [that water, not wind, was the predominant cause of damage to the McIntosh home].

(Ford Dep. [778-4] at 164:18-24; *see also* Ford Dep. [778-4] at 128:15-129:2; Ford *McIntosh I* Dep. [797-1] at 301:11-303:8.)

In light of the facts that: (i) Mr. Ford's report was based on the fictitious statement attributed to Mr. Church; and (ii) the Court has found that this statement is inadmissible hearsay, logic and law mandate that the Ford report must be excluded in its entirety. For instance, in *Faries v. Atlas Truck Body Manufacturing Co.*, 797 F.2d 619 (8th Cir. 1986), the district court admitted into evidence a redacted version of an accident report by the state highway patrol officer who investigated the motor vehicle accident in dispute. *Id.* at 620. The Court of Appeals reversed and remanded the case for a new trial, explaining that the report should have been excluded ***in its entirety*** because the report's conclusions were "largely based" on inadmissible hearsay statements, which made it impossible for a jury to separate the inadmissible hearsay from the report's conclusion. *Id.* at 623-24.

Likewise, in *Dallas & Mavis Forwarding Co. v. Stegall*, 659 F.2d 721, 722 (6th Cir. 1981), the Court of Appeals affirmed the district court's exclusion ***in its entirety*** of an accident report that primarily relied on an eyewitness account for its conclusion because it was impossible to isolate the effect of the inadmissible hearsay from the report's conclusion. *See also Olson v. Ford Motor Co.*, 411 F. Supp. 2d 1149, 1158-60 (D.N.D. 2006) (excluding conclusion of investigative report because it was

---

*(cont'd from previous page)*
after the McIntosh flood claim was paid on October 2, 2005. A report that did not exist when State Farm paid the
*(cont'd)*

4

supported by "little or no physical data or evidence," but rather "statements of interested witnesses"), *aff'd*, 481 F.3d 619 (8th Cir. 2007).

So, too, here. The Ford report's internal logic and cohesiveness depend upon the admissibility of the statement attributed to Mike Church. As such, Mr. Church's purported statement and Mr. Ford's conclusion are inextricably bound. Redacting the statement attributed to Mr. Church does not eliminate the taint that this inadmissible hearsay statement had on the Ford report's conclusion. Since the conclusion contained in Mr. Ford's report is admittedly based on the statement attributed to Mr. Church, and Mr. Church's purported statement has been properly found to be inadmissible hearsay, the Ford report must be excluded in its entirety.

### III. IF THE FORD REPORT IS ADMITTED AT ALL, IT SHOULD NOT BE REDACTED

In its Order, the Court indicated that it was granting State Farm's motion, in part, by ordering that Mr. Church's statement be redacted from the Ford report before it was admitted into evidence. ([827].) State Farm ***never*** requested such a redaction. To the contrary, State Farm argued that the offending hearsay statement could ***not*** be redacted because Mr. Ford ***anchored*** his conclusion to an inadmissible hearsay statement.

> This is not a case like those the Rigsbys cite where stray hearsay asides can simply be stricken from a document, leaving the remainder untouched. (*See* [793] at 4-5.) . . . **Here, Messrs. McIntosh and Church's phantom double and triple hearsay statements are not unrelated, irrelevant asides, and the Ford report is not a transcription of what others said. Mr. Ford anchored his conclusion to inadmissible hearsay statements that were never uttered. To remove the hearsay statements from the Ford report is to remove the chief foundation of the report's conclusion.**

([797] at 13 (emphasis added).) Redaction is simply not a solution. As explained above, Mr. Ford based his conclusion upon the inadmissible hearsay statement allegedly made to him by Mr. McIntosh relaying a supposed conversation with Mr. Church. As such, the Ford report must be excluded in its entirety.

---

*(cont'd from previous page)*
McIntosh flood claim cannot be "evidence" that the claim was knowingly false at the time it was made.

In fact, redaction creates the most unfairly prejudicial situation for State Farm and elevates this Court's error to one of constitutional proportions. It is axiomatic that under the Due Process Clause, State Farm must be afforded "'an opportunity to present every available defense.'" *Phillip Morris USA*, 549 U.S. at 353 (quoting *Lindsey*, 405 U.S. at 66 (internal quotation marks omitted)). If the Ford report is to be admitted into evidence over State Farm's objection, State Farm has an absolute right to present evidence to the jury showing how and why Mr. Ford came to his conclusion that wind, and not flooding, was the predominant cause of damage to the McIntosh house.

This absolute right includes the right to question Mr. Ford regarding all aspects of his report, including his reliance on the putative statement attributed to Mr. Church. Indeed, the Rigsbys have repeatedly contended that the Ford report is the "strongest evidence illustrating" the "fraudulent scheme" upon which the Rigsbys base their entire case. ([348] at 20.) Clearly, State Farm must be permitted to present the jury with a complete picture of how and why Mr. Ford reached the conclusion that he did, and why that conclusion is erroneous. This is essential information that the jury must have if it is to properly evaluate the validity and credibility of the Ford report.

Similarly, if the report is admitted at all over State Farm's objections, the jury must be permitted to consider the statement attributed to Mr. Church in order to evaluate Lecky King's reaction to the Ford report. The Rigsbys have consistently claimed that Ms. King's reaction to the Ford report is "evidence" of fraud. Again, State Farm has an absolute right to present the jury with all the facts explaining why Ms. King questioned the Ford report's conclusion that wind was the predominant cause of damage to the McIntosh house, including the fact that the report was based almost entirely on a fictitious statement attributed to Mr. Church. The jury should also be allowed to consider the fact that Mr. Ford's supervisor, Mr. Kochan, had similar concerns regarding Mr. Ford's extensive reliance on purported eyewitness statements before Mr. Kochan ever spoke with anyone at State Farm. (*See, e.g.*, Kochan 10/13/05 e-mail [778-8].)

For all these reasons, if Mr. Ford's report is admitted into evidence over State Farm's objections, the Court should admit it in its entirety. Due process requires nothing less.

## IV.   CONCLUSION

For all of the foregoing reasons, the Court should exclude the Ford report in its entirety. If the Court denies the exclusion of the Ford report in its entirety over State Farm's objection, then without waiver of or prejudice to State Farm's objection, the Ford report should be admitted without redaction.

This the 10th day of December, 2010.

>Respectfully submitted,
>
>STATE FARM FIRE AND CASUALTY COMPANY
>
>By:   /s/ *E. Barney Robinson III* (MSB # 09432)
>E. Barney Robinson III (MSB # 09432)
>Robert C. Galloway (MSB # 4388)
>Jeffrey A. Walker (MSB # 6879)
>Benjamin M. Watson (MSB # 100078)
>Amanda B. Barbour (MSB # 99119)
>
>ITS ATTORNEYS

OF COUNSEL:

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
Post Office Drawer 4248
Gulfport, MS  39502
(P) (228) 575-3019
(E) bob.galloway@butlersnow.com

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
200 Renaissance at Colony Park, Suite 1400
1020 Highland Colony Parkway (39157)
Post Office Box 6010
Ridgeland, MS 39158-6010
(P) (601) 948-5711
(F) (601) 985-4500
(E) jeff.walker@butlersnow.com
(E) barney.robinson@butlersnow.com
(E) ben.watson@butlersnow.com
(E) amanda.barbour@butlersnow.com

Michael B. Beers (ASB-4992-S80M), PHV
BEERS, ANDERSON, JACKSON, PATTY & FAWAL, P.C.
Post Office Box 1988
250 Commerce Street, Suite 100 (36104)
Montgomery, AL  36102
(P) (334) 834-5311
(F) (334) 834-5362
(E) mbeers@beersanderson.com

*PRO HAC VICE*

James R. Robie (CA State Bar # 67303), PHV
ROBIE & MATTHAI
Biltmore Tower, Suite 1500
500 South Grand Avenue
Los Angeles, CA  90071
(P) (213) 706-8000
(F) (213) 706-9913
(E) jrobie@romalaw.com

*PRO HAC VICE*

## CERTIFICATE OF SERVICE

I, E. Barney Robinson III, one of the attorneys for State Farm Fire and Casualty Company, do hereby certify that I have this day caused a true and correct copy of the foregoing instrument to be delivered to the following, via the means directed by the CM/ECF system and as otherwise indicated below:

**Via E-mail**
Russell J. Gaspar
COHEN MOHR LLP
Suite 504
1055 Thomas Jefferson Street, NW
Washington, DC 2007

Frank W. Trapp
PHELPS DUNBAR, LLP
4270 I-55 North
Jackson, MS 39211-6391

COUNSEL FOR THE RENDON GROUP, INC. AND JOHN RENDON

C. Maison Heidelberg
Ginny Y. Kennedy
MAISON HEIDELBERG P.A.
795 Woodlands Parkway, Suite 220
Ridgeland, MS 39157
(P) (601) 351-3333
(F) (601) 956-2090
(E) maison@heidlebergpa.com

August J. Matteis, Jr.
Craig J. Litherland
Benjamin R. Davidson
GILBERT LLP
11 New York Avenue, NW
Suite 700
Washington, DC 20005
(E) matteisa@gotofirm.com
(E) litherlandc@gotofirm.com
(E) davidsonb@gotofirm.com

COUNSEL FOR CORI RIGSBY AND KERRI RIGSBY

Jeffrey S. Bucholtz
Joyce R. Branda
Patricia R. Davis
Jay D. Majors
UNITED STATES DEPARTMENT OF JUSTICE
Civil Division
P.O. Box 261
Ben Franklin Station
Washington, DC 20044
(P) (202) 307-0264
(F) (202) 514-0280

Alfred B. Jernigan, Jr.
Felicia C. Adams
UNITED STATES ATTORNEY'S OFFICE
Southern District of Mississippi
188 East Capitol Street, Suite 500
Jackson, MS 39201
(P) (601) 965-4480
(F) (601) 965-4409

ATTORNEYS FOR THE UNITED STATES

Larry G. Canada
Kathryn Breard Platt
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
2510 14th Street, Suite 910
Gulfport, MS 39501
lcanada@gjtbs.com
kplatt@gjtbs.com

ATTORNEYS FOR HAAG ENGINEERING CO.

This the 10th day of December, 2010.

/s/ *E. Barney Robinson III* (MSB # 09432)
E. Barney Robinson III (MSB # 09432)

Jackson 5884706v1

2