IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA ex rel.
CORI RIGSBY and KERRI RIGSBY     RELATORS/COUNTER-DEFENDANTS

v.     CASE NO. 1:06cv433-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY     DEFENDANT/COUNTER-PLAINTIFF

and

HAAG ENGINEERING CO.     DEFENDANT

### STATE FARM'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF THIS COURT'S <u>NOVEMBER 18, 2010 OPINION [821] & ORDER [822] RE: DAVID J. FAVRE, SR.</u>

Robert C. Galloway (MSB # 4388)
Jeffrey A. Walker (MSB # 6879)
E. Barney Robinson III (MSB # 09432)
Benjamin M. Watson (MSB # 100078)
Amanda B. Barbour (MSB # 99119)

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
Post Office Drawer 4248
Gulfport, MS 39502
(P) (228) 575-3019
(E) bob.galloway@butlersnow.com

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
200 Renaissance at Colony Park, Suite 1400
1020 Highland Colony Parkway (39157)
Post Office Box 6010
Ridgeland, MS 39158-6010
(P) (601) 948-5711
(F) (601) 985-4500
(E) jeff.walker@butlersnow.com
(E) barney.robinson@butlersnow.com
(E) ben.watson@butlersnow.com
(E) amanda.barbour@butlersnow.com

Michael B. Beers (ASB-4992-S80M), PHV
BEERS, ANDERSON, JACKSON, PATTY & FAWAL, P.C.
Post Office Box 1988
250 Commerce Street, Suite 100 (36104)
Montgomery, AL 36102
(P) (334) 834-5311
(F) (334) 834-5362
(E) mbeers@beersanderson.com

*PRO HAC VICE*

James R. Robie (CA State Bar # 67303), PHV
ROBIE & MATTHAI
Biltmore Tower, Suite 1500
500 South Grand Avenue
Los Angeles, CA 90071
(P) (213) 706-8000
(F) (213) 706-9913
(E) jrobie@romalaw.com

*PRO HAC VICE*

I.     INTRODUCTION

State Farm Fire and Casualty Company ("State Farm") submits this memorandum in support of its motion for reconsideration of this Court's November 18, 2010 Opinion ([821]) and Order ([822]), which denied State Farm's motion *in limine* to exclude David Favre's repair cost estimates and testimony.  Though the Court correctly recognized that, as a general rule, actual repair costs render repair cost estimates – like Mr. Favre's estimate of the flood damage to the McIntosh property – irrelevant for the purposes of assessing property damage, the Court nevertheless found that this general rule did not apply in this case, even though the flood damage to the McIntosh property has been repaired fully and there are scores of receipts in the record documenting the actual repair costs.  (*See* [821] at 3.)

This Court's holding rests on two erroneous findings.  First, the Court found that State Farm did not proffer evidence showing "that the repairs done to the McIntosh property reflect only the restoration of the property to its pre-storm condition." ([821] at 3.)  However, the general contractor who repaired the Katrina-related damage to the McIntosh house, Robert McVadon, submitted a report backed up by over 75 pages of receipts reflecting that "the cost to repair the ***flood damage*** to the McIntosh home ***to its Pre-Katrina condition*** [was] $525,689.78." ([417-6] at 1 (emphasis added); *see also* McVadon Dep. [706-2] at 35:7-12, 40:20-24.)  Mr. McVadon's calculations most assuredly ***excluded*** "changes or improvements to the pre-storm condition of the structure" ([821] at 3), and ***excluded*** damages caused by wind.  State Farm proffered Mr. McVadon's report and over 75 pages of receipts into the record ([417-6]), and referenced his report repeatedly in its motion papers.  In fact, Mr. McVadon's report was ***not challenged*** by the Rigsbys.  Thus, the Court's holding that "State Farm has not offered evidence . . . that the repairs done to the McIntosh property reflect only the restoration of the property to its pre-storm condition" ([821] at 3), is contrary to the unambiguous and unchallenged record in this case.

Second, the Court held that the "actual repair costs" were not dispositive because this case is brought under the False Claims Act ("FCA").  (*Id.*)  However, proof of an actual false claim is the first

element of any claim under the FCA. *See United States ex rel. Hebert v. Dizney*, 295 F. App'x 717, 722 (5th Cir. 2008). This, in turn, requires the Rigsbys to prove that "the statement or conduct alleged [to violate the FCA is] . . . an ***objective falsehood***." *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376-77 (4th Cir. 2008) (emphasis added). Here, the mountain of ***objective*** evidence in the record – including the McVadon report and the scores of receipts documenting the actual costs of labor and materials required to repair the flood damage to the McIntosh home – demonstrate that these costs far exceeded $250,000. In light of this objective evidence of the actual repair costs, the McIntosh flood claim is not false and Mr. Favre's damages estimate is irrelevant as a matter of law.

In short, the fact that, as recognized by the Court, actual repair costs supersede estimates of those costs necessarily requires that Mr. Favre's testimony be excluded from trial. The Court's contrary holding is based on factual and legal error. Reconsideration is therefore warranted to correct these errors of law and fact that precluded the Court from reaching the correct result, namely, exclusion of Mr. Favre's damages estimate and testimony. *See, e.g.*, *Hall v. Newmarket Corp.*, No. 5:09-cv-41(DCB)(JMR), 2010 WL 3883428, at *1 (S.D. Miss. Sept. 29, 2010) (reconsideration warranted to correct clear factual or legal error).[1]

## II.   MR. MCVADON'S REPORT AND TESTIMONY ARE CLEAR EVIDENCE OF THE ACTUAL REPAIR COSTS TO RESTORE THE MCINTOSH HOME TO ITS PRE-STORM CONDITION

The Court's November 18, 2010 Opinion states that "State Farm has not offered evidence, by affidavit or otherwise, that the repairs done to the McIntosh property reflect only the restoration of the

---

[1] By limiting its motion for reconsideration to the issues concerning this Court's finding that "the issue" in this case does not concern "the actual cost of repairs" ([821] at 3), State Farm does not intend to waive any other issues it has with the Court's November 18, 2010 Opinion ([821]) and Order ([822]). For instance, the Court did not address the fact that Mr. McVadon's report and calculations were reviewed and analyzed by former FEMA General Agent Gerald Waytowich, who was approved ***by FEMA*** to testify in this case. Mr. Waytowich determined that, of the $525,689.78 flood repair costs, $473,630.76 qualified for coverage under the McIntosh flood policy. ([492-2] at 1-3.) Thus, there can be no doubt that the McVadon report accurately assessed ***flood damage*** to the McIntosh home and that this ***flood damage*** manifestly exceeded the flood policy limits of $250,000.

property to its pre-storm condition, i.e. that the actual costs incurred did not reflect any changes or improvements to the pre-storm condition of the structure." ([821] at 3.)  This is simply not correct.

In his report, Mr. McVadon acknowledges that upgrades were made but makes clear that the only costs that were included in arriving at his figure were those required to repair the flood damage to the McIntosh home to its "***pre-Katrina condition***"; all costs for improvements or to repair wind damage were specifically *excluded* from Mr. McVadon's cost breakdown:

> I was hired by Mr. and Mrs. Thomas McIntosh after Hurricane Katrina to perform repairs and rebuilding of their home located at 2558 South Shore Drive, Biloxi, MS, which sustained extensive damage as a result of Hurricane Katrina.  During the repair and rebuilding process, numerous upgrades were included at Mr. and Mrs. McIntosh's request. . . .  In 2009, [] Bob Galloway contacted me requesting a breakdown of the cost associated with restoration of the McIntosh home *to a pre-Katrina condition*.  He requested that I *restrict the costs to flood damage of the first floor only*.  Based on this request, I reviewed the original home plans, certain spreadsheets, numerous photographs of before and after Hurricane Katrina, and every invoice associated with my original restoration of the McIntosh home. . . .  My staff and I isolated the costs by category for *flood damage to the first floor only*. . . .  After careful consideration, *I have calculated the cost to repair the flood damage* to the McIntosh home *to its Pre-Katrina condition at $525,689.78*. . . .

([417-6] at 1 (emphasis added).)  The Rigsbys did *not* challenge Mr. McVadon's report or move to exclude his testimony.  Nor is there any question that State Farm proffered this report and supporting documents into the record.  ([417-6], [417-7].)

Similarly, Mr. McVadon testified at his deposition that his total bill to the McIntoshes for the repairs to their house was about $946,000, which the McIntoshes paid in full.  Mr. McVadon further testified that he carefully segregated any invoice that did not correspond to Katrina-related flood damage.  (*See* McVadon Dep. [734-7] at 34:12-17, 36:23-25.)  The $525,689.78 figure represents *only* flood-related actual repair costs and *excludes* any additional costs for upgrades:

> A.    We recreated a cost package that reflected exactly what it would have taken financially to put it back together, first floor only, flood damage, based on pictures that I had, extraction of invoices that we had *to put it back as it was before*.
> 
> . . .

3

> A.      . . . And I was hired to do one thing and one thing only, and that was to recreate factual, sustainable costs *to repair the first floor only as a result of water damage*.

(McVadon Dep. [706-2] at 35:7-12, 40:20-24, cited in [706] at 6.)

Once again, State Farm proffered all this evidence into the record. ([706-2].) Thus, the Court's statement that "State Farm has not offered evidence, by affidavit or otherwise, that the repairs done to the McIntosh property reflect only the restoration of the property to its pre-storm condition, i.e. the actual cost incurred did not reflect any changes or improvement to the pre-storm condition of the structure" ([821] at 3), overlooks the unambiguous and unchallenged record and should be corrected on reconsideration.

**III.    THE MCVADON REPORT DEMONSTRATES THAT THE MCINTOSH CLAIM WAS NOT OBJECTIVELY FALSE AND RENDERS THE FAVRE ESTIMATE IRRELEVANT**

In its November 18, 2010 Opinion, the Court correctly recognized that, in general, where, as here, a property has been repaired, "any estimate of the repair cost [is] rendered irrelevant." ([821] at 3.) The Court, however, concluded that this general rule "is less persuasive in the context of this case, where the issue is whether, *based on the information available at the time*, i.e. before the repairs were done, State Farm intentionally overpaid the McIntosh flood claim." (*Id.* (emphasis in original).) The Court's holding on this point is legal error.

Respectfully, it appears that the Court's opinion conflated two separate elements of the Rigsbys' FCA claim. To prevail on their FCA claim, the Rigsbys must prove, *inter alia*, that: (i) the McIntosh flood claim was false, *i.e.*, clearly less than $250,000; and (ii) State Farm knew that the McIntosh flood claim was false at the time it was made. The test for determining the first element, whether the McIntosh claim was false, is an *objective* test. *See Wilson*, 525 F.3d at 376-77 (under FCA, "the statement or conduct alleged [to violate the FCA] must represent an *objective falsehood*" (emphasis

4

added)). Because the actual costs to repair the flood damage to the McIntosh property exceeded $250,000, the McIntosh flood claim is ***not*** objectively false.[2]

To be sure, the ***second*** element of the Rigsbys' FCA claim – whether State Farm acted with the requisite scienter – does implicate what State Farm knew at the time the claim was paid. But that observation alone is insufficient to salvage Mr. Favre's repair cost estimate for at least two reasons. First, the Rigsbys proffered Mr. Favre as a valuation expert to "directly address[]" the amount of flood damage to the McIntosh home. ([325] at 16.) Written by a valuation expert, Mr. Favre's report pertains solely to the first element of the Rigsbys' FCA claim (objective cost to repair flood damage) and has absolutely nothing to do with what "information" might have been "available" to State Farm at the time the McIntosh flood claim was adjusted.

Moreover, what State Farm may or may not have known at the time of the adjustment is immaterial where, as here, the Rigsbys cannot point to anything in the record that objectively demonstrates that the McIntosh claim was false. "Without a false or fraudulent claim, FCA liability, as a matter of law, does not attach to [defendants]." *United States ex rel. Stebner v. Stewart & Stevenson Servs., Inc.*, 305 F. Supp. 2d 694, 704 (S.D. Tex. 2004) (granting defendants' motion for summary judgment where relator "failed to establish the occurrence of a false or fraudulent claim"), *aff'd*, 144 F. App'x 389, 394-95 (5th Cir. 2005). Here, the ***objective*** evidence in the record – including the McVadon report – demonstrates that the actual cost to repair the flood damage to the McIntosh home far exceeded $250,000, and renders Mr. Favre's repair cost estimate irrelevant and superfluous.

Accordingly, State Farm requests that the Court reconsider its Order and exclude Mr. Favre's report and testimony in their entirety.

---

[2] Because the McIntosh flood claim is not false, the Rigsbys cannot prove the first necessary element of their FCA claim. Accordingly, State Farm's motion for summary judgment should be granted. (*See* [735] at 6-10.)

5

## IV. CONCLUSION

For the foregoing reasons, State Farm respectfully urges this Court to reconsider its November 18, 2010 Opinion ([821]) and Order ([822]), and to exclude David Favre's testimony and report from trial.

This the 10th day of December, 2010.

                Respectfully submitted,

                STATE FARM FIRE AND CASUALTY COMPANY

By:    /s/ *E. Barney Robinson III* (MSB # 09432)
         E. Barney Robinson III (MSB # 09432)
         Robert C. Galloway (MSB # 4388)
         Jeffrey A. Walker (MSB # 6879)
         Benjamin M. Watson (MSB # 100078)
         Amanda B. Barbour (MSB # 99119)

                ITS ATTORNEYS

OF COUNSEL:

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
Post Office Drawer 4248
Gulfport, MS  39502
(P) (228) 575-3019
(E) bob.galloway@butlersnow.com

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
200 Renaissance at Colony Park, Suite 1400
1020 Highland Colony Parkway (39157)
Post Office Box 6010
Ridgeland, MS 39158-6010
(P) (601) 948-5711
(F) (601) 985-4500
(E) jeff.walker@butlersnow.com
(E) barney.robinson@butlersnow.com
(E) ben.watson@butlersnow.com
(E) amanda.barbour@butlersnow.com

Michael B. Beers (ASB-4992-S80M), PHV
BEERS, ANDERSON, JACKSON, PATTY & FAWAL, P.C.
Post Office Box 1988
250 Commerce Street, Suite 100 (36104)
Montgomery, AL  36102
(P) (334) 834-5311
(F) (334) 834-5362
(E) mbeers@beersanderson.com

*PRO HAC VICE*

James R. Robie (CA State Bar # 67303), PHV
ROBIE & MATTHAI
Biltmore Tower, Suite 1500
500 South Grand Avenue
Los Angeles, CA  90071
(P) (213) 706-8000
(F) (213) 706-9913
(E) jrobie@romalaw.com

*PRO HAC VICE*

**CERTIFICATE OF SERVICE**

I, E. Barney Robinson III, one of the attorneys for State Farm Fire and Casualty Company, do hereby certify that I have this day caused a true and correct copy of the foregoing instrument to be delivered to the following, via the means directed by the CM/ECF system and as otherwise indicated below:

**Via E-mail**
Russell J. Gaspar
COHEN MOHR LLP
Suite 504
1055 Thomas Jefferson Street, NW
Washington, DC 2007

Frank W. Trapp
PHELPS DUNBAR, LLP
4270 I-55 North
Jackson, MS 39211-6391

COUNSEL FOR THE RENDON GROUP, INC. AND JOHN RENDON

C. Maison Heidelberg
Ginny Y. Kennedy
MAISON HEIDELBERG P.A.
795 Woodlands Parkway, Suite 220
Ridgeland, MS 39157
(P) (601) 351-3333
(F) (601) 956-2090
(E) maison@heidlebergpa.com

August J. Matteis, Jr.
Craig J. Litherland
Benjamin R. Davidson
GILBERT LLP
11 New York Avenue, NW
Suite 700
Washington, DC 20005
(E) matteisa@gotofirm.com
(E) litherlandc@gotofirm.com
(E) davidsonb@gotofirm.com

COUNSEL FOR CORI RIGSBY AND KERRI RIGSBY

Jeffrey S. Bucholtz
Joyce R. Branda
Patricia R. Davis
Jay D. Majors
UNITED STATES DEPARTMENT OF JUSTICE
Civil Division
P.O. Box 261
Ben Franklin Station
Washington, DC 20044
(P) (202) 307-0264
(F) (202) 514-0280

Alfred B. Jernigan, Jr.
Felicia C. Adams
UNITED STATES ATTORNEY'S OFFICE
Southern District of Mississippi
188 East Capitol Street, Suite 500
Jackson, MS 39201
(P) (601) 965-4480
(F) (601) 965-4409

ATTORNEYS FOR THE UNITED STATES

Larry G. Canada
Kathryn Breard Platt
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
2510 14th Street, Suite 910
Gulfport, MS 39501
lcanada@gjtbs.com
kplatt@gjtbs.com

ATTORNEYS FOR HAAG ENGINEERING CO.

This the 10th day of December, 2010.

        /s/ *E. Barney Robinson III* (MSB # 09432)
        E. Barney Robinson III (MSB # 09432)

Jackson 5884713v1