**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel.; CORI RIGSBY; AND KERRI RIGSBY | RELATORS/COUNTER-DEFENDANTS |
| v. | CASE No. 1:06-cv-433-LTS-RHW |
| STATE FARM FIRE & CASUALTY COMPANY, et al. | DEFENDANTS/COUNTER-PLAINTIFFS |

**RELATORS' OPPOSITION TO STATE FARM FIRE AND CASUALTY COMPANY'S MOTION [844] FOR RECONSIDERATION OF THIS COURT'S NOVEMBER 18, 2010, OPINION & ORDER RE: DAVID J. FAVRE, SR.**

Cori and Kerri Rigsby ("Relators" or the "Rigsbys") respectfully submit this Opposition to State Farm Fire & Casualty Company's ("State Farm") Motion for Reconsideration of This Court's November 18, 2010, Opinion & Order Re: David J. Favre, Sr. [844], and supporting memorandum [845] (the "Motion").

**I.    PRELIMINARY STATEMENT**

State Farm is displeased with the Court's November 18, 2010 Order (the "Order") regarding the testimony of Mr. David Favre. State Farm therefore requests that the Court reconsider the issue and reverse its ruling. They present no new evidence and no new arguments; they simply disagree with that ruling and want the Court to reverse itself. However, the Court's Order was and is correct. Accordingly, State Farm's motion should be denied.

**II.   ARGUMENT**

Reconsideration of a judgment "is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although the Federal Rules of Civil Procedure do not provide for a motion for reconsideration as such,

*Volland v. Principal Residential Mortgage*, Case No. 1:08CV696-LTS-RHW, 2009 WL 1658495 at *1 (S.D. Miss. June 11, 2009), courts evaluate such motions under either Rule 59(e)'s standard "to alter or amend judgment," or Rule 60(b), which deals with motions for "relief from judgment." *Fowler v. State Farm Fire & Cas. Co.*, Case No. 1:06CV489-HSO-RHW, 2008 WL 3540180 at *1 (S.D. Miss. 2008).

      A.      **Motions to Reconsider Are Disfavored.**

The extraordinary remedy of reconsideration "is not a vehicle for a litigant to ask the Court to reconsider adverse decisions it is simply unwilling to accept." *Dickinson v. Nationwide Mutual Fire Ins. Co.*, Case No. 1:06CV198 LTS-RHW, 2008 WL 1913957 at *4 (S.D. Miss. April 15, 2008). It is impossible, though, to read State Farm's Motion as anything else.

A motion to alter or amend the Court's ruling must show: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *Emamian v. United States Dept. of Homeland Security*, Case No. SA-06-CA-0789-RF, 2007 WL 3047213 at *1 (W.D. Tex. October 11, 2007). State Farm has demonstrated *none* of these things. It presents no new facts and no new legal authority. It is "simply unwilling to accept" the Court's Order. *Dickinson,* Case No. 1:06CV198 LTS-RHW, 2008 WL 1913957 at *4.[1]

---

[1] The authority that State Farm cites in its attempt to convince the Court that its Motion is warranted deals with the reconsideration of a dispositive motion. *See Hall v. Newmarket Corp.*, Case No. 5:09-cv-41 (DCB)(JMR), No. 5:09-cv-41, 2010 WL 3883428 (S.D. Miss. September 29, 2010) (granting reconsideration of the court's denial of a motion to dismiss). The denial of a motion in limine does not rise to a level that calls for such an extraordinary remedy.

  B. **The Court Already Rejected In Their Entirety the <u>Arguments That State Farm Again is Raising.</u>**

  In its Motion, State Farm rests entirely on two claims: that "Mr. McVadon's Report and Testimony are Clear Evidence of the Actual Repair Costs to Restore the McIntosh Home to Its Pre-Storm Condition" and "The McVadon Report Demonstrates that the McIntosh Claim Was Not Objectively False and Renders the Favre Report Irrelevant." Mot. at 2 and 4. But in its prior motion to exclude, State Farm had argued that "[t]he law instructs that actual repair costs trump estimated repair costs" and "Mr. Favre's Estimate is Superseded by Actual Repair Costs." State Farm's Reply in Support of Its Renewal and Supplementation of Its Motion ([300], [301], [334], and [706]) to Exclude the Rigsbys' Expert Witness David J. Favre [746] ("State Farm's Prior Reply") at 2 and 9. The Court properly rejected that argument in its entirety. *See* Mem. Op. [821].

  Thus, State Farm offers nothing new and no reason for reconsideration here. Indeed, State Farm's Prior Reply dwelt at length on the supposed importance and preclusive effect of the McVadon report. But as Relators noted in their Opposition to State Farm's Renewal and Supplementation of Its Motion to Exclude Testimony of David J. Favre, [727], which is incorporated here by reference, McVadon's report made no attempt to measure flood damage or assign a value to flood damage. *Id*. at 5-7. In fact, McVadon admitted under oath that he never considered the possibility that wind was the primary cause of damage and made no attempt to account for it. *See id*. Thus, the McVadon report was and is irrelevant to any analysis of the cost to repair flood damage, and the Court properly disregarded it in rejecting State Farm's efforts to rely upon it. State Farm's Motion now offers no reason to reconsider that decision.

**III. CONCLUSION**

  For all the foregoing reasons State Farm's motion should be denied.

3

| | |
|---|---|
| THIS the 27th day of December 2010 | Respectfully submitted, |
| | __/s/ C. Maison Heidelberg_____ |
| | C. MAISON HEIDELBERG, MB #9559 |
| | GINNY Y. KENNEDY, MB #102199 |
| OF COUNSEL | Attorneys for Cori Rigsby and Kerri Rigsby |
| August J. Matteis, Jr. (*admitted pro hac vice*) | HEIDELBERG HARMON PLLC |
| Craig J. Litherland (*admitted pro hac vice*) | 795 Woodlands Parkway, Suite 220 |
| Benjamin Davidson (*admitted pro hac vice*) | Ridgeland, Mississippi 39157 |
| Derek Sugimura (*admitted pro hac vice*) | Phone No.        (601) 351-3333 |
| Lucian C. Martinez, Jr. (*admitted pro hac vice*) | Fax No.           (601) 956-2090 |
| GILBERT LLP | mheidelberg@heidelbergharmon.com |
| 1100 New York Avenue NW, Suite 700 | |
| Washington, DC 20005 | |
| Phone No.     (202) 772-2200 | |
| Fax No.        (202) 772-3333 | |
| matteisa@gotofirm.com | |
| litherlandc@gotofirm.com | |
| davidsonb@gotofirm.com | |
| sugimurad@gotofirm.com | |
| martinezm@gotofirm.com | |

Attorneys for Kerri Rigsby and Cori Rigsby

**CERTIFICATE OF SERVICE**

    I, C. Maison Heidelberg, attorney for Cori Rigsby and Kerri Rigsby, do hereby certify that I have this day caused the foregoing document to be filed with the Court's CM/ECF system, which will cause notice to be delivered to all counsel of record.

        Don Burkhalter, Esq.
        UNITED STATES ATTORNEY
          FOR MISSISSIPPI
        188 East Capitol Street, Suite 500
        Jackson, MS 39201

        Felicia Adams, Esq.
        ASSISTANT U.S. ATTORNEY
        188 East Capitol Street, Suite 500
        Jackson, MS 39201

        Joyce R. Branda, Esq.
        Patricia R. Davis, Esq.
        Jay D. Majors, Esq.
        UNITED STATES DEPARTMENT OF JUSTICE
        Commercial Litigation Branch
        Civil Division
        601 D Street, NW
        Washington, DC 20004

        Larry G. Canada, Esq.
        Kathryn Breard Platt, Esq.
        Galloway, Johnson, Tompkins, Burr & Smith
        701 Poydras Street, Suite 4040
        New Orleans, LA 70139
        (p) 504-525-6802
        ATTORNEYS FOR HAAG ENGINEERING CO.

        Robert C. Galloway, Esq.
        Emerson Barney Robinson, III, Esq.
        Benjamin M. Watson, Esq.
        Jeffrey A. Walker, Esq.
        Amanda B. Barbour, Esq.
        BUTLER, SNOW, O'MARA,
           STEVENS & CANNADA, PLLC
        P.O. Box 22567
        Jackson, MS 39225
        (p) 601-948-5711

        Michael B. Beers, Esq.
        BEERS, ANDERSON, JACKSON
          PATTY & FALWAL, PC
        250 Commerce Street, Suite 100
        Montgomery, AL 36104
        (p) 334-834-5311
        ATTORNEYS FOR STATE FARM FIRE & CASUALTY
        INSURANCE COMPANY

                        /s/    C. Maison Heidelberg___