IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA ex rel.
CORI RIGSBY and KERRI RIGSBY — RELATORS/COUNTER-DEFENDANTS

v. — CASE NO. 1:06cv433-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY — DEFENDANT/COUNTER-PLAINTIFF

and

HAAG ENGINEERING CO. — DEFENDANT

**STATE FARM'S REBUTTAL IN FURTHER SUPPORT OF ITS MOTION FOR RECONSIDERATION OF THIS COURT'S NOVEMBER 18, 2010, OPINION [821] & ORDER [822] RE: DAVID J. FAVRE, SR.**

Robert C. Galloway (MSB # 4388)
Jeffrey A. Walker (MSB # 6879)
E. Barney Robinson III (MSB # 09432)
Benjamin M. Watson (MSB # 100078)
Amanda B. Barbour (MSB # 99119)

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
Post Office Drawer 4248
Gulfport, MS 39502
(P) (228) 575-3019
(E) bob.galloway@butlersnow.com

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
200 Renaissance at Colony Park, Suite 1400
1020 Highland Colony Parkway (39157)
Post Office Box 6010
Ridgeland, MS 39158-6010
(P) (601) 948-5711
(F) (601) 985-4500
(E) jeff.walker@butlersnow.com
(E) barney.robinson@butlersnow.com
(E) ben.watson@butlersnow.com
(E) amanda.barbour@butlersnow.com

Michael B. Beers (ASB-4992-S80M), PHV
BEERS, ANDERSON, JACKSON, PATTY & FAWAL, P.C.
Post Office Box 1988
250 Commerce Street, Suite 100 (36104)
Montgomery, AL 36102
(P) (334) 834-5311
(F) (334) 834-5362
(E) mbeers@beersanderson.com

*PRO HAC VICE*

James R. Robie (CA State Bar # 67303), PHV
ROBIE & MATTHAI
Biltmore Tower, Suite 1500
500 South Grand Avenue
Los Angeles, CA 90071
(P) (213) 706-8000
(F) (213) 706-9913
(E) jrobie@romalaw.com

*PRO HAC VICE*

In its opening papers, State Farm identified two clear and reversible errors in the Court's November 18, 2010, Opinion ([821]) regarding David J. Favre, Sr. Left uncorrected, these errors would entitle State Farm to a new trial (at the very least) should the Rigsbys prevail before a jury. State Farm's motions for reconsideration "'serve the narrow purpose of allowing a party to correct manifest errors of law or fact.'" *Odom v. Troy Constr., L.L.C.*, No. 1:09-cv-367, 2010 WL 519744, at *1 (E.D. Tex. Feb. 9, 2010) (granting motion for reconsideration, quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).[1]

The Rigsbys attempt to obfuscate the issues and misstate the Court's holdings in their opposition – but they do not dispute that errors exist within the rulings. In order to avoid a lengthy appellate process that may necessitate a second trial, State Farm respectfully requests that this Court reconsider its November 18, 2010, Opinion ([821]) and Order ([822]), and exclude Mr. Favre's testimony and report from trial.

In its opening papers, State Farm demonstrated that the Court erred in finding that "State Farm has not offered evidence . . . that the repairs done to the McIntosh property reflect only the restoration of the property to its pre-storm condition." ([821] at 3; *see* [845] at 2-4.) Robert McVadon's report and testimony, which State Farm discussed at length in its briefing and filed into the record, make plain that his $525,689.78 figure reflects "the cost to repair the ***flood damage*** to the McIntosh home ***to its Pre-Katrina condition***." ([417-6] at 1 (emphasis added).) The Rigsbys did not respond to this clear factual error, and instead attacked Mr. McVadon's methodology, contending that supposed methodological flaws render his report "irrelevant," such that "the Court properly disregarded it in rejecting State Farm's efforts to rely upon it." ([864] at 3.) But the Court did no such thing. In fact, the Rigsbys did ***not***

[1] State Farm completely agrees with the Rigsbys that "[r]econsideration of a judgment is an extraordinary remedy that should be used sparingly." ([864] at 1) (quotation marks, citation omitted). This is precisely why the Rigsbys' Motion for Reconsideration ([738]) must be denied as a matter of law. Unlike State Farm's current motions, the Rigsbys' motion strategically seeks to upend the year-old scheduling order ([365]), reopen discovery, and engage in a mammoth fishing expedition by overturning correct rulings ratified and embraced by the Rigsbys before, during, and after the *(cont'd)*

challenge Mr. McVadon's methodology or move to exclude his testimony, which they were required to do under the Case Management Order by August 16, 2010. ([684] at 3.) They have therefore waived any challenges to Mr. McVadon, and cannot now avoid the exclusion of Mr. Favre's report based on supposed flaws in Mr. McVadon's methodology (which do not, in any event, exist). *See Feliciano-Hill v. Principi*, 439 F.3d 18, 24 (1st Cir. 2006); *see also* Local Uniform Civ. R. 7(b)(11) & 26(a)(3). Mr. McVadon's report and testimony stand unchallenged and reflect "the cost to repair the flood damage to the McIntosh home to its Pre-Katrina condition." ([417-6] at 1.) The Court's holding to the contrary overlooks this plain fact and accordingly should be reconsidered.

State Farm also explained in its opening papers that the threshold test for deciding the Rigsbys' False Claims Act ("FCA") claims – whether the McIntosh flood claim was false – is an ***objective*** test. In this case, the ***only*** objective measure of flood damage are the actual flood repair costs paid by the McIntoshes to Mr. McVadon, which vastly exceeded the payment to the McIntoshes under their flood policy. Therefore, the Court committed clear legal error in holding that the McIntoshes' actual flood repair costs – the objective measure of their flood damages – are not dispositive to the question of whether the McIntosh flood claim was false under the FCA. (*See* [845] at 4-5.) It cannot be fraud for State Farm to have paid the policy limits, which were well below the actual cost to repair flood damage. It is pure sophistry to suggest otherwise.

The Rigsbys do not contend that the FCA's falsity element is subjective in nature; it is not. *See, e.g.*, *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376-77 (4th Cir. 2008). Instead, they note that "State Farm had argued that . . . actual repair costs trump estimated repair costs," and represent that "[t]he Court properly rejected that argument in its entirety." ([864] at 3 (internal quotation marks omitted).) Again, the Court did no such thing. To the contrary, the Court held that this

*(cont'd from previous page)*
discovery period. (*See, e.g.*, [680] at 1.)

position "might have ***considerable weight if the issue were the actual cost of repairs***." ([821] at 3 (emphasis added).) As the Rigsbys do not dispute that "the issue" ***is*** the actual cost of repairs, i.e., the objective measure of the McIntoshes' flood damage, it follows as a matter of logic and law that Mr. Favre's estimate of that repair cost is irrelevant and superfluous in view of Mr. McVadon's report and testimony as to actual repair costs. Even Mr. Favre admits that actual repair costs – as reflected by Mr. McVadon's repair costs – are more accurate than a repair cost estimate. (*See* [734-14] at 60:4-24.)

For the foregoing reasons, and for the reasons in its opening papers, State Farm respectfully urges this Court to reconsider its November 18, 2010, Opinion ([821]) and Order ([822]), and to exclude Mr. Favre's testimony and report from trial.

This the 6th day of January, 2011.

Respectfully submitted,

STATE FARM FIRE AND CASUALTY COMPANY

By: /s/ *E. Barney Robinson III* (MSB # 09432)
E. Barney Robinson III (MSB # 09432)
Robert C. Galloway (MSB # 4388)
Jeffrey A. Walker (MSB # 6879)
Benjamin M. Watson (MSB # 100078)
Amanda B. Barbour (MSB # 99119)

ITS ATTORNEYS

OF COUNSEL:

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
Post Office Drawer 4248
Gulfport, MS 39502
(P) (228) 575-3019
(E) bob.galloway@butlersnow.com

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
200 Renaissance at Colony Park, Suite 1400
1020 Highland Colony Parkway (39157)
Post Office Box 6010
Ridgeland, MS 39158-6010
(P) (601) 948-5711
(F) (601) 985-4500
(E) jeff.walker@butlersnow.com
(E) barney.robinson@butlersnow.com
(E) ben.watson@butlersnow.com
(E) amanda.barbour@butlersnow.com

Michael B. Beers (ASB-4992-S80M), PHV
BEERS, ANDERSON, JACKSON, PATTY & FAWAL, P.C.
Post Office Box 1988
250 Commerce Street, Suite 100 (36104)
Montgomery, AL 36102
(P) (334) 834-5311
(F) (334) 834-5362
(E) mbeers@beersanderson.com

*PRO HAC VICE*

James R. Robie (CA State Bar # 67303), PHV
ROBIE & MATTHAI
Biltmore Tower, Suite 1500
500 South Grand Avenue
Los Angeles, CA 90071
(P) (213) 706-8000
(F) (213) 706-9913
(E) jrobie@romalaw.com

*PRO HAC VICE*

**CERTIFICATE OF SERVICE**

I, E. Barney Robinson III, one of the attorneys for State Farm Fire and Casualty Company, do hereby certify that I have this day caused a true and correct copy of the foregoing instrument to be delivered to the following, via the means directed by the CM/ECF system and as otherwise indicated below:

**Via E-mail**

C. Maison Heidelberg
Ginny Y. Kennedy
MAISON HEIDELBERG P.A.
795 Woodlands Parkway, Suite 220
Ridgeland, MS 39157
(P) (601) 351-3333
(F) (601) 956-2090
(E) maison@heidlebergpa.com

August J. Matteis, Jr.
Craig J. Litherland
Benjamin R. Davidson
GILBERT LLP
11 New York Avenue, NW
Suite 700
Washington, DC 20005
(E) matteisa@gotofirm.com
(E) litherlandc@gotofirm.com
(E) davidsonb@gotofirm.com

COUNSEL FOR CORI RIGSBY AND KERRI RIGSBY

Jeffrey S. Bucholtz
Joyce R. Branda
Patricia R. Davis
Jay D. Majors
UNITED STATES DEPARTMENT OF JUSTICE
Civil Division
P.O. Box 261
Ben Franklin Station
Washington, DC 20044
(P) (202) 307-0264
(F) (202) 514-0280

Stan Harris
Alfred B. Jernigan, Jr.
Felicia C. Adams
UNITED STATES ATTORNEY'S OFFICE
Southern District of Mississippi
188 East Capitol Street, Suite 500
Jackson, MS 39201
(P) (601) 965-4480
(F) (601) 965-4409

ATTORNEYS FOR THE UNITED STATES

Larry G. Canada
Kathryn Breard Platt
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
2510 14th Street, Suite 910
Gulfport, MS 39501
lcanada@gjtbs.com
kplatt@gjtbs.com

ATTORNEYS FOR HAAG ENGINEERING CO.

This the 6th day of January, 2011.

/s/ *E. Barney Robinson III* (MSB # 09432)
E. Barney Robinson III (MSB # 09432)

Jackson 5969049v1