IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA ex rel.
CORI RIGSBY and KERRI RIGSBY — RELATORS/COUNTER-DEFENDANTS

v. — CASE NO. 1:06cv433-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY — DEFENDANT/COUNTER-PLAINTIFF

and

HAAG ENGINEERING CO. — DEFENDANT

**STATE FARM'S REBUTTAL IN FURTHER SUPPORT OF ITS MOTION FOR RECONSIDERATION OF THIS COURT'S NOVEMBER 23, 2010, OPINION [826] & ORDER [827] RE: THE BRIAN FORD REPORT**

Robert C. Galloway (MSB # 4388)
Jeffrey A. Walker (MSB # 6879)
E. Barney Robinson III (MSB # 09432)
Benjamin M. Watson (MSB # 100078)
Amanda B. Barbour (MSB # 99119)

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
Post Office Drawer 4248
Gulfport, MS 39502
(P) (228) 575-3019
(E) bob.galloway@butlersnow.com

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
200 Renaissance at Colony Park, Suite 1400
1020 Highland Colony Parkway (39157)
Post Office Box 6010
Ridgeland, MS 39158-6010
(P) (601) 948-5711
(F) (601) 985-4500
(E) jeff.walker@butlersnow.com
(E) barney.robinson@butlersnow.com
(E) ben.watson@butlersnow.com
(E) amanda.barbour@butlersnow.com

Michael B. Beers (ASB-4992-S80M), PHV
BEERS, ANDERSON, JACKSON, PATTY & FAWAL, P.C.
Post Office Box 1988
250 Commerce Street, Suite 100 (36104)
Montgomery, AL 36102
(P) (334) 834-5311
(F) (334) 834-5362
(E) mbeers@beersanderson.com

*PRO HAC VICE*

James R. Robie (CA State Bar # 67303), PHV
ROBIE & MATTHAI
Biltmore Tower, Suite 1500
500 South Grand Avenue
Los Angeles, CA 90071
(P) (213) 706-8000
(F) (213) 706-9913
(E) jrobie@romalaw.com

*PRO HAC VICE*

Until now, no federal court has ever held that a document based on an inadmissible and false triple hearsay statement can be proffered to a jury ***for the truth of the matter asserted*** therein under the business records exception to the hearsay bar. This unprecedented holding is clear legal error which, if left uncorrected, could require that the case be re-tried if the Rigsbys prevail before a jury. The Rigsbys do not attempt to defend this Court's decision to admit Brian Ford's October 12, 2005, report on the merits because they cannot. Instead, they attempt to obfuscate the issues by misstating the record and mischaracterizing the Court's holding.

State Farm's motions for reconsideration "'serve the narrow purpose of allowing a party to correct manifest errors of law or fact.'" *Odom v. Troy Constr., L.L.C.*, No. 1:09-cv-367, 2010 WL 519744, at *1 (E.D. Tex. Feb. 9, 2010) (granting motion for reconsideration, quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). In order to avoid a lengthy appellate process that may require a second trial, State Farm respectfully requests that this Court reconsider its November 23, 2010, Opinion ([826]) and Order ([827]), and exclude the Ford report and related evidence from trial.

## I. STATE FARM'S MOTION IS NOT "PREMATURE"

The Rigsbys argue that State Farm's request to exclude the Ford report is "premature" because the Rigsbys "have neither attempted to introduce the Ford Report, nor announced the purpose(s) for which they would do so." ([863] at 1.) This assertion is incorrect and cannot withstand even minimal scrutiny. Throughout this litigation, the Rigsbys have consistently proffered the Ford report in a misplaced effort to prove their theories that: (i) the McIntosh home was damaged by wind, not water; and (ii) State Farm ordered the report to be changed in order to suppress this "fact." Indeed, the Rigsbys' Amended Complaint quotes extensively from the Ford report, alleging that it is proof that the McIntosh home was damaged "principally [by] wind, and not [by] water," ([16] ¶ 67), and that "State Farm engaged in reallocation of claims from wind damage to flood damage." (*Id.* ¶ 65.) The Rigsbys further represented to this Court that the Ford report is "exactly . . . what this case is about," ([778-11] at

236:3), and is "the strongest evidence illustrating both the nature of the Defendants' fraudulent scheme and the manner in which the McIntosh claim exemplified that scheme." ([348] at 20.) In their Opposition to Summary Judgment, the Rigsbys again cite the Ford report to support their argument that "Brian Ford inspected the damage to the McIntosh property and he concluded that the damage was predominately caused by wind." ([757] at 11.) The Rigsbys' contradictory assertions that Mr. Ford's report is the cornerstone of their case and evidence that should defeat summary judgment, but they "have neither attempted to introduce the Ford Report, nor announced the purpose(s) for which they would do so," ([863] at 1), are patently disingenuous.

Moreover, the Rigsbys' assertion that "State Farm's request remains premature" mischaracterizes the Court's Order. The Court did ***not*** reserve decision pending trial. Rather, the Court held that the Ford report can be proffered to a jury for the truth of the matter asserted therein under the business records exception to the hearsay rule. Contrary to the Rigsbys' suggestion, there is nothing "speculative" about the Court's holding on this point. Nor is there any "context" that would change the Court's holding. Thus, it is appropriately subject to reconsideration at this time.

## II. THE FORD REPORT SHOULD BE EXCLUDED IN ITS ENTIRETY

The Rigsbys further attempt to avoid reconsideration by positing that there are "several potential uses for which the Ford Report could be admissible, even beyond the truth of the matter asserted." ([863] at 2.) But the Court's Order did ***not*** admit the Ford report for any of these hypothetical non-hearsay uses. It admitted the Ford report for the truth of the matter asserted therein, namely, that the McIntosh property was predominately destroyed by wind.

The Rigsbys focus on these purported non-hearsay rationales for admitting the Ford report because the report's foundation is inadmissible hearsay. As this Court correctly recognized, the Ford report is based on a statement that is inadmissible triple hearsay – the fictitious statement ostensibly attributed to Mike Church by Mr. McIntosh. Although the Court attempted to excise that phantom

hearsay statement from the Ford report, redaction is not a viable option. Mr. Ford has repeatedly testified that his conclusion that wind, not water, was the predominant cause of the damage to the McIntosh property is ***based on*** Mr. McIntosh's statement to Mr. Ford regarding what Mr. Church purportedly reported. Mr. Ford has also testified that if Mr. Church's purported statement was not accurate, he would ***not*** have concluded that wind was the predominant cause of damage to the McIntosh property. It is simply not possible to transform a report that is founded on an inadmissible phantom hearsay statement into an admissible business record through redaction, and the Rigsbys have not cited a single case that holds otherwise.

Tellingly, though it was the Rigsbys – ***not*** State Farm – who previously argued that the jury could be presented with a redacted version of the Ford report, ([793] at 4-5), they now contend that they have "no objection" to admitting the Ford report in its entirety, even though they do not challenge the Court's finding that the statement falsely attributed to Mr. Church was inadmissible hearsay.

To be sure, State Farm has ***never*** requested, and does ***not*** request, "that the Ford Report be admitted in its entirety." ([863] at 2.) Rather, State Farm's position is that Mr. Church's phantom triple hearsay statement cannot be redacted from the Ford report because Mr. Ford ***anchored*** his conclusion to that inadmissible hearsay statement. To redact the hearsay statement from the Ford report is to remove the chief foundation of the report's conclusion. This is precisely why the entire Ford report must be excluded as hearsay. Yet if the Ford report is admitted over State Farm's objections, it should be admitted in its entirety. The Rigsbys do not dispute this point. To do otherwise would unfairly prejudice State Farm in the defense of this case.

## III. RECONSIDERATION IS WARRANTED TO CORRECT MANIFEST LEGAL ERROR

Unable to defend the admission of the Ford report on the merits, the Rigsbys offer general platitudes that "[r]econsideration of a judgment is an extraordinary remedy that should be used

sparingly." ([864] at 1) (quotation marks, citation omitted).[1] But "sparingly" does not mean "never." A motion for reconsideration is warranted where, as here, it will "'serve the narrow purpose of allowing a party to correct manifest errors of law or fact.'" *Odom*, 2010 WL 519744, at *1. In fact, just recently, Judge Bramlette granted reconsideration for this precise reason in *Hall v. NewMarket Corp.*, 2010 WL 3883428, at *5-6 (S.D. Miss. Sept. 29, 2010) (Bramlette, J.). In *Hall*, the court initially denied defendant's motion to dismiss, holding that ERISA did not preempt plaintiff's state law tort claims. On reconsideration, the court held that its prior analysis was flawed and that ERISA did, in fact, preempt plaintiff's state law tort claims. *Id.* Accordingly, the court granted defendant's motion for reconsideration and dismissed plaintiff's state law claims. Other courts in the Fifth Circuit have similarly granted a motion for reconsideration to correct a legal error. *See, e.g.*, *Bonding v. Lee County, Miss.*, 2009 WL 4663298, at *1 (N.D. Miss. Dec. 8, 2009) (Aycock, J.) (granting defendant's motion for reconsideration and dismissing the case because the court's initial determination that plaintiff had standing was reached in error); *Grand Acadian, Inc. v. Fluor Corp.*, 2010 WL 1253529, at *2-4 (W.D. La. Mar. 29, 2010) (Minaldi, J.) (granting defendant's motion for reconsideration and ordering summary judgment where plaintiff's damages theory was not cognizable as a matter of law). In fact, in *PAR Microsystems, Inc. v. Pinnacle Development Corp.*, the Fifth Circuit held that the lower court abused its discretion in ***denying*** a motion for reconsideration where it had committed a "clear error of law." 1996 WL 767478, at *2 (5th Cir. 1996).

The cases that the Rigsbys cite are largely inapposite. Several are "do-over" cases in which the moving party attempted to introduce additional evidence that should have been proffered when the

[1] State Farm completely agrees with the Rigsbys that "[r]econsideration of a judgment is an extraordinary remedy that should be used sparingly." ([864] at 1) (quotation marks, citation omitted). This is precisely why the Rigsbys' Motion for Reconsideration ([738]) must be denied as a matter of law. Unlike State Farm's current motions, the Rigsbys' motion strategically seeks to upend the year-old scheduling order ([365]), reopen discovery, and engage in a mammoth fishing expedition by overturning correct rulings ratified and embraced by the Rigsbys before, during, and after the discovery period. (*See, e.g.*, [680] at 1.)

original motion was made. *See Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Voisin v. Tetra Techs., Inc.*, 2010 WL 3943522, at *3 (E.D. La. Oct. 6, 2010). Here, State Farm is neither seeking to introduce evidence that it previously omitted, nor asking the Court for a second chance to make its case.

The Rigsbys also grossly misrepresent Judge Ozerden's decision in *Fowler v. State Farm Fire & Casualty Co.*, 2008 WL 3540180, at *1 (S.D. Miss. Aug. 8, 2008), which they erroneously argue stands for the proposition that "[a] motion to reconsider an order regarding a motion *in limine* faces an even stronger presumption [because] such motions regard possible or likely future actions and are thus by their nature speculative." ([863] at 3.) Judge Ozerden said no such thing. To the contrary, Judge Ozerden ***granted*** State Farm's motion *in limine* and ***denied*** plaintiffs' motion for reconsideration. Contrary to the Rigsbys' assertion, by granting State Farm's motion *in limine*, Judge Ozerden implicitly ***rejected*** any presumption that "such motions" relate to "future actions and are thus by their nature speculative." (*Id.*)

Moreover, there is nothing "speculative" about the Court's Order admitting the Ford report. As noted above, the Court did ***not*** reserve decision pending trial. Rather, the Court held that the report can be admitted for the truth of the matter asserted therein under the business records exception to the hearsay rule. The Rigsbys' suggestion that State Farm is required to "preserv[e] its objection until trial," (*id.*), is specious and unsupported by any legal authority.

## IV. CONCLUSION

The Court's Order admitting the Ford report is unprecedented. The Rigsbys have not identified another federal court that has held that a document based on an inadmissible hearsay statement can be proffered to a jury for the truth of the matter asserted therein under the business records exception to the hearsay bar. This holding is clear legal error which, if left uncorrected, could require that the case be re-tried if the Rigsbys prevail before a jury. Reconsideration "'serve[s] the narrow purpose of allowing a

party to correct manifest errors of law or fact.'" *Odom*, 2010 WL 519744, at *1. For the foregoing reasons, and for the reasons in its opening papers, State Farm respectfully requests that this Court reconsider its November 23, 2010, Opinion ([826]) and Order ([827]), and exclude the Ford report and related evidence from trial.

This the 6th day of January, 2011.

Respectfully submitted,

STATE FARM FIRE AND CASUALTY COMPANY

By: */s/ E. Barney Robinson III* (MSB # 09432)
E. Barney Robinson III (MSB # 09432)
Robert C. Galloway (MSB # 4388)
Jeffrey A. Walker (MSB # 6879)
Benjamin M. Watson (MSB # 100078)
Amanda B. Barbour (MSB # 99119)

ITS ATTORNEYS

OF COUNSEL:

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
Post Office Drawer 4248
Gulfport, MS 39502
(P) (228) 575-3019
(E) bob.galloway@butlersnow.com

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
200 Renaissance at Colony Park, Suite 1400
1020 Highland Colony Parkway (39157)
Post Office Box 6010
Ridgeland, MS 39158-6010
(P) (601) 948-5711
(F) (601) 985-4500
(E) jeff.walker@butlersnow.com
(E) barney.robinson@butlersnow.com
(E) ben.watson@butlersnow.com
(E) amanda.barbour@butlersnow.com

Michael B. Beers (ASB-4992-S80M), PHV
BEERS, ANDERSON, JACKSON, PATTY & FAWAL, P.C.
Post Office Box 1988
250 Commerce Street, Suite 100 (36104)
Montgomery, AL 36102
(P) (334) 834-5311
(F) (334) 834-5362
(E) mbeers@beersanderson.com

*PRO HAC VICE*

James R. Robie (CA State Bar # 67303), PHV
ROBIE & MATTHAI
Biltmore Tower, Suite 1500
500 South Grand Avenue
Los Angeles, CA 90071
(P) (213) 706-8000
(F) (213) 706-9913
(E) jrobie@romalaw.com

*PRO HAC VICE*

**CERTIFICATE OF SERVICE**

I, E. Barney Robinson III, one of the attorneys for State Farm Fire and Casualty Company, do hereby certify that I have this day caused a true and correct copy of the foregoing instrument to be delivered to the following, via the means directed by the CM/ECF system and as otherwise indicated below:

**Via E-mail**

C. Maison Heidelberg
Ginny Y. Kennedy
MAISON HEIDELBERG P.A.
795 Woodlands Parkway, Suite 220
Ridgeland, MS 39157
(P) (601) 351-3333
(F) (601) 956-2090
(E) maison@heidlebergpa.com

August J. Matteis, Jr.
Craig J. Litherland
Benjamin R. Davidson
GILBERT LLP
11 New York Avenue, NW
Suite 700
Washington, DC 20005
(E) matteisa@gotofirm.com
(E) litherlandc@gotofirm.com
(E) davidsonb@gotofirm.com

COUNSEL FOR CORI RIGSBY AND KERRI RIGSBY

Jeffrey S. Bucholtz
Joyce R. Branda
Patricia R. Davis
Jay D. Majors
UNITED STATES DEPARTMENT OF JUSTICE
Civil Division
P.O. Box 261
Ben Franklin Station
Washington, DC 20044
(P) (202) 307-0264
(F) (202) 514-0280

Stan Harris
Alfred B. Jernigan, Jr.
Felicia C. Adams
UNITED STATES ATTORNEY'S OFFICE
Southern District of Mississippi
188 East Capitol Street, Suite 500
Jackson, MS 39201
(P) (601) 965-4480
(F) (601) 965-4409

ATTORNEYS FOR THE UNITED STATES

Larry G. Canada
Kathryn Breard Platt
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
2510 14th Street, Suite 910
Gulfport, MS 39501
lcanada@gjtbs.com
kplatt@gjtbs.com

ATTORNEYS FOR HAAG ENGINEERING CO.

This the 6th day of January, 2011.

/s/ *E. Barney Robinson III* (MSB # 09432)
E. Barney Robinson III (MSB # 09432)

Jackson 5969029v1