**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel.; CORI RIGSBY; AND KERRI RIGSBY | RELATORS/COUNTER-DEFENDANTS |
| v. | CASE No. 1:06-cv-433-LTS-RHW |
| STATE FARM FIRE & CASUALTY COMPANY, et al. | DEFENDANTS/COUNTER-PLAINTIFFS |

**RELATORS' REPLY MEMORANDUM
IN SUPPORT OF THEIR MOTION FOR AN ORDER TO COMPEL
COMPLETE AND PROMPT PRODUCTION OF LATE-DISCLOSED DOCUMENTS**

State Farm produced a three-line privilege log on January 14, 2011 that identified more than 8,000 pages of previously undisclosed documents as privileged and responsive to Relators' requests for production.  On February 11, 2011 State Farm produced a supplemental privilege log that reflected that only 14 pages of these materials were responsive and privileged.  Despite ample time and opportunity to do so, State Farm has failed to explain adequately why it did not produce or log these 8,000 pages long ago.  Rather, State Farm boldly asserts that it never had to produce or log any of the documents at issue because of an agreement that was made between the parties regarding the types of documents that do not need to be identified on privilege logs.

In its carefully worded opposition memorandum, State Farm attempts to expand the meaning of the agreement, which Relators entered into entirely as a courtesy to State Farm.  The agreement was clear and narrow:  State Farm does not have to log (1) communications between State Farm and its outside lawyers; and (2) communications between State Farm and its in-house lawyers created after October 23, 2006.  State Farm's response misrepresents this narrow agreement:

> The Rigsbys agreed long ago that State Farm need not log *McIntosh*-related privileged materials created on or after October 23, 2006 – the date the *McIntosh* homeowners' suit was filed. These boxes contain post-October 23, 2006 litigation materials that are attorney/client privileged and/or Rule 26(b)(3) protected materials . . .

Opp'n Mem. at 1.

The Relators never agreed that State Farm does not have to log any *McIntosh*-related documents that State Farm – in its sole discretion – considers privileged and/or protected. In particular, the Relators' agreement does not cover any materials State Farm claims is entitled to work product protection under Rule 26(b)(3). The above quoted passage from State Farm's opposition memorandum is a concession that some of the documents in the three boxes, and possibly other documents identified earlier in the discovery process and neither produced nor disclosed on a privilege log, are purportedly protected only by the work-product doctrine in Rule 26(b)(3), which does not deal with attorney-client communications. Accordingly, these documents should have been identified in their privilege logs long ago so Relators could have analyzed the logs and decided whether to challenge them prior to the close of discovery. It is now far too late, so the Relators respectfully request that the Court (1) find that State Farm waived its opportunity to assert privilege; and (2) order that State Farm produce the three boxes of documents as well as any other documents State Farm claims is entitled to protection under Rule 26(b)(3) that State Farm has not identified in a privilege log.

State Farm also asserts that it already has provided copies of some of the documents in the three boxes to the Relators. At this point, considering that the entire production would be only three boxes, the Relators would prefer that State Farm simply turn over the documents with copies included. However, Relators would not object to State Farm withholding the documents that it already produced if State Farm represents by affidavit that the withheld documents were

already produced in exactly the same form, with no additional markings, notes or other differences and that none of the duplicate documents is the original version of which only a copy was previously produced.

    For all of the reasons above, and for the reasons articulated in its previous briefing on this issue, Relators respectfully ask this Court (1) find that State Farm waived its opportunity to assert privilege; and (2) order that State Farm produce the three boxes of documents as well as any other documents State Farm claims is entitled to protection under Rule 26(b)(3) that State Farm has not identified in a privilege log.

THIS the 14th of March, 2011                    Respectfully submitted,

                                                          /s/ C. Maison Heidelberg
                                           C. MAISON HEIDELBERG, MB #9559
                                           GINNY Y. KENNEDY, MB #102199

| | |
|---|---|
| OF COUNSEL | Attorneys for Cori Rigsby and Kerri Rigsby |
| August J. Matteis, Jr. (*admitted pro hac vice*) | HEIDELBERG HARMON PLLC |
| Craig J. Litherland (*admitted pro hac vice*) | 795 Woodlands Parkway, Suite 220 |
| Benjamin Davidson (*admitted pro hac vice*) | Ridgeland, Mississippi 39157 |
| Derek Sugimura (*admitted pro hac vice*) | Phone No.    (601) 351-3333 |
| Lucian C. Martinez, Jr. (*admitted pro hac vice*) | Fax No.    (601) 956-2090 |
| GILBERT LLP | mheidelberg@heidelbergharmon.com |
| 1100 New York Avenue NW, Suite 700 | |
| Washington, DC 20005 | |
| Phone No.    (202) 772-2200 | |
| Fax No.    (202) 772-3333 | |
| matteisa@gotofirm.com | |
| litherlandc@gotofirm.com | |
| davidsonb@gotofirm.com | |
| sugimurad@gotofirm.com | |
| martinezm@gotofirm.com | Attorneys for Kerri Rigsby and Cori Rigsby |

**CERTIFICATE OF SERVICE**

I, C. Maison Heidelberg, attorney for Cori Rigsby and Kerri Rigsby, do hereby certify that I have this **14th day of March, 2011** caused the foregoing document to be filed with the Court's CM/ECF system, which will cause notice to be delivered to all counsel of record.

> Don Burkhalter, Esq.
> UNITED STATES ATTORNEY
>   FOR MISSISSIPPI
> 188 East Capitol Street, Suite 500
> Jackson, MS 39201
>
> Felicia Adams, Esq.
> ASSISTANT U.S. ATTORNEY
> 188 East Capitol Street, Suite 500
> Jackson, MS 39201
>
> Joyce R. Branda, Esq.
> Patricia R. Davis, Esq.
> Jay D. Majors, Esq.
> UNITED STATES DEPARTMENT OF JUSTICE
> Commercial Litigation Branch
> Civil Division
> 601 D Street, NW
> Washington, DC 20004
>
> Larry G. Canada, Esq.
> Kathryn Breard Platt, Esq.
> Galloway, Johnson, Tompkins, Burr & Smith
> 701 Poydras Street, Suite 4040
> New Orleans, LA 70139
> (p) 504-525-6802
> ATTORNEYS FOR HAAG ENGINEERING CO.
>
> Robert C. Galloway, Esq.
> Emerson Barney Robinson, III, Esq.
> Benjamin M. Watson, Esq.
> Jeffrey A. Walker, Esq.
> Amanda B. Barbour, Esq.
> BUTLER, SNOW, O'MARA,
>    STEVENS & CANNADA, PLLC
> P.O. Box 22567
> Jackson, MS 39225
> (p) 601-948-5711

        Michael B. Beers, Esq.
BEERS, ANDERSON, JACKSON
   PATTY & FALWAL, PC
250 Commerce Street, Suite 100
Montgomery, AL 36104
(p) 334-834-5311
ATTORNEYS FOR STATE FARM MUTUAL
INSURANCE COMPANY

Robert D. Gholson
GHOLSON BURSON ENTREKIN & ORR, P.A.
55 North 5th Avenue
P.O. Box 1289
Laurel, MS 39441-1289
ATTORNEYS FOR FORENSIC ANALYSIS
ENGINEERING CORPORATION

                                /s/     C. Maison Heidelberg