UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**
*EX REL.* **CORI RIGSBY and KERRI RIGSBY**                                    **RELATORS**

**V.**                                                    **CIVIL ACTION NO.1:06CV433 LTS-RHW**

**STATE FARM FIRE AND CASUALTY COMPANY**, *ET AL.*            **DEFENDANTS**

## ORDER CORRECTING ERROR OF FACT CONCERNING PRIOR REPRESENTATION OF THE RELATORS IN MEMORANDUM OPINION [871]

It has come to my attention that my Memorandum Opinion Concerning State Farm Fire and Casualty Company's Motion To Dismiss For Relators' Violation Of Seal Order, Docket Number 871, contains a factual error stated at the top of page 11 and repeated near the bottom of page 13.  The opinion states that the Relators have previously been represented by the Scruggs Katrina Group, and this is not the case.  Relators were previously represented by The Scruggs Law Firm, LLC, and not by the Scruggs Katrina Group.  By this order, I am amending this Memorandum Opinion to correct this error.

Accordingly, it is

**ORDERED**

That the Memorandum Opinion, Docket Number 871, is hereby amended in the following particulars:

1.  The words and punctuation mark in line three of page eleven,  ", and the participants in the Scruggs Katrina Group, a joint venture involving a number of Mississippi attorneys" are hereby deleted, and the word "and" is hereby inserted in the parenthetical appearing there, so that the corrected passage shall read, "During this period, the Relators and the attorneys who were then representing them in private litigation against State Farm (Richard Scruggs and representatives of the Scruggs Law Firm) made many public statements accusing State Farm of misconduct in its claims adjusting practices."

2.  The words in the first sentence of the fourth full paragraph of page 113, "and the SKG" are hereby deleted so that the corrected passage shall read, "It is abundantly clear that Richard Scruggs used formidable public relations resources, including use of The Rendon Group, in an effort to control the public perception of the issue at the heart of this *qui tam* action, i.e. whether State Farm deliberately mischaracterized wind damage as flood damage in assessing claims under the insurance policies it was adjusting."

**SO ORDERED** this 4th day of April, 2011.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE
