IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA ex rel.
CORI RIGSBY and KERRI RIGSBY         RELATORS/COUNTER-DEFENDANTS

v.                                    CASE NO. 1:06cv433-HSO-RHW

STATE FARM FIRE AND CASUALTY COMPANY   DEFENDANT/COUNTER-PLAINTIFF

**DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S
RESPONSE MEMORANDUM IN OPPOSITION TO THE RELATORS' [1268]
MOTION TO RECONSIDER NOTICE TO STATE FARM POLICYHOLDERS**

Motions for reconsideration seek an "extraordinary remedy" that should be granted "sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays." *Bridges v. Freese*, 2014 WL 5488792, at *1 (S.D. Miss. 2014). The Rigsbys belatedly seek this extraordinary remedy with respect to the notice and objection procedure that Magistrate Judge Walker announced *sua sponte* on a February 5, 2016 teleconference with counsel for the Parties.[1] In their attempt to create a basis for their motion for reconsideration, the Rigsbys have seized on a single footnote contained in a discovery brief State Farm filed on February 20, 2016—more than two weeks after this Court announced its notice and objection procedure. The Rigsbys claim that this footnote somehow "led the Court astray" by stating that State Farm has "obligations under federal and state privacy regulations" and would "need time to locate and notify [its] policyholders" prior to producing the Potential Claims List. (Ex. A at 2, 03-07-2016 E-mail from Copley to Robinson; [1260] at 10 n.8.)[2]

According to the Rigsbys, State Farm has no such obligations to its policyholders thanks to the so-called "judicial process" exception to the Gramm-Leach Bliley Act ("GLBA"), 15

---

[1] Barney Robinson for State Farm, Maison Heidelberg for the Rigsbys.

[2] The Rigsbys claim that State Farm never identified the authorities cited in State Farm's February 20 discovery brief. In fact, State Farm did just that in a March 7, 2016 e-mail. *See* (Ex. A at 1.)

U.S.C. § 6801 *et seq.*, and Mississippi Department of Insurance Regulation 2001-1 (NAIC model 672). But as explained below, that exception is not triggered unless the disclosure is pursuant to a formal discovery request or a court order expressly placing the disclosure within the statutory exception. The Rigsbys are therefore wrong when they suggest that State Farm relied on inapplicable authority in its February 20 discovery brief. State Farm has not, as the Rigsbys contend, "led this Court astray" by referring the Court to its own prior proposal to give State Farm's policyholders notice and an opportunity to object to the production of sensitive information in their claim files.

Even if the Rigsbys were right on the law (and they are not) the Rigsbys still would not meet the standard for reconsideration. The Rigsbys ignore another justification for the Court's notice and objection procedure—State Farm policyholders' common law privacy rights, contractual privacy rights, and State Farm's Notice of Privacy Policy. More than that, the Rigsbys ignore the more fundamental question of whether such disclosure without notice is advisable given the limits of the Fifth Circuit's remand. *See generally U.S. ex rel. Rigsby v. State Farm Fire & Cas. Co.*, 794 F.3d 457 (5th Cir. 2015), *petition for certiorari pending*, No. 15-513 (U.S.).

A single statement in a single footnote in a single brief—filed after the Court announced its notice and objection procedure—does not merit reconsideration of this Court's decision. Strangers to this litigation whose claims were settled almost a decade ago are on the verge of potentially being brought into this proceeding, currently unbeknownst to them. These persons—all of whom are or were State Farm policyholders—enjoy privacy interests under federal and state statute, regulation, and common law. As previously indicated by the Court during the February 5 conference call, the Court may ultimately reject any objections lodged by the

policyholders who receive notice or otherwise tailor a solution to address them, but still permit disclosure of all policyholder files. Nevertheless, these nonparties are entitled to, and deserve, reasonable notice and an opportunity to be heard before all or part of their sensitive files are handed over to the Rigsbys.[3]

## ARGUMENT

### I. THE RIGSBYS ARE NOT ENTITLED TO THE EXTRAORDINARY REMEDY OF RECONSIDERATION

The decision to grant reconsideration of an interlocutory decision is discretionary, but recognizing the need to grant such motion for reconsideration sparingly, courts in this district look to the standard of Rule 59(e) of the Federal Rules of Civil Procedure. *See Previto v. Ryobi N. Am., Inc.*, 2011 WL 124254, at *2 (S.D. Miss. 2011) (Ozerden, J.); *T.B. v. Wood*, 2011 WL 1827869, at *1 (S.D. Miss. 2011) (Ozerden, J.). "Under Federal Rule of Civil Procedure 59(e), there are only three possible grounds for any motion for reconsideration: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent a manifest injustice." *Sevel v. BP Prods. N. Am., Inc.*, 2010 WL 2776369, at *1 (S.D. Miss. 2010) (Ozerden, J.) (internal quotation marks omitted). "A motion to reconsider is not intended to give an unhappy litigant one additional chance to sway the judge, and its purpose is not to redebate the merits of a particular motion. A party seeking reconsideration must show more than disagreement with the court's decision…." *Previto*, 2011 WL 124254, at *3.

---

[3] Further, State Farm has both a contractual and First Amendment right to communicate with its policyholders at any time. The Rigsbys' attempt to impose an unconstitutional prior restraint on those rights by court order should be rejected. The Rigsbys do not wield veto power over how and when State Farm may communicate with its policyholders.

The Rigsbys assert that the extraordinary remedy of reconsideration is warranted because this Court implemented its notice and objection procedure "based on State Farm's unsupported representations about 'federal and state privacy regulations' requiring notice that do not exist." [1269] at 6.  Neither of these statements is correct.  First, reconsideration is not warranted because this Court announced its notice and objection procedure *before* State Farm filed its discovery brief on February 20, 2016.  Second, as discussed below, the Rigsbys misconstrue the GLBA and Mississippi Department of Insurance Regulation 2001-1 in their effort to manufacture a basis for reconsideration out of a single footnote in State Farm's February 20 discovery brief.

> **A.  The Rigsbys Misconstrue The Judicial Process Exception To The GLBA And Mississippi Regulation**

Congress enacted the GLBA in 1999 based on an express policy that every company has "an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information."  15 U.S.C. § 6801(a).  The Rigsbys recognize that "[t]he GLBA requires insurance companies like State Farm … to provide notice to customers before it discloses 'nonpublic personal information' for certain business purposes."  [1269] at 7.

The Rigsbys, however, claim that the GLBA does not apply, and therefore that State Farm supposedly misled the Court by suggesting otherwise in its February 20 discovery brief.  The Rigsbys instead assert that disclosure of the Potential Claims List and claim files is covered by the so-called "judicial process" exception, which applies if the contemplated disclosure is made "to respond to judicial process or government regulatory authorities having jurisdiction over the financial institution for examination, compliance, or other purposes as authorized by law."  15 U.S.C. § 6802(e)(8).  Mississippi Insurance Department of Insurance Regulation 2001-

1 contains a substantively similar exception.  *See* Code Miss. R. 19-1:28.16(A)(7)(c).  The "judicial process" exception, however, does not apply here.

Though the Fifth Circuit has not interpreted the breadth of the judicial process exception, the bulk of courts to have considered it have given this exception a uniform interpretation:  "the GLBA … allow[s] the use of any judicial process ***expressly authorized by statute or court rule***, whether by way of discovery or for any other purpose expressly authorized by law, to obtain information relevant to the proceeding to which the judicial process relates from an insurance company that would otherwise fall within the privacy protections under the Act…."  *Martino v. Barnett*, 595 S.E.2d 65, 72 (W. Va. 2004) (emphasis added).  The cases the Rigsbys rely on conform to this rule—all of them concern the disclosure of nonpublic personal information pursuant to a subpoena, document request, or other formal discovery device.[4]  State Farm therefore did not mislead the Court in its February 20 discovery brief—the Rigsbys had not issued a document request or subpoena seeking production of the Potential Claims List or claim files.  Indeed, when the Rigsbys requested permission to serve such a request on State Farm during a March 2, 2016 conference call, this Court denied that request as premature.

The Rigsbys' motion for reconsideration depends on blurring the formal, bright-line rule that their own cases apply by suggesting that the judicial process exception should apply

---

[4]  *See Guarrielo v. Family Endowment Partners, LP*, 2015 WL 4762844, at *2 (D. Mass. 2015) (request for production and subpoena); *Loef v. First Am. Title Ins. Co.*, 2012 WL 95305, at *1 (D. Me. 2012) (subpoenas); *MAS, Inc. v. Nocheck, LLC*, 2011 WL 1135367, at *1 (E.D. Mich. 2011) (request for production); *RQ Constr., Inc. v. Ecolite Concrete U.S.A.*, 2010 WL 3069198, at *2 (S.D. Cal. 2010) (subpoena); *Sierra Equity Grp. v. White Oak Equity Partners, LLC*, 672 F. Supp. 2d 1369, 1371 (S.D. Fla. 2009) (subpoena); *KnifeSource, LLC v. Wachovia Bank, N.A.*, 2007 WL 2326892, at *1 (D.S.C. 2007) (request for production); *Barkley v. Olympia Mortg. Co.*, 2007 WL 656250, at *19-20 (E.D.N.Y. 2007) (subpoena); *Choate v. State Farm Lloyds*, 2005 WL 1109432, at *2 (N.D. Tex. 2005) (request for production); *Marks v. Global Mortg. Grp., Inc.*, 218 F.R.D. 492, 493-94 (S.D.W. Va. 2003) (request for production); *Martino*, 595 S.E.2d at 67 (deposition).  *United States ex rel. Fisher v. Ocwen Loan Servicing, LLC*, 2016 WL 278967 (E.D. Tex. 2016), is inapposite because the court concluded that the GLBA did not apply.  *See id.* at *4 n.2.

whenever "disclosure is made in a judicial proceeding." [1269] at 7.  But the approach advanced by the sources the Rigsbys cite makes sense for both litigants and nonparties.  A bright-line rule removes guesswork for litigants who have a duty to safely maintain their customers' private information.  As the present dispute shows, informal exchanges of information often take place "in a judicial proceeding," *id.*, without using the devices established by federal and state rules.  Litigants in State Farm's position should not have to wonder if they may face future legal liability for divulging private customer information without notice when presented with informal requests for disclosure.  Customers also deserve a bright-line rule before their private information is divulged to strangers without prior notice.  Congress intended for customers to understand competing companies' approaches to privacy so they could "readily compare differences in the privacy practices and policies among financial institutions."  H.R. Rep. 106-74, pt. 3, at 107 (1999), *available at* https://www.congress.gov/congressional-report/106th-congress/house-report/74/3.  A bright-line rule eliminates uncertainty for consumers and allows them to choose to take their business to the company whose privacy policy they prefer, as Congress intended.  And a bright-line rule does not impose unreasonable constraints on the Court, which can direct a company to produce protected information in an order that clearly states the disclosure comes within the GLBA's judicial process exception.  *See City of Kenner, La. v. Durham Auctions, Inc.*, 2008 WL 4279594, at *7 (S.D. Miss. 2008); *Spann v. PNC Bank, N.A.*, 2008 WL 8183818, at *5 (W.D. Pa. 2008).

   Finally, the Rigsbys contend that since courts in other cases have ordered the production of sensitive insurance records, then this Court should too.  *See* [1269] at 11-12.  This argument

misses the point.[5]  As State Farm explained at length in its briefs on the scope of discovery, the Fifth Circuit has remanded this action for "some additional, if superintended, discovery." *Rigsby*, 794 F.3d at 469.  State Farm has not suggested that the legitimate privacy interests of nonparty insureds would stop valid discovery requests in their tracks.  Rather, the privacy interests of innocent nonparties should be considered by this Court as it decides the proper scope and procedures for future discovery in this action, including the notice and objection procedure that this Court has already outlined.

For these reasons, there is no basis for this Court to reconsider the notice and objection procedure it implemented prior to State Farm's filing of the discovery brief that forms the basis of the Rigsbys' distraction of a motion.

**B.  The Nonparty Policyholders Enjoy Privacy Rights In Their Claim Files That Justify The Notice And Objection Procedure Set Forth By The Court**

Even if the Rigsbys were correct in their interpretation of the GLBA (and as shown above, they are not), reconsideration still would not be warranted.  State Farm's policyholders have privacy rights in their claim files that independently justify the notice and objection procedure proposed by this Court.

State Farm identified for the Rigsbys the following as providing privacy rights to its policyholders:

> State Farm's Privacy Policy, contract rights in some instances, common law privacy rights, the federal Gramm-Leach-Bliley Act, and Mississippi Department of Insurance regulations, including Miss. Dept. Ins. Reg. 2001-1 (NAIC model 672). To the extent the materials contain medical information; there may be

---

[5]  The Rigsbys also are not similarly situated to the claimants in the cases they cite.  For example, in *U.S. ex rel. Camillo v. Ancilla Systems, Inc.*, 233 F.R.D. 520 (S.D. Ill. 2005), the court ordered disclosure of documents containing private medical information because "[t]here is absolutely no reason to believe that the plaintiff/relator will abuse the HIPAA-protected documents." *Id.* at 523.  The Rigsbys cannot say the same for themselves—they have admitted to stealing thousands of State Farm documents and to violating the FCA's seal provision.

additional bases for privacy protection.

(Ex. A at 1). The first sentence in State Farm's Notice of Privacy Policy states: "We value your privacy." *See* www.statefarm.com/customer-care/privacy-security/privacy.

In addition, Mississippi law expressly recognizes a common law right to privacy, two elements of which are implicated here: public disclosure of private facts and intrusion upon seclusion. The common law right of privacy is the "bedrock of this state's respect for the individual's right to be free of unwanted … intrusions no matter how well intentioned." *In re Brown*, 478 So. 2d 1033, 1040 (Miss. 1985). Indeed, the "fundamental right to be left alone is rooted in the right to privacy recognized by the common law of this state and Article 3, § 32 of the Mississippi Constitution of 1890." *Fox v. Smith*, 594 So. 2d 596, 604 (Miss. 1992). "Mississippi has by implication judicially recognized the common law right to privacy," including the "intentional intrusion upon the solitude or seclusion of another" and the "public disclosure of private facts." *Deaton v. Delta Democrat Publ'g Co.*, 326 So. 2d 471, 473 (Miss. 1976). This common law right to privacy supports this Court's decision to implement a notice and objection procedure prior to State Farm disclosing the Potential Claims List and claim files to the Rigsbys.

## CONCLUSION

For the reasons set forth above, the Rigsbys' motion to reconsider should be denied, their request to dispense with this Court's proposed notice and objection period should be rejected, and the procedure previously announced by the Court should be implemented. State Farm seeks such further, alternative or supplemental relief as may be appropriate in the premises.

This the 25th day of March, 2016.

>Respectfully submitted,
>
>STATE FARM FIRE AND CASUALTY COMPANY
>
>By:   s/ *E. Barney Robinson III* (MB # 09432)
>Robert C. Galloway (MB # 4388)
>Michael B. Beers, *PHV* (ASB-4992-S80M)
>Phil B. Abernethy (MB # 1023)
>E. Barney Robinson III (MB # 09432)
>Amanda B. Barbour (MB # 99119)
>
>ITS ATTORNEYS

OF COUNSEL:

BUTLER SNOW LLP
Post Office Drawer 4248
Gulfport, MS  39502
(P) (228) 575-3019
(E) bob.galloway@butlersnow.com

BUTLER SNOW LLP
250 Commerce Street, Suite 203
Montgomery, AL  36104
(P) (334) 832-2900
(F) (334) 832-2901
(E) michael.beers@butlersnow.com

BUTLER SNOW LLP
200 Renaissance at Colony Park, Suite 1400
1020 Highland Colony Parkway (39157)
Post Office Box 6010
Ridgeland, MS 39158-6010
(P) (601) 948-5711
(F) (601) 985-4500
(E) phil.abernethy@butlersnow.com
(E) barney.robinson@butlersnow.com
(E) ben.watson@butlersnow.com
(E) amanda.barbour@butlersnow.com

## CERTIFICATE OF SERVICE

I, E. Barney Robinson III, one of the attorneys for State Farm Fire and Casualty Company, do hereby certify that I have this day caused a true and correct copy of the foregoing instrument to be delivered to the following via the means directed by the Court's CM/ECF System:

> C. Maison Heidelberg
> Ginny Y. Kennedy
> WATSON HEIDELBERG JONES PLLC
> 2829 Lakeland Drive, Suite 1502
> Flowood, Mississippi 39232
> P.O. Box 23546
> Jackson, Mississippi 39225-3546
> (P) 601-503-1935
> (F) 601-932-4400
> mheidelberg@whjpllc.com
> gkennedy@whjpllc.com
>
> August J. Matteis Jr.
> William E. Copley
> Derek Y. Sugimura
> Timothy M. Belknap
> WEISBROD, MATTEIS & COPLEY, PLLC
> 1200 New Hampshire Avenue, NW, Suite 600
> Washington, DC 20036
> amatteis@wmclaw.com
> wcopley@wmclaw.com
> dsugimura@wmclaw.com
> tbelknap@wmclaw.com
>
> COUNSEL FOR CORI RIGSBY AND KERRI RIGSBY
>
> Jeffrey S. Bucholtz
> Joyce R. Branda
> Patricia R. Davis
> Jay D. Majors
> UNITED STATES DEPARTMENT OF JUSTICE
> Civil Division
> P.O. Box 261
> Ben Franklin Station
> Washington, DC 20044
> (P) (202) 307-0264
> (F) (202) 514-0280

2

Lynn Murray
AUSA
UNITED STATES ATTORNEY'S OFFICE
Southern District of Mississippi
501 East Court Street, Suite 4.430
Jackson, MS 39201
(P) (601) 965-2835
lynn.murray@usdoj.gov

ATTORNEYS FOR THE UNITED STATES

    This the 25th day of March, 2016.

                    By:   s/ *E. Barney Robinson III* (MB # 09432)
                            E. Barney Robinson III (MB # 09432)