**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. CORI RIGSBY and KERRI RIGSBY, | RELATORS/COUNTER-DEFENDANTS |
| v. | CASE NO. 1:06-cv-433-HSO-RHW |
| STATE FARM FIRE & CASUALTY COMPANY, et al. | DEFENDANTS/COUNTER-PLAINTIFFS |

**RELATORS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Relators Cori and Kerri Rigsby (collectively, the "Rigsbys") hereby respectfully ask this Court to grant partial summary judgment in the Rigsbys' favor against Defendant State Farm Fire and Casualty Company ("State Farm") on one illustrative instance of false billing pursuant to Count I of Relators' Amended Complaint [ECF No. 16]. As discussed in the accompanying Memorandum, State Farm violated the False Claims Act when it implicitly and falsely certified that it had performed the line-by-line adjustment that FEMA required as a prerequisite to payment in Directive W-5054 when it presented a flood claim for payment regarding insurance claim number 24-Z454-236.[1] The Rigsbys move at this time only for summary judgment on one instance of false billing to illustrate in context how facts necessarily decided by the McIntosh jury and admissions that State Farm made when it compiled the *in camera* list (the "List") together establish State Farm's FCA liability under *Universal Health Services v. United States ex rel. Escobar*, 136 S. Ct. 1989 (2016). The same analysis inescapably also establishes that State Farm similarly violated the FCA with respect to every other property it identified on the List, and

---

[1] This Court has not yet ruled on the propriety of disclosing the names and insured property addresses of additional State Farm policyholders in the public record. The Rigsbys accordingly have identified this claim only by its State Farm-issued claim number. They have redacted references to the policyholders' names and address in their accompanying memorandum of authorities and are filing concurrently a motion for leave to file under seal an un-redacted version of their memorandum and pertinent exhibits.

all of those claims can similarly be resolved *en masse* once this Court has applied controlling precedent to the binding facts already found in this case.

The Rigsbys would show:

1. Issues resolved by the McIntosh jury and the Fifth Circuit, together with admissions made by State Farm in creating its *in camera* list, show both that FEMA required line-by-line damage estimates for properties like the one at issue in claim number 24-Z454-236 and that State Farm failed to do one.

2. The Fifth Circuit held as a matter of law that compliance with W-5054's line-by-line requirement was a prerequisite to payment of Hurricane Katrina National Flood Insurance Program ("NFIP") claims.

3. State Farm reported and paid policy limits on claim number 24-Z454-236 despite failing to perform a required line-by-line adjustment.

4. The Seventh Amendment's Reexamination Clause precludes State Farm from re-litigating factual issues decided, implicitly or explicitly, by the McIntosh jury in this case, including specifically the jury's findings that W-5054 required line-by-line estimates and that State Farm lacked generalized permission to deviate from that requirement.

5. The mandate rule similarly bars relitigation of the Fifth Circuit's holding that compliance with W-5054 was material to payment of Katrina NFIP claims.

6. These facts prove State Farm's FCA liability on claim number 24-Z454-236 under *Escobar*, 136 S. Ct. at 2001, in which the Supreme Court specified two conditions that are sufficient—though not required—to establish FCA liability under an implied certification theory: "First, the claim does not merely request payment, but also makes specific representations about the goods or services provided; and second, the defendant's failure to disclose noncompliance

with material statutory, regulatory, or contractual requirements makes those representations misleading half-truths."

7. State Farm likewise made a "specific representation" in this case that the government owed $200,000 on claim number 24-Z454-236, a determination that could only permissibly be derived through a line-by-line damage adjustment. State Farm's representation was similarly "misleading in context" because State Farm "fail[ed] to disclose noncompliance with material statutory, regulatory, or contractual requirements." *Id.* at 2001. Specifically, State Farm failed to disclose that it had not performed the FEMA-required line-by-line adjustment and in fact concealed that noncompliance by placing a misleading XacTotal report in its claim file.

8. Accordingly, the Rigsbys are entitled to summary judgment on State Farm's submission of a false claim relating to NFIP claim number 24-Z454-236.

9. Additionally, forty years of controlling Fifth Circuit precedent conclusively establishes the government's damages for the false claim submitted in connection with NFIP claim number 24-Z454-236. Where, as here, the government receives no direct benefit in return for payments made due to a defendant's FCA violations, the defendant is liable for treble damages on every dollar that the government paid.

10. State Farm disbursed $200,000 of government money for claim number 24-Z454-236, and therefore the government is entitled to $600,000 in damages.

11. The Court should also impose the maximum civil penalty of $11,000 for State Farm's conduct relating to claim number 24-Z454-236 because State Farm's fraudulent profiteering in the wake of a natural disaster more than warrants the maximum penalty.

WHEREFORE, the Rigsbys ask this Court to enter an order granting summary judgment on their claims against State Farm contained in Count I of the Amended Complaint for State

3

Farm's submission of a false claim on NFIP claim number 24-Z454-236.  The Rigsbys further ask this Court to award the government $600,000 in treble damages, assess the maximum $11,000 civil penalty, and enter an order requiring State Farm to pay the Rigsbys' reasonable attorney's fees to date in an amount agreed to by the parties or, in the absence of agreement, an amount determined by the Court.  The Rigsbys seek such further, alternative, or supplemental relief as the Court may deem appropriate.

      Respectfully submitted on this 23rd day of April, 2018.

    /s/August J. Matteis, Jr.

| | |
|---|---|
| August J. Matteis, Jr. (admitted *pro hac vice*) | C. MAISON HEIDELBERG, MB #9559 |
| amatteis@wmclaw.com | mheidelberg@whjpllc.com |
| William E. Copley (admitted *pro hac vice*) | GINNY Y. KENNEDY, MB #102199 |
| wcopley@wmclaw.com | gkennedy@whjpllc.com |
| Pamira Shah Matteis (admitted *pro hac vice*) | WATSON HEIDELBERG JONES PLLC |
| pmatteis@wmclaw.com | 2829 Lakeland Drive |
| Matthew S. Krauss (admitted *pro hac vice*) | Mirror Lake Plaza |
| mkrauss@wmclaw.com | Suite 1502 |
| Derek Y. Sugimura (admitted *pro hac vice*) | Flowood, Mississippi 39232 |
| dsugimura@wmclaw.com | Tel: (601) 939-8900 |
| William E. Jacobs (admitted *pro hac vice*) | |
| wjacobs@wmclaw.com | |
| WEISBROD MATTEIS & COPLEY PLLC | |
| 1200 New Hampshire Ave., N.W., Suite 600 | |
| Washington, D.C. 20036 | |
| Tel:  (202) 499-7900 | |

*Attorneys for Cori Rigsby and Kerri Rigsby*

4

## **CERTIFICATE OF SERVICE**

      I, August J. Matteis, Jr., attorney for Cori Rigsby and Kerri Rigsby, do hereby certify that I have this 23rd day of April, 2018, caused the foregoing document to be filed with the Court's CM/ECF system, which will cause notice to be delivered to all counsel of record.

                                                           /s/August J. Matteis, Jr.\_\_\_