IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA ex rel.
CORI RIGSBY and KERRI RIGSBY            RELATORS/COUNTER-DEFENDANTS

v.                                      CASE NO. 1:06cv433-HSO-RHW

STATE FARM FIRE AND CASUALTY COMPANY    DEFENDANT/COUNTER-PLAINTIFF

**STATE FARM FIRE AND CASUALTY COMPANY'S
MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE RELATORS' [1380] MOTION
FOR PARTIAL SUMMARY JUDGMENT AS PROCEDURALLY OUT-OF-ORDER**

State Farm Fire and Casualty Company ("State Farm") respectfully submits this Memorandum in Support of Its Motion to Strike Relators Cori Rigsby and Kerri Rigsby's (the "Rigsbys") [1380] Motion for Partial Summary Judgment as Procedurally Out-of-Order.

## INTRODUCTION

Just two and half months ago, the parties completed briefing (briefing initially requested by the Rigsbys) on the question of whether any of the other alleged false claims to be pursued by the Rigsbys from among the 501 properties identified on the *in camera* list ("the List") should not be severed into individual cases with separate complaints. The Court already has ordered the Rigsbys to identify which specific claims from the List they will seek to place at issue in this case, but the Rigsbys have not yet complied with that order. Instead, and despite their previous strong opposition to severance, the Rigsbys now have filed a motion that purports to be a motion for partial summary judgment as to one particular flood claim from the List – relating to the property associated with claim number 24-Z454-236 (the "236 Property" or the "236 Claim").

Apart from being unfounded on its merits, the Rigsbys' motion violates the case management process established by this Court by seeking summary judgment on a "claim" (an implied false certification claim) as to the 236 Property that is untethered to any operative pleading and therefore is not currently before this Court. By filing their motion at this juncture,

the Rigsbys have attempted to arrogate to themselves the right to dictate how this matter will be litigated, in disregard of the orderly process contemplated by the Court, including the pending severance motions, which necessarily will determine the course of future proceedings. The Rigsbys' motion is out of order, procedurally and substantively, and should be stricken.

### PROCEDURAL BACKGROUND

On August 10, 2009, when it permitted the Rigsbys' case to proceed only with respect to the "allegations concerning the McIntosh claim," *i.e.*, allegations that the payment of the limits on the McIntosh property constituted a violation of the False Claims Act ("FCA"), this Court also ordered State Farm to produce a list of flood claims that would serve as the "outer limits of the *potential* claims involved in this action." ([343] at 10 (emphasis added).) State Farm produced the List, which encompasses 501 properties meeting Court-established criteria, to the Court while the McIntosh allegations proceeded to trial.

The Rigsbys' [16] First Amended Complaint, under which the McIntosh claim was tried, alleged that State Farm had presented *factually* false claims by stating that properties had sustained covered flood damage when the damage was instead the result of wind. The First Amended Complaint made no allegation that State Farm had violated any requirements of FEMA's W-5054 Memorandum or that it had made any *implied legally* false certification claims. ([16] ¶ 112.)

Prior to the McIntosh trial, the pleadings were amended to conform to the [1081] Second Amended Pre-Trial Order, *see United States ex rel. Rigsby v. State Farm Fire & Cas. Co.*, 794 F.3d 457, 468 n.7 (5th Cir. 2015), *aff'd on other grounds*, 137 S. Ct. 436 (2016). Yet the Second Amended Pre-Trial Order did not add any implied false certification claim based on W-5054 and did not extend the trial beyond the McIntosh claim. In fact, the Fifth Circuit later confirmed that the Rigsbys disavowed any argument that their case was anything other than a factually false claim theory of FCA liability, specifically noting that "[t]he Rigsbys contend that this is not a false certification case …." *Id.* at 478 n.14.

Following the Fifth Circuit appeal, the Court granted the Rigsbys access to the List and "superintended" discovery as to the properties on the List. In particular, the Court ordered State Farm to produce the claim files for the List properties, and it ordered the Rigsbys to identify which of the 501 claims were actually at issue. In other words, because the List consists only of ***potential*** claims, this Court directed the Rigsbys to provide notice to State Farm – consistent with the fair notice dictates of Fed. R. Civ. P. 8(a) and 9(b) – of which claims will be part of any action going forward.

The Court also stated its intention to sever any such individual property claims into separate civil actions. The filing of separate complaints in these civil actions would supplant the Second Amended Pre-Trial Order that was adopted prior to the trial on the McIntosh claim. The Rigsbys objected to severance, but the parties have briefed the issue and that matter is pending for this Court's resolution. All the while, the Rigsbys still have not identified which of the 501 properties on the List, and their associated claims, if any, they seek to place at issue, leaving both the Court and State Farm in the dark as to the actual scope of the case going forward, severed or not.

Eschewing the case management procedures ordered by the Court, the Rigsbys instead have filed their putative [1380] "Motion for Partial Summary Judgment" as to one of the properties on the List – *i.e.*, the 236 Property. Yet, before filing this motion, the Rigsbys never designated the 236 Property, or any alleged false claim associated with that property, as being at issue. Of course, no separate complaint as to claim arising from the 236 Property has been filed (although, by filing the instant motion, the Rigsbys appear to concede the wisdom of addressing any properties from the List on an individual basis).

Moreover, the Rigsbys are basing their motion on an implied false certification theory of liability that nowhere appears in their First Amended Complaint or the Second Amended Pre-Trial Order. To date, no discovery or legal analysis in this case has focused on an implied false certification theory of liability under the FCA, and for good reason: Prior to this case being remanded by the Fifth Circuit, the Rigsbys had foresworn any reliance on an implied false

3

certification theory of liability.  *See Rigsby*, 794 F.3d at 478 n.14.  In other words, contrary to this Court's reasoned and measured approach to proceeding with this case in a fair and efficient way, the Rigsbys have taken it upon themselves to pursue a different and unapproved path.  Their premature motion should be stricken.

## ARGUMENT

Under Rule 56, "[a] party may move for summary judgment, identifying each claim … or the part of each claim … on which summary judgment is sought."  Fed. R. Civ. P. 56(a).  But a party "cannot move for summary judgment on a claim that is not part of the case and for which they failed to give defendants notice."  *Wiesmueller v. Kosobucki*, 667 F. Supp. 2d 1001, 1003 (W.D. Wis. 2009) (citing *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996)).  So, too, the liberal pleading standard under Fed. R. Civ. P. 8(a) "does not afford plaintiffs with an opportunity to raise new claims at the summary judgment stage."  *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1314 (11th Cir. 2004), cited with approval in *United States ex rel. DeKort v. Integrated Coast Guard Sys.*, 475 F. App'x 521, 522 (5th Cir. 2012) (per curiam).

The Rigsbys have never before identified the flood claim on the 236 Property as being at issue in this case, nor have they identified claims relating to any of the 501 properties on the List as being actually rather than merely potentially at issue.  Moreover, the Rigsbys admit that they did not and could not pursue an implied false certification claim under 31 U.S.C. § 3729(a)(1)(A) at the McIntosh trial ([1381] at 11–12), conceding that such a claim is not pled in the [1081] Second Amended Pre-Trial Order.  There is no implied false certification claim with respect to the 236 Property that currently is a part of this case.  Thus, the Rigsbys are not entitled to move

for summary judgment on such a claim.[1]  *See, e.g.*, *United States ex rel. Jones v. Brigham and Women's Hosp.*, 678 F.3d 72, 92 (1st Cir. 2012) (finding it "too late" where "it was not until Jones filed his motion for summary judgment that he propounded the theory that the Defendants' failure to investigate and report any inquiry was itself a false claim, independent of his claims regarding the use of falsified data not subject to a reliability study").  To be sure, a plaintiff "cannot amend her Complaint by adding new claims in her summary judgment briefs." *Pitts v. City of Madison*, No. 3:15-cv-892, 2017 U.S. Dist. LEXIS 198579, at *19 (S.D. Miss. Dec. 4, 2017); *accord Scotty's Recycling, LLC v. Phila.-Security Ins.*, No. 3:11-cv-341, 2013 U.S. Dist. LEXIS 128225, at *18 (S.D. Miss. Sep. 9, 2013); *see also Bell v. City of Phila.*, 275 F. App'x 157, 160 (3d Cir. 2008) (finding plaintiff could not avoid summary judgment on First Amendment retaliation claim where, "while … complaint mentioned his speech and association claims, it neglected to mention any claim based on his right to petition" which was raised for the first time "[o]nly in response to defendants' motion for summary judgment"); *XL Specialty Ins. Co. v. Bollinger Shipyards, Inc.*, No. 12-2071, 2014 U.S. Dist. LEXIS 32714, at *17 (E.D. La. Mar. 13, 2014) (explaining that "[a] plaintiff may not raise a new claim in a brief at the summary judgment stage" and noting that plaintiff "did not include a claim based on that policy in its complaint" and instead brought the claim based on a different policy).

---

[1] In failing to file a new complaint (or amend the operative pleading) to allege an implied false certification claim on the 236 Property, the Rigsbys have failed to meet Fed. R. Civ. P. 8(a)'s notice pleading requirements, much less the requirements of Fed. R. Civ. P. 9(b) to plead any FCA claim with particularity.  *See Rigsby*, 794 F.3d at 466 & n.5 (noting interaction of Rule 9(b) and Rule 8(a) notice pleading requirements in FCA cases).  While the Fifth Circuit questioned the continued applicability of Rule 9(b) to the Rigsbys' case following the McIntosh trial, it only did so where State Farm "is all too aware of the nature of the Rigsbys' allegations" because "[i]t has litigated this case for nearly a decade," *id.* at 467.  But where the Rigsbys admit that their entirely new implied false certification claim was never before at issue, State Farm could not be aware of the nature of these allegations.  Nowhere in the Rigsbys' current motion do they give any clue as to the "whole" of which this "partial" summary judgment motion is a piece.  Yet, State Farm is entitled to know the parameters of the case against it in order to put forth its defenses.  The Rigsbys' piecemeal and procedurally improper approach unfairly leaves the Court and State Farm uninformed.  This mystery is precisely what this Court's prior order that the Rigsbys identify the claims actually at issue and potentially file separate complaints would prevent.

Indeed, because the Rigsbys have never pleaded an implied false certification claim, much less with respect to the 236 Property, they have not sufficiently pleaded the "rigorous" materiality and scienter elements of such a claim as required by *Universal Health Servs. v. United States ex rel. Escobar*, 136 S. Ct. 1989, 2002 (2016).  Such pleading deficiencies would merit dismissal of the implied false certification claim here, were there a complaint to dismiss.  In *Escobar*, the Supreme Court "reject[ed] [the] assertion that materiality is too fact intensive for courts to dismiss False Claims Act cases on a motion to dismiss or at summary judgment." *Id.* at 2004 n.6.  Indeed, the standard for materiality outlined in *Escobar* "is a familiar and rigorous one" and FCA plaintiffs "must also plead their claims with plausibility and particularity under Federal Rules of Civil Procedure 8 and 9(b) by, for instance, pleading facts to support allegations of materiality."  *Id.  See, e.g.*, *United States ex rel. Lemon v. Nurses To Go, Inc.*, No. H-16-1775, 2018 U.S. Dist. LEXIS 69105, at *7–8 (S.D. Tex. Apr. 20, 2018) (dismissing case with prejudice for lack of materiality).

The Rigsbys' attempted end-run around this Court's considered and measured case management directives should be rejected.  By prematurely filing their motion for partial summary judgment on a new and never-before-raised claim, and before this Court has even ruled on the pending severance issue and related case management issues, the Rigsbys have attempted to usurp the management of these proceedings.  The future course of this case should be determined by this Court.  The Rigsbys' out-of-order motion should be stricken.

## CONCLUSION

State Farm respectfully submits that the Court should strike the Rigsbys' [1380] motion for partial summary judgment in its entirety (both the public and sealed versions) as procedurally improper and premature in light of this Court's case management orders.

This 1st day of June 2018.

                        Respectfully submitted,

                        STATE FARM FIRE AND CASUALTY COMPANY

By:    <u>s/ *E. Barney Robinson III* (MB # 09432)</u>
        Michael B. Beers, *PHV* (ASB-4992-S80M)
        Phil B. Abernethy (MB # 1023)
        E. Barney Robinson III (MB # 09432)
        Amanda B. Barbour (MB # 99119)
        Michael C. McCabe, Jr. (MB # 101548)

ITS ATTORNEYS

OF COUNSEL:

BUTLER SNOW LLP
Post Office Drawer 4248
Gulfport, MS 39502
(P) (228) 575-3025
(E) michael.mccabe@butlersnow.com

BUTLER SNOW LLP
250 Commerce Street, Suite 203
Montgomery, AL 36104
(P) (334) 832-2900
(F) (334) 832-2901
(E) michael.beers@butlersnow.com

BUTLER SNOW LLP
200 Renaissance at Colony Park, Suite 1400
1020 Highland Colony Parkway (39157)
Post Office Box 6010
Ridgeland, MS 39158-6010
(P) (601) 948-5711
(F) (601) 985-4500
(E) phil.abernethy@butlersnow.com
(E) barney.robinson@butlersnow.com
(E) ben.watson@butlersnow.com
(E) amanda.barbour@butlersnow.com

## **CERTIFICATE OF SERVICE**

I, E. Barney Robinson III, one of the attorneys for State Farm Fire and Casualty Company, do hereby certify that I have this day caused a true and correct copy of the foregoing instrument to be delivered to the following via the means directed by the Court's CM/ECF System:

    C. Maison Heidelberg
    Ginny Y. Kennedy
    WATSON HEIDELBERG PLLC
    2829 Lakeland Drive, Suite 1502
    Flowood, Mississippi 39232
    P.O. Box 23546
    Jackson, Mississippi 39225-3546
    (P) 601-503-1935
    (F) 601-932-4400
    mheidelberg@whjpllc.com
    gkennedy@whjpllc.com

    August J. Matteis Jr.
    William E. Copley
    Derek Y. Sugimura
    Timothy M. Belknap
    WEISBROD, MATTEIS & COPLEY, PLLC
    1200 New Hampshire Avenue, NW, Suite 600
    Washington, DC  20036
    amatteis@wmclaw.com
    wcopley@wmclaw.com
    dsugimura@wmclaw.com
    tbelknap@wmclaw.com

    COUNSEL FOR CORI RIGSBY AND KERRI RIGSBY

    Jeffrey S. Bucholtz
    Joyce R. Branda
    Patricia R. Davis
    Jay D. Majors
    UNITED STATES DEPARTMENT OF JUSTICE
    Civil Division
    P.O. Box 261
    Ben Franklin Station
    Washington, DC  20044
    (P) (202) 307-0264
    (F) (202) 514-0280

Lynn Murray
AUSA
UNITED STATES ATTORNEY'S OFFICE
Southern District of Mississippi
501 East Court Street, Suite 4.430
Jackson, MS  39201
(P) (601) 965-2835
lynn.murray@usdoj.gov

ATTORNEYS FOR THE UNITED STATES

    This the 1st day of June, 2018.

                    By:    <u>s/ *E. Barney Robinson III* (MB # 09432)</u>
                            E. Barney Robinson III (MB # 09432)