IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. | |
| CORI RIGSBY and KERRI RIGSBY | RELATORS/COUNTER-DEFENDANTS |
| v. | CASE NO. 1:06cv433-LTS-RHW |
| STATE FARM FIRE AND CASUALTY COMPANY | DEFENDANT/COUNTER-PLAINTIFF |

**STATE FARM FIRE AND CASUALTY COMPANY'S
MEMORANDUM OF AUTHORITIES IN SUPPORT OF ITS
<u>MOTION FOR RULE 56(D) DISCOVERY</u>**

Defendant State Farm Fire and Casualty Company ("State Farm") submits this Memorandum of Authorities in Support of its Motion for discovery pursuant to Fed. R. Civ. P. 56(d).

<u>**ARGUMENT**</u>

The Rigsbys have filed a motion for partial summary judgment [1380], in which they claim entitlement to a determination by this Court, as a matter of law, that State Farm (a) violated the False Claims Act ("FCA") under a theory of implied certification and (b) is liable under the FCA for treble damages on the entire $200,000 flood insurance payment relating to the property associated with claim number 24-Z454-236 (the "236 Property" or the "236 Claim"). *See* [1381] at 1-5.

The Rigsbys erroneously assert that State Farm violated the FCA through an implied false certification of compliance with the FEMA W-5054 Memorandum purported obligation to use a line-by-line loss adjustment methodology to estimate the flood damage and loss on the 236 Property. *See* ([1381] at 1-4.)

As shown in State Farm's memorandum of law in opposition (filed concurrently with this Rule 56(d) motion), the Rigsbys' motion for partial summary judgment is based on legal and

factual assertions that do not establish their entitlement to a grant of partial summary judgment and, therefore, should be denied.

However, if the Court should deem the Rigsbys' motion for partial summary judgment sufficient to survive State Farm's facial challenge, then State Farm requests that the Court deny that motion without prejudice in order to permit State Farm an adequate opportunity to conduct discovery on factual issues relevant to the merits of the motion.  *See Biel Loan Co. III-A, L.L.C. v. Lee Freyer Kennedy Crestview, L.L.C.*, No. 1:10cv153-HSO-JMR, 2011 WL 1321328, at *2 (S.D. Miss. Apr. 4, 2011) (citation omitted) (under Rule 56(d), the nonmovant is entitled to an adequate opportunity for "'discovery of evidence of contradictory facts'" to enable it to oppose a motion for summary judgment by the other party).  "Rule 56(d) discovery motions are 'broadly favored and should be liberally granted.'"  *Id.* at *1 (citing *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006)); *see also Am. Family Life Assurance Co. v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)).

To date, in light of this Court's orders staying discovery on any claims other than the McIntosh claim (beyond State Farm's post-appeal production of certain claims files), State Farm has not had any opportunity to take discovery relating to the 236 Claim.  *See, e.g.*, ([343] at 10; [344] at 1; [1276] at 3; [1228] at 2, 9-12.)

Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."  Fed. R. Civ. P. 56(d).

Here, State Farm is entitled, among other things, to discover specific and material evidence which can be collected in a reasonable timeframe and would affect the outcome of the

summary ruling in State Farm's favor in the following categories: (a) evidence of lack of materiality; (b) evidence of lack of scienter and falsity; (c) evidence of lack of damages; and (d) evidence of lack of subject matter jurisdiction.

First, with respect to materiality, State Farm needs discovery in order to fully oppose the Rigsbys' contention that the loss adjustment methodology used by State Farm was material for purposes of the FCA.

The United States Supreme Court's decision in *Universal Health Services, Inc. v. United States ex rel. Escobar*, 136 S. Ct. 1989 (2016), establishes that materiality is not only a strict requirement, but one that – assuming the pleading properly alleges the necessary elements – requires factual development.[1] The Court in *Escobar* did not hold that "all claims for payment implicitly represent that the billing party is legally entitled to payment." 136 U.S. at 2000. And whether a regulatory requirement "is labeled a condition of payment" is "not dispositive of the materiality inquiry." *Id.* at 2001; *see also id.* at 2003 ("A misrepresentation cannot be deemed material merely because the Government designates compliance with a particular statutory, regulatory, or contractual requirement as a condition of payment"). "Nor is it sufficient for a finding of materiality that the Government would have the option to decline to pay if it knew of the defendant's noncompliance." *Id.* at 2003. While the fact that the government "consistently refuses to pay claims … based on noncompliance with the particular statutory, regulatory, or contractual requirement" is evidence of materiality, the fact that, instead, "the Government pays a particular claim in full despite its actual knowledge that certain requirements were violated" or "regularly pays" such a particular type of claim with such knowledge is "strong evidence that the

---

[1] As set forth in State Farm's June 1, 2018 [1392] Motion to Strike, there is no pleading on file that specifically pertains to the 236 Property or Claim, nor is there any pleading on file that purports to establish implied false certification liability on the 236 Claim or any other claim.

3

requirements are not material." *Id.* at 2003–04.  The Fifth Circuit, in applying *Escobar*, has underscored this point.  *See United States ex rel. Harman v. Trinity Indus.*, 872 F.3d 645, 665 (5th Cir. 2017).  In that case, the Fifth Circuit rendered judgment as a matter of law for the defendant, based on the lack of materiality evidenced by the government's "continued payment" while "aware of all the charges of noncompliance."  *Id.*

Here, under *Escobar* and *Trinity*, the knowledge and the conduct of FEMA with respect to flood claims – even beyond the 236 Claim and even beyond State Farm – is relevant to materiality.  In particular, in 2006, FEMA reinspected and approved several flood claims for damage to properties that (like the 236 Property) were on the *in camera* list presented to Judge Senter, despite the absence of line-by-line estimates.  Notably, as discussed more fully in State Farm's opposition to the Rigsbys' partial summary judgment motion (at 17-18), in the proceedings to date the testimony of David Maurstad, the Administrator of the National Flood Insurance Program ("NFIP") for FEMA during Hurricane Katrina and its aftermath, establishes that a line-by-line estimate was not material post-Katrina.  For example, Mr. Maurstad explained that FEMA did not promulgate W-5054 in order to mandate that particular documentation be included in claim files such as the 236 Claim, but quite the opposite:  "[T]he point of it was to get people fairly paid for their claims as quickly as possible in the Katrina environment.  That's what the point was."  (Maurstad Dep. at 151:22–25 (Ex. B to State Farm Resp. to Rigsbys' Mot. for Partial Summary Judgment)).  Mr. Maurstad further testified that when (as was the case with the 236 Claim) "it's clear in the situation that we were presented with in Katrina that the damage to the property was going to far exceed policy limits, the line-by-line was seen to be bureaucratic."  (*Id.* at 226:18–22.)

State Farm submits that, if the Court does not deny the Rigsbys' motion for partial summary judgment outright, State Farm should be allowed to take discovery from FEMA and other current and former FEMA officials and, as necessary, third parties (including other Write Your Own ("WYO") carriers) that will reinforce what Mr. Maurstad has already said about FEMA's W-5054 Memorandum.  State Farm expects that such discovery will provide strong additional evidence that the specific loss adjustment methodology employed by State Farm and other WYO carriers to adjust Katrina-related flood claims was not material to FEMA's payment of those flood claims because in "the mine run of cases," FEMA consistently paid NFIP Katrina claims despite the lack of a line-by-line estimate.  *See Escobar* 136 S. Ct. at 2003–04.   State Farm also should be granted time to secure additional testimony from FEMA personnel with relevant knowledge and experience of Hurricane Katrina flood claims regarding the materiality of the specific loss adjustment methodology used on the 236 Claim, including any particular knowledge of FEMA as to the 236 Claim prior to payment.

Second, with respect to scienter, State Farm should be allowed to develop evidence showing both that State Farm did not know that the use of a line-by-line estimate was (allegedly) material to FEMA's payment decision and that State Farm instead reasonably interpreted the ambiguous W-5054 Memorandum.  For instance, with respect to falsity, which is an essential element of the alleged violation, State Farm is entitled to take discovery of witnesses with direct knowledge of the flood damage to the 236 Property, *e.g*., the homeowners, homeowners of neighboring properties, and other potential witnesses, as well as available storm-related data and visual evidence from the area in proximity to the 236 Property, to establish that the claim to FEMA for payment of flood insurance on that property was not false.

Third, State Farm needs the opportunity to marshal evidence, including expert testimony, to counter the Rigsbys' damages claims. State Farm expects to demonstrate that, regardless of the loss adjustment methodology used on the 236 Property, the flood damages to that property exceeded the amount paid by FEMA. As such, even assuming liability, there would be no recoverable FCA damages. In addition, State Farm would take evidence from FEMA tracing what particular NFIP funds were actually used to pay the 236 Claim to determine what portion, if any, was attributable to the U.S. Treasury.

Finally, State Farm should be allowed to develop facts through discovery on the issue of subject matter jurisdiction (*i.e.*, whether the Rigsbys are original sources). In particular, State Farm would depose the Rigsbys to determine what direct and independent knowledge, if any, the Rigsbys had regarding the 236 Claim. *See U.S. ex rel. Rigsby v. State Farm Fire & Cas. Co.*, 794 F.3d 457, 476 (5th Cir. 2015) (recognizing that "§ 3730(e)(4) might come into play again as the district court proceeds with this litigation" after the McIntosh trial), *aff'd on other grounds*, 137 S. Ct. 436 (2016).

To date, in light of this Court's orders staying discovery, State Farm has not had the opportunity to conduct any discovery with respect to the 236 Claim, including as to materiality, scienter, falsity, damages, or original source status, all of which would further undermine the Rigsbys' claim. *See Biel Loan Co.*, 2011 WL 1321328, at *2 ("Rule 56 presupposes that a party opposing a motion for summary judgment has had an adequate time for discovery of evidence of contradictory facts." (citation and quotation omitted)). Moreover, because *Escobar* established the relevance of the specific materiality evidence noted above to the question of implied false certification liability – which overrides any prior prerequisite to payment inquiry – State Farm must be allowed an opportunity to collect that evidence. *Cf. Raby v. Livingston*, 600 F.3d 552,

6

561–62 (5th Cir. 2010) (analyzing prior-Rule-56(f) motion in light of "the impact of [a controlling Supreme Court decision] on future litigation" and denying that discovery only after determining that the requested evidence went to establishing a standard not adopted by the plurality in the decision).

The evidence outlined above would affect the summary judgment ruling because it likely will demonstrate not only that the Rigsbys are not entitled to summary judgment on the 236 Claim because of the failure to establish necessary FCA elements but also that State Farm instead is entitled to judgment as a matter of law based on these same elements and on subject matter jurisdiction grounds. *See, e.g.*, *Hinojosa v. Johnson*, 277 Fed. App'x 370, 377 (5th Cir. 2008) (finding abuse of discretion in denial of prior-Rule-56(f) motion where, "[a]lthough this current evidence is insufficient to create a genuine issue of material fact regarding the seriousness of the threat posed by Brown and Defendants' knowledge of such a threat, [Plaintiff's] requested discovery may very well provide enough evidence to overcome Defendants' summary judgment motion" because overheard statement of one defendant suggested that he may have believed Brown posed an objective risk and depositions of other defendants and discovery of prior complaints and knowledge of Brown's violent history may reveal extent of risk).

State Farm respectfully submits that the Rigsbys have not met their initial burden on summary judgment and that their motion for partial summary judgment should be denied. Should the Court believe, however, that the Rigsbys have sufficiently met their initial burden, State Farm submits that their motion for partial summary judgment should be denied without prejudice as premature given that no discovery has as yet been conducted by the parties as to the

236 Property and that such discovery is needed to provide State Farm with an adequate opportunity to oppose the Rigsbys' motion.

WHEREFORE, PREMISES CONSIDERED, for all the above reasons, State Farm respectfully submits that, if the Court does not strike or deny outright the Rigsbys' motion for partial summary judgment, the Court should deny the Rigsbys' motion without prejudice as premature and permit State Farm time to take discovery, including document discovery and testimony from relevant witnesses.   State Farm also seeks such further, alternative or supplemental relief as may be appropriate in the premises.

This 4th day of June 2018.

                        Respectfully submitted,

                        STATE FARM FIRE AND CASUALTY COMPANY

By:   s/ *E. Barney Robinson III* (MB # 09432)
      Michael B. Beers, *PHV* (ASB-4992-S80M)
      Phil B. Abernethy (MB # 1023)
      E. Barney Robinson III (MB # 09432)
      Amanda B. Barbour (MB # 99119)
      Michael C. McCabe, Jr. (MB # 101548)

ITS ATTORNEYS

OF COUNSEL:

BUTLER SNOW LLP
Post Office Drawer 4248
Gulfport, MS  39502
(P) (228) 575-3025
(E) michael.mccabe@butlersnow.com

BUTLER SNOW LLP
250 Commerce Street, Suite 203
Montgomery, AL  36104
(P) (334) 832-2900
(F) (334) 832-2901
(E) michael.beers@butlersnow.com

BUTLER SNOW LLP
200 Renaissance at Colony Park, Suite 1400
1020 Highland Colony Parkway (39157)
Post Office Box 6010
Ridgeland, MS 39158-6010
(P) (601) 948-5711
(F) (601) 985-4500
(E) phil.abernethy@butlersnow.com
(E) barney.robinson@butlersnow.com
(E) ben.watson@butlersnow.com
(E) amanda.barbour@butlersnow.com

## CERTIFICATE OF SERVICE

I, E. Barney Robinson III, one of the attorneys for State Farm Fire and Casualty Company, do hereby certify that I have this day caused a true and correct copy of the foregoing instrument to be delivered to the following via the means directed by the Court's CM/ECF System:

C. Maison Heidelberg
Ginny Y. Kennedy
WATSON HEIDELBERG PLLC
2829 Lakeland Drive, Suite 1502
Flowood, Mississippi 39232
P.O. Box 23546
Jackson, Mississippi 39225-3546
(P) 601-503-1935
(F) 601-932-4400
mheidelberg@whjpllc.com
gkennedy@whjpllc.com

August J. Matteis Jr.
William E. Copley
Derek Y. Sugimura
Timothy M. Belknap
WEISBROD, MATTEIS & COPLEY, PLLC
1200 New Hampshire Avenue, NW, Suite 600
Washington, DC  20036
amatteis@wmclaw.com
wcopley@wmclaw.com
dsugimura@wmclaw.com
tbelknap@wmclaw.com

COUNSEL FOR CORI RIGSBY AND KERRI RIGSBY

Jeffrey S. Bucholtz
Joyce R. Branda
Patricia R. Davis
Jay D. Majors
UNITED STATES DEPARTMENT OF JUSTICE
Civil Division
P.O. Box 261
Ben Franklin Station
Washington, DC  20044
(P) (202) 307-0264
(F) (202) 514-0280

Lynn Murray
AUSA
UNITED STATES ATTORNEY'S OFFICE
Southern District of Mississippi
501 East Court Street, Suite 4.430
Jackson, MS 39201
(P) (601) 965-2835
lynn.murray@usdoj.gov

ATTORNEYS FOR THE UNITED STATES

This the 4th day of June, 2018.

By: s/ *E. Barney Robinson III* (MB # 09432)
E. Barney Robinson III (MB # 09432)