**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

UNITED STATES OF AMERICA ex rel.
   CORI RIGSBY and KERRI RIGSBY,         RELATORS/COUNTER-DEFENDANTS

          v.                           CASE No. 1:06-cv-433-HSO-RHW

STATE FARM FIRE & CASUALTY         DEFENDANTS/COUNTER-PLAINTIFFS
   COMPANY, et al.

**RELATORS' OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER
<u>GRANTING IN PART AND DENYING IN PART THEIR MOTION TO COMPEL</u>**

On July 13, 2015, the Fifth Circuit affirmed the jury verdict against State Farm[1] in this case, finding more than sufficient evidence to support the McIntosh jury's findings that State Farm had defrauded the federal government both by submitting a false claim and by using a false record. *United States ex rel. Rigsby v. State Farm Fire & Cas. Co.*, 794 F.3d 457, 476-81 (5th Cir. 2015), *aff'd*, 137 S. Ct. 436 (2016). The Fifth Circuit also said that "the trial record supports a high probability that State Farm submitted more than one false claim." *Id.* at 469. The Fifth Circuit held that this Court "abused its discretion in a manner that affected [the Rigsbys'] substantial rights" by "denying [them] *any* discovery after a verdict in their favor." *Id.* (emphasis in original). The Fifth Circuit then held that "[t]o that end, a reasonable place ***to begin*** would be to allow the Rigsbys access to a list that State Farm already prepared in response to the district court's request to review in camera certain materials in its August 10, 2009, order [ECF No. 344]. *Id.* at 470 n.8 (emphasis added).

Pursuant to the Fifth Circuit's mandate, this Court determined that "the initial scope of [post-appellate] discovery will be limited to the Hurricane Katrina insurance claims on the properties identified on the List, as set forth in the Court's Order [344] of August 10, 2009."

---

[1] All abbreviations and defined terms used in Relators' Memorandum in Support of Their Motion to Compel ("Pr. Br.") [ECF No. 1349] have the same meanings when used in these objections.

Order Granting Relators' [1318] Mot. Clarify at 3 (June 12, 2017) ("Mot. Clarify Order") [ECF No. 1323]. Yet more than a year later, and more than three years after the Fifth Circuit issued its mandate, the Rigsbys have not been permitted to serve a single discovery request on State Farm. The only "discovery" that has occurred is in response to an order requiring State Farm to produce copies of its claim files for properties on the List. Order Requiring Prod'n of Claim Files (June 22, 2017) (the "June 2017 Order") [ECF No. 1324]. The Rigsbys filed a Motion to Compel [ECF No. 1348] at the Court's suggestion to address substantial deficiencies even in this limited initial production. *See* Order on Disc. Issues at 1 (Dec. 14, 2017) [ECF No. 1346].

The Magistrate Judge's September 18, 2018, Order ("M.J. Order") [ECF No. 1416] granted the Rigsbys' motion in part but clearly erred in its resolution of several issues.[2] In so doing, the Magistrate Judge's Order significantly limited the probity of State Farm's document production, condoned discovery abuses in clear violation of controlling law and past decisions in this case, and most troublingly, abdicated to State Farm and its counsel this Court's obligation to "superintend" discovery pursuant to the Fifth Circuit's mandate. *Rigsby*, 794 F.3d at 469. Specifically, the Magistrate Judge's Order erred on four points.

*First*, the order refused to allow the Rigsbys discovery into the identification of claims responsive to the August 2009 Order that delineates the current scope of these proceedings. The Magistrate Judge reasoned that such discovery is unnecessary collateral discovery because State Farm's counsel has represented that "there are no additional properties … that should have been included on the List." M.J. Order at 4. Determining in which NFIP claims—like the McIntosh claim—State Farm defrauded the federal government is a central issue in this case, not collateral

---

[2] The order granted the Rigsbys' motion with respect to State Farm's indiscernible redactions, its improper withholding of policyholder information protected by this Court's existing protective order [ECF No. 406], and State Farm's improper invocation of Mississippi Code Section 83-5-209. *See* M.J. Order at 6-8.

"discovery about discovery."  *Id.*  The Rigsbys and State Farm both have said expressly that

Judge Senter's list criteria are ambiguous and subjective, and State Farm has admitted having to

revise the List repeatedly as a result.  State Farm's attorneys have an obligation to represent their

client zealously, which in this case compels them to construe all ambiguities in Judge Senter's

list narrowly to minimize their client's potential liability.  In contrast, the Rigsbys' attorneys

have an obligation to review the records in this case to ensure that Judge Senter's criteria are

interpreted fairly and in a manner that in fact captures every instance of fraud on the government

within State Farm's proven scheme.  The Magistrate Judge's Order errs because it makes State

Farm's subjective—and presumably self-serving—interpretations of the ambiguities in those

criteria the "end" of discovery regarding the scope of State Farm's fraud, rather than the

"reasonable place to begin" that the Fifth Circuit mandated.

 *Second*, the Magistrate Judge's Order clearly erred in excusing rampant abuses in State

Farm's assertions of legal privilege.  The Order erroneously validates State Farm's refusal to

provide even the most basic information required by the Federal Rules of Civil Procedure or this

Court's Local Uniform Civil Rules.  The Magistrate Judge further contravened a prior Order in

this case by allowing State Farm to bulk-log thousands of pages it withheld from discovery

without providing individualized assertions of privilege for each document.  Worse, the

Magistrate Judge creates a wholly unprecedented category of privilege—"litigation or

mediation" privilege—that indisputably encompasses many documents not covered by attorney-

client and attorney work product privileges.  *Id.* at 5.  Exhibits to briefs are not privileged;

deposition excerpts are not privileged; admissions in briefs are not privileged; transcripts of

hearings are not privileged.  To the extent that the Magistrate Judge's Order has indicated that

State Farm need not produce or log such documents based on a "litigation or mediation"

privilege, that decision is unprecedented and directly contrary to settled law.

*Third*, although the Magistrate Judge's Order concluded correctly that State Farm cannot use Mississippi Code Section 83-5-209 to shield claim file records from discovery in this case, the Order left a potentially ambiguous qualification to that ruling and suggested that other State Farm records might be protected by Section 83-5-209.  *Id.* at 7-8.  As the Rigsbys have demonstrated, the plain language and legislative history of that statute limit its scope unequivocally to records held by the Mississippi Insurance Department ("MID").  Insofar as the Magistrate Judge's Order suggests otherwise, it is clearly erroneous.

*Fourth*, the Magistrate Judge's Order declined to resolve disputes relating to electronic metadata associated with State Farm's claim files, explaining that "[i]t was not the Court's intention to get into technical disputes and battles between experts about … metadata."  *Id.* at 10.  Although the Magistrate Judge knows best the scope of production he intended in his June 2017 Order, the Rigsbys object to the Magistrate Judge's Order to the extent it suggests that the Rigsbys are not entitled to obtain State Farm's relevant metadata in future discovery.

## **DISCUSSION**

This Court "must … modify or set aside any part of the [magistrate judge's non-dispositive] order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).  The district court must modify or set aside a magistrate judge's factual finding if it "'is left with the definite and firm conviction that a mistake has been committed.'"  *Jenkins v. Robotec, Inc.*, CIV.A. No. 1:09CV150HSO-JMR, 2009 WL 5166252, at *1 (S.D. Miss. Dec. 29, 2009) (quoting *West v. Drury Co.*, No. 2:07cv215, 2009 WL 1586898, at *1 (N.D. Miss. June 3, 2009)).  "A legal conclusion … is contrary to law 'when the magistrate fails to apply or misapplies relevant statutes, case law, or rules of procedure.'"  *Cain v. City of New Orleans*, CIV.A. No. CV 15-4479, 2017 WL 894653, at *2 (E.D. La. Mar. 7, 2017) (quoting *Ambrose-*

4

*Frazier v. Herzing Inc.*, No. 15-1324, 2016 WL 890406, at *2 (E.D. La. Mar. 9, 2016)); *see also*

*Haines v. Liggett Grp.*, 975 F.2d 81, 91 (3d Cir. 1992) ("[T]he phrase 'contrary to law' indicates

plenary review as to matters of law.").  "For questions of law 'there is no practical difference

between review under Rule 72(a)'s contrary to law standard and [a] *de novo* standard.'"  *Bruce v.

Hartford*, 21 F. Supp. 3d 590, 594 (E.D. Va. 2014) (quoting *HSBC Bank USA, Nat'l Ass'n v.

Resh*, No. 3:12–CV–00668, 2014 WL 317820, at *7 (S.D.W.Va. Jan. 28, 2014)) (alteration

original); *see also Seaton Ins. v. Clearwater Ins.*, 736 F. Supp. 2d 472, 474 (D.R.I. 2010) ("Even

the 'clearly erroneous' standard … for non-dispositive decisions by a magistrate judge requires

*de novo* review of the magistrate judge's legal conclusions.") (internal quotation omitted).

I.   **The Magistrate Judge Erred by Refusing to Grant the Rigsbys' Discovery into
     Whether State Farm Identified All Claims that Meet Judge Senter's List Criteria.**

       Both the Fifth Circuit and this Court have ruled that the List of claims that State Farm

compiled in response to Judge Senter's August 2009 Order [ECF No. 344] should serve as a

starting point for discovery on the scope of State Farm's fraud.  *Rigsby*, 794 F.3d at 470 n.8;

Mot. Clarify Order at 3.  The Rigsbys have explained that, even setting aside the fact that the list

criteria themselves are not comprehensive of the FCA violations State Farm has pled,[3] there is

serious concern about whether State Farm's list includes all claims that meet Judge Senter's

criteria.  Yet the Magistrate Judge's Order dismissed these concerns "[b]ased on [State Farm's]

counsel's representations, there are no additional properties … that should have been included on

the List."  M.J. Order at 4.  The Magistrate Judge's Order thereby erroneously abdicates the

"superintend[ance]" of discovery that the Firth Circuit mandated and permits State Farm, a

proven fraudfeasor, to set the scope of discovery into its own fraudulent scheme.  *Rigsby*, 794

F.3d at 469.  The Magistrate Judge's Order also erred by characterizing this matter as a request

---

[3] The Magistrate Judge directed the Rigsbys not to raise that issue in the subject motion, so they do not
address it here.

for collateral discovery, when in fact it goes to the very core of this case.

### A. Deferring to State Farm's Representations Abdicates this Court's Responsibility to Provide Superintended Discovery.

Although this Court has adopted the criteria set forth in Judge Senter's August 2009 Order only as a starting point for future proceedings, those criteria may dictate the scope of this Court's inquiry into State Farm's proven fraud for years. The Rigsbys have offered substantial reasons to doubt whether the 501 claims included on State Farm's List constitute all claims that meet Judge Senter's August 2009 criteria. The Magistrate Judge clearly erred in dismissing those concerns based on nothing but the assurances of State Farm's counsel.

As the Fifth Circuit noted in this case, district courts can abuse their discretion by "inappropriately den[ying] a party adequate discovery." *Rigsby*, 794 F.3d at 468. In *Brown v. Mississippi Valley State University*, 311 F.3d 328, 334 (5th Cir. 2002), the Fifth Circuit reversed a district court that "did not rule on Brown's request for discovery but granted summary judgment on the grounds that there was insufficient evidence of Abraham's involvement in a conspiracy, precisely the type of evidence sought by Brown." The Fifth Circuit likewise reversed a trial court order dismissing a plaintiffs Section 1983 action for failing to affirmatively identify the specific police officers who assaulted him where the district court had denied any discovery on that issue. *Murphy v. Kellar*, 950 F.2d 290, 293 (5th Cir. 1992); *see also Danny B. ex rel. Elliott v. Raimondo*, 784 F.3d 825, 835 (1st Cir. 2015) ("A district court may not impose discovery restrictions that preclude a suitor from the legitimate pursuit of evidence supporting a claim."). The Fifth Circuit cited both of those holdings in this case. *Rigsby*, 794 F.3d at 468.

Furthermore, courts have held that a trial judge should not defer to the representations of a party in exercising control over adversarial litigation. In *Weahkee v. Norton*, 621 F.2d 1080, 1082 (10th Cir. 1980), for example, a plaintiff in an employment dispute objected to an order

denying his motion to compel production of personnel files.  The defendant insisted that even if the plaintiff had a right to those records, the "pertinent documents" were part of an existing administrative record and thus available to the plaintiff without the need for discovery.  *Id.* at 1082-83.  The Tenth Circuit disagreed, holding that "[t]o accept the EEOC's evaluation that the 'pertinent documents' were available would thus be to abdicate control of the discovery process to one of the adversaries involved in the dispute." *Id.* at 1083.  The court reversed the district judge's ruling, reasoning that "[e]rroneous denial of discovery is ordinarily prejudicial." *Id.*

The Rigsbys and State Farm have not agreed on much in this case, but they have agreed that Judge Senter's list criteria are ambiguous and inherently subjective.  For example, as even the Magistrate Judge's Order acknowledged, the August 2009 Order does not define the term "cabana" (which likewise does not appear in FEMA Directive W-5054), yet Judge Senter authorized State Farm to omit houses that Katrina rendered "cabanas" when identifying responsive claims on the List.  Aug. 2009 Order at 1-2; M.J. Order at 4.  State Farm itself admitted this point in correspondence with Judge Senter, conceding that application of the list criteria "necessarily involved the application of judgment in order to determine whether a given property met each of the Court's criteria."  Letter from R. Galloway to Hon. L.T. Senter at 1 (Apr. 13, 2010) [ECF No. 1417-2].  State Farm also admitted that this subjective analysis is subject to "human error," which has led State Farm repeatedly to revise its List over the past nine years.  *Id.* (revising list in April 2010); *see also* SF's Br. re Scope of Prospective Disc. at 6 n.6 (Feb. 22, 2016) [ECF No. 1260].

Despite these legitimate causes for concern over the completeness of State Farm's List, the Magistrate Judge's Order denies the Rigsbys the opportunity for discovery into the existence of other responsive claims based solely on the representations of State Farm's counsel that there

are none.  *See* M.J. Order at 3, 4.  The Magistrate Judge errs because he fails to give due regard

to the realities of litigation and the role attorneys play in the process, and he wrongly suggests

that permitting discovery would be tantamount to suggesting that State Farm's attorneys were

less than forthright when they compiled the list.  State Farm's attorneys have an obligation to

represent their client zealously.  *See, e.g.*, Miss. R.P.C. 1.3 cmt.  In this context, they can be

expected to construe any ambiguities in Judge Senter's criteria narrowly to minimize State

Farm's potential liability.  In contrast, the Rigsbys' attorneys have an obligation to fight for the

ambiguities in those same criteria to be construed broadly enough to capture all of State Farm's

potential fraud.  The Magistrate Judge's role, then, should have been to do what courts in our

adversarial system are designed to do—allow discovery, provide both sides a fair opportunity to

be heard, and then based on evidence (not one sides' bald assertions) decide which properties are

at issue.

The Magistrate Judge did just the opposite.  He denied the Rigsbys any opportunity to

conduct discovery into how State Farm interpreted and applied Judge Senter's criteria to omit

properties from the List.  His Order deprived the Rigsbys of any meaningful opportunity to

challenge State Farm's expectedly tilted interpretations.  Ultimately, the Magistrate Judge erred

by abdicating to State Farm's attorneys his responsibility to decide the propriety of those

interpretations.  Such abdication would be improper in any case, but it is particularly improper

here, because State Farm already is a proven fraudfeasor with hundreds of millions of dollars of

potential liability.

The error in the Magistrate Judge's ruling is contrary to how discovery is conducted

under the Federal Rules of Civil Procedure regarding every other issue.  This Court would not

bar a litigant from serving a request for production of documents simply because opposing

counsel had denied liability in an answer or a written interrogatory response.  Indeed, the very purpose of the discovery apparatus is to enable litigants to test the representations of parties and their counsel by seeking and reviewing relevant documents.  *See, e.g.*, *Campbell v. Facebook Inc.*, 310 F.R.D. 439, 449 (N.D. Cal. 2015) ("While Facebook may have provided detailed responses to Plaintiffs' interrogatories … Plaintiffs have a right to verify" that information through depositions); *Boone v. PCL Constr. Servs.*, No. CIV 05-24(MJDJGL), 2005 WL 1843354, at *5 (D. Minn. Aug. 2, 2005) (noting that "discovery will allow" plaintiffs "to test [defendant's employee's] representations" made in affidavit).  Yet the Magistrate Judge's Order erroneously allows State Farm to set the bounds of discovery into the scope of its proven fraud simply by offering counsel's assurances that they have identified the bounds of that fraud faithfully.

**B.     Discovery into the Scope of State Farm's Fraud is not Collateral Discovery.**

The Magistrate Judge's Order misunderstood the significance of the List and applied the wrong legal standard by dismissing the Rigsbys' request as a demand for "discovery about discovery."  M.J. Order at 4 (citing *Commins v. NES Rentals Holdings, Inc.*, No. 3:16CV-00608-GNS, 2018 WL 3186983, at *9 (W.D. Ky. June 28, 2018) (discussing standard for discovery "collateral to the relevant issues"); *Catlin v. Wal-Mart Stores, Inc.*, No. 0:15-cv00004-DWF-KMM, 2016 WL 7974070, at *1 (D. Minn. Sept. 22, 2016) (same)).  Courts have held that such discovery requires a showing of an adequate factual basis and is strongly discouraged by the courts.  *See id.*  Yet the composition of the List is not "collateral to the relevant issues," but rather goes to the heart of this case: where and how often State Farm defrauded the federal government.

The Rigsbys are entitled to conduct discovery on "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ.

P. 26(b)(1).  The official comment to Rule 26's 2015 amendment confirms that such discovery

still includes "the existence, description, nature, custody, condition, and location of … any

discoverable matter," noting that "[d]iscovery of such matters is so deeply entrenched in practice

that it is no longer necessary to clutter the long text of Rule 26 with these examples."  Fed. R.

Civ. P. 26 Advisory Comm. Note to 2015 Am.  Moreover, courts including the Fifth Circuit

repeatedly have held that courts should allow liberal discovery in False Claims Act cases into the

scope of a defendant's fraud within an alleged scheme.  *United States ex rel. Grubbs v.*

*Kanneganti*, 565 F.3d 180, 185, 190 (5th Cir. 2009); *see also In re Xarelto (Rivaroxaban) Prods.*

*Liab. Litig.*, 314 F.R.D. 397, 408 (E.D. La. 2016) ("As a rule … Rule 26 is broadly interpreted to

achieve the … goal of 'adequately informing litigants in civil trials.'").

The existence of additional claims within the scope of State Farm's fraudulent scheme

falls clearly within this standard.  This Court has adopted the criteria set by Judge Senter in

August 2009 to set the bounds of this case for now.  Discovery into what claims fall within those

bounds is not "collateral to the relevant issues."  It is one of the most relevant issues left to

adjudicate in this case.  By ignoring that fact and applying the more searching standard reserved

for "discovery about discovery," the Magistrate Judge clearly erred.  His Order should be

modified or set aside, and the Court should allow the Rigsbys to seek discovery into the

existence of additional claims that meet Judge Senter's list criteria.

**II.     The Magistrate Judge's Order Erred in Excusing State Farm's Privilege Abuses.**

The Magistrate Judge's Order erred in overlooking and excusing State Farm's improper

invocations of privilege to shield hundreds of thousands of pages of claim file records from

production pursuant to the June 2017 Order.  The Magistrate Judge's Order failed even to

acknowledge State Farm's repeated failures to supply in its privilege logs even the most basic

information required by the Federal Rules of Civil Procedure and the Local Uniform Civil Rules

of this Court.  It also ignored without explanation controlling law, prior decisions in this case, and State Farm's own admission to excuse State Farm's improper bulk logging pursuant to a nonexistent "litigation or mediation" privilege.  M.J. Order at 5.

   **A.    The Magistrate Judge Failed to Address the Lack of Required Information Supporting State Farm's Privilege Assertions.**

   The Fifth Circuit has held that "[a] party asserting a privilege … bears the burden of demonstrating its applicability."  *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001). Parties asserting privilege must "expressly make the claim[] and … describe the nature of the documents … not produced … in a manner that … will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A).  Local rules require explicitly that a privilege log include "at least the … name of the document …; description of the document …, which … must include[] each … element of the privilege … asserted; date; author(s); recipient(s); and nature of the privilege." L.U.Civ.R. 26(e).

   State Farm amended its privilege logs after receiving the Rigsbys' motion to compel, but its revised logs still lack the most basic information required by the Rules of Civil Procedure and local rules.  In fact, the operative privilege logs—which the Magistrate Judge has approved as adequate—do not even contain a column in which to indicate who created, sent, received, or collected *any* document.  They do not establish whether an attorney was an author or recipient of the withheld document.  They do not disclose whether the document was sent to a third party. They do not even begin to identify the kinds of information that could warrant a privilege.  These deficiencies render the logs inadequate on their face under the Federal Rules and the Uniform Local Civil Rules and thus incapable of supporting State Farm's assertions of privilege.

   The Magistrate Judge's Order did not even acknowledge this issue.  Although the order required State Farm to produce certain categories of withheld material and ruled that others are

beyond the scope of the present inquiry (*see* discussion *infra*, Part II.B), State Farm will need to prepare revised privilege logs for those claim file materials that it continues to withhold after complying with the order.  By failing to address the egregious insufficiency of State Farm's prior logs, the Magistrate Judge's order has given State Farm tacit permission to continue its rampant violation of controlling law and the local rules.  This Court should reject that erroneous result and rule that State Farm has forfeited all its privilege claims by failing repeatedly to justify them pursuant to applicable rules or, at the very least, order State Farm to comply with the requirements of Local Rule 26(e) in preparing revised privilege logs.

>    **B.    The Magistrate Judge Erred by Authorizing State Farm to Bulk Log Documents Relating to Litigation and Mediation.**

The Fifth Circuit has held that privilege "may not be tossed as a blanket over an undifferentiated group of documents.  The privilege must be specifically asserted with respect to particular documents."  *United States v. El Paso Co.*, 682 F.2d 530, 539 (5th Cir. 1982) (internal citations omitted); *see also E.E.O.C. v. HWCC-Tunica, Inc.*, No. 2:07CV171-B-A, 2008 WL 4533906, at *2 (N.D. Miss. Oct. 6, 2008) ("[E]ach individual document that has an attached privilege must meet the[] minimum requirements" of Local Uniform Civil Rule 26).  The Magistrate Judge specifically rejected State Farm's prior attempt at bulk logging in this case when State Farm submitted a privilege log with only three entries to justify its withholding of approximately 8,000 pages of documents involving the McIntosh claim.  A prior order by the Magistrate Judge in this case found that "State Farm's … privilege log does not provide a sufficient description of the documents to permit Relators or the Court to determine whether State Farm has withheld the information for valid reasons."  Order Granting in Part Mot. Compel at 2 (Apr. 24, 2012) [ECF No. 944].  That decision on this issue constitutes the law of the case and should not be revisited.  *See Pepper v. United States*, 562 U.S. 476, 506 (2011).

State Farm has violated these edicts, aggregating into only 311 privilege log entries approximately 118,000 pages of records, with many individual log entries spanning hundreds or even thousands of pages.  *See, e.g.*, Privilege logs for claim nos. 24-Z44-490 and 24-Z458-456 [ECF Nos. 1348-3 and 1348-4].  As with all State Farm's log entries, these bulk entries also fail to identify the relevant documents' dates, senders, recipients, general substance, or the circumstances justifying the privilege claims.  *See* discussion *supra*, Part II.A.

The Magistrate Judge's Order excuses State Farm's impermissible bulk logging on two grounds.  First, the order says that "it does not appear that litigation or mediation files would contain discoverable information or fit within the category of 'claim files' for purposes of the Court's June 22, 2017, order."  M.J. Order at 5.  The Magistrate Judge reasoned that because "State Farm is under no present obligation to produce" litigation or mediation files, its bulk logging was harmless.  *Id.*  Second, the Magistrate Judge further denied the Rigsbys' motion "[t]o the extent Relators seek information or documents categorized as privileged by virtue of litigation or mediation."  *Id.*  Both justifications are clearly erroneous.

The Magistrate Judge's central premise for this ruling—his determination that litigation or mediation files would not contain discoverable information—is plainly wrong.  As the Fifth Circuit noted and this Court knows well, this case is about State Farm's fraudulent submission of false flood insurance claims to the federal government for Hurricane Katrina damage.  457 F.3d at 462.  Yet the Magistrate Judge has concluded that documents pertaining to prior disputes about the proper assessment of those very insurance claims are not even "relevant to any party's claim or defense" in this case.  Fed. R. Civ. P. 26(b)(1); *accord* M.J. Order at 5.  The Magistrate Judge offered no explanation for this conclusion, and it is hard to imagine one, given that the litigation and mediation files at issue relate to the disposition of disputes over State Farm's

handling of the very claims that State Farm itself has identified as being within the potential scope of its fraudulent scheme.

The Magistrate Judge's determination that State Farm is under no present obligation to produce litigation or mediation files likewise does not resolve the matter.  State Farm itself has admitted that these documents are responsive to the Court's June 2017 Order by logging them. The June 2017 Order required State Farm to produce "copies of the claim files … for the properties on the *in camera* List."  State Farm has admitted that its litigation and mediation records are part of its claim files (and therefore within the scope of the June 2017 Order) by logging them.  By ruling that litigation and mediation records that State Farm admits were part of its "claim files" do not "fit within the category of 'claim files,'" the Magistrate Judge's ruling was clearly erroneous.

The Magistrate Judge's related determination that State Farm can withhold documents that it has "categorized as privileged by virtue of litigation or mediation" also is clear error.  M.J. Order at 5.  On the contrary, no privilege allows State Farm to withhold documents related to litigation or mediation categorically.  The attorney-client privilege "protects communications made in confidence between a client and his lawyer for the purpose of obtaining legal advice." *Wachob Leasing Co. v. Gulfport Aviation Partners, LLC*, No. 1:15-CV-237-HSO-RHW, 2016 WL 10537556, at *4 (S.D. Miss. Oct. 18, 2016) (citing *Hodges, Grant & Kaufmann v. U.S. Gov't Dep't of the Treasury, I.R.S.*, 768 F.2d 719, 720 (5th Cir. 1985)).  The work-product doctrine "protects from disclosure documents prepared in anticipation of litigation by a party or its representative."[4]  *Id.* (citing *Hickman v. Taylor*, 329 U.S. 495 (1947); Fed. R. Civ. P.

---

[4] The only blanket "litigation privilege" of which the Rigsbys are aware provides individuals with immunity for allegedly defamatory statements made in the course of judicial proceedings and is plainly inapplicable in this context.  *See Virginia Coll., LLC v. Martin*, No. 3:11CV682 DPJ-FKB, 2012 WL 2873888, at *3 (S.D. Miss. July 12, 2012).

26(b)(3)(A)).

Many items pertaining to litigation or mediation of State Farm's insurance claims would not fall within the scope of these privileges. Publicly-filed documents, exhibits, deposition transcripts, and correspondence with opposing counsel, for example, are not privileged. The Magistrate Judge has clearly erred in permitting State Farm to withhold such documents categorically "by virtue of litigation or mediation." M.J. Order at 5. If any documents, or parts of documents, within State Farm's claim files are protected by attorney-client privilege or the work-product doctrine, however, State Farm is entitled to withhold those documents, or portions thereof. Yet these privileges "must be specifically asserted with respect to particular documents" in compliance with the federal and local rules. *United States v. El Paso Co.*, 682 F.2d 530, 539 (5th Cir. 2015) (internal citations omitted).

By allowing State Farm to log *en masse* thousands of documents as part of a "litigation file" without giving any indication that the documents were communications with counsel or protected by the work-product doctrine, the Magistrate Judge erroneously created an unprecedented new blanket privilege contrary to settled law and prevented both this Court and the Rigsbys from assessing the legitimacy of State Farm's privilege assertions.

## III. The Magistrate Judge Ruled Correctly that State Farm may not Rely on Mississippi Insurance Department Regulations to Withhold Claim Records, but His Ruling Nevertheless Contains Errors that this Court Should Correct.

State Farm withheld or redacted more than 23,000 pages of claim file materials that span more than 1,200 privilege log entries pursuant to Mississippi Code Section 83-5-209, which creates a limited protection for records created or exchanged in connection with a Mississippi Insurance Department ("MID") market conduct examination.[5] The Rigsbys explained, however,

---

[5] State Farm also cited MID Regulations 2001-1, 2001-2, and 2000-7 in support of these privilege assertions, which the Court rejected and are not at issue here.

that this protection applies only to MID's own records, not to State Farm's.  *See* Pr. Br. at 16-18.

The Magistrate Judge ruled correctly that State Farm cannot withhold claim file materials simply

by claiming that it later sent that information to MID in the course of a market conduct

examination.  M.J. Order at 7.  Yet the Magistrate Judge's Order indicates that the statutory

protection may extend to certain other State Farm records not presently at issue and contains a

potentially ambiguous qualification that could be read to nullify his order directing State Farm to

produce all responsive claim file materials.  The Rigsbys object to the order only on those

limited grounds.

> **A.      The Magistrate Judge's Order Left Ambiguity About Whether MID**
> **Regulations Extend to Claim File Data.**

The Magistrate Judge ruled that:

> Relators' motion … is granted … to the extent that State Farm should
> produce documents or information withheld pursuant to … Miss. Code
> Ann. § 83-5-209 … *except that* State Farm is not required to produce
> information, materials, or documents created, produced or obtained by or
> disclosed to State Farm specific to the insurance examination process …
> or [MID's] analysis of State Farm's financial condition or market conduct.

*Id.* at 7-8 (emphasis in original).  The Magistrate Judge's Order did not clearly explain the scope

of the qualifying language that exempts from production documents "specific to the insurance

examination process," however.  State Farm has argued that this language could be read to

suggest that *any* information disclosed by State Farm to MID during a market conduct

examination is protected, even if that information was created originally for an entirely different

purpose.  *See* Mem. Opp. to Mot. Compel at 9-11 (Feb. 26, 2018) [ECF No. 1363].

The Rigsbys explained in their motion papers that such a reading is inconsistent with

well-established law governing legal privilege.  For example, a party cannot render a document

privileged simply by "being passed from client to lawyer."  *United States v. Robinson*, 121 F.3d

971, 975 (5th Cir. 1997).  Nor can State Farm shield records from disclosure in litigation simply

by sending them to MID during market conduct examinations.  The Magistrate Judge appears to agree with this point, as he explained:

> Presumably, State Farm gathered information and created documents about its policyholders for purposes of insuring them and/or adjusting their policy claims prior to or independent of any examination or analysis by the commissioner of insurance.  The fact that State Farm provided the same information or documents to the commissioner during an examination or analysis does not necessarily preclude State Farm from producing in discovery the previously gathered information.  *The mere fortuity of later disclosure to the commissioner as part of an insurance examination process or analysis does not create a privilege where none previously would have existed.*

M.J. Order at 7 (emphasis added).  Accordingly, information in State Farm's claim files, which was created in the first instance for the purpose adjusting insurance claims, cannot be shielded from discovery simply by virtue of later transmission to MID.  Because, as the Magistrate Judge has noted, State Farm presently is obligated only to produce records from its claim files, there presumably should be no data withheld from those files on the basis of Section 83-5-209.  Insofar as the Magistrate Judge's order allows State Farm to withhold claim file materials that were later transmitted to MID, however, then that order is clearly erroneous.

### B. The Magistrate Judge's Order Erred in Suggesting that any State Farm Records are Subject to Protection under Section 83-5-209.

Although the Rigsbys understand the Magistrate Judge's Order to say that State Farm's claim file records fall beyond the scope of Section 83-5-209's protection, the Magistrate Judge ruled erroneously that other materials created by State Farm specifically for the purpose of an MID market conduct examination might be protected.  *See id.* at 7.  As an initial matter, this ruling addresses issues not presently before the Court, as the Rigsbys' motion to compel addresses Section 83-5-209's application only to State Farm's claim files.  Furthermore, as the Rigsbys have shown, the statute protects only MID's own records, not those held by State Farm.

Section 83-5-209 provides:

> [D]ocuments, materials or other information, including, but not limited to,
> all working papers, and copies thereof, created, produced or obtained by or
> disclosed to the commissioner or any other person in the course of an
> examination made under Sections 83-5-201 through 83-5-217, or in the
> course of analysis by the commissioner of the financial condition or
> market conduct of a company, shall be confidential by law and privileged,
> shall not be subject to the Mississippi Public Records Act, shall not be
> subject to subpoena, and shall not be subject to discovery or admissible in
> evidence in any private civil action.   The commissioner is authorized to
> use the documents, materials or other information in the furtherance of any
> regulatory or legal action brought as part of the commissioner's official
> duties.

Miss. Code Ann. § 83-5-209 (2018).  The statute on its face applies these protections to

documents "created, produced or obtained by or disclosed to" MID, not to copies of those

records in the possession of private insurers.  *Id.*  Yet the Magistrate Judge's Order suggests

without explanation that because the statute uses the phrase "any other person" in describing

protected documents that the statute must extend beyond MID's own records to those in State

Farm's possession.  M.J. Order at 7.

On the contrary, the statute's legislative history confirms its application exclusively to

MID records.  Before its amendment in 2013, the statute provided:

> All working papers, recorded information, documents and copies thereof
> produced by, obtained by or disclosed to the commissioner or any other
> person in the course of an examination made under Sections 83-5-201
> through 83-5-217 may be held by the commissioner as a record not
> required to be made public under the Mississippi Public Records Act.

Miss. Code Ann. § 83-5-209 (2013).  Yet during the Mississippi Legislature's debate on the bill

that would amend Section 83-5-209, the bill's principal sponsor made clear that the change was

not intended to extend the statute's protections to records held by private insurers.  To the

contrary, the amendment was intended to protect "*internal documents* within the Department [of

Insurance]."  *HB534*, Mississippi College School of Law Legislature History Database,

http://law.mc.edu/legislature/bill_details.php?id=1261&session=2013 (select first video) at 2:56-

3:15.  Indeed, the bill's sponsor was explicit that "***all documents would be subject to subpoena***

***power through the [insurance] company***."  *Id.* at 14:23-14:27 (emphasis added).  When asked

again, "is there anything in this bill that would protect documents from discovery in litigation

that are not currently protected from discovery in litigation," the sponsor identified just one

thing: "the internal work product of our commissioner of insurance."  *Id.* at 17:30-18:04.  The

Magistrate Judge ignored legislative intent when it misconstrued Section 83-5-209 to limit in any

way the appropriate scope of discovery on insurance companies like State Farm.

**IV.    The Magistrate Judge's Order Mischaracterized the Context of the Parties' Dispute
         about Electronic Metadata.**

The Magistrate Judge's Order mischaracterized the relevant facts in deferring judgment

on the Rigsbys' motion to compel the production of electronic metadata contained within State

Farm's claim file documents.  State Farm failed to produce claim file metadata associated with

its now-retired Claims Service Records ("CSR") database and suggested to the Rigsbys in pre-

motion conferral correspondence that it had not retained claims data from CSR after retiring that

system in 2012 and migrating to a new electronic claims management system, the Electronic

Claim System ("ECS").  The Rigsbys demanded that State Farm either produce the relevant CSR

metadata or account for its spoliation.  Pr. Br. at 20-24.

State Farm confirmed for the first time in its opposition to the Rigsbys' motion to compel

that it had retained all claim file metadata from CSR and had transitioned that information to the

current ECS database.  Yet State Farm never explained its failure to produce that electronic claim

file data to the Rigsbys when it complied with the Court's June 2017 Order.  The Rigsbys

explained in their reply brief that State Farm should produce the relevant claim file metadata

from ECS and asked the Court to direct the parties to confer on the best way to do so.  Indeed,

the Rigsbys noted in their reply brief State Farm's expressed willingness to engage in such

conferral.  Reply Supp. Mot. Compel at 10 (Mar. 12, 2018) [ECF No. 1369].

The Magistrate Judge's Order mischaracterized this procedural history, noting that the Rigsbys sought access to metadata from ECS for the first time in their reply brief but failed to acknowledge that this was only because State Farm revealed for the first time in its opposition brief that it had preserved the original CSR metadata in ECS.  M.J. Order at 11.  The Magistrate Judge's Order also declined to resolve the substantive issue with respect to State Farm's production, ruling that "[i]t was not the Court's intention to get into technical disputes and battles between experts about … metadata" and that "[w]hether Relators are entitled to a spoliation sanction is a matter for the trial judge to resolve at a future date."  *Id.* at 10-11.

The Rigsbys object to the Magistrate Judge's Order insofar as it may be construed to deny the Rigsbys access to this metadata in response to future discovery requests.  Such a characterization of the Magistrate Judge's Order would be inconsistent with Federal Rule of Civil Procedure 34 and applicable case law.  The Federal Rules require that "a party must produce documents as they are kept in the usual course of business."  Fed. R. Civ. P. 34(b)(2)(E)(i).  Courts have held that this obligation extends specifically to metadata, "electronically-stored evidence that describes the 'history, tracking, or management of an electronic document.'"  *Aguilar v. Immigration & Customs Enf't Div. of U.S. Dep't of Homeland Sec.*, 255 F.R.D. 350, 354 (S.D.N.Y. 2008); *see also* Fed. R. Civ. P. 26 Cmt.  Indeed, this Court's local rules specifically recognize the importance of metadata by specifically requiring parties to discuss it during initial Rule 26(f) conferences.  *See* L.U.Civ.R. 26(f)(2)(B)(v).  To the extent the Magistrate Judge's Order rules that the Rigsbys are not entitled to this information in discovery—as opposed to simply deferring the issue for a later date—it has offered no explanation for disregarding the foregoing authority and the Magistrate Judge's Order should be

modified or set aside as clearly erroneous.

Regardless, Consistent with the Magistrate Judge's apparent preference to defer judicial resolution of this issue, and as noted in their reply brief, the Rigsbys have conferred and will continue to confer with State Farm in an effort to narrow the scope of their dispute and to determine in good faith a mutually agreeable way for State Farm to provide relevant access to sufficient metadata.

## **CONCLUSION**

For the foregoing reasons, this Court should modify or set aside the aforementioned parts of Magistrate Judge Walker's Order Granting in Part and Denying in Part the Rigsbys' Motion to Compel [ECF No. 1416].

Respectfully submitted on this 2nd day of October, 2018.

/s/ August J. Matteis, Jr.

August J. Matteis, Jr. (admitted *pro hac vice*)
amatteis@wmclaw.com
William E. Copley (admitted *pro hac vice*)
wcopley@wmclaw.com
Pamira Shah Matteis (admitted *pro hac vice*)
pmatteis@wmclaw.com
Derek Y. Sugimura (admitted *pro hac vice*)
dsugimura@wmclaw.com
Matthew S. Krauss (admitted *pro hac vice*)
mkrauss@wmclaw.com
William E. Jacobs (admitted *pro hac vice*)
wjacobs@wmclaw.com
WEISBROD MATTEIS & COPLEY PLLC
1200 New Hampshire Ave., N.W., Suite 600
Washington, D.C. 20036
Tel:  (202) 499-7900

C. MAISON HEIDELBERG, MB #9559
mheidelberg@whjpllc.com
GINNY Y. KENNEDY, MB #102199
gkennedy@whjpllc.com
WATSON HEIDELBERG JONES PLLC
2829 Lakeland Drive
Mirror Lake Plaza
Suite 1502
Flowood, Mississippi 39232
Tel: (601) 939-8900

*Attorneys for Cori Rigsby and Kerri Rigsby*

## <u>CERTIFICATE OF SERVICE</u>

I, August J. Matteis, Jr., attorney for Cori Rigsby and Kerri Rigsby, do hereby certify that

I have this 2nd day of October, 2018, caused the foregoing document to be filed with the Court's

CM/ECF system, which will cause notice to be delivered to all counsel of record.


/s/      August J. Matteis, Jr.___