UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA ex rel.
CORI RIGSBY and KERRI RIGSBY          RELATORS/COUNTER-DEFENDANTS


VERSUS                                CIVIL ACTION NO. 1:06CV433-HSO-RHW


STATE FARM FIRE AND CASUALTY COMPANY   DEFENDANT/COUNTER-CLAIMANT

## ORDER GRANTING IN PART MOTION TO QUASH OR FOR PROTECTIVE ORDER

Before the Court is Relators Cori and Kerri Rigsby's (Rigsbys) motion to quash

subpoenas or for a protective order.  Doc. [1433].  At issue are subpoenas issued by Defendant

State Farm Fire and Casualty Company (State Farm) to Richard Scruggs, David Scruggs, and

SLF, Inc. (Scruggses) requesting production of documents and information related to State

Farm's counterclaim against the Rigsbys.  At one time, the Scruggses simultaneously employed

and represented the Rigsbys in their *qui tam* action against State Farm filed pursuant to the False

Claims Act, 31 U.S.C. §§ 3729-3730.  Eventually, Richard and David Scruggs withdrew from

representing the Rigsbys.  The Court later disqualified other Scruggs-affiliated attorneys.  In its

counterclaim, State Farm alleges that while represented by the Scruggses, the Rigsbys

misappropriated State Farm documents and gained unauthorized access to State Farm systems.

The Rigsbys assert standing to object to production of their former attorneys' files based on

attorney-client and attorney work-product privileges.  State Farm counters that the arguments

raised by the Rigsbys have been considered and rejected by previous orders of this Court, both in

the instant litigation and in the related lawsuit *McIntosh v. State Farm Fire & Cas. Co.*, Civil

Action No. 1:06cv1080.

State Farm does not appear to dispute whether the Rigsbys have standing to assert

privileges over documents in possession of their former attorneys.  However, State Farm argues

that the Rigsbys' broad, general assertions of privilege are insufficient to meet their burden.

State Farm further argues "the appropriate response is for those recipients to produce privilege

logs. . . not for the Court to quash the subpoenae."  Doc. [1444] at 6.  State Farm recognizes that

"the Rigsbys cannot describe the exact nature of potentially privileged documents not in their

possession", nor can the Court "broadly declare documents that have not been identified to be

privileged and quash requests on those grounds."  *Id.* at 11.  Rather, State Farm contends that the

Rigsbys should provide "some level of description" of the documents in question.  *Id.*  State

Farm asserts that it cannot adequately respond to the Rigsbys' blanket assertion of privilege

"[a]bsent specific information regarding the nature of the supposed privilege documents".  *Id.* at

12.  As alternative relief, the Rigsbys also argue that they should "have an opportunity to review

the documents before production in order to preserve and assert their own privilege claims."

Doc. [1434] at 24.  Thus, as alternative relief, they request an "order that the Scruggses first

produce their records to the Rigsbys' current counsel so that current counsel can assert privileges

to the material produced on the Rigsbys' behalf."  *Id.*

The Court casts back to a much earlier order addressing these same documents.  The

Rigsbys filed a motion for leave to obtain documents from the Scruggses.  Doc. [204].  State

Farm opposed the motion.  In an order dated August 14, 2008, U.S. District Judge L.T. Senter,

who then presided over the lawsuit, pointed out that

> [t]he files maintained by Relators' disqualified counsel and the
> documents they contain belong to the Relators.  The
> disqualification of their first counsel of choice does not divest the
> Relators of the ownership of their own files.  Upon request, the
> disqualified counsel would be legally obligated to turn these files
> over to the Relators

Doc. [210] at 1.  Judge Senter declined to advise counsel for the Rigsbys whether it would be

appropriate to communicate with the Rigsbys' former counsel or to obtain and review the

documents in the Scruggses' possession.  *Id.* at 2.  Rather, he stated "counsel may proceed as

they see fit."  *Id.*  Consistent with Judge Senter's prior order, the undersigned declines to order

the Scruggses to produce to the Rigsbys their client files.  However, if the Rigsbys wish to assert

privileges with respect to their client files, then the Rigsbys may request the files from the

Scruggses and, after reviewing the documents, produce a privilege log to State Farm.

Accordingly, the motion for protective order is granted in part, to permit the Rigsbys an

opportunity to obtain and review their client files, if they so choose.  The Rigsbys' privilege log

must be produced to State Farm by March 29, 2019.  If the Rigsbys decline the opportunity to

produce a privilege log by March 29, 2019, then State Farm may seek an order compelling

production of the Rigsbys' client files from the Scruggses.

IT IS THEREFORE ORDERED AND ADJUDGED that Relators' [1433] Motion to

Quash or for Protective Order is GRANTED in part and DENIED in part, subject to the

provisions outlined in this Order.

SO ORDERED AND ADJUDGED, this the 12th day of February 2019.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE

3