IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

STATE FARM FIRE AND CASUALTY
COMPANY                                                    PETITIONER

v.                                        CASE NO. 3:19MC008-RP

RICHARD SCRUGGS, DAVID ZACHARY
SCRUGGS, and SLF, INC.                                    RESPONDENTS

STATE FARM'S MOTION TO COMPEL
COMPLIANCE BY RICHARD SCRUGGS, DAVID SCRUGGS
AND SLF, INC. WITH SUBPOENAS DUCES TECUM [1421-1, 1421-2 & 1421-3]

Counter-Plaintiff State Farm Fire and Casualty Company ("State Farm") submits this

motion to enforce Subpoenas Duces Tecum ([1421-1, 1421-2 & 1421-3]) ("SDTs") that State

Farm Issued to Richard "Dickie" Scruggs, David Zachary ("Zach") Scruggs, and SLF, Inc.[1]

(collectively, the "Scruggses"), out of the underlying bifurcated counterclaim in *United States of*

*America ex rel. Cori Rigsby and Kerri Rigsby, Relators v. State Farm Fire and Casualty*

*Company, et al.*; United States District Court for the Southern District of Mississippi, Southern

Division; No. 1:06-cv-00433-HSO-RHW ("*Rigsby*"). State Farm would show:

1.      In an interrelated filing, on or about October 23, 2018, Counter-Defendants the

Rigsbys filed an alias proceeding in the Northern District, Oxford Division, seeking to quash the

same three subpoenas that are the subject of this motion. That alias proceeding was assigned to

Magistrate Judge Virden, and given case no. 3:18mc0022-JMV. On November 8, 2018,

Magistrate Judge Virden invoked her authority under Fed. R. Civ. P. 45(f) and transferred the

motion to quash to Magistrate Judge Walker in the underlying *Rigsby* counterclaim case in the

Southern Division of the Southern District, No. 1:06-cv-00433-HSO-RHW. ([10] Order Transf.

Mtn., Ex. 8 to Mtn.).

---

[1] SLF, Inc. is the corporate successor to The Scruggs Law Firm, P.A. (06-28-2010 Rule 30(b)(6)
Dp. of SLF, Inc. at 18:20-19:3, Ex. 2 to Mtn.)

2. On February 12, 2019, Magistrate Judge Walker entered an [1454] Order granting in part and denying in part the Rigsbys' motion to quash. ([1454] Order Granting in Part Motion to Quash or for Protective Order, Ex. 9 to Mtn.). Among other things, the [1454] Order authorized State Farm to seek an order compelling production of documents from the Scruggses if the Rigsbys declined the opportunity to produce a privilege log regarding any "client files" maintained by the Scruggses by March 29, 2019. *Id.* The Rigsbys did not produce such a privilege log by March 29, 2019.

3. Although the issues on the Rigsbys' motion to quash and the instant motion to compel are not completely identical, there is very substantial overlap, strongly justifying a Rule 45(f) transfer of this alias proceeding to Magistrate Judge Walker, in *Rigsby*, for consideration in connection with the highly interrelated motion to quash and the [1454] Order granting in part and denying in part that motion.

4. The damages State Farm seeks from the Rigsbys include disgorgement of their ill-gotten gains, a sum believed to be $2,198,00.95. The three subpoenas duces tecum are largely directed at obtaining further evidence to substantiate the Rigsbys' unjust enrichment. *See* (Chart detailing sums State Farm seeks the Rigsbys to disgorge at Ex. 16 to Mtn., [1232] *Rigsby*, State Farm's Third Amended Counterclaim at 64, ☐283.)

5. State Farm incorporates by reference its concomitant memorandum of authorities, including all argument, authority and evidence set forth therein.

6. State Farm also incorporates by reference and further relies on:

1, Verified Good Faith Certificate by Means of 28 U.S.C. § 1748 Declaration of E. Barney Robinson III with its exhibits:

Ex. 1, 11-26-2018 Ltr. From Mayo to Robinson (w/o exhibits)

Ex. 2, 01-09-2019 Ltr. From Robinson to Mayo

Ex. 3, 01-09-2019 4:07 p.m. E-mail from Mayo to Robinson

Ex. 4, 01-23-2019 10:02 p.m. E-mail from Mayo to Robinson

2, Excerpts from 06-28-2010 Rule 30(b)(6) Dp. of SLF, Inc.

3, [1194] *McIntosh* Order, No. 1:06cv1080-LTS-RHW[2]

4, [563] *McIntosh* Order, No. 1:06cv1080-LTS-RHW

5, [1196] *McIntosh* Order, No. 1:06cv1080-LTS-RHW

6, [911] *McIntosh* Order, No. 1:06cv1080-LTS-RHW

7, 08-04-2010 Deloach Dep. Excerpts

8, [10] Order Transferring Motion and Closing Case in USDC, ND, Oxford Div., No. 3:18mc0022-JMV

9, [1454] *Rigsby* Order, No. 1:06cv433-HSO-RHW

10, [490] *Rigsby* Order, No. 1:06cv433-LTS-RHW

11, [919] *McIntosh* Order, No. 1:06cv433-LTS-RHW

12, [1367] *Rigsby* Order, No. 1:06cv433-LTS-RHW

13, [667] *Rigsby* Order, No. 1:06cv433-LTS-RHW

14, [1437] *Rigsby* Stipulation, No. 1:06cv433-HSO-RHW

15, [592] *Rigsby* Order, No. 1:06cv433-LTS-RHW

16, [1232] *Rigsby*, State Farm's Third Amended Counterclaim at 64, ☐283

17, Excerpts from Transcript of 02-28-07 Hearing in Dennis Woullard v. State Farm Fire & Casualty Company, In the United States District Court for the Southern District of Mississippi, Civil Action No. 1:06cv1057-LTS-RHW

18, [1421] Rigsby Subpoenas at Issue

---

[2] It is important to point out that relevant to this motion are not only prior orders in *Rigsby*, but also certain orders from the related *McIntosh* case. Based on very similar facts and reasoning, the *Rigsby* Court has repeatedly held that its discovery rulings in *McIntosh* are persuasive authority for this case as that case involved the same property at issue in this Case.

For example, the *Rigsby* Court has previously stated in *this* case:

"[I]n the underlying *McIntosh* lawsuit, the Court already ruled on many of the discovery issues now in dispute." ([490] *Rigsby* Order at 2.)

The Court previously ruled in the *McIntosh* lawsuit that this type of information is discoverable. *See McIntosh* dkt. entry [563] at 5. It is equally discoverable in the present lawsuit." ([490] *Rigsby* Order at 4.)

"In determining the permissible scope of discovery, the Court relies on a previous [490] Order entered in this case and [563, 1194] Orders entered in *McIntosh v. State Farm Fire & Casualty*, Civil Action No. 1:06cv1080." ([667] *Rigsby* Order at 1.)

Thus, this Court's *McIntosh* discovery rulings are not only relevant, but highly persuasive authority for many of the issues on the instant motion. *See* ([667] *Rigsby* Order at 1-2) (compelling KLG production of materials ruled discoverable in *McIntosh*).

### MISS. UNIF. CIV. L. R. 37(B) SECTION
### General Objections

7. <u>General Objection 1.</u> In their first "General Objection," the Scruggses state that "[t]he subpoenas seek production of documents protected by attorney-client privilege, work product immunity, or joint defense or joint prosecution privilege. To the extent Respondents or Relators have previously asserted privilege or immunity as to any specific communications, Respondents adopt and incorporate those specific assertions of privilege or immunity." (Verif. Good Faith Certif. at Ex. 1, 11-26-2018 Ltr. From Mayo to Robinson.)

8. <u>Response to General Objection 1.</u> In that regard, the Scruggses have ignored Miss. Unif. Civ. L. R. 45(e), which provides matters relating to subpoenas "are governed by the procedural requirements that govern discovery motions." Those "procedural requirements" include Miss. Unif. L. Civ. R. 26(e), which requires a privilege log, which the Scruggses did not provide. *E.g.*, ([667] *Rigsby* Order at 2) ("If [non-party subpoena recipient] KLG determines that any responsive documents are subject to the attorney-client privilege, then it should prepare a privilege log reflecting such"). Further, they have failed to even identify by category what materials may be subject to any legitimate claim of privilege or Rule 26(b)(3) protection. Accordingly, this objection should be categorically rejected.

4

9.   General Objection 2. "The subpoenas are overbroad and vague and seek information previously requested from Respondents, or any of them, and impose an undue burden and expense on Respondents, all of whom are non-parties to this litigation. The passage of time has made response even more burdensome. SLF is not a law firm, and the Zach and Dick Scruggs are not practicing attorneys. As such, Respondents do not maintain and preserve potentially responsive documents as part of an ongoing law practice or business."

10.   Response to General Objection 3.  As explained above, first, in the January 9, 2019 conferral response letter – that the Scruggses' counsel has refused to read – State Farm made clear that it is not seeking a duplicative production.  Rather, only responsive materials *not* previously produced are sought.  Second, even if that were not the case, the Scruggses ignore the fact that *McIntosh* was a different case and that State Farm's counterclaim is bifurcated, with separate discovery proceedings and scope from those on the Rigsbys' FCA claims.

11.   General Objection 3. "The subpoenas seek documents not relevant to the claims and defenses in the underlying litigation, and which are not reasonably calculated to lead to the discovery of admissible evidence."

12.   Response to General Objection 3.  State Farm addresses these issues separately by each topic in the next section.

13.   General Objection 4. "Respondents object to producing any documents that contain Respondents' trade secrets or confidential commercial or financial information, or information of others that Respondents are obligated to keep confidential, in the absence of an appropriate protective order restricting the disclosure of such materials to prevent injury to Respondents, or others, and limiting the use of such information to this proceeding only."

14.     Response to General Objection 4. The Scruggses have failed to identify a single trade secret document that may be responsive to the SDTs.  In any event, there is a [406] Protective Order in this Action that the Scruggses could utilize to ameliorate any legitimate confidentiality concerns.

15.     General Objection 5  "The subpoenas fail to provide sufficient time for Respondents to identify, retrieve, review, and produce responsive documents and seek documents not in Respondents' possession, custody or control."

16.     Response to General Objection 5.  The Scruggses have had since October 9, 2018 to comply, far more than sufficient time.  ([1421-1, 1421-2 & 1421-3] Rigsby.)

17.     General Objection 6. "Respondents object to the extent the subpoenas require Respondents to search for or attempt to recover or restore deleted e-mails or other files or file parts, or to undertake electronic e-mail or document searches not based on key words (e.g., names of persons or entities, e-mail address data) reasonably designed to identify responsive documents. Respondents also object, on the same grounds, to producing any documents they (or any of them) have previously produced to State Farm. The effort required to identify, retrieve, review and produce responsive documents imposes an undue burden and expense on Respondents."

18.     Response to General Objection 6.  The Scruggses have not offered any evidence that any responsive ESI is not reasonably accessible.  Further, the SDT topics do contain "key words" that could be used for word searches.

19.     General Objection 7.  "State Farm already possesses documents it requests, and to any extent State Farm does not already possess responsive documents, such documents are equally available from parties or from other persons directly related to the underlying litigation.

The subpoenas are therefore unreasonably broad, unnecessarily duplicative, burdensome, and vexatious."

20.    <u>Response to General Objection 7</u>.  State Farm has made clear it is not seeking a duplicative production.  Rather, only responsive materials not previously produced are sought. However, in many instances, State Farm does not know what it does not have.  In some instances, however, it does know that certain responsive and discoverable materials have not been previously produced, for example, the billing and payment records for the over $1,000,000 in attorneys' fees Scruggs paid on their behalf, materials to which it is entitled.  E.g., (08-04-2010 Deloach Dep. at 44-46, Ex. 7 to Mtn.)

21.    <u>General Objection 8</u>.  "Respondents incorporate by reference the foregoing general objections as to each category of documents requested, as if fully set forth."

22.    <u>Response to General Objection 8</u>.  State Farm incorporates by reference its responses to the specific objections discussed below.

<div align="center">Specific Objections</div>

<u>Specific Objections 1-3.</u>

1.    The subpoenas define SLF and SKG so broadly as to apply to a number of persons who may possess responsive documents not in Respondents' possession, custody or control. Also, as we informed State Farm in response to the 2010 and 2008 subpoenas, Respondents no longer hold much of the information Scruggs Law Firm and Scruggs Katrina Group once held. This fact increases the burden on Respondents, especially insofar as State Farm already has much of the information it requests, having received it from Respondents and other sources.

2.    Request Nos. 1, 2, 5, 6, and 7, either directly or indirectly seek communications among various law firms regarding numerous topics. These requests are overly burdensome and beyond the scope of relevant discovery, as they could require a search of all communications among counsel, most of which communications would be subject to attorney-client privilege, or work product immunity. While State Farm attaches McIntosh Order [Doc. 1194] to its subpoenas and refers to the Court's finding that the attorney-client privilege and work product immunity do not apply to certain documents, State Farm's requests exceed the scope of the McIntosh Order. Further, Relators and Respondents produced documents to State Farm in McIntosh consistent with the Court's ruling.

<div align="center">7</div>

3.     Request Nos. 1-6, 8, 10-15 are unlimited in time (or limited only as to the date from which the request commences in August 2005) and are therefore overly broad, unduly burdensome and expensive, and not reasonably calculated to lead to discovery of admissible evidence. As Judge Walker stated in his March 2, 2018 Order:

> The factual allegations relating to State Farm's counterclaim cover a timeframe beginning in October 2005 (when Relators allegedly began to misappropriate information) and ending April 4, 2008 (when the Court entered an order disqualifying members of the Scruggs Katrina Group). Most of the activity about which State Farm complains occurred in 2005 and 2006. State Farm's request for discovery up to 12 years and continuing after the central facts alleged in the counterclaim is overly broad in its temporal scope. ... State Farm fails to offer any valid explanation for expanding the scope of discovery beyond the time limits alleged in the counterclaim, or some reasonable time thereafter.

Response to Specific Objections 1-3.  State Farm incorporates by reference its responses to the objections to each category of materials requested in the subpoenas duces tecum.

### SDT Items 1-15, Objections and Responses

1. All Materials Concerning dealings, contacts or communications between you and any of the following persons that relate to any access to information systems of State Farm, including, but not limited to computer systems or the procurement of State Farm or Renfroe Materials outside of the normal course of discovery in a filed lawsuit: Cori Rigsby (f/k/a Cori Moran); Kerri Rigsby; Richard Scruggs; Zach Scruggs; Sidney Backstrom; Timothy Balducci; P.L. Blake; Charlene Bosarge; Bartimus, Frickelton, Robertson & Gorny, PC; Bartle, Marcus & Graves, P.C.; Scruggs Law Firm, P.A.; Scruggs Katrina Group; Mike Moore; Moore Law Firm; Lee Martin; Patricia Lobrano; and Daniel J. Detman.

Objections to Request 1.

"The Request is duplicative of other information previously requested and produced to State Farm and is harassing, overly broad, unduly burdensome and expensive, and not reasonably calculated to lead to discovery of admissible evidence.

For example, State Farm sought materials responsive to this Request in its April 2010 Subpoena (Req. No. 9), and in its June 2010 Subpoena (Doc. Req. Nos. 9, 26; 30(b)(6) Topic Nos. 8-10, 25-27, 30-33, 35). Respondents responded to the April 2010 Subpoena and produced a 30(b)(6) representative for two depositions in this litigation. The Kentucky Court denied State Farm's motion to compel SLF to respond to the June 2010 Subpoena's document requests because State Farm failed to respond to SLF's substantive objections to the document requests. State Farm also subpoenaed Respondents for documents responsive to this Request in *McIntosh* [see Docs. 1024 and 1025, Req. Nos. 22, 17]. Respondents produced responsive documents in compliance with Judge Walker's May 15, 2008 Order.

In addition to documents and information Respondents produced to State Farm, Relators have produced to State Farm materials and information responsive to this Request both in this litigation and in *McIntosh*. *See* May 5, 2010 Order; May 15, 2008 *McIntosh* Order (ordering Relators to submit to deposition questioning "regarding their unauthorized use of State Farm laptop computers and the documents (including any copies or downloaded documents) which they took from State Farm...").

To any extent State Farm does not already possess responsive materials, those materials are available from sources other than Respondents (e.g., Relators).

Additionally, like other requests seeking communications between counsel, most of the responsive communications would be subject to attorney-client privilege or work product immunity. To the extent Respondents or Relators have previously asserted privilege or immunity as to any specific communications, Respondents adopt and incorporate those specific assertions of privilege or immunity."

Response to Objections. Request 1 deals with communications between the Scruggses

and certain specific persons concerning unauthorized access to State Farm's computer systems.

Those accesses are the heart of State Farm's counterclaim, as they were done in conspiracy with

the Rigsbys' former counsel, the Scruggses, to allow them to profit by using the stolen

information in unrelated civil litigation. For these acts the Rigsbys profited handsomely,

receiving $2,198,00.95, some directly and some paid on their behalf. *See* (Chart detailing sums

State Farm seeks the Rigsbys to disgorge at Ex. 16 to Mtn., [1232] *Rigsby*, State Farm's Third

Amended Counterclaim at 64, □283.) The *Rigsby* Court has held those materials regarding

unauthorized access discoverable numerous times. *E.g.*, ([490] *Rigsby* Order at 4, Ex. 10 to

Mtn.; [563] *McIntosh* Order at 3, Ex. 3 to Mtn.; [1194] *McIntosh* Order at 6, 10-11, Ex. 3 to

Mtn.)

2. All Materials Concerning dealings, contacts or communications between you and Patricia Lobrano, concerning this Action, Cori or Kerri Rigsby, State Farm or Renfroe.

Objections to Request 2.

"The Request is duplicative of other information previously requested and produced to State Farm and is harassing, overly broad, unduly burdensome and expensive, and not reasonably calculated to lead to discovery of admissible evidence.

For example, the April 2010 Subpoena sought "all materials concerning any communications" between Respondents and Ms. Lobrano from August 29, 2005 to February 1, 2006 (Req. No. 9),

and the June 2010 Subpoena sought the same communications (Doc. Req. No. 26). Respondents produced documents in response to the April 2010 Subpoena, and State Farm deposed SLF's 30(b)(6) representative about Respondents' dealings, contacts and communications with Ms. Lobrano. See June 2010 Subpoena, 30(b)(6) Topic No. 27.

Respondents further object to the extent the Request calls for information protected by attorney-client privilege and work product immunity. As Respondents stated in response to the April 2010 Subpoena,

> … SLF is withholding from production a document responsive to Request No. 9. This single-page undated document contains Richard Scruggs' handwritten noted of a meeting with Pat Lobrano which occurred in late 2005 or early 2006 based on the best information available to us. We are withholding the document based on the work product immunity doctrine.

June 27, 2010 email from Mayo to Walker (Ex. "I"). To the extent Respondents or Relators have previously asserted privilege or immunity as to other specific communications, Respondents adopt and incorporate those specific assertions of privilege or immunity."

Response to Objections. Request 2 deals with contacts with the Rigsbys' mother, Patricia Lobrano, concerning the Rigsbys or this Action. As an initial matter, it bears pointing out that State Farm is not seeking attorney/client privileged materials related to Lobrano's personal civil action against State Farm related to Hurricane Katrina damage.

Here again, the Scruggses ignore prior rulings of the *Rigsby* Court on this issue, and rulings in *McIntosh* that are also persuasive here. For example, "[i]n a previous [490] Order, the undersigned found that information reflecting payments to the Rigsbys' immediate family members is discoverable. [And t]his finding applies equally to the Lobranos." ([592] *Rigsby* Order at 4, Ex. 15 to Mtn.); *accord* ([563] *McIntosh* Order at 5, Ex. 4 to Mtn.) ("The Rigsbys are ordered to produce the documents reflecting their communications with their mother [Patricia Lobrano]…"); ([1196] *McIntosh* Order at 5, Ex. 5 to Mtn.) ("Defendants also request that the Court overrule the Rigsbys claims of attorney-client privilege and work product protection with respect to their meetings with SKG members at which third parties (*e.g.*, the Rigsbys' mother [Patricia Lobrano] and step- father) were present. The Court finds that the Rigsbys may not claim attorney-client privilege with respect to such meetings, nor do they enjoy attorney-client or work

10

product privileges/protections with respect to their unauthorized use of State Farm laptop computers or documents they took from State Farm and provided to the SKG"). Thus, this objection should likewise be rejected.

3. All Materials Concerning any computer owned or possessed at any time by Cori Rigsby, formerly Cori Moran, Kerri Rigsby, State Farm or Renfroe.

Objections to Request 3.

"The Request is duplicative of other information previously requested and produced to State Farm and is harassing, overly broad, unduly burdensome and expensive, and not reasonably calculated to lead to discovery of admissible evidence.

For example, State Farm's April 2010 Subpoena sought documents concerning "any cell phones, computers, cameras or other equipment furnished to [Relators]..." (Req. No. 11), and documents (1) "concerning any ... computers" SLF or SKG furnished to Relators (Req. No. 9); (2) "downloaded or copied from" Relators' computers (Req. Nos. 12 and 14); and (3) "concerning any examination, repair, or forensic analysis or examination" of Relators' computers (Req. Nos. 13, 15). The June 2010 Subpoena sought materials (1) "concerning any computer provided to Cori or Kerri Rigsby" (Doc. Req. No. 38); (2) "concerning any computer provided to Cori or Kerri Rigsby" (Doc. Req. No. 37); (3) "concerning" Relators' computers (Doc. Req. No. 28); (4) "downloaded, copied or transferred from" the Relators' computers (Doc. Req. Nos. 29 and 31); and (5) concerning any examination, repair, or forensic analysis or examination of Relators' computers (Doc. Req. Nos. 30 and 32). Respondents searched for and produced to State Farm documents in response to the April 2010 Subpoena, and State Farm deposed SLF's 30(b)(6) representative at length about information responsive to this Request. *See* April 2010 Subpoena, Topic Nos. 30-33 and 38. Respondents also produced responsive materials to State Farm in *McIntosh*.

To any extent State Farm is not already in possession of responsive materials, those materials are available from other sources, including Relators.

Respondents further object on grounds of work product immunity and attorney-client privilege, and because the Request is vague to the extent it calls for documents "concerning" computers."

Response to Objections. Request 3 deals with the Rigsbys' computers, a topic the *Rigsby* Court has ruled discoverable numerous times. *E.g.*, ([490] *Rigsby* Order at 4, Ex. 10 to Mtn.;

[1194] *McIntosh* Order at 10-11, Ex. 3 to Mtn.)

4. All Materials that are or were: (a) owned by State Farm or Renfroe; (b) resident on a State Farm or Renfroe maintained computer or computer system; or (c) otherwise in State Farm or Renfroe's possession, custody or control and Accessed by you since August 29, 2005. This request includes all such Materials which you enabled, allowed, or assisted a third party to Access.

Objections to Request 4.

"As State Farm's Third Amended Counter Claim demonstrates, State Farm already possesses information it seeks in this Request. The request is harassing, overly broad, unduly burdensome and expensive, and not reasonably calculated to lead to discovery of admissible evidence.

For example, the Request is duplicative of the June 2010 Subpoena's Request No. 1. Respondents objected as follows to that Request, and the Kentucky Court sustained the objection:

> [Request No. 1] seek[s] information related to materials either from State Farm computers, or the Relators' computers. The Court in *McIntosh* ordered a similar production, with which the Scruggses complied. The request is redundant, and overly broad and burdensome.

Objections to June 2010 Subpoena (June 25, 2010) (Ex. "F"); Order (Ex. "G").

Additionally, State Farm deposed SLF's 30(b)(6) representative about this topic (see April 2010 Subpoena, 30(b)(6) Topic Nos. 30-33 and 38); Relators produced responsive information to State Farm (see May 25, 2010 Order (Ex. "C")); State Farm deposed Relators about materials they accessed or copied; and State Farm has identified from its own computer records documents Relators accessed.

To any extent State Farm is not already in possession of responsive materials, those materials are available from other sources, including Relators and State Farm's own information systems."

Response to Objections. Request 4 deals with State Farm materials and information

stolen by the Rigsbys. Again, the *Rigsby* Court has held those materials discoverable numerous

times. *E.g.*, ([490] *Rigsby* Order at 4, Ex. 10 to Mtn.; [563] *McIntosh* Order at 3, Ex. 4 to Mtn.;

[1194] *McIntosh* Order at 6, 10-11, Ex. 3 to Mtn.)

5. All Materials and communications that were exchanged between you or your counsel on the one hand, and any law enforcement officer or agency, on the other hand, including the Mississippi Attorney General's Office, the FBI and the U.S. Attorney's Office, concerning State Farm or Renfroe, since August 29, 2005.

Objections to Request 5.

"This Request seeks information State Farm already possesses. It is duplicative, harassing, unduly burdensome and expensive, and not reasonably calculated to lead to discovery of admissible evidence.

For example, in *McIntosh* [Docs. 1024, 1025], State Farm subpoenaed from Respondents documents (1) concerning "the Mississippi Attorney General's Office ... pertaining to or arising out of Hurricane Katrina" (No. 4); (2) concerning the U.S. Attorney's Office and the FBI

"pertaining to State Farm and Hurricane Katrina" (Nos. 6, 7); and (3) provided to or received from the Mississippi Attorney General's Office "pertaining to or arising out of Hurricane Katrina" (Nos. 15, 16). In this action, the April 2010 Subpoena sought documents concerning communications between Respondents and the U.S. Attorney for the Southern District of Mississippi which relate to "[Relators], Thomas or Pamela McIntosh, or the property at 2558 South Shore Drive..." (No. 8). Additionally, State Farm sought to depose SLF's 30(b)(6) representative about information responsive to this Request, but later withdrew the topic. See April 2010 Subpoena, 30(b)(6) Topic No. 7 (Ex. "G"); Watson/Mayo Emails (Aug. 1-2, 2010) (Ex. "D").

In addition to the materials Respondents have produced to State Farm, this Court ordered [Doc. 1357] Relators to produce "any materials and communications that were exchanged between Relators or Relators' counsel on the one hand, and any law enforcement officer or agency, on the other hand, concerning the activities of State Farm or Renfroe in its handling of Katrina-related claims from August 29, 2005, until March 25, 2013."

To any extent State Farm does not already possess responsive documents, those documents are available from other sources (e.g., from Relators or by FOIA request to the Mississippi Attorney General's Office, the FBI and the U.S. Attorney's Office).

Further, Respondents object on the grounds of joint prosecution privilege, work product immunity and attorney-client privilege."

Response to Objections. Request 5 deals with communications with law enforcement concerning State Farm since Katrina. The Scruggses and the Rigsbys made these contacts in an effort to further criminal proceedings against State Farm, as part of a campaign the squeeze the company into settlement capitulation in the hundreds of civil litigations being pursed by the Scruggs Katrina Group.

For example, on February 28, 2007, Scruggs boasted of using "every trick in the book, political, public opinion and legal," to force State Farm into resolving civil cases in which Dickie Scruggs represented State Farm policyholders. During this same hearing, Moore also linked the settlement to "the efforts of the Attorney General." See (Excerpts from Transcript of 02-28-07 Hearing in Dennis Woullard v. State Farm Fire & Casualty Company, In the United States District Court for the Southern District of Mississippi, Civil Action No. 1:06cv1057-LTS-RHW, at page 10 & 27.)

Despite these judicial admissions, the Scrugges contend this request is beyond the scope of discovery. Again, however, they tellingly ignore the fact that the *Rigsby* Court has repeatedly rejected that argument in both the *qui tam* and in *McIntosh*. Specifically, the *Rigsby* Court has held there is no "qui tam ...privilege...[,]" ([919] *McIntosh* Order at 2, Ex. 11 to Mtn.) and that the Rigsbys must produce their entire Evidentiary Disclosure. (*Id.*); *see* ([1196] *McIntosh* Order at 5, Ex. 5 to Mtn.) ("The Court finds that the Rigsbys may not claim attorney-client privilege with respect to such meetings [in which they made unauthorized accesses to State Farm's system], nor do they enjoy attorney-client or work product privileges/protections with respect to their unauthorized use of State Farm laptop computers or documents they took from State Farm and provided to the SKG").

Further:

> The Rigsbys appear to claim some protected interest in the State Farm documents they provided the Scrugges and law enforcement agencies. The Court has previously ruled that the Scrugges undertaking representation of the Rigsbys does not transform "everything [the Rigsbys] ... physically took from [Renfroe/State Farm] into privileged information..." [563] <u>Those documents are discoverable, and are not protected by attorney-client privilege or attorney work product.</u>

([1194] *McIntosh* Order at 6, Ex. 3 to Mtn.) (emphasis added).

In addition to its ruling in *McIntosh*, the *Rigsby* Court reached the same conclusion, holding:

> Relators should provide State Farm with (1) the identities of any individuals who were present when Relators accessed State Farm's data systems; and (2) any materials and communications that were exchanged between Relators or Relators' counsel on the one hand, and any law enforcement officer or agency, on the other hand, including the Mississippi Attorney General's Office, the FBI and the U.S. Attorney's Office, concerning the activities of State Farm or Renfroe in its handling of Katrina-related claims from August 29, 2005, until March 25, 2013.

([1367] *Rigsby* Order at 6, Ex. 12 to Mtn.) Thus, yet again the Scrugges have ignored the *Rigsby* Court's prior rulings.

14

6. All Materials Concerning dealings, contacts or communications between you and Trent Lott, Gene Taylor, Brian Ford, Dreux Seghers, Nellie Williams, Steve Patterson, Jeff Marr or Joey Langston or any member of their offices or staff since August 29, 2005, concerning this Action, Cori or Kerri Rigsby, State Farm or Renfroe.

Objections to Request 6.

"This Request seeks broad discovery about communications and/or dealings among numerous attorneys, law firms, and individuals. Some of the individuals listed were clients of certain of the Respondents. Therefore, Respondents object to the extent the request seeks to invade the attorney-client privilege and/or work product immunity.

The Request is also duplicative, grossly overbroad, and designed only to harass Respondents and/or to gather information it has already received. Respondents previously produced information responsive to this Request. For example, State Farm sought information responsive to this Request in the April 2010 Subpoena (see Req. Nos. 6, 7, 17) and the June 2010 Subpoena (see Doc. Req. Nos. 7-9, 24-26, 34, and 30(b)(6) Topic Nos. 8¬10, 25-26). Respondents produced documents response to the April 2010 Subpoena, and produced a 30(b)(6) representative for two depositions. In addition to the documents Respondents produced in this litigation, Respondents produced documents responsive to this request in response to the *McIntosh* subpoenas and in compliance with Judge Walker's Order."

Response to Objections. Request 6 deals with materials concerning certain third parties,

including Trent Lott and Gene Taylor, and involving this Action, the Rigsbys or Renfroe. Again,

these efforts were done by the Scruggses to put pressure on State Farm in civil litigation,

litigation being aided by the Rigsbys in return for enormous unjust remuneration. Again, the

*Rigsby* Court has previously held those materials discoverable. *E.g.*, ([667] *Rigsby* Order at 2-3,

Ex. 13 to Mtn.)

7. With respect to the ten-month time period between August 29, 2005, and October 23, 2006, all Materials pertaining in any way to any SMS messages, MMS messages, e-mails, e-mail accounts, or e-mail addresses of:

   a. Kerri Rigsby, including without limitation, the e-mail address krigsby111@aol.com, Krigsby111@aol.com and Krigsbyadju@aol.com; and

   b. Cori (Moran) Rigsby, including without limitation, the e-mail address rigsby8888@aol.com or moran2058@aol.com,

Concerning any access to information systems of State Farm, or Renfroe, including, but not limited to computer systems or the procurement of State Farm or Renfroe Materials outside of the normal course of discovery in a filed lawsuit.

Objections to Request 7.

"All of the materials this Request seeks are available to State Farm from Relators.

Additionally, the Request is duplicative of other information previously requested and produced to State Farm and is harassing, overly broad, unduly burdensome and expensive, and not reasonably calculated to lead to discovery of admissible evidence. For example, State Farm sought this information in *McIntosh* [Docs. 1024, 1025, Nos. 3, 22, 24]. The request is also duplicative of Request No. 1, above, and Respondents object to this subpoena on the same grounds stated in response to that Request. Additionally, the Court previously limited discovery of phone records to the time period from October 12, 2005 and February 28, 2006 [Docs. 1367, p. 4; 490, p. 4-5].

Respondents further object on grounds of work product immunity and attorney-client privilege, and to the extent this Request calls for materials outside Respondents' custody, possession, and control."

      <u>Response to Objections</u>.  Request 7 deals with communications with the Scruggses and

the Rigsbys concerning unauthorized access to State Farm's computer systems.  Those accesses

which enabled the Rigsbys' data and document thefts, are the heart of State Farm's counterclaim

and the Rigsbys were compensated handsomely for this wrongdoing.  Again, the *Rigsby* court

has held those materials discoverable numerous times. *E.g.*, ([490] *Rigsby* Order at 4, Ex. 10 to

Mtn.; [563] *McIntosh* Order at 3, Ex. 4 to Mtn.; [1194] *McIntosh* Order at 6, 10-11, Ex. 3 to Mtn.)

8.  All Materials, including records of payment and Surveillance results, regarding Surveillance of any type whatsoever with respect to State Farm, Renfroe or their respective attorneys, employees, officers, directors, agents or personnel, including their respective movements, whereabouts, activities, refuse, photocopiers, imagers, facsimile machines, cellular or land line telephones, vehicles, residences, offices, computers or computer systems at any time since August 29, 2005.

      <u>Objections to Request 8.</u>

"The Request is duplicative of other information previously requested and produced to State Farm and is harassing, overly broad, unduly burdensome and expensive, and not reasonably calculated to lead to discovery of admissible evidence.

For example, the June 2010 Subpoena included a request for the same information (Doc. Req. No. 13), to which SLF responded, "SLF is not aware of any responsive materials in its possession, custody or control." See SLF Objections (June 25, 2010). Additionally, State Farm deposed SLF's 30(b)(6) representative about this topic.

Responsive materials are also available from Relators, and the Court has already ordered Relators to produce responsive information (Ex. "C").

Finally, Respondents object on grounds of work product immunity and attorney-client privilege, and to the extent this Request calls for materials outside Respondents' custody, possession, and control."

Response to Objections. Request 8 deals with surveillance of State Farm after Hurricane Katrina. The Scruggses object to this request on the bases these materials are privileged or Rule 26(b)(3) protected. Again, the Scruggses ignore the fact that the *Rigsby* Court has previously rejected their arguments and ordered such materials to be produced. For example, "Defendant seeks discovery of any surveillance conducted by Relators with respect to State Farm, Renfroe, etc. The Court finds that State Farm is entitled to discovery of documents relating to surveillance that may have been conducted; therefore, the motion to compel is granted." ([490] *Rigsby* Order at 4, Ex. 10 to Mtn.)

9. All Materials, including correspondence, documents, e-mails and ESI exchanged, between you or any one acting on your behalf on the one hand and any representative or member of the media on the other hand, regarding this Action, the existence of this Action or the subject matter of this Action, which were sent or received before August 1, 2007.

Objections to Request 9.

"This Request is duplicative of other information previously requested and produced to State Farm and is harassing, overly broad, unduly burdensome and expensive, and not reasonably calculated to lead to discovery of admissible evidence. For example, the 2008 *McIntosh* subpoenas sought this information (Docs. 1024-1025, Nos. 5, 11), and the *McIntosh* court ordered production [Doc. 1194]. Respondents provided voluminous responsive documents to State Farm at that time. State Farm again requested this information in the April 2010 Subpoena (No. 1)[3], and Respondents informed State Farm at that time:

> We previously complied with Judge Walker's May 2008 Order requiring production of documents related to contacts with the media concerning the qui tam action in the time period before August 1, 2007. We have no additional responsive documents.

Objections to April 2010 Subpoena (June 25, 2010) (Ex. "F"). The June 2010 Subpoena again requested media communications (No. 14),[4] and State Farm deposed SLF's 30(b)(6) representative about information responsive to this Request. State Farm already has the

---

[3] State Farm's April 2010 Subpoena sought communications between Respondents and "any media outlet, media organization, media representative or agent, or website" relating to "Relators, the McIntosh home and Hurricane Katrina damage, or this False Claims Act action." (No. 1).

[4] The June 2010 Subpoena sought, "Materials, including correspondence, documents, e-mails and ESI exchanged," between Respondents and "any representative or member of the media ... regarding the flood insurance claim submitted by Thomas and Pamela McIntosh, this Action, the existence of this Action or the subject matter of this Action" before August 1, 2007.

information it seeks. It has received it from Respondents and other sources. In fact, State Farm detailed communications between Respondents and the media in its June 18, 2010 Motion to Compel SLF to respond to the April 2010 Subpoena (Ex. "P").

Respondents also object to this Request to the extent it seeks information that violates the attorney-client privilege and work product immunity.

Finally, to any extent State Farm does not already possess responsive documents, the documents are available from other sources (e.g., members of the media)."

Response to Objections. Request 9 concerns materials regarding media contacts and the

Rigsby Action. The Rigsbys and the Scruggses orchestrated a sophisticated media campaign –

one intended to poison the jury venire and place further pressure on State Farm to capitulate in

the Scruggses tidal wave of litigation. The Rigsby Court has held those materials discoverable

numerous times. E.g., ([490] Rigsby Order at 4, Ex. 10 to Mtn.; [667] Rigsby Order at 1, Ex. 13

to Mtn; [563] McIntosh Order at 6, Ex. 4 to Mtn.)

10. All Materials evidencing any agreement, contract, promise or understanding with respect to you receiving remuneration or anything of value as a result of any recovery received by any attorney, law firm, joint venture or party-plaintiff in this Action.

Objections to Request 10.

"The Request is duplicative of other information previously requested and produced to State Farm and is harassing, overly broad, unduly burdensome and expensive, and not reasonably calculated to lead to discovery of admissible evidence.

The June 2010 Subpoena sought materials relating to "any contracts or agreements [Relators] have or have had with any Person and related to their prosecution of their claims in this Action" (No. 10) and any agreement to "sell, factor, assign or transfer any part of [Relators'] potential recovery in this Action" (No. 15). SLF responded at that time, that it was unaware of any responsive documents in its possession or control, but produced letters relating to Relators' engagement as consultants. See SLF Objections (June 25, 2010) (Ex. "F"). Further, State Farm deposed SLF's 30(b)(6) representative about "contracts or agreements [Relators] have or had with any Person and related to their prosecution of their claims in this Action." See June 2010 Subpoena, Topic. No. 11."

Response to Objections. Request 10 seeks information regarding whether Scruggs

maintains a continuing interest in the Rigsbys' False Claims Act suit. The *Rigsby* Court has

previously held those materials discoverable. *E.g.*, ([490] *Rigsby* Order at 3, Ex. 10 to Mtn.)

Request 11.  State Farm has voluntarily withdrawn from each subpoena, requests

numbers 11 and 14 by Stipulation of record, so those two requests are no longer in issue with

respect to all three subpoenae.  (Stip. [1437] *Rigsby* at 1, Ex. 14 to Mtn.)

12. All Materials Concerning dealings, contacts or communications between you and The
    Rendon Group Incorporated or its employees, officers, directors, agents or personnel, that
    relate to State Farm, Renfroe or Cori or Kerri Rigsby.

Objections to Request 12.

"The Request is duplicative of other information previously requested and produced to State
Farm and is harassing, overly broad, unduly burdensome and expensive, and not reasonably
calculated to lead to discovery of admissible evidence.

For example, the June 2010 Subpoena sought materials "concerning, exchanged with, sent to or
received by Rendon Group Incorporated and concerning [Relators], State Farm or Renfroe" (No.
36). SLF objected to this Request, and the Kentucky Court sustained the objection. SLF's
objection included that,

> [the request] is overbroad, and seeks materials beyond the scope of the
> Order of the D.C. Circuit which ruled as to the permissible scope of
> discovery of the Rendon Group documents. Respondents also object to the
> overly burdensome nature of the request, which would require
> Respondents to produce documents already sought from, and to be
> received by, another non-party to the underlying litigation. Respondents
> also object because the request intrudes into the attorney-client privilege
> and/or work product immunities of the Respondents, or of SLF
> predecessor members.

SLF Objections (June 25, 2010) (Ex. "F"); Order (Ex. "K"). Further, State Farm deposed SLF's
30(b)(6) representative about this topic (June 2010 Subpoena, 30(b)(6) Topic Nos. 36-37)."

Response to Objections.  Request 12 seeks materials related to any contacts with The

Rendon Group, related to State Farm, Renfroe or the Rigsbys.  Dickie Scruggs retained the

Rendon Group to coordinate his and the Rigsbys' media campaign, as part of their total litigation

war against State Farm.

In an alias proceeding arising out of the *Rigsby* Action, United States District Court for

the District of Columbia, Magistrate Judge John M. Facciola, held these materials were

discoverable from The Rendon Group. *Rendon Grp., Inc. v. Rigsby*, 268 F.R.D. 124, 129

(D.D.C. 2010).[5]  The same reasoning applies to the Scruggses..

13. All Materials Concerning anything of value, compensation or other payment or remuneration in any form whatsoever – whether in cash, currency, travel, lodging, meals, credit, goods, property, indemnity, guaranty, contingency, reward, debt forgiveness, services, gifts or otherwise – which:

    a.  any relative of Cori or Kerri Rigsby or William or Patricia Lobrano by blood or marriage has received, are receiving or may receive; and

    b.  which Cori or Kerri Rigsby has received, are receiving or may receive

Objections to Request 13.

'This request is vague, overly broad, unduly burdensome and expensive, and not reasonably calculated to lead to discovery of admissible evidence. The Request seeks information about compensation paid by other entities or persons; it does not identify the "relatives" about whom it seeks information; and it does not specify from whom the individuals have received or will receive a benefit. This request would include information relating to anything of value the specified individuals and unspecified relatives have received, are receiving, or may receive from any source at any time, including information relating to funds paid to resolve Katrina claims.

Additionally, the Request is duplicative to other information previously requested and produced to State Farm and is harassing. For example, State Farm asked for the same information its April 2010 Subpoena (Nos. 2-4, 10-11, 16, 18). At that time, Respondents produced materials in their possession. State Farm again sought documents responsive to this request in its June 2010 Subpoena (Req. Nos. 4-5), and State Farm deposed SLF's 30(b)(6) representative about information responsive to this Request.

Additionally, to any extent State Farm does not already possess responsive materials, those materials are available to State Farm from other sources (e.g., Relators), and this Court has ordered Relators to "produce information identifying and documenting any compensation received from Scruggs or [SKG] from August 29, 2005, to March 25, 2013" (Ex. "L")."

Response to Objections.  Request No. deals with payments or other remuneration by the

Scruggses to the Rigsbys and their relatives.  Again, these materials go directly towards State

Farm's primary remedy sought – disgorgement.

The *Rigsby* Court has repeatedly held these materials to be discoverable.  For example:

The Court finds that State Farm is entitled to discovery of the terms, conditions, and amounts of compensation received by the Rigsbys or any of their immediate relatives from the attorneys listed in the discovery requests. State Farm's motion

---

[5] The contents of the SDT to The Rendon Group are recited in the opinion.

to compel is granted to the extent that Relators are required to disclose this information, including any supporting documentation.

Relators are compelled to provide income, account, financial, and ownership information and corresponding documents reflecting compensation received from the listed attorneys or from any other source that provided Relators with compensation for their involvement either in the *McIntosh* case or the instant *qui tam* action. In the *McIntosh* case, the Court previously held that the Rigsbys' source of income is discoverable.

([490] *Rigsby* Order at 3, Ex. 10 to Mtn.); *accord* ([1367] Rigsby Order at 2, Ex. 12 to Mtn.)

(quoting [490] *Rigsby* Order at 2) ("As noted by the Court in a prior discovery order, 'some of

the discovery now sought by State Farm, including evidence of compensation received by the

Rigsbys from the Scruggs group, is relevant and discoverable. The evidence of this

compensation goes to the issue of bias, prejudice or motive on the part of the Rigsbys'"); ([667]

*Rigsby* Order at 1-2, Ex. 13 to Mtn.) (compensation paid the Rigsbys is discoverable).

Request 14. State Farm has voluntarily withdrawn from each subpoena, requests

numbers 11 and 14 by Stipulation of record, so those two requests are no longer in issue with

respect to all three subpoenae. (Stip. [1437] *Rigsby* at 1, Ex. 14 to Mtn.)

15. All Materials Concerning time and billing records, as well as your calendars, schedules or diaries since August 29, 2005, including any Personal Information Manager calendar, (such as Outlook), which reference, record, concern or involve any access to information systems of State Farm or Renfroe, including, but not limited to computer systems or the procurement of State Farm or Renfroe Materials outside of the normal course of discovery in a filed lawsuit.

Objections to Request 15.

"Request No. 15, like Request Nos. 1 and 7, seeks materials relating to "access to [State Farm's] information systems" since August 29, 2005. Respondents object to this request for the same reasons Respondents object to Request Nos. 1 and 7."

Response to Objections. Request No. 15 deals with documents relating to unauthorized

accesses to State Farm computer system. Again, the Scruggses argue that those materials are not

discoverable. Yet the *Rigsby* Court has previously found a broader request to the Rigsbys – one

not limited to entries related to accesses to State Farm's information systems – to be proper:

> Defendant's request for the Rigsbys' calendars, schedules, or diaries from August
> 29, 2005 to August 1, 2007, including any Personal Information Manager
> calendar, is granted. The Court previously ruled in the *McIntosh* lawsuit that this
> type of information is discoverable. *See McIntosh* dkt. entry [563] at 5. It is
> equally discoverable in the present lawsuit.

([490] *Rigsby* Order at 4, Ex. 10 to Mtn.)

More specifically, the *Rigsby* Court also held that "Relators are compelled to produce

information regarding unauthorized access to their State Farm issued laptop

computers. ...Information regarding the Rigsbys' use of the State Farm issued laptop computers

was found to be discoverable in the *McIntosh* lawsuit, and it is discoverable in this lawsuit as

well." ([490] *Rigsby* Order at 4, Ex. 10 to Mtn.) Further, in *McIntosh*, the court held that "the

Rigsbys shall produce the requested documents reflecting their communications with Richard

Scruggs, Zach Scruggs and SKG, respectively, from August 2005 to present regarding the

Rigsbys' employment with the Scruggs Katrina Group, documents regarding their (the Rigsbys')

taking of information from State Farm, communications regarding the McIntosh claim prior to

the Rigsbys cessation of employment by Renfroe, and documents they supplied to SKG

attorneys." ([563] *McIntosh* Order at 4, Ex. 4 to Mtn.)

If this information is discoverable from the Rigsbys, it is likewise discoverable from

these three third parties. *See* ([1194] *McIntosh* Order at 6, Ex. 3 to Mtn.) ("The Court has

previously ruled that the Scruggses undertaking representation of the Rigsbys does not transform

"everything [the Rigsbys] ... physically took from [Renfroe/State Farm] into privileged

information..." [563] Those documents are discoverable, and are not protected by attorney-client

privilege or attorney work product").

<u>CONCLUSION</u>

As demonstrated by the above, each and every objection lodged by the Scruggses to the

SDTs has been previously rejected by the *Rigsby* and/or *McIntosh* Courts – in some instances,

multiple times. The Scruggses should be compelled to comply with State Farms subpoenas.

State Farm seeks such additional, alternative or supplemental relief as may be in the premises.

[Appendix "A" follows the certificate of service]

This the 8th day of April, 2019.

<div style="margin-left: 40%">

Respectfully submitted,

STATE FARM FIRE AND CASUALTY COMPANY

By: _____

Phil B. Abernethy (MB # 1023)
E. Barney Robinson III (MB # 09432)
Amanda B. Barbour (MB # 99119)
Michael C. McCabe, Jr. (MB # 101548)

ITS ATTORNEYS

</div>

OF COUNSEL:

BUTLER SNOW LLP
Post Office Drawer 4248
Gulfport, MS 39502
(P) (228) 575-3025
(E) michael.mccabe@butlersnow.com

BUTLER SNOW LLP
200 Renaissance at Colony Park, Suite 1400
1020 Highland Colony Parkway (39157)
Post Office Box 6010
Ridgeland, MS 39158-6010
(P) (601) 948-5711
(F) (601) 985-4500
(E) phil.abernethy@butlersnow.com
(E) barney.robinson@butlersnow.com
(E) ben.watson@butlersnow.com
(E) amanda.barbour@butlersnow.com

## <u>CERTIFICATE OF SERVICE</u>

I, Michael C. McCabe, Jr., one of the attorneys for State Farm Fire and Casualty Company, do hereby certify that I have this day caused a true and correct copy of the foregoing instrument to be delivered to the following via First Class United States mail and e-mail:

J. Cal Mayo Jr.
MayoMallette PLLC
5 University Office Park
2094 Old Taylor Road, Suite 200
Oxford, MS 38655
cmayo@mayomallette.com

C. Maison Heidelberg
Chadwick M. Welch
WATSON HEIDELBERG PLLC
2829 Lakeland Drive, Suite 1502
Flowood, Mississippi 39232
P.O. Box 23546
Jackson, Mississippi 39225-3546
(P) 601-503-1935
(F) 601-932-4400
mheidelberg@whjpllc.com
cwelch@whjpllc.com

August J. Matteis Jr.
William E. Copley
Derek Y. Sugimura
Timothy M. Belknap
WEISBROD, MATTEIS & COPLEY, PLLC
1200 New Hampshire Avenue, NW, Suite 600
Washington, DC 20036
amatteis@wmclaw.com
wcopley@wmclaw.com
dsugimura@wmclaw.com
tbelknap@wmclaw.com

COUNSEL FOR CORI RIGSBY AND KERRI RIGSBY

Jeffrey S. Bucholtz
Joyce R. Branda
Patricia R. Davis
Jay D. Majors
UNITED STATES DEPARTMENT OF JUSTICE
Civil Division
P.O. Box 261
Ben Franklin Station
Washington, DC 20044
(P) (202) 307-0264
(F) (202) 514-0280

Lynn Murray
AUSA
UNITED STATES ATTORNEY'S OFFICE
Southern District of Mississippi
501 East Court Street, Suite 4.430
Jackson, MS 39201
(P) (601) 965-2835
lynn.murray@usdoj.gov

ATTORNEYS FOR THE UNITED STATES

This the 8th day of April, 2019.

By: _____

Michael C. McCabe, Jr. (MB # 101548)