UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA ex rel.
CORI RIGSBY and KERRI RIGSBY          RELATORS/COUNTER-DEFENDANTS

VERSUS                                CIVIL ACTION NO. 1:06CV433-HSO-RHW

STATE FARM FIRE AND CASUALTY COMPANY  DEFENDANT/COUNTER-CLAIMANT

## ORDER GRANTING IN PART MOTION TO COMPEL

Before the Court is the Relators' motion to compel production of an unredacted version of A.J. Garretson's report. Doc. [1507]. A.J. Garretson is a forensic examiner whose company, Garretson Consulting, Inc., provides consulting services related to forensic data recovery. During 2006 and 2007, prior to the unsealing of the Relators' *qui tam* action, State Farm Fire and Casualty Company hired Garretson Consulting to conduct an internal investigation. Garretson Consulting imaged State Farm computers assigned to the Rigsbys, as well as computers owned by State Farm that were not assigned to the Rigsbys. The findings and results of this investigation were detailed in the Garretson Report dated January 24, 2007.

In support of their counterclaim, State Farm has designated Garretson as a non-reporting expert witness pursuant to Federal Rule of Civil Procedure 26(a)(2)(C). Hence, it was not required to produce an expert report from Garretson as part of its expert disclosures. However, in this case, there is a report drafted by Garretson, which he created as a result of his investigation done in anticipation of litigation. Although the investigative report is not an "expert report" in the technical legal sense of the term, the document provides insight into the facts and circumstances surrounding Garretson's forensic investigation of State Farm's

computers. According to State Farm, such background information includes directions Garretson received from State Farm's attorneys.

During discovery, the Relators requested production of documents concerning "the Rigsbys' alleged improper access or misuse of State Farm's computer systems, including forensic data obtained from examination of the State Farm laptops assigned to the Rigsbys." Doc. [1533-1] at 6. In response to this discovery request, State Farm produced the Garretson Report, but did so with several key redactions. *See* Doc. [1546]. Some redactions were done because State Farm deemed the information irrelevant. State Farm redacted other passages based on the work product doctrine. State Farm argues that the latter information would reveal the mental impressions and trial strategy of State Farm's attorneys. The Relators filed the instant motion to compel arguing that they are entitled to a complete, unredacted version of the Garretson Report. Relators contend that State Farm waived all attorney client privileges and work product protections by virtue of designating Garretson as a non-reporting expert.

With respect to State Farm's relevancy argument, the Court finds State Farm should produce the Garretson Report without relevancy redactions. Although a party is under no obligation to produce documents not relevant to the subject litigation, it is not the practice of this Court to allow unilateral redactions of allegedly irrelevant information contained within otherwise discoverable documents. *See Bartholomew v. Avalon Capital Grp.*, 278 F.R.D. 441, 451-52 (D.Minn. 2011); *Rodriguez-Ocasio v. Midland Credit Mgm't*, No 17-3630(ES)(MAH), 2019 WL 3821769, at *2 (D.N.J. July 23, 2019). State Farm offers no special circumstances or compelling reason to permit relevancy redactions contained in the Garretson Report.

The Relators also request an order compelling State Farm to produce portions of the report that State Farm redacted on the basis of the work product doctrine. State Farm has

designated Garretson as a non-reporting or "hybrid" fact and expert witness. State Farm asserts that it intends to offer Garretson's testimony only as to costs incurred as a result of the Rigsbys' unauthorized use and access of State Farm's computers. According to State Farm, Garretson is not providing opinion testimony regarding the conclusions in Garretson's investigative report; therefore, State Farm should not be forced to reveal attorney work product contained in the report.

The "purpose of the expert disclosure rule is to provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *Rembrandt Vision Techs., L.P. v. Johnson & Johnson Vision Care, Inc.*, 725 F.3d 1377, 1381 (Fed. Cir. 2013) (internal quotation marks omitted). Consistent with this purpose, courts look to what a party actually disclosed, not what the party intended to disclose. *Cooper v. Meritor, Inc.*, NO. 4:16-CV-52-DMB-JMV, 2018 WL 2223325, at *7 (N.D.Miss. May 15, 2018). In its expert disclosure, State Farm indicated that "Mr. Garretson is expected to testify in the area of computer forensics concerning the Rigsbys' use of their computers and their access to State Farm's computer system, and that the Rigsbys' performed unauthorized acts using their State Farm issued computers...." Doc. [1507-2] at 4. Thus, contrary to State Farm's contention, the scope of Garretson's anticipated testimony addresses the contents and conclusions of the report and not merely the issue of costs.

State Farm also argues that the redacted material would disclose "detailed information concerning the searches" done at the instruction of State Farm's attorneys. Doc. [1534] at 7. Thus, the material should be withheld because "it would reveal the mental impressions and legal strategy of the attorneys who directed the search." *Id.* The Relators counter that State Farm waived the work product protection when it designated Garretson as a non-reporting expert.

3

Both parties cite to the 2010 amendments to Rule 26 to buttress their positions. Neither party has cited to Fifth Circuit authority or to persuasive authority from within the district addressing specifically the 2010 amendments and their effect on privilege as it relates to non-reporting experts.

State Farm designated Garretson as a non-reporting expert under Rule 26(a)(2)(C). This particular subsection "addresses the disclosure of expert witnesses who were involved in the events leading up to litigation and may testify both as an expert and as a fact witness." *LaShip, L.L.C. v. Hayward Baker, Inc.*, 680 Fed. App'x 317, 324 (5th Cir. 2017). A non-reporting expert's testimony under Rule 26(a)(2)(C) "arises not from his enlistment as an expert, but, rather, from his ground-level involvement in the events giving rise to the litigation." *DiSalvatore v. Foretravel, Inc.*, No. 9:14-cv-150-KFG, 2016 WL 7742996, at *2 (E.D.Tex. May 20, 2016). In 2010, Rule 26 was "amended to address concerns about expert discovery." Fed. R. Civ. P. 26, advisory committee's note to 2010 amendment. The amendment provided work product protection for drafts of expert reports or disclosures and protection for communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B). *Id.*; *see also United States v. Sierra Pacific Industries*, No. CIV S-09-2445 KJM EFB, 2011 WL 2119078, at *2 (E.D.Calif. May 26, 2011). As explained by the court in *Sierra Pacific*, "[u]nder the old rule, there was little or no protection for what counsel said or provided to a designated expert and such communications were generally discoverable." *Sierra Pacific Industries*, 2011 WL 2119078, at *1. Courts in the Southern District of Mississippi followed this general rule as well. *See TV-3 Inc. v. Royal Ins. Co. of Am.*, 193 F.R.D. 490, 491 (S.D. Miss. 2000) (Rule 26 "allows discovery of all communications between counsel and a retained testifying expert, *even*

*if those communications contain attorneys' mental impressions or trial strategy or is otherwise protected by the work privilege."* (emphasis in the original)).

Under the amended rule, some communications no longer waive work product protection, but the rule distinguishes between experts who are required to provide reports and experts who are not. *Sierra Pacific Industries*, 2011 WL 2119078, at *1. The amended Rule 26 protects communications between a party's attorney and witnesses required to provide reports, "[b]ut the rule is silent as to communications between a party's attorney and non-reporting experts." *Id.* at *5. In sum, "the amended rule neither created a protection for communications between counsel and non-reporting expert witnesses, nor abrogated any existing protections for such communications." *Id.* at *7. Both prior to and after the 2010 amendments, the designation of a non-reporting expert generally waived applicable privileges for communications between a party's attorney and the non-reporting expert. *See Luminara Worldwide, LLC v. Liown Electronics Co. Ltd.*, No. 14-3103 (SRN/FLN), 2016 WL 6914995, at *6 (D.Minn. May 18, 2016).

Some courts have explained this different treatment for witnesses required to furnish a report versus non-reporting experts, who are both fact and expert witnesses. Specifically, the distinction exists because of difficulties separating a hybrid witness' sense impressions from his expert opinions and because of a concern for "attorney-caused bias". *See City of Mankato, Minnesota v. Kimberly-Clark Corp.*, No. 15-2010 (JRT/TNL), 2019 WL 4897191, at *11 (D.Minn. May 28, 2019); *Garcia v. Patton*, No. 14-cv-01568-RM-MJW, 2015 WL 13613521, at *4; *PacificCorp v. Northwest Pipeline GP*, 879 F.Supp.2d 1171, 1213 (D.Or. 2012); *Sierra Pacific*, 2011 WL 2119078, at *6-7, 10. However, courts have cautioned against finding an automatic waiver of the work product protection based merely on a party's designation as a non-

reporting expert pursuant to Rule 26(a)(2)(C).  In determining the scope of any waiver, the focus of inquiry is on what information or documents the Rule 26(a)(2)(C) expert has considered in connection with his proposed testimony.  *See Pipeline Productions, Inc. v. Madison Companies, LLC*, No. 15-4890-KHV-ADM, 2019 WL 3973955, at *7 (D.Kan. Aug. 22, 2019); *City of Wyoming, Minnesota v. Procter & Gamble Co.*, No. 15-cv-2101 (JRT/TNL), 2019 WL 245607, at *5-6 (D.Minn. Jan. 17, 2019); *Sierra Pacific*, 2011 WL 2119078, at *10.

State Farm designated Garretson to testify in the area of computer forensics regarding the Rigsbys' use of State Farm issued computers and access to State Farm's computer system.  The Court concludes that State Farm's Rule 26(a)(2)(C) disclosure waived the work product protection for certain information considered by Garretson in compiling his report, which would include counsel's instructions concerning searches of computers assigned to the Rigsbys and searches of State Farm's computer system as it relates to the Rigsbys access to the computer system.  Based on the foregoing, the motion is granted to the extent State Farm is compelled to produce a copy of the Garretson Report, removing any work product redactions concerning the Rigsbys and their use of or access to State Farm's computers and computer system.  Garretson has not been designated to testify regarding State Farm computers he analyzed that were not assigned to the Rigsbys.  Thus, the motion to compel is denied in part, because the work product protection remains valid for any instructions from State Farm's counsel to Garretson regarding searches unrelated to the Rigsbys' use of or access to State Farm's computers or computer system.

IT IS THEREFORE ORDERED AND ADJUDGED that the Relators' [1507] Motion to Compel is GRANTED in part and DENIED in part, subject to the provisions outlined in this Order.

SO ORDERED AND ADJUDGED, this the 12th day of December 2019.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE