IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* CORI RIGSBY and KERRI RIGSBY | § § § § § | RELATORS/ COUNTER-DEFENDANTS |
| v. | § § | Civil No. 1:06cv433-HSO-RHW |
| STATE FARM FIRE AND CASUALTY COMPANY | § § § | DEFENDANT/ COUNTER-CLAIMANT |

**ORDER DENYING RELATORS' MOTION [1456] FOR RECONSIDERATION**

BEFORE THE COURT is Relators Cori Rigsby and Kerri Rigsby's ("Relators") Motion [1456] for Reconsideration of the Court's March 25, 2019, Order [1455] denying Relators' Motion [1380] for Partial Summary Judgment. This Motion [1456] is fully briefed. After due consideration of the record, the Motion, related pleadings, and relevant legal authority, the Court is of the opinion that Relators' Motion [1456] for Reconsideration should be denied.

## I. BACKGROUND

Relators seek reconsideration under Federal Rule of Civil Procedure 54(b) of the Court's March 25, 2019, Order [1455], which resolved three different Motions [1380], [1392], [1394]. Relators' request for reconsideration is apparently limited to the Court's denial of their Motion [1380] for Partial Summary Judgment.

Relators' initial Complaint [2] in this case asserted claims under the False

Claims Act, 31 U.S.C. § 3729 *et seq.* ("FCA"), against Defendant State Farm Fire and Casualty Company ("State Farm") and other Defendants who are no longer parties. Relators filed an Amended Complaint [16] on May 22, 2007, alleging that Defendants violated the FCA, specifically 31 U.S.C. §§ 3729(a)(1), (a)(2), (a)(3), and (a)(7), which are now designated §§ 3729(a)(1)(A), (B), (C), and (G), respectively.[1] *See* Am. Compl. [16] at 28-39.[2]  The Court conducted a Final Pretrial Conference on February 26, 2013, and entered a Pretrial Order [1038] on March 8, 2013, followed by an Amended Pretrial Order [1046] on March 14, 2013, in which Relators advanced claims against State Farm under 31 U.S.C. §§ 3729(a)(1) (1994), 3729(a)(1)(B) (2009), and 3729(a)(3) (1994).  *See* Am. Pretrial Order [1046] at 13-14.

The case proceeded to trial on Relators' FCA claims as to State Farm's adjustment of Hurricane Katrina wind and flood damage claims as to one property (the "McIntosh claim").  During the jury trial, the Court granted State Farm's *ore tenus* Motion for Judgment as a Matter of Law in part and dismissed Relators' conspiracy claim under 31 U.S.C. § 3729(a)(3) (1994), which was contained in Count

---

[1]  In 2009, after Relators amended their pleadings, Congress amended 31 U.S.C. § 3729 in the Fraud Enforcement and Recovery Act of 2009 ["FERA"].  Pub.L. 111-21, § 4(a), May 20, 2009, 123 Stat. 1621.  Subsections 3729(a)(1),(a)(2), (a)(3), and (a)(7) were redesignated as subsections 3729(a)(1)(A), (B), (C), and (G), respectively.  The current, 2009 version of § 3729(a)(1)(B) applies to Relators' claims, in lieu of the earlier version contained in § 3729(a)(2).  *See United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 267 n.1 (5th Cir. 2010).  However, because the conduct involved here occurred before the 2009 revisions to the statute, the earlier versions of §§ 3729(a)(1), (a)(3), and (a)(7) apply to Relators' other claims.  *See id.; see also, e.g., United States v. Caremark, Inc.*, 634 F.3d 808, 814–15 (5th Cir. 2011) (applying pre-2009 version of § 3729(a)(7) to conduct prior to 2009).
[2]  Relators also advanced a fifth count for retaliation, pursuant to 31 U.S.C. § 3730(h).  In a Memorandum Opinion [343] and Order [344] entered on August 10, 2009, Senior United States District Judge L.T. Senter, Jr., granted summary judgment on this claim, leaving only the four claims.

III of the Amended Complaint [16].  *See* Order [1087] at 2.  Only Relators' claims

under 31 U.S.C. §§ 3729(a)(1) (1994) and 3729(a)(1)(B) (2009) as to the McIntosh

property were submitted to the jury.  After receiving a favorable jury verdict on

these two FCA claims, Relators then sought "to conduct discovery regarding the full

extent of State Farm's fraud upon the Government."  Mot. [1104] at 1.  The Court

denied Relators' request for expanded discovery and entered a Federal Rule of Civil

Procedure 54(b) Final Judgment [1129] on February 21, 2014.

The parties appealed, and upon conclusion of the appeals, the Court entered

an Order [1317] on April 12, 2017, which granted in part and denied in part State

Farm's Motion [1290] to Reopen Case and for Resolution of Scope of Discovery.  The

Court directed the Magistrate Judge to schedule a case management conference or

conferences on Relators' claims and State Farm's counterclaims and enter

appropriate scheduling orders.  Order [1317] at 9.  The Court indicated that the

initial scope of discovery for Relators' claims would be limited to the Hurricane

Katrina insurance claims identified on a list of certain properties (the "List") for

which State Farm had issued both a homeowner's policy covering wind damage and

a Standard Flood Insurance Policy ("SFIP") covering flood damage, as set forth in

the Court's Order [344] of August 10, 2009.  *Id.*; *see also* Order [1323] at 3

(clarifying that the initial scope of discovery as to Relators' claims would be limited

to the Hurricane Katrina insurance claims on the properties identified on the List

and that the Court had made no determination at that time whether the initial

scope of discovery may later be expanded or restricted).  On June 22, 2017, the

Magistrate Judge entered an Order [1324] requiring State Farm to produce to Relators its wind and flood claim files for the properties on the List.  *See* Order [1324] at 1.  It appears from the record that this production has occurred.

Without any further discovery having taken place, Relators then filed a Motion [1380] for Partial Summary Judgment on a single property from the List. Relators did not rely upon any factual falsity, which was the issue at the trial on the McIntosh claim, but argued a new theory that they could establish liability under 31 U.S.C. § 3729(a)(1) by showing "that State Farm falsely certified (implicitly or explicitly) that it complied with a material requirement, in this case that it had performed the requisite line-by-line adjustment."  Mem. [1381] at 4.  Relators contended that "facts that the McIntosh jury necessarily decided, combined with facts that State Farm admitted when it compiled the list of properties . . . are sufficient to establish FCA liability for implied false certification under *Universal Health Services v. United States ex rel. Escobar*, 136 S. Ct. 1989 (2016)."  Mem. [1381] at 1.  The Court denied Relators' Motion for Partial Summary Judgment as premature.  *See* Order [1455] at 7.

Relators seek reconsideration of the Court's Order [1455].  Relators believe that the Court is conditioning their access to discovery upon the filing of an amended complaint, *see* Mem. [1457] at 1, and that the Court misapplies Federal Rule of Civil Procedure 9(b), *see id.* at 2.

## II. DISCUSSION

### A. Relevant legal authority

Relators seek reconsideration of the Court's conclusion that their request for summary judgment is premature. Because the denial of summary judgment is an interlocutory order, under Federal Rule of Civil Procedure 54(b) a "trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Texas, L.P.,* 864 F.3d 326, 336 (5th Cir. 2017) (quotation omitted).

District courts have broad discretionary power to control their own dockets, but in exercising that judgment they must weigh competing interests and maintain an "even balance." *See Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983). According to the Fifth Circuit, "[a] district court has exceedingly wide discretion in scheduling," and in making such determinations, a district court should consider "not only the facts of the particular case, but also all of the demands on counsel's time and the court's time." *Doe v. Columbia-Brazoria Indep. Sch. Dist. by & through Bd. of Trustees*, 855 F.3d 681, 687 (5th Cir. 2017) (quotation omitted).

### B. Relators' arguments

Relators are incorrect that this Court conditioned discovery upon the filing of an amended pleading. *See* Mem. [1457] at 1. The Court has permitted some initial discovery, but no new case management order has been entered on Relators' claims in part due to the various motions that have been filed by the parties. While

Relators complain about not receiving additional discovery, Relators do not seek additional discovery in their present Motion, nor were they seeking discovery in their Motion for Partial Summary Judgment. Instead they ask the Court to enter a partial summary judgment in their favor on liability without conducting any additional discovery.

Relators' reliance upon Federal Rule of Civil Procedure 9(b) here is misplaced. The Court has not dismissed any claims or otherwise judged the sufficiency of Relators' pleadings under Rules 9(b) or 12(b)(6). Relators contend that the Pretrial Order entered in the McIntosh trial, rather than the Amended Complaint, governs these proceedings because the pleadings were amended to conform to the Pretrial Order. *See United States ex rel. Rigsby*, 794 F.3d at 468 n.7 (citing *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 (2007); Fed. R. Civ. P. 16(d) & advisory committee note to 1983 amendment).

Generally, a "pretrial order controls the subsequent course of the action unless modified by the trial judge at or before the trial, upon oral or written motion, to prevent manifest injustice." L.U. Civ. R. 16(j)(7); *see also* Fed. R. Civ. P. 16(d) (stating that the pretrial order "controls the course of the action unless the court modifies it"). Importantly, "[a]lthough the pre-trial order may supersede the pleadings it does not operate in the same manner to frame the issues as the earlier pleadings." *Pac. Indem. Co. v. Broward Cty.*, 465 F.2d 99, 103 (5th Cir. 1972). It "is drafted with a view as to what the proof will be at trial." *Id.*

Relators have not cited any controlling authority which stands for the

proposition that the Pretrial Order from the trial on the single McIntosh property should continue to govern the entire course of this matter following the conclusion of the trial on that single claim, now that the scope of proceedings has been greatly expanded beyond what was presented at trial on the McIntosh claim.  From a procedural and case management standpoint, it would be highly impractical, in the Court's view, to conduct the greatly expanded proceedings in this case based upon a Pretrial Order entered for a trial on a single property that has already been concluded.  For these reasons, the Court is not persuaded by Relators' assertion that the Pretrial Order continues to govern these proceedings.  The current operative pleading is Relators' Amended Complaint [16].

Having weighed the parties' competing interests as well as the demands on counsel's and the Court's time, the Court finds that Relators' Motion [1456] for Reconsideration is not well taken and should be denied.  *See, e.g., Doe*, 855 F.3d at 687; *Wedgeworth*, 706 F.2d at 545.  The Court remains convinced that Relators' Motion for Partial Summary Judgment was premature given the current procedural posture of this case.  The Court will direct the parties to contact the Magistrate Judge within seven (7) calendar days of entry of this Order to schedule a Case Management Conference.  After the Case Management Conference, the Magistrate Judge will enter an Amended Case Management Order on Relators' claims, which will include a deadline for filing any amended pleadings.  If Relators wish to file a Second Amended Complaint and plead their claims, they may do so by that deadline.  Otherwise, Relators' operative pleading will remain their Amended

Complaint [16].

### III.  <u>CONCLUSION</u>

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Relators Cori Rigsby and Kerri Rigsby's Motion [1456] for Reconsideration is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the parties are directed to contact the Magistrate Judge within seven (7) calendar days of entry of this Order to schedule a Case Management Conference.

**SO ORDERED AND ADJUDGED**, this the 13th day of December, 2019.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE