IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA ex rel.
CORI RIGSBY and KERRI RIGSBY       RELATORS/COUNTER-DEFENDANTS

v.                                           CASE NO. 1:06cv433-HSO-JCG

STATE FARM FIRE AND CASUALTY COMPANY   DEFENDANT/COUNTER-PLAINTIFF

### STATE FARM FIRE AND CASUALTY COMPANY'S ANSWER, DEFENSES, AND COUNTERCLAIM TO RELATORS' [1623] SECOND AMENDED COMPLAINT

#### (ARBITRATION DEMANDED)

Defendant/Counter-Plaintiff State Farm Fire and Casualty Company ("State Farm" or "Defendant"), in the alternative to its concurrently filed Motion to Compel Arbitration, and subject to and without waiving its right to arbitrate the disputes herein, respectfully submits this Answer, Defenses, and Counterclaim ("Answer") to the [1623] Second Amended Complaint ("Complaint") filed by Relators Cori Rigsby and Kerri Rigsby (collectively the "Rigsbys") in this Action. State Farm would show as follows:

#### INTRODUCTION TO DEFENSES

Under the law, it is the Rigsbys' burden to prove many of the issues raised in the defenses set forth below. It is State Farm's intent to preserve, and not to waive, its legal position that the Rigsbys maintain the burden of proof on these issues.

State Farm reserves all other defenses in law or equity that may now exist or in the future be available upon further factual investigation and discovery. State Farm further reserves the right to assert additional affirmative defenses in its pleadings and other responsive papers.

<u>**FIRST DEFENSE**</u>

Under the provisions of the Financial Assistance/Subsidy Arrangement, Appendix A to 44 C.F.R. Part 62, as accepted by State Farm on September 23, 2004 and acknowledged by the United States (the "Arrangement"), and applicable law, including the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA"), State Farm has the right to arbitrate all of the claims raised in the Complaint.

State Farm is moving to compel arbitration of the claims in this Action.  Because arbitration is mandatory if initiated by either party to the Arrangement and State Farm is invoking its legal right to arbitrate, the Rigsbys lack authority or standing to pursue such claims on behalf of the United States against State Farm in this action.

This Answer is submitted to preserve State Farm's defenses in the event State Farm's motion to compel arbitration is finally denied.  Under the FAA, the Arrangement, and applicable law, this Court should stay the entirety of this Action until arbitration is completed.

<u>**SECOND DEFENSE – ANSWER**</u>

For its answer to the averments of the Complaint, paragraph by paragraph, State Farm states as follows:

<u>**GENERAL STATEMENT**</u>

No response is required to the Complaint's headings and subheadings.  In the alternative, to the extent such a response is required, those averments are denied.

1.      State Farm denies the averments of Paragraph 1 of the Complaint and denies that it has any liability for the matters pled.

2.      State Farm admits that it is an insurance company that writes homeowners policies, which speak for themselves, and that at or around the time of Hurricane Katrina it was

authorized by FEMA to write federal flood insurance under the WYO program pursuant to federal regulations, the Arrangement, and the Standard Flood Insurance Policy, which speak for themselves.  State Farm denies the remainder of the averments of Paragraph 2 of the Complaint.

3.      State Farm denies the averments of Paragraph 3 of the Complaint.

4.      State Farm denies the averments of Paragraph 4 of the Complaint.

5.      State Farm denies the averments of Paragraph 5 of the Complaint.

6.      State Farm denies the averments of Paragraph 6 of the Complaint, except to admit that it authorized limits payments on flood policies where it had documented evidence of flooding damage that met or exceeded the limits of the policies.

7.      State Farm admits that in certain circumstances State Farm used an XactTotal valuation subprogram of Xactimate as part of the adjustment of certain Hurricane Katrina flood claims.  State Farm denies the remainder of the averments of Paragraph 7 of the Complaint.

8.      State Farm denies the averments of Paragraph 8 of the Complaint, except to admit that in certain circumstances prior to Hurricane Katrina State Farm adjusted homeowners[1] and flood claims using line-by-line, item-by-item estimates.

9.      State Farm denies the averments of Paragraph 9 of the Complaint, except to admit that in certain circumstances State Farm adjusted homeowners and flood claims using line-by-line estimates and in certain other circumstances State Farm adjusted homeowners and flood claims using XactTotal.

---

[1] State Farm understands "homeowners" to mean a residential fire policy for a dwelling that provides wind coverage.

10.     State Farm admits that on September 21, 2005, FEMA issued Bulletin W-05054 with the subject "Hurricane Katrina - Flood Claim Handling Standards," which document speaks for itself.  State Farm denies the remainder of the averments of Paragraph 10 of the Complaint.

11.     State Farm admits that it had numerous communications with FEMA personnel regarding claim handling procedures for NFIP flood claims following Hurricane Katrina in which the parties discussed the use of XactTotal as directed by the NFIP Manual and as part of expedited claim handling procedures; and admits that in certain circumstances State Farm used XactTotal and not a line-by-line estimate as part of its adjustment for Hurricane Katrina flood claims. Further, State Farm would show that FEMA and State Farm agreed on procedures for Amended NFIP Flood Claim Handling Standards applicable to Hurricane Katrina claims that included the use of XactTotal instead of line-by-line estimates in certain circumstances.  State Farm denies the remainder of the averments of Paragraph 11 of the Complaint.

12.     The testimony referenced in Paragraph 12 of the Complaint speaks for itself.  The remainder of Paragraph 12 of the Complaint asserts conclusions of law to which no response is required.  In the alternative only, and except as so admitted, State Farm denies the averments of Paragraph 12 of the Complaint.  The Fifth Circuit opinion partially quoted and cited in Paragraph 12 of the Complaint speaks for itself.

13.     State Farm denies the averments of Paragraph 13 of the Complaint.  The Fifth Circuit opinion partially quoted and cited in Paragraph 13 of the Complaint speaks for itself.

14.     The averments of Paragraph 14 of the Complaint are directed only at the claim dismissed for lack of jurisdiction by the Court's [1678] Memorandum Opinion and Order and therefore no response is required.  In the alternative only, State Farm denies the averments of Paragraph 14 of the Complaint.

4

15.     State Farm denies the averments of Paragraph 15 of the Complaint.

16.     State Farm denies the averments of Paragraph 16 of the Complaint.

17.     State Farm admits that the Rigsbys purport to bring this Action under the cited law.  The remainder of Paragraph 17 of the Complaint asserts conclusions of law to which no response is required.  In the alternative only, State Farm denies the remainder of the averments of Paragraph 17 of the Complaint.  The Fifth Circuit opinion partially quoted and cited in Paragraph 17 of the Complaint speaks for itself.

18.     State Farm lacks information or knowledge sufficient to form a belief as to the truth or falsity of the averment as to Cori Rigsby's current citizenship and residency.  State Farm admits that Cori Rigsby has been a citizen and resident of the State of Mississippi in the past. State Farm admits that Cori Rigsby formerly was a claims adjuster for E.A. Renfroe & Company, Inc. ("Renfroe"), which from time-to-time provided certain services to State Farm as an independent contractor pursuant to contracts between Renfroe and State Farm.  State Farm denies the remainder of the averments of Paragraph 18 of the Complaint.  The Fifth Circuit opinion partially quoted and cited in Paragraph 18 of the Complaint speaks for itself.

19.     State Farm lacks information or knowledge sufficient to form a belief as to the truth or falsity of the averment as to Kerri Rigsby's current citizenship and residency.  State Farm admits that Kerri Rigsby has been a citizen and resident of the State of Mississippi in the past. State Farm admits that Kerri Rigsby formerly was a claims adjuster for Renfroe, which from time-to-time provided certain services to State Farm as an independent contractor pursuant to contracts between Renfroe and State Farm.  State Farm denies the remainder of the averments of Paragraph 19 of the Complaint.  The Fifth Circuit opinion partially quoted and cited in Paragraph 19 of the Complaint speaks for itself.

20.     State Farm admits the averments of Paragraph 20 of the Complaint, except that it denies it engaged in any wrongful or unlawful acts or has any liability in this Action.

21.     Paragraph 21 of the Complaint asserts conclusions of law to which no response is required.  In the alternative only, State Farm admits that it transacted business in this judicial district during and around the time of Hurricane Katrina and otherwise denies the remainder of the averments of Paragraph 21 of the Complaint to the extent they aver wrongdoing or liability on the part of State Farm.

22.     Paragraph 22 of the Complaint asserts conclusions of law to which no response is required.  In the alternative only, State Farm denies the averments of Paragraph 22 of the Complaint.

23.     Paragraph 23 of the Complaint asserts conclusions of law to which no response is required.  In the alternative only, State Farm admits that the law speaks for itself and otherwise denies the remainder of the averments of Paragraph 23 of the Complaint, including to the extent they imply wrongdoing or liability on the part of State Farm.

24.     State Farm admits the averments of Paragraph 24 of the Complaint.

25.     State Farm admits that at landfall near Bay St. Louis, Mississippi, the winds associated with Hurricane Katrina were around 120 miles per hour at some points in time and that Hurricane Katrina caused massive destruction in Mississippi.  State Farm denies the remainder of the averments of Paragraph 25 of the Complaint.

26.     State Farm lacks information or knowledge sufficient to form a belief as to the truth or falsity of the averments of Paragraph 26 of the Complaint except to admit that Hurricane

Katrina caused extensive property damage and destruction in Mississippi. State Farm denies the remainder of the averments of Paragraph 26 of the Complaint.

27.     State Farm lacks information or knowledge sufficient to form a belief as to the truth or falsity of the averments of Paragraph 27 of the Complaint concerning what "typically" occurs in hurricanes other than Hurricane Katrina or with respect to properties not the subject of this Action. State Farm admits that Hurricane Katrina caused damage through both wind and storm surge but denies the remainder of the averments of Paragraph 27 of the Complaint, including to the extent they imply that winds were the first or predominant source of damage wrought by Hurricane Katrina, to the extent they imply that wind was the cause of any unspecified property damage, or to the extent they imply wrongdoing or liability on the part of State Farm.

28.     State Farm admits that it wrote homeowners insurance policies in Mississippi at or around the time of Hurricane Katrina and that the NFIP authorized the writing of federal flood insurance policies in Mississippi at or around the time of Hurricane Katrina pursuant to federal regulations, which speak for themselves. State Farm denies the remainder of the averments of Paragraph 28 of the Complaint. The Fifth Circuit opinion cited in Paragraph 28 of the Complaint speaks for itself.

29.     State Farm lacks information or knowledge sufficient to form a belief as to the truth or falsity of the averments of Paragraph 29 of the Complaint concerning "[p]rivate homeowner policies" issued by other insurers. The homeowners policies of State Farm, which exclude flood damage from coverage, speak for themselves. State Farm denies the remainder of the averments of Paragraph 29 of the Complaint. The Fifth Circuit opinion cited in Paragraph 29 of the Complaint speaks for itself.

30.     State Farm admits that the NFIP authorizes private insurers to write federal flood insurance policies under the WYO program pursuant to federal regulations and the Arrangement, which speak for themselves.  State Farm denies the remainder of the averments of Paragraph 30 of the Complaint.  The Fifth Circuit opinion cited in Paragraph 30 of the Complaint speaks for itself.

31.     State Farm admits that WYO carriers were authorized to write federal flood insurance in conformance with federal regulations, the Arrangement, and the SFIP, which speak for themselves.  State Farm denies the remainder of the averments of Paragraph 31 of the Complaint.  The Fifth Circuit opinion cited in Paragraph 31 of the Complaint speaks for itself.

32.     State Farm admits the averments of Paragraph 32 of the Complaint.  The Fifth Circuit opinion cited in Paragraph 32 of the Complaint speaks for itself.

33.     State Farm lacks information or knowledge sufficient to form a belief as to the truth or falsity of the averments of Paragraph 33 of the Complaint concerning "other WYO insurers."  State Farm admits that some homeowners purchased both homeowners and SFIP policies from State Farm.  State Farm denies the remainder of the averments of Paragraph 33 of the Complaint.  The Fifth Circuit opinion cited in Paragraph 33 of the Complaint speaks for itself.

34.     Paragraph 34 of the Complaint asserts conclusions of law to which no response is required.  In the alternative only, State Farm admits that the federal regulations governing the WYO program and the NFIP Manual speak for themselves and denies the remainder of the averments of Paragraph 34 of the Complaint, including to the extent they imply wrongdoing or liability on the part of State Farm.  The Fifth Circuit opinion cited in Paragraph 34 of the Complaint speaks for itself.

35.     Paragraph 35 of the Complaint asserts conclusions of law to which no response is required.  In the alternative only, State Farm admits that the cited regulations speak for themselves and denies the remainder of the averments of Paragraph 35 of the Complaint.  The Fifth Circuit opinion cited in Paragraph 35 of the Complaint speaks for itself.

36.     State Farm denies the averments of Paragraph 36 of the Complaint.

37.     State Farm admits that, following Hurricane Katrina, State Farm set up an office in Gulfport, Mississippi to handle claims, including SFIP flood claims, and admits that Alexis King acted as a Team Manager within the Gulfport, Mississippi office and, in her role, convened meetings with adjusters wherein area flooding was discussed.  State Farm denies the remainder of the averments of Paragraph 37 of the Complaint.  The Fifth Circuit opinion cited in Paragraph 37 of the Complaint speaks for itself.

38.     State Farm admits that Hurricane Katrina winds, in addition to storm surge and flooding, caused structural damage along the Gulf Coast.  State Farm objects that the term "significant" is vague and therefore lacks the information necessary to admit or deny the significance of such damage.  State Farm denies the remainder of the averments of Paragraph 38 of the Complaint.

39.     State Farm denies the averments of Paragraph 39 of the Complaint.  The Pretrial Order cited in Paragraph 39 of the Complaint speaks for itself.

40.     State Farm admits that it purchased the Hurricane Katrina Storm Damage Survey published in October 2005 by Haag Engineering Company, which report speaks for itself, and admits that the report would have been available as a resource for claims adjusters following its

publication.  State Farm denies the remainder of the averments of Paragraph 40 of the Complaint.
The Pretrial Order cited in Paragraph 40 of the Complaint speaks for itself.

41.     State Farm admits that it paid wind damage when coverage existed and a covered
loss occurred.  State Farm denies the remainder of the averments of Paragraph 41 of the
Complaint.  The Pretrial Order cited in Paragraph 41 of the Complaint speaks for itself.

42.     State Farm admits that it authorized limits payments on flood policies where it
had documented evidence of flooding damage that met or exceeded the limits of the policies and
that its adjusters used XactTotal as part of the adjustment of certain claims.  State Farm denies the
remainder of the averments of Paragraph 42 of the Complaint.  The Pretrial Order cited in
Paragraph 42 of the Complaint speaks for itself.

43.     State Farm admits that in certain circumstances State Farm adjusted homeowners
and flood claims using the Xactimate program to prepare line-by-line estimates.  State Farm denies
the remainder of the averments of Paragraph 43 of the Complaint.  The Fifth Circuit opinion and
Pretrial Order cited in Paragraph 43 of the Complaint speak for themselves.

44.     State Farm admits that in certain circumstances it used line-by-line estimates to
adjust wind claims following Hurricane Katrina, but denies that was the exclusive adjustment
methodology for wind claims following Hurricane Katrina.  State Farm also admits that it
instructed its adjusters that XactTotal valuation could be used as part of the adjustment following
Hurricane Katrina in certain circumstances for both wind claims and flood claims, but denies that
it instructed adjusters that the XactTotal program was to be used exclusively on flood claims.
State Farm admits that the XactTotal subprogram provides a valuation of the entire structure, and
not the cost to repair any particular damage to the structure.  State Farm denies the remainder of

10

the averments of Paragraph 44 of the Complaint.  The Fifth Circuit opinion and Pretrial Order cited in Paragraph 44 of the Complaint speak for themselves.

45.     State Farm denies the averments of Paragraph 45 of the Complaint.  The Fifth Circuit opinion and Pretrial Order cited in Paragraph 45 of the Complaint speak for themselves.

46.     State Farm admits the existence of the referenced September 13, 2005 e-mail addressing the use of "Xact Total" and "Stick build" and of the separate, referenced September 14, 2005 e-mail addressing the Statement of Loss worksheet, the contents of which speak for themselves and are further addressed by later documents and in Jody Prince's June 16, 2010 deposition testimony.  State Farm denies the remainder of the averments of Paragraph 46 of the Complaint.  The Fifth Circuit opinion cited in Paragraph 46 of the Complaint speaks for itself.

47.     Paragraph 47 of the Complaint asserts conclusions of law to which no response is required.  In the alternative only, State Farm denies the averments of Paragraph 47 of the Complaint.  The Pretrial Order cited in Paragraph 47 of the Complaint speaks for itself.

48.     State Farm admits that on September 21, 2005, FEMA issued Bulletin W-05054 with the subject "Hurricane Katrina - Flood Claim Handling Standards," which document speaks for itself.  State Farm denies the remainder of the averments of Paragraph 48 of the Complaint. The Fifth Circuit opinion and Pretrial Order cited in Paragraph 48 of the Complaint speak for themselves.

49.     State Farm admits that on September 21, 2005, FEMA issued Bulletin W-05054 with the subject "Hurricane Katrina - Flood Claim Handling Standards," which document speaks for itself.  State Farm denies the remainder of the averments of Paragraph 49 of the Complaint.

The Fifth Circuit opinion and Pretrial Order cited in Paragraph 49 of the Complaint speak for themselves.

50.     Paragraph 50 of the Complaint asserts conclusions of law to which no response is required.  In the alternative only, State Farm avers that FEMA Bulletin W-05054 speaks for itself and denies the remainder of the averments of Paragraph 50 of the Complaint.  The Fifth Circuit opinion and Pretrial Order cited in Paragraph 50 of the Complaint speak for themselves.

51.     State Farm admits that adjuster fees for NFIP claims adjusted by WYO insurers are governed by FEMA regulations, policies, and procedures documents, which included an NFIP fee schedule, which documents speak for themselves.  State Farm denies the remainder of the averments of Paragraph 51 of the Complaint.

52.     State Farm admits that on September 21, 2005, FEMA issued Bulletin W-05054 with the subject "Hurricane Katrina - Flood Claim Handling Standards," which document contains the quoted language and speaks for itself.  State Farm denies the remainder of the averments of Paragraph 52 of the Complaint.

53.     State Farm admits that on September 21, 2005, FEMA issued Bulletin W-05054 with the subject "Hurricane Katrina - Flood Claim Handling Standards," which document speaks for itself, and that State Farm and FEMA exchanged proposals for Amended NFIP Flood Claim Handling Standards in September 2005, which documents speak for themselves.  Further, State Farm would show that FEMA and State Farm agreed on procedures for Amended NFIP Flood Claim Handling Standards applicable to Hurricane Katrina claims that included the use of XactTotal instead of line-by-line estimates in certain circumstances.  State Farm denies the remainder of the averments of Paragraph 53 of the Complaint.  The Fifth Circuit opinion and Pretrial Order cited in Paragraph 53 of the Complaint speak for themselves.

a.       State Farm admits that on September 21, 2005, FEMA issued Bulletin W-05054 with the subject "Hurricane Katrina - Flood Claim Handling Standards," which document speaks for itself, and that State Farm submitted a proposal to FEMA on September 9, 2005 regarding claim handling practices applicable to Hurricane Katrina, which document contains the quoted language and speaks for itself.  State Farm denies the remainder of the averments of Paragraph 53.a of the Complaint.

b.       State Farm admits that Juan Guevara was a liaison between State Farm and FEMA and that Juan Guevara sent an email to James Shortly on September 22, 2005 regarding the proposal agreed between FEMA and State Farm for Amended NFIP Flood Claim Handling Standards applicable to Hurricane Katrina claims and FEMA Bulletin W-5054, which document speaks for itself.  State Farm denies the remainder of the averments of Paragraph 53.b of the Complaint.

c.       State Farm admits that Juan Guevara sent an email to James Shortley on September 29, 2005 in follow-up to his September 22, 2005 email, which document speaks for itself, and that Juan Guevara did not receive a written response to that September 29, 2005 email.  State Farm denies the remainder of the averments of Paragraph 53.c of the Complaint.

54.       State Farm admits that on September 21, 2005, FEMA issued Bulletin W-05054 with the subject "Hurricane Katrina - Flood Claim Handling Standards," which document speaks for itself.  State Farm denies the remainder of the averments of Paragraph 54 of the Complaint. The Pretrial Order cited in Paragraph 54 of the Complaint speaks for itself.

55.       State Farm admits that it used XactTotal as part of its "normal claim procedures" to adjust certain claims that would fall under "Category 3" of W-5054.  State Farm denies the

remainder of the averments of Paragraph 55 of the Complaint.  The Pretrial Order cited in Paragraph 55 of the Complaint speaks for itself.

56.     The averments of Paragraph 56 of the Complaint are directed only at the claim dismissed for lack of jurisdiction by the Court's [1678] Memorandum Opinion and Order and therefore no response is required.  In the alternative only, State Farm admits that State Farm's adjusters charged fees pursuant to the standard NFIP fee schedule for certain claims where XactTotal was used to support settlement of the claim and denies the remainder of the averments of Paragraph 56 of the Complaint.

57.     State Farm denies the averments of Paragraph 57 of the Complaint.  The Fifth Circuit opinion cited in Paragraph 57 of the Complaint speaks for itself.

58.     State Farm admits that it distributed a "Square Foot Handling of Flood Losses in Mississippi/Alabama Hurricane Katrina" workflow to adjusters working on Hurricane Katrina claims, which document speaks for itself.  State Farm denies the remainder of the averments of Paragraph 58 of the Complaint.

59.     State Farm admits that it distributed a "Square Foot Handling of Flood Losses in Mississippi/Alabama Hurricane Katrina" workflow to adjusters working on Hurricane Katrina claims, which document speaks for itself.  State Farm denies the remainder of the averments of Paragraph 59 of the Complaint.

60.     State Farm admits that it distributed a "Square Foot Handling of Flood Losses in Mississippi/Alabama Hurricane Katrina" workflow to adjusters working on Hurricane Katrina claims, which document speaks for itself.  State Farm denies the remainder of the averments of Paragraph 60 of the Complaint.

61.      State Farm admits that on August 10, 2009, the Court issued the [343] Memorandum Opinion and [344] Order, each of which speaks for itself.  State Farm denies the remainder of the averments of Paragraph 61 of the Complaint.

62.      State Farm admits that the Court issued the [343] Memorandum Opinion, which Opinion speaks for itself, and that State Farm submitted a list of flood claims in response to the [343] Memorandum Opinion and accompanying [344] Order.  State Farm denies the remainder of the averments of Paragraph 62 of the Complaint.

63.      State Farm states that it is possible that the List might be amended following a further review by State Farm that is in progress.  State Farm otherwise denies the averments of Paragraph 63 of the Complaint.

64.      State Farm lacks information or knowledge sufficient to form a belief as to the truth or falsity of the averments of Paragraph 64 of the Complaint, except to admit the existence of the cited Government Accountability Office Report to Congressional Committees and the cited Statement of Matt Jadacki, which documents speak for themselves.  State Farm denies the remainder of the averments of Paragraph 64 of the Complaint.

65.      State Farm admits that the Testimony of Attorney General Jim Hood speaks for itself.  Except as so admitted, State Farm denies the averments of Paragraph 65 of the Complaint, denies that 9,000 flood claims were filed against SFIPs in Mississippi for which State Farm was the WYO carrier following Hurricane Katrina, and denies that State Farm issued a homeowners policy to every insured who had purchased a SFIP through State Farm.

66.      State Farm denies the averments of Paragraph 66 of the Complaint.

67.      State Farm denies the averments of Paragraph 67 of the Complaint.

68.     State Farm admits that it did not create line-by-line estimates for certain NFIP flood claims damaged in Hurricane Katrina before authorizing policy limits payments.  Further, State Farm would show that it authorized these limits payments where it had documented evidence of flooding damage that met or exceeded the limits of the policies.  State Farm denies the remainder of the averments of Paragraph 68 of the Complaint.

69.     State Farm admits that it did not include Claim No. 24-Z457-904 – which is not associated with SFIP coverage – or Claim No. 24-Z208-692 on the List submitted in response to the [344] Order.  State Farm denies the remainder of the averments of Paragraph 69 of the Complaint.

70.     State Farm admits that the insured properties for Claim No. 24-Z457-904 and Claim No. 24-Z208-692 were not slabs or cabanas.  State Farm denies the remainder of the averments of Paragraph 70 of the Complaint.

71.     State Farm admits that it paid flood dwelling limits for Claim No. 24-Z208-692. State Farm denies the remainder of the averments of Paragraph 71 of the Complaint.

72.     State Farm admits that it prepared an XactTotal valuation report for Claim No. 24-Z208-692 and that the claim file does not include a line-by-line estimate.  State Farm denies the remainder of the averments of Paragraph 72 of the Complaint.

73.     State Farm admits that it did not include Claim No. 24-Z457-904 or Claim No. 24-Z208-692 on the List submitted in response to the [344] Order.  State Farm denies the remainder of the averments of Paragraph 73 of the Complaint.

74.     State Farm denies the averments of Paragraph 74 of the Complaint.

75.     State Farm denies the averments of Paragraph 75 of the Complaint.

76.     State Farm denies the averments of Paragraph 76 of the Complaint.

77.     State Farm admits that the List excludes claims where the insured properties were "empty shells."  State Farm denies the remainder of the averments of Paragraph 77 of the Complaint.

78.     State Farm denies the averments of Paragraph 78 of the Complaint.

79.     State Farm denies the averments of Paragraph 79 of the Complaint.

80.     State Farm denies the averments of Paragraph 80 of the Complaint.  The Fifth Circuit opinion partially quoted and cited in Paragraph 80 of the Complaint speaks for itself.

81.     State Farm admits that it used XactTotal as part of the adjustment on the McIntosh claim, which valuation was based on the square footage and average quality of the McIntosh property.  State Farm further admits that it created a long-form XactTotal report to show depreciation and make other adjustments and deductions for the McIntosh claim and that the long-form XactTotal report included, based on the valuation program used, a garage whereas the McIntosh property had a carport.  State Farm denies the remainder of the averments of Paragraph 81 of the Complaint.

82.     State Farm admits that it retained Gerald Waytowich as an expert for the 2013 trial of the McIntosh claim.  State Farm further admits that while employed by Computer Science Corporation ("CSS"), Mr. Waytowich was a claims manager for CSS's NFIP contract.  State Farm admits that Mr. Waytowich's June 4, 2010 deposition testimony speaks for itself.  Except as so admitted, State Farm denies the averments of Paragraph 82 of the Complaint.

83.     State Farm denies the averments of Paragraph 83 of the Complaint.  The Pretrial Order cited in Paragraph 83 of the Complaint speaks for itself.

84.     State Farm denies the averments of Paragraph 84 of the Complaint.

85.     State Farm denies the averments of Paragraph 85 of the Complaint.

86.     State Farm denies the averments of Paragraph 86 of the Complaint.

87.     State Farm admits that it hired Forensic Engineering ("Forensic") and that Forensic employee Brian Ford prepared a report regarding the McIntosh property, which report speaks for itself.  State Farm denies the remainder of the averments of Paragraph 87 of the Complaint.  The Fifth Circuit opinion partially quoted and cited and the Pretrial Order cited in Paragraph 87 of the Complaint speak for themselves.

88.     State Farm admits the existence of the note on the "Ford Report," which speaks for itself.  State Farm denies the remainder of the averments of Paragraph 88 of the Complaint. The Fifth Circuit opinion partially quoted and cited and the Pretrial Order cited in Paragraph 88 of the Complaint speak for themselves.

89.     State Farm admits that the testimony of Alexis King on April 3, 2013, referenced and quoted in part in Paragraph 89 of the Complaint, speaks for itself.  State Farm further admits that Brian Ford told Ms. King that he was going to stand on his conclusion based upon an eyewitness statement, although his report did not identify the witness.  Except as so admitted, State Farm denies the averments of Paragraph 89 of the Complaint.

90.     State Farm admits that the testimony of Robert Kochan on June 30, 2010, referenced and quoted in part in Paragraph 90 of the Complaint, speaks for itself.  Except as so admitted, State Farm denies the averments of Paragraph 90 of the Complaint.

91.     State Farm admits that Forensic Engineering ("Forensic") employee John Kelly prepared a report regarding the McIntosh property, which report speaks for itself.  State Farm

further admits that portions of the report prepared by Mr. Kelly were similar to the report prepared by Mr. Ford. State Farm also admits that Mr. Kelly began working with Forensic the same week he inspected the McIntosh property. State Farm denies the remainder of the averments of Paragraph 91 of the Complaint. The Fifth Circuit opinion partially quoted and cited and the Pretrial Order cited in Paragraph 91 of the Complaint speak for themselves.

92.     State Farm admits that the referenced and quoted excerpts of the April 3, 2013 trial testimony of Alexis King, the March 26, 2013 trial testimony of Kerri Rigsby, and the June 30, 2010 deposition testimony of Robert Kochan speak for themselves. State Farm admits that Ms. King expressed concerns about some reports prepared by some engineering firms. Except as so admitted, State Farm denies the averments of Paragraph 92 of the Complaint.

93.     State Farm denies the averments of Paragraph 93 of the Complaint.

94.     State Farm denies the averments of Paragraph 94 of the Complaint. The Pretrial Order cited in Paragraph 94 of the Complaint speaks for itself.

95.     State Farm denies the averments of Paragraph 95 of the Complaint. The Pretrial Order cited in Paragraph 95 of the Complaint speaks for itself.

96.     State Farm denies the averments of Paragraph 96 of the Complaint.

97.     State Farm denies the averments of Paragraph 97 of the Complaint. The Fifth Circuit opinion partially quoted and cited in Paragraph 97 of the Complaint speaks for itself.

98.     Paragraph 98 of the Complaint asserts conclusions of law to which no response is required. In the alternative only, State Farm admits that the cited regulations speak for themselves and denies the remainder of the averments of Paragraph 98 of the Complaint, including to the extent they imply wrongdoing or liability on the part of State Farm.

99.     State Farm admits that on September 21, 2005, FEMA issued Bulletin W-05054 with the subject "Hurricane Katrina - Flood Claim Handling Standards," which document speaks for itself.  State Farm denies the remainder of the averments of Paragraph 99 of the Complaint. The Fifth Circuit opinion partially quoted and cited in Paragraph 99 of the Complaint speaks for itself.

100.    State Farm admits that the April 3, 2013 trial testimony of Alexis King, the April 1, 2013 trial testimony of Jayme Woody, the April 3, 2013 trial testimony of John Conser, and the March 29, 2013 trial testimony of Mark Drain, each speaks for itself.  Except as so admitted, State Farm denies the averments of Paragraph 100 of the Complaint.

101.    State Farm admits that the trial testimony of James Shortley and David Maurstad each speaks for itself.  Except as so admitted, State Farm denies the averments of Paragraph 101 of the Complaint.  The Fifth Circuit opinion partially quoted and cited in Paragraph 101 of the Complaint speaks for itself.

102.    State Farm admits that Gerald Waytowich was State Farm's expert at the 2013 McIntosh trial, that he trained and supervised FEMA reinspectors in previous roles, and that his testimony speaks for itself.  Except as so admitted, State Farm denies the averments of Paragraph 102 of the Complaint.

103.    State Farm denies the averments of Paragraph 103 of the Complaint.

104.    State Farm admits that FEMA Bulletin W-05054, with the subject "Hurricane Katrina - Flood Claim Handling Standards," addressed modified adjustment fees for its Process #1 and Process #2 and that the Bulletin speaks for itself.  State Farm denies the remainder of the averments of Paragraph 104 of the Complaint.

105.     State Farm admits that FEMA Bulletin W-05054, with the subject "Hurricane Katrina - Flood Claim Handling Standards," addressed modified adjustment fees for its Process #1 and Process #2 and that the Bulletin speaks for itself.  State Farm denies the remainder of the averments of Paragraph 105 of the Complaint.

106.     State Farm admits that adjuster fees for NFIP claims adjusted by WYO insurers are governed by FEMA regulations, policies, and procedures documents, which included an NFIP fee schedule, which documents speak for themselves, and that FEMA Bulletin W-05054, with the subject "Hurricane Katrina - Flood Claim Handling Standards," addressed modified adjustment fees for its Process #1 and Process #2, which Bulletin speaks for itself.  State Farm denies the remainder of the averments of Paragraph 106 of the Complaint.

107.     The averments of Paragraph 107 of the Complaint are directed only at the claim dismissed for lack of jurisdiction by the Court's [1678] Memorandum Opinion and Order and therefore no response is required.  In the alternative only, State Farm denies the averments of Paragraph 107 of the Complaint.

108.     The averments of Paragraph 108 of the Complaint are directed only at the claim dismissed for lack of jurisdiction by the Court's [1678] Memorandum Opinion and Order and therefore no response is required.  In the alternative only, State Farm admits that State Farm did not prepare a line-by-line estimate before it settled the McIntosh flood claim and denies the remainder of the averments of Paragraph 108 of the Complaint.

109.     State Farm admits that it did not prepare a line-by-line estimate before it settled Claim No. 24-Z454-236 and that Claim No. 24-Z454-236 appears on the List submitted in response to the [344] Order.  State Farm denies the remainder of the averments of Paragraph 109 of the Complaint.

110.     State Farm admits that Claim No. 24-Z454-236 was not adjusted pursuant to Process #1 or Process #2 of FEMA Bulletin W-5054.  State Farm denies the remainder of the averments of Paragraph 110 of the Complaint.

111.     State Farm admits that it converted the XactTotal valuation for Claim No. 24-Z454-236 to a long-form XactTotal report.  State Farm denies the remainder of the averments of Paragraph 111 of the Complaint.

112.     The averments of Paragraph 112 of the Complaint are directed only at the claim dismissed for lack of jurisdiction by the Court's [1678] Memorandum Opinion and Order and therefore no response is required.  In the alternative only, State Farm admits that it did not prepare a line-by-line estimate before it settled Claim No. 24-Z454-236 and denies the remainder of the averments of Paragraph 112 of the Complaint.

113.     Paragraph 113 of the Complaint asserts conclusions of law to which no response is required.  In the alternative only, State Farm denies the averments of Paragraph 113 of the Complaint.

114.     State Farm admits that on August 10, 2009, following an evidentiary hearing, the Court issued a [343] Memorandum Opinion, which addressed original source contentions with respect to the allegations pled in the [16] Amended Complaint and which Opinion speaks for itself. Except as so admitted, State Farm denies the averments of Paragraph 114 of the Complaint.

115.     State Farm denies the averments of Paragraph 115 of the Complaint.

116.     State Farm denies the averments of Paragraph 116 of the Complaint, except to admit that Alexis King instructed the Rigsbys on the proper use of XactTotal in adjusting Hurricane Katrina claims.

22

117.     State Farm denies the averments of Paragraph 117 of the Complaint, except to admit that the Rigsbys received training regarding the proper use of XactTotal in adjusting NFIP claims.

118.     State Farm denies the averments of Paragraph 118 of the Complaint.

119.     State Farm lacks information or knowledge sufficient to form a belief as to the truth or falsity of the averments of Paragraph 119 of the Complaint.  State Farm denies the averments of Paragraph 119 of the Complaint to the extent they aver wrongdoing or liability on the part of State Farm.

120.     State Farm admits that from time to time Alexis King had engineering reports on her desk in the Gulfport, Mississippi claims office.  State Farm admits that Kerri Rigsby's March 26, 2013 trial testimony, quoted in part in Paragraph 120 of the Complaint, speaks for itself. Except as so admitted, State Farm denies the averments of Paragraph 120 of the Complaint.

121.     State Farm admits that Kerri Rigsby and Cody Perry personally adjusted the McIntosh claim.  State Farm denies the remainder of the averments of Paragraph 121 of the Complaint.

122.     State Farm admits that Kerri Rigsby's March 26, 2013 trial testimony and Alexis King's April 3, 2010 trial testimony each speaks for itself.   Except as so admitted, State Farm denies the averments of Paragraph 122 of the Complaint.

123.     In response to the incorporation by reference of preceding averments in Paragraph 123 of the Complaint, State Farm incorporates by reference its responses to the preceding averments and asserts its affirmative defenses set forth in this Answer.

124.     Paragraph 124 of the Complaint asserts conclusions of law to which no response is required.  In the alternative only, State Farm denies the averments of Paragraph 124 of the Complaint.

125.     Paragraph 125 of the Complaint asserts conclusions of law to which no response is required.  In the alternative only, State Farm denies the averments of Paragraph 125 of the Complaint.

126.     Paragraph 126 of the Complaint asserts conclusions of law to which no response is required.  In the alternative only, State Farm denies the averments of Paragraph 126 of the Complaint.

127.     Paragraph 127 of the Complaint asserts conclusions of law to which no response is required.  In the alternative only, State Farm denies the averments of Paragraph 127 of the Complaint.

128.     State Farm denies the averments of Paragraph 128 of the Complaint.  The Fifth Circuit opinion cited in Paragraph 128 of the Complaint speaks for itself.

129.     Paragraph 129 of the Complaint asserts conclusions of law to which no response is required.  In the alternative only, State Farm denies the averments of Paragraph 129 of the Complaint.

130.     The averments of Paragraph 130 of the Complaint are directed only at the claim dismissed for lack of jurisdiction by the Court's [1678] Memorandum Opinion and Order and therefore no response is required.  In the alternative only, State Farm denies the averments of Paragraph 130 of the Complaint.

131.     State Farm denies the averments of Paragraph 131 of the Complaint.

24

132.     State Farm denies the averments of Paragraph 132 of the Complaint.

133.     State Farm denies the averments of Paragraph 133 of the Complaint, except to admit that State Farm instructed adjusters regarding the proper use of XactTotal in adjusting Hurricane Katrina claims.

134.     State Farm denies the averments of Paragraph 134 of the Complaint, including the averments of subparagraphs a. through f. thereto.

135.     Paragraph 135 of the Complaint asserts conclusions of law to which no response is required.  In the alternative only, State Farm denies the averments of Paragraph 135 of the Complaint.  The [1127] Memorandum Opinion cited in Paragraph 135 of the Complaint speaks for itself.

136.     State Farm admits that the payment of claims under SFIPs are governed by FEMA's regulations, policies, and procedures, which speak for themselves.  State Farm denies the remainder of the averments of Paragraph 136 of the Complaint.

137.     Paragraph 137 of the Complaint asserts conclusions of law to which no response is required.  In the alternative only, State Farm denies the averments of Paragraph 137 of the Complaint.

138.     In response to the incorporation by reference of preceding averments in Paragraph 138 of the Complaint, State Farm incorporates by reference its responses to the preceding averments and asserts its affirmative defenses set forth in this Answer.

139.     Paragraph 139 of the Complaint asserts conclusions of law to which no response is required.  In the alternative only, State Farm denies the averments of Paragraph 139 of the Complaint.

140.     Paragraph 140 of the Complaint asserts conclusions of law to which no response is required.  In the alternative only, State Farm denies the averments of Paragraph 140 of the Complaint.

141.     Paragraph 141 of the Complaint asserts conclusions of law to which no response is required, and State Farm denies the remaining averments of Paragraph 141 of the Complaint. The Fifth Circuit opinion partially quoted and cited in Paragraph 141 of the Complaint speaks for itself.

142.     State Farm denies the averments of Paragraph 142 of the Complaint, including the averments of subparagraphs a. through g. thereto.

143.     Paragraph 143 of the Complaint asserts conclusions of law to which no response is required.  In the alternative only, State Farm admits that the referenced laws and regulations speak for themselves and denies the remainder of the averments of Paragraph 143 of the Complaint.

State Farm denies the averments of the unnumbered paragraph beginning with the phrase "WHEREFORE, Plaintiffs-Relators Cori Rigsby and Kerri Rigsby request that the Court enter judgment" which follows Paragraph 143 of the Complaint.

State Farm denies that State Farm committed or is liable for any wrongful act.  State Farm further denies that the Rigsbys are entitled to any relief in this Action from State Farm, either at law or in equity.  State Farm prays that the Complaint be dismissed with prejudice, and that State Farm's costs, attorneys' fees, and expenses of litigation be assessed against the Rigsbys and/or their attorneys.

## THIRD DEFENSE

This Court lacks jurisdiction over some or all of the claims due to the Government's failure to exhaust mandatory remedies, including mandatory contractual and arbitration remedies.

## FOURTH DEFENSE

This Court lacks subject-matter jurisdiction over the claims because some or all of the claims are barred by the public disclosure bar under 31 U.S.C. § 3730(e)(4) and the Rigsbys are not original sources.

## FIFTH DEFENSE

Some or all of the claims are barred due to preemption by federal law, including federal statutes and regulations.

## SIXTH DEFENSE

Some or all of the claims are barred by lack of standing.

## SEVENTH DEFENSE

Only one person may bring a *qui tam* action under the False Claims Act and therefore all, or at least one, of the Relators or their claims must be dismissed as to each allegation under the False Claims Act.

## EIGHTH DEFENSE

Some or all of the claims are barred by the applicable statute of limitations.

## NINTH DEFENSE

Some or all of the claims are barred by the doctrines of laches.

### TENTH DEFENSE

Some or all of the claims are barred by the "State Farm Fire and Casualty Company and FEMA Final Settlement" agreement dated on or about August 27, 2012.

### ELEVENTH DEFENSE

Some or all of the claims have been misjoined such that this Action should be severed. The misjoinder of the claims is so severe and inappropriate that it rises to a level which will deny State Farm certain constitutional protections, including the right to due process and a fair trial.

### TWELFTH DEFENSE

Some or all of the claims fail to state a claim upon which relief may be granted.

### THIRTEENTH DEFENSE

The Rigsbys have failed to comply with Rules 8 and 9 of the Federal Rules of Civil Procedure, as certain matters have not been pled with the requisite particularity and/or specificity.

### FOURTEENTH DEFENSE

Some or all of the claims may be barred by estoppel, collateral estoppel, judicial estoppel, and/or res judicata.

### FIFTEENTH DEFENSE

The False Claims Act and this Action are in violation of the United States Constitution's separation of powers principles and the Appointments Clause and the Take Care Clause of Article II.

### SIXTEENTH DEFENSE

Some or all of the claims are barred by the applicable provisions of the contracts, policies, and/or agreements at issue in this Action.

### SEVENTEENTH DEFENSE

Some or all of the claims are barred because State Farm complied with the applicable statutes and with the requirements and regulations of the appropriate regulatory agencies.

### EIGHTEENTH DEFENSE

Some or all of the claims are barred by the statutes and regulations relating to the National Flood Insurance Program.

### NINETEENTH DEFENSE

Some or all of the claims are barred by the statutes and regulations governing the Federal Emergency Management Agency and its operations/powers.

### TWENTIETH DEFENSE

Some or all of the claims or the requested remedies are barred by the Government's permission, knowledge, consent, approval, acquiescence, and/or ratification of the transactions and occurrences that are the subject of this Action.

### TWENTY-FIRST DEFENSE

Some or all of the claims may be barred by the doctrines of waiver or discharge.

### TWENTY-SECOND DEFENSE

Some or all of the claims are barred because the conduct giving rise to such claims was justified and/or excused under the applicable programs and contracts with the United States.

### TWENTY-THIRD DEFENSE

Some or all of the claims or the requested remedies are barred by the failure of conditions precedent.

### TWENTY-FOURTH DEFENSE

Some or all of the claims are barred by the doctrines of exclusive or primary jurisdiction.

29

**TWENTY-FIFTH DEFENSE**

Some or all of the claims are barred, in whole or in part, because some or all of the actions complained of were not material to the decision of the United States to pay claims submitted by State Farm.

**TWENTY-SIXTH DEFENSE**

Some or all of the claims are barred, in whole or in part, because State Farm did not engage in "knowing" conduct, as defined in 31 U.S.C. § 3729(b).

**TWENTY-SEVENTH DEFENSE**

Some or all of the claims are barred because the applicable provisions of the regulations, contracts, policies, and/or agreements at issue in this Action are ambiguous and were reasonably interpreted by State Farm.

**TWENTY-EIGHTH DEFENSE**

Some or all of the claims are barred by government knowledge in that the Government was aware and approved of the procedures implemented and followed by State Farm for the purposes of processing claims under the NFIP.

**TWENTY-NINTH DEFENSE**

Some or all of the claims are barred by the doctrines of sovereign compulsion and/or approval.

**THIRTIETH DEFENSE**

Some or all of the claims are barred, in whole or in part, because the damages and losses claimed were not caused by any allegedly wrongful State Farm conduct.

### THIRTY-FIRST DEFENSE

Some or all of the claims are barred by the doctrines of illegality and/or intervening or superseding cause.

### THIRTY-SECOND DEFENSE

Some or all of the claims are barred because the alleged injuries and damages, if any, were caused by persons and entities for which State Farm is not responsible.

### THIRTY-THIRD DEFENSE

Some or all of the claims are barred by independent contractor status and/or the fact that State Farm lacks *respondeat superior* or other vicarious liability for certain persons.

### THIRTY-FOURTH DEFENSE

Some or all of the claims are barred by the doctrines of unclean hands, *ex dolo malo non oritur action*, and/or *in pari delicto*.

### THIRTY-FIFTH DEFENSE

Some or all of the claims are barred by contamination through champerty and maintenance.

### THIRTY-SIXTH DEFENSE

Some or all of the requested remedies are barred by the False Claims Act, 31 U.S.C. §§ 3729-3733.

### THIRTY-SEVENTH DEFENSE

The Government has not suffered actual loss, injury, or damages.

### THIRTY-EIGHTH DEFENSE

The Government failed to mitigate the alleged damages, if any.

### THIRTY-NINTH DEFENSE

Some or all of the claims or requested remedies may be barred by accord and satisfaction.

### FORTIETH DEFENSE

State Farm pleads recoupment and/or set-off.

### FORTY-FIRST DEFENSE

Any damages and/or penalties sought against State Farm that are in excess of actual damages suffered by the United States violate the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution and Article 3, §§ 14, 17, 22, 26, 28, and 31 of the Constitution of the State of Mississippi and/or constitute impermissible punitive damages.

### FORTY-SECOND DEFENSE

Pursuant to Fed. R. Civ. P. 42 and other law, State Farm reserves the right to request: (a) bifurcation of its Counterclaim against the Rigsbys from all claims against State Farm in this Action; (b) a separate trial of said Counterclaim from all claims in this Action, with, under either alternative, State Farm's Counterclaim to be tried first in time to all other claims in this Action; or (c) severance of its Counterclaim against the Rigsbys from all claims against State Farm in this Action.

AND NOW, having answered and pled its defenses, State Farm denies that State Farm is liable in any amount.  State Farm demands that all claims against it be dismissed.

### COUNTERCLAIM

### *BENCH TRIAL REQUESTED*

1.      State Farm hereby incorporates by reference its [1232] Third Amended Counterclaim against the Rigsbys, as modified by this Court's December 12, 2020 [1666] Order.

2.      State Farm acknowledges that in said [1666] Order, this Court dismissed with prejudice (on State Farm's [1667] motion): (1) any claim in Count I for compensatory damages,

punitive or exemplary damages, or any other legal relief for violation of 18 U.S.C. § 1030(a)(2);

(2) any claim in Count II for compensatory damages, punitive or exemplary damages, or any

other legal relief for violation of 18 U.S.C. § 1030(a)(4); (3) all claims in Count III (common law

fraud); (4) all claims in Count IV (Mississippi Uniform Trade Secrets Act); (5) all claims in

Count V (breach of contract); (6) any claim in Count VI for compensatory damages, punitive or

exemplary damages, or any other legal relief for breach of the duty of loyalty; and (7) any claim

in Count VII for compensatory damages, punitive or exemplary damages, or any other legal

relief for conspiracy.

3.      State Farm's claims for equitable relief in: Counts I (violation of 18 U.S.C.

§ 1030(a)(2)), II (violation of 18 U.S.C. § 1030(a)(4)), VI (breach of the duty of loyalty), and VII

(civil conspiracy) of its [1232] Third Amended Counterclaim continue to be pleaded and asserted

by State Farm by incorporation by reference.

## PRAYER AND AD DAMNUM

1.      State Farm incorporates by reference the preceding averments of its

Counterclaim.

2.      State Farm demands judgment from and against the Rigsbys, jointly and

severally, for such equitable relief as it pleads herein.

[Remainder of page intentionally blank]

This the 13th day of April, 2021.

                                          Respectfully submitted,

                                          STATE FARM FIRE AND CASUALTY COMPANY

By:    */s/ E. Barney Robinson III* (MB # 09432)
        Michael B. Beers, *PHV* (ASB-4992-S80M)
        Phil B. Abernethy (MB # 1023)
        E. Barney Robinson III (MB # 09432)
        Amanda B. Barbour (MB # 99119)
        Michael C. McCabe, Jr. (MB # 101548)
        Benjamin M. Watson (MB # 100078)
        Thomas J. Frederick, *PHV* (ILB # 6188483)
        Douglas W. Baruch, *PHV* (DC Bar # 414354)

        ITS ATTORNEYS

OF COUNSEL:

BUTLER SNOW LLP
Post Office Drawer 4248
Gulfport, MS  39502
(P) (228) 575-3025
(F) (228) 868-1531
(E) michael.mccabe@butlersnow.com

BUTLER SNOW LLP
250 Commerce Street, Suite 203
Montgomery, AL  36104
(P) (334) 832-2900
(F) (334) 832-2901
(E) michael.beers@butlersnow.com

BUTLER SNOW LLP
200 Renaissance at Colony Park, Suite 1400
1020 Highland Colony Parkway (39157)
Post Office Box 6010
Ridgeland, MS 39158-6010
(P) (601) 948-5711
(F) (601) 985-4500
(E) phil.abernethy@butlersnow.com
(E) barney.robinson@butlersnow.com
(E) ben.watson@butlersnow.com
(E) amanda.barbour@butlersnow.com

Thomas J. Frederick, *PHV* (ILB # 6188483)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
(P) (312) 558-5983
(F) (312) 558-5700
(E) tfrederick@winston.com

Douglas W. Baruch, *PHV* (D.C. Bar # 414354)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave., NW
Washington, D.C. 20004-2541
(P) (202) 739-5219
(F) (202) 739-3001
(E) douglas.baruch@morganlewis.com

## <u>CERTIFICATE OF SERVICE</u>

I, E. Barney Robinson III, one of the attorneys for State Farm Fire and Casualty Company, do hereby certify that I have this day caused a true and correct copy of the foregoing instrument to be delivered to the following via the Court's CM/ECF System:

THIS the 13th day of April, 2021.

By:   <u>*/s/ E. Barney Robinson III* (MB # 09432)</u>
         E. Barney Robinson III (MB # 09432)

58310684.v1