# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* CORI RIGSBY and KERRI RIGSBY, | RELATORS/COUNTER-DEFENDANTS |
| v. | CASE NO. 1:06-cv-433-HSO-RHWR |
| STATE FARM FIRE & CASUALTY CO., | DEFENDANTS/COUNTER-PLAINTIFFS |

## RELATORS' NOTICE OF SUPPLEMENTAL EVIDENCE

Relators Cori Rigsby's and Kerri Rigsby's (the "Rigsbys") pending Motions for Contempt [1729] and for Rule 11 Sanctions [1772] address State Farm Fire & Casualty Co.'s ("State Farm") failure to identify hundreds, and possibly thousands, of claims on its *in camera* list of 501 Claims ("501 Old List") that met the criteria in this Court's List Order [344]. The Rigsbys previously filed a Notice of Supplemental Evidence explaining how State Farm's recently served discovery responses contained a new list of 727 Claims, including 226 "new" claims that State Farm admitted were responsive to this Court's List criteria but which it did not identify for over a decade ("727 New List"). [1828]. State Farm responded that the "new" claims were discovered only after a 2021 review for responsive List claims. [1836]. Recent discovery confirms, however, that State Farm concealed from this Court for years at least ten of those so-called newly discovered claims. State Farm identified those ten claims to FEMA as expedited Mississippi claims just a year before choosing not to disclose them to this Court.

After Hurricane Katrina, FEMA established a special Expedited Claims Reinspection Project ("ECRP") to determine whether State Farm and other WYO carriers that used expedited adjusting procedures complied with W-5054's requirements for doing so. FEMA asked the WYOs to identify *all* of their expedited claims. State Farm sent FEMA a list of 11,996 claims, which it now admits contained only Louisiana claims. SF Resps. to Relators' Third Set of RFAs

at 4 (Jan. 24, 2022) (Ex. A). FEMA randomly chose 1,212 claims from State Farm's list and asked for those claim files so that it could reinspect those properties. State Farm never told FEMA that the list contained no responsive Mississippi properties.

In December 2007, which was more than eighteen months after the ECRP was completed, State Farm "discovered" an additional 3,669 claims that it had adjusted using the expedited procedures. J. Sadler email to T. Scoville (July 25, 2008, 15:34) (USA RIGSBY SA COMPL – 00232123) (Ex. B). That list of so-called newly discovered claims included 380 Mississippi claims. State Farm, Flood Expedited Claims Expense Allowance Adjustment (Dec. 2007) (USA RIGSBY SA COMPL – 00240495) (Ex. C). In August 2008, State Farm finally sent FEMA what it falsely identified as a complete list of expedited claims that included the original 11,996 Louisiana claims plus the "newly found" list of 3,669, including 380 Mississippi claims. *See* J. Guevara email to J. Sadler (Aug. 5, 2008, 14:52) (USA RIGSBY SA COMPL GEN – 00232119) (Ex. B). State Farm recently admitted that ten of those 380 claims meet all List criteria because they were also on the 727 New List. In other words, State Farm identified to FEMA in August 2008 at least ten claims that it admits meet all List criteria, yet it chose not to disclose those claims to this Court in its 501 Old List just a year later.

In addition to this Court, State Farm also grossly misled FEMA about the number of expedited claims in Mississippi. Just fourteen months after State Farm represented to FEMA that there were only 380 expedited Mississippi claims, State Farm identified to this Court in October 2009 501 claims that State Farm adjusted using the expedited procedures that also met all the other List criteria. That number was then increased to 727 expedited claims. Moreover, recent discovery shows that State Farm used the expedited procedures on at least 719 slab claims. Accordingly, counting only the 719 slab claims and 727 New List claims shows that State Farm

understated to FEMA the number of expedited claims by over one thousand. Recent discovery also shows, remarkably, that State Farm used the expedited procedures on virtually all Mississippi claims and that, unlike all the other WYO carriers, the required line-by-line estimate was the exception rather than the rule for State Farm. Accordingly, State Farm likely understated to FEMA the number of expedited claims by thousands. State Farm's widespread deception has had serious consequences, including preventing FEMA from reviewing any of the Mississippi expedited claims for compliance with W-5054 through the ECRP as the agency intended.

Respectfully submitted on this 23rd day of February, 2022.

| | |
|---|---|
| C. Maison Heidelberg, MB #9559<br>mheidelberg@hpwlawgroup.com<br>Chadwick Welch, MB #105588<br>cwelch@hpwlawgroup.com<br>HEIDELBERG PATTERSON WELCH PLLC<br>368 Highland Colony Parkway<br>Ridgeland, Mississippi 39157<br>Tel: (601) 790-1583 | /s/ *August J. Matteis, Jr.*<br>August J. Matteis, Jr. (admitted *pro hac vice*)<br>amatteis@wmclaw.com<br>William E. Copley (admitted *pro hac vice*)<br>wcopley@wmclaw.com<br>Pamira Shah Matteis (admitted *pro hac vice*)<br>pmatteis@wmclaw.com<br>Matthew S. Krauss (admitted *pro hac vice*)<br>mkrauss@wmclaw.com<br>William E. Jacobs (admitted *pro hac vice*)<br>wjacobs@wmclaw.com<br>WEISBROD MATTEIS & COPLEY PLLC<br>1200 New Hampshire Ave., N.W., Suite 400<br>Washington, D.C. 20036<br>Tel: (202) 499-7900<br><br>*Attorneys for Cori Rigsby and Kerri Rigsby* |

## **CERTIFICATE OF SERVICE**

I, August J. Matteis, Jr., attorney for Cori Rigsby and Kerri Rigsby, do hereby certify that I have this 23rd day of February, 2022, caused the foregoing document to be filed with the Court's CM/ECF system, which will cause notice to be delivered to all counsel of record.

*/s/ August J. Matteis, Jr.*
August J. Matteis, Jr.
